# EXHIBIT 3

INTERNATIONAL CENTRE FOR SETTLEMENT OF INVESTMENT DISPUTES

**BSG Resources Limited, BSG Resources (Guinea) Limited and BSG Resources (Guinea) SARL**

v.

**Republic of Guinea**

**(ICSID Case No. ARB/14/22)**

---

**PROCEDURAL ORDER NO. 9**
**Pre-Hearing Matters**

Professor Gabrielle Kaufmann-Kohler, President of the Tribunal
Professor Albert Jan van den Berg, Arbitrator
Professor Pierre Mayer, Arbitrator

*Secretary of the Tribunal*
Mr. Benjamin Garel

*Assistant to the Tribunal*
Dr. Magnus Jesko Langer

---

15 April 2017

I.   **PROCEDURAL BACKGROUND**

1. On 10 April 2017 in accordance with Procedural Order No. 1 ("PO1"), as amended on 5 January 2017, the Tribunal and the Parties held a pre-hearing telephone conference to discuss the organization of the hearing (the "Hearing").

2. The following persons attended the conference call:

   <u>Tribunal</u>

   Professor Gabrielle Kaufmann-Kohler, President of the Tribunal
   Professor Albert Jan van den Berg, Arbitrator
   Professor Pierre Mayer, Arbitrator

   Mr. Benjamin Garel, Secretary

   Dr. Magnus Jesko Langer, Assistant

   <u>Claimants</u>

   | | |
   |---|---|
   | Mr. Karel Daele | Mishcon de Reya |
   | Ms. Deepa Somasunderam | Mishcon de Reya |
   | Mr. Jack Burstyn | Mishcon de Reya |

   <u>Respondent</u>

   | | |
   |---|---|
   | Mr. Laurent Jaeger | Orrick Herrington & Sutcliffe |
   | Mr. Yann Schneller | Orrick Herrington & Sutcliffe |
   | Mr. Michael Ostrove | DLA Piper |
   | Mr. Théobald Naud | DLA Piper |

3. The conference started at 12:00 CET and was adjourned at 13:15 CET.

4. The Tribunal and the Parties discussed the items set out in the draft of this procedural order, which had been circulated on 7 April 2017 and other matters raised by the Parties during the conference call. The conference call was held in English only, with the Parties' consent.

5. An audio recording of the session was made and deposited in the archives of ICSID. The recording was subsequently uploaded to Box folder established for the case for access by the Members of the Tribunal and the Parties.

6. On this basis, the Tribunal now issues this order in final form.

## II. ORGANIZATION OF THE HEARING

### A. Location

7. The Hearing will be held at the following venue:

   World Bank – Paris
   66, avenue d'Iéna
   75116 Paris, France

### B. Schedule

8. The Hearing is scheduled to take place from 22 May to 2 June 2017, with 3 June 2017 as a reserve date. The Parties are invited to liaise and revert to the Tribunal by 5 May 2017 regarding the expected duration of the Hearing.

9. The Hearing shall commence at 9:30 and proceed until approx. 18:00, subject to any adjustment required by the course of the examinations, with a one hour lunch break and at least two coffee breaks.

### C. Attendance

10. Each Party shall inform ICSID by 12 May 2017 of the members of its delegation.

### D. Oral Statements

11. The Parties may present opening statements of 3 hours each. The Parties may further present short opening statements of max. 15 minutes each at the beginning of each hearing day to introduce the evidence to be heard during the day, and deal with any procedural or substantive matter raised the day before or otherwise arising ("mini-openings").

12. The Parties will not present closing statements. At the end of the Hearing, the Tribunal may hold a session allowing counsel to answer Tribunal questions orally. The Tribunal will give further directions in this regard in the course of the Hearing.

### E. Documentation

13. Each Party shall endeavor to provide to the Tribunal (3 copies), the Secretary of the Tribunal (1 copy), the Assistant to the Tribunal (1 copy), the interpreters (3 copies) and the opposing Party (3 copies):

    - A list and a bundle of redacted documents pursuant to Procedural Order No. 2 ("PO2") to be used during the Hearing, in electronic copy, by 12 May 2017.

    - Witness and expert examination bundles to be provided at the beginning of each witness or expert examination. Redacted documents or parts thereof are to be highlighted in yellow. Bundles of direct examination need only be provided if

3

        new developments have occurred after the witness' or expert's last written statement that the Party presenting the witness or the expert wishes to introduce on the basis of documents.

14. The Parties may use demonstrative exhibits (such as charts, tabulations, etc. compiling information which is on record but not presented in such form), provided that they (i) identify the source in the record from which the information is derived, (ii) do not contain information not in the record, and (iii) are filed in electronic format by <u>19 May 2017</u> at **6:00 pm** if they are part of the opening statements or by **8:00 pm** on the eve of the day of their use if used in the course of the Hearing. Hard copies shall be submitted prior to their use (in the number specified in paragraph 13).

15. The Parties may use PowerPoint or other slide presentations for their oral statements and, subject to the rule on demonstrative exhibits in paragraph 14, shall submit hard copies (in the number specified in paragraph 13) prior to the beginning of the statement and electronic copies later during the same day. The same applies to presentations made by non-legal experts in lieu of direct examinations.

16. Documents that do not form part of the record may not be presented at the Hearing, unless otherwise agreed by the Parties or authorized by the Tribunal.

**F.     Order of Appearance of Witnesses and Experts**

17. Witness and expert examinations shall be governed by sections 18 and 19 of PO1, subject to any different rule in this Order.

18. The witnesses and experts shall appear in the following order:

    (i)     Claimants' fact witnesses, in the order to be determined by Claimants (see paragraph 20);

    (ii)    Claimants' expert;

    (iii)   Respondent's fact witnesses, in the order to be determined by Respondent (see paragraph 20).

19. The Parties are invited to consult on the availability of witnesses during the Hearing, either in person or by videoconference, and to inform the Tribunal by <u>24 April 2017</u>, being specified that the Tribunal prefers hearing the witnesses in person if possible. The Parties are further invited to liaise with the Secretariat on technical matters, if any.

20. The Parties are invited to consult with each other with a view to establishing a detailed scheduling proposal indicating the order of appearance of witnesses, the date and approximate time at which each witness or expert will appear, being understood that the witnesses and experts will have to be available one half day before and after the scheduled time. The Parties are requested to submit such proposal to the Tribunal by <u>5 May 2017</u>.

**G.  Sequestration**

21. In accordance with paragraph 18.16 of PO1, unless the Parties and the Tribunal agree otherwise, fact witnesses shall not be allowed in the hearing room before giving their oral evidence with the exception of party representatives. They shall not be given access to the audio recordings and the transcripts of the opening statements and the examinations of the other witnesses before being heard. Where a Party presents one or more of its representatives as a fact witness, one of these Party representatives shall be allowed in the hearing room at all times provided that she/he gives her/his oral evidence first when the examination of witnesses of her/his party starts. The Parties are requested to identify the party representative appearing as a fact witness, if any, by <u>24 April 2017</u>.

22. Experts may attend the Hearing at any time.

**H.  Format and Scope of Examinations**

23. The format and scope of witness and expert examinations shall be governed by paragraphs 18.15, 18.17, and 19.7 of PO1.

**I.  Allocation of Time**

24. In accordance with paragraph 21.5 of PO1, the Parties will have an equal time allocation to examine witnesses and/or experts at the Hearing, subject to adjustments if due process so requires.

25. The maximum time available for the Parties is 6h on the first day devoted to opening statements. After deduction of time for procedural matters and Tribunal questions, including the procedural discussion at the end of the Hearing and the closing question session, the maximum total time for witness and expert examination is 39h if the Hearing lasts until 2 June, being specified that each hearing day comprises five hours of time reserved for the Parties.

26. Time spent on the short opening statements (see paragraph 11) shall be counted toward the each Party's time.

27. Time spent on direct and re-direct examination shall be counted toward the time account of the Party presenting the witness or expert. Time spent on cross-examination shall be counted toward the time account of the Party conducting the cross-examination.

28. Time spent on questions from the Tribunal, answers to those questions, and procedural interventions by the Tribunal shall not be counted against each Party's time.

29. The Secretary of the Tribunal shall keep a record of each Party's use of time in accordance with the chess clock method and shall report at the end of each day.

### III. LOGISTICS

#### A. Language

30. Language at the hearing shall be governed by paragraphs 12.7 to 12.9 of PO1.

31. In accordance with paragraph 12.8, the Parties shall notify ICSID and the Tribunal by <u>24 April 2017</u> at the latest in which language each witness will testify.

32. The ICSID Secretariat shall arrange for interpretation services to be provided during the hearing

#### B. Transcripts and Sound Recordings

33. Transcripts and sound recording shall be governed by paragraphs 22.1 to 22.3 of PO1.

34. Testimony given in a language other than French or English language will be transcribed from the English or French interpretation and sound recorded in the original language.

35. The ICSID Secretariat shall arrange for sound recording and for court reporting services and shall liaise with the Parties accordingly.

#### C. Transparency and Video Recordings

36. In accordance with PO2, the Hearing shall be public. To facilitate public access to the Hearing:

    (i)  The Hearing will be broadcast and made publicly accessible by video link on the ICSID website. An audio-video recording will also be made of hearings.

    (ii) For logistical reasons, physical attendance by third persons shall be subject to the Tribunal's approval. The ICSID Secretariat shall place a notice of public hearing on its website and set a time limit for interested persons to request admission at the Hearing, after which the Tribunal will decide.

    (iii) At any time during the Hearing, a Party may request that a part of the hearing be held in private and that the broadcast of the hearing be temporarily suspended or that protected information be excluded from the broadcast. To the extent possible, a Party shall inform the Tribunal before raising topics where confidential or protected information could reasonably be expected to arise, applying the red card/green card system. The Tribunal will then consult the Parties. Such consultation shall be held in camera and the transcript shall be marked "confidential". After consultation with the Parties, the Tribunal will decide whether to exclude the information in question from the broadcast; if so, and relevant portion of the transcript shall be marked "confidential". The transcript made public by the Repository shall redact those portions of the hearing marked "confidential".

    (iv)    If the hearing room in the World Bank Paris offices is technically equipped to do so, the broadcast will be delayed by 60 minutes so as to avoid the broadcast of confidential information not previously identified by the Parties.

    (v)    The ICSID Secretariat will make the technical arrangements to implement public access as set out in this section.

**D.   Other logistical aspects**

37.   The ICSID Secretariat will liaise with the Parties on other logistical aspects (set up, catering, etc.).

**IV.   POST-HEARING BRIEFS**

38.   At the conclusion of the Hearing, in consultation with the Parties, the Tribunal will determine the time limits, format, and content of the post-hearing briefs and issue directions on statements of costs.

For and on behalf of the Tribunal

[Signed]

_____
Gabrielle Kaufmann-Kohler
President of the Tribunal
Date: 15 April 2017