# EXHIBIT 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

IN RE: GRAND JURY
INVESTIGATION

                                    14 MISC 00396
                                    MISC. NO.
                                    Under Seal

-------------------------------------------------------------------x

## SEALED ORDER

    This matter comes on for the consideration of the United States' Motion to Seal its Ex

Parte Application for Suspension of Running of Statute of Limitations, its supporting documents,

the Motion to Seal, and any court orders. Finding good cause,

    **IT IS THEREFORE ORDERED** that the Ex Parte Application for Suspension of

Running of Statute of Limitations, its supporting documents, the Motion to Seal and any court

orders shall be filed under seal.

    **IT IS FURTHER ORDERED** that the Government be allowed to have copies of the

sealed documents for its records and may disclose copies of the sealed documents to third parties

to advance its investigation or to assist third parties in determining whether the statute of

limitations has expired for any violations of federal law, to representatives of governments of

foreign countries to assist them in their investigations and as otherwise required by law,

including to the extent needed to comply with the Government's discovery obligations.

    **DATED** this _____ day of November, 2014.


_____
HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

001151

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

IN RE: GRAND JURY               :     MISC. NO. _14 MISC 00396_
INVESTIGATION

                                :     Under Seal

----------------------------------------------------------------x

## SEALED ORDER

This matter comes on for the consideration of the United States' Motion to Seal its Ex

Parte Application for Suspension of Running of Statute of Limitations, its supporting documents,

the Motion to Seal, and any court orders. Finding good cause,

**IT IS THEREFORE ORDERED** that the Ex Parte Application for Suspension of

Running of Statute of Limitations, its supporting documents, the Motion to Seal and any court

orders shall be filed under seal.

**IT IS FURTHER ORDERED** that the Government be allowed to have copies of the

sealed documents for its records and may disclose copies of the sealed documents to third parties

to advance its investigation or to assist third parties in determining whether the statute of

limitations has expired for any violations of federal law, to representatives of governments of

foreign countries to assist them in their investigations and as otherwise required by law,

including to the extent needed to comply with the Government's discovery obligations.

**DATED** this ____ day of November, 2014.

HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

-1-

001152

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

IN RE: GRAND JURY
INVESTIGATION

14 MISC 00396
Under Seal

-------------------------------------------------------------x

## EX PARTE ORDER

This matter comes on for the consideration of the United States' Ex Parte Application for

Suspension of Running of Statute of Limitations pursuant to Title 18, United States Code,

Section 3292.

The Court makes the following findings:

1.    A grand jury impaneled in the Southern District of New York has been

conducting an investigation of, among others, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



001153

Mahmoud Thiam; Pa Sm Nang; Wang Xiang Fei; Jack Cheung Chun Fai (a/k/a Jack Cf Cheung); and their subsidiaries, affiliates, directors, officers, shareholders, employees, agents, and representatives for offenses including, but not limited to, the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-1, *et seq.*; Conspiracy, 18 U.S.C. § 371; Mail Fraud, 18 U.S.C. § 1341; Wire Fraud, 18 U.S.C. § 1343; Attempt and Conspiracy, 18 U.S.C. § 1349; Obstruction, 18 U.S.C. §§ 1510, 1512, and 1519; Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises, 18 U.S.C. § 1952; Money Laundering and Conspiracy to Launder Money, 18 U.S.C. §§ 1956 and 1957; and Racketeering and Racketeering Conspiracy, 18 U.S.C. §§ 1961 *et seq.* Although an indictment and superseding indictment have been returned, and an information has been filed against Cilins, those documents charged him with several obstruction crimes. Those documents did not charge anyone else or charge Cilins with violating any of the other crimes identified above, which the grand jury is continuing to investigate. The broader investigation is ongoing.

2.     The United States has filed an ex parte application for an order suspending the statute of limitations in accordance with the provisions of Title 18, United States Code, Section 3292.

3.     It reasonably appears, based on a preponderance of evidence presented to the Court, that evidence of the offenses under investigation is located in, among other foreign countries, the British Virgin Islands, China (in the Special Administrative Region of Hong Kong), France, Guinea, Israel, Sierra Leone, Sweden, Switzerland, Tunisia, and the United Kingdom.

001154

4.      It further appears, based on a preponderance of evidence presented to the Court, that the United States, through the Office of International Affairs of the United States Department of Justice, made official requests, as defined in Title 18, United States Code, Section 3292(d), to an "authority of a foreign country" with regard to the following countries:

      a.      British Virgin Islands:  August 12, 2013 and June 12, 2014;

      b.      China (Hong Kong Special Administrative Region):  August 15, 2014;

      c.      France:  September 23, 2013;

      d.      Guinea:  March 20, 2013, August 13, 2013, and August 19, 2013;

      e.      Israel:  December 20, 2013;

      f.      Sierra Leone:  December 20, 2013;

      g.      Sweden:  August 7, 2013;

      h.      Switzerland:  October 8, 2013;

      i.      Tunisia:  January 20, 2014; and

      j.      United Kingdom:  May 29, 2013 and June 7, 2013.

**IT IS THEREFORE ORDERED** that the government's ex parte application for suspension of running of the statute of limitations is **granted**; and

001155

**IT IS FURTHER ORDERED** that the running of the statute of limitations for the offenses set forth in the government's ex parte application is hereby **suspended** for the period authorized by 18 U.S.C. § 3292(c).

**DATED** this 25th day of November, 2014.

_____

HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

001156

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

IN RE:  GRAND JURY                          14 MISC NO. 00396
INVESTIGATION

                       :       Under Seal

------------------------------------------------------------x

## EX PARTE ORDER

This matter comes on for the consideration of the United States' Ex Parte Application for

Suspension of Running of Statute of Limitations pursuant to Title 18, United States Code,

Section 3292.

The Court makes the following findings:

1.     A grand jury impaneled in the Southern District of New York has been

conducting an investigation of, among others,

-1-

Mahmoud Thiam; Pa Sm Nang; Wang Xiang Fei; Jack Cheung Chun Fai (a/k/a Jack Cf Cheung); and their subsidiaries, affiliates, directors, officers, shareholders, employees, agents, and representatives for offenses including, but not limited to, the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-1, *et seq.*; Conspiracy, 18 U.S.C. § 371; Mail Fraud, 18 U.S.C. § 1341; Wire Fraud, 18 U.S.C. § 1343; Attempt and Conspiracy, 18 U.S.C. § 1349; Obstruction, 18 U.S.C. §§ 1510, 1512, and 1519; Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises, 18 U.S.C. § 1952; Money Laundering and Conspiracy to Launder Money, 18 U.S.C. §§ 1956 and 1957; and Racketeering and Racketeering Conspiracy, 18 U.S.C. §§ 1961 *et seq.* Although an indictment and superseding indictment have been returned, and an information has been filed against ▮▮▮ those documents charged him with several obstruction crimes. Those documents did not charge anyone else or charge ▮▮▮ with violating any of the other crimes identified above, which the grand jury is continuing to investigate. The broader investigation is ongoing.

2.      The United States has filed an ex parte application for an order suspending the statute of limitations in accordance with the provisions of Title 18, United States Code, Section 3292.

3.      It reasonably appears, based on a preponderance of evidence presented to the Court, that evidence of the offenses under investigation is located in, among other foreign countries, the British Virgin Islands, China (in the Special Administrative Region of Hong Kong), France, Guinea, Israel, Sierra Leone, Sweden, Switzerland, Tunisia, and the United Kingdom.

001158

4. It further appears, based on a preponderance of evidence presented to the Court, that the United States, through the Office of International Affairs of the United States Department of Justice, made official requests, as defined in Title 18, United States Code, Section 3292(d), to an "authority of a foreign country" with regard to the following countries:

      a.    British Virgin Islands: August 12, 2013 and June 12, 2014;

      b.    China (Hong Kong Special Administrative Region): August 15, 2014;

      c.    France: September 23, 2013;

      d.    Guinea: March 20, 2013, August 13, 2013, and August 19, 2013;

      e.    Israel: December 20, 2013;

      f.    Sierra Leone: December 20, 2013;

      g.    Sweden: August 7, 2013;

      h.    Switzerland: October 8, 2013;

      i.    Tunisia: January 20, 2014; and

      j.    United Kingdom: May 29, 2013 and June 7, 2013.

**IT IS THEREFORE ORDERED** that the government's ex parte application for suspension of running of the statute of limitations is **granted**; and

001159

**IT IS FURTHER ORDERED** that the running of the statute of limitations for the offenses set forth in the government's ex parte application is hereby **suspended** for the period authorized by 18 U.S.C. § 3292(c).

**DATED** this _____ day of November, 2014.

_____
HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

001160

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

IN RE: GRAND JURY                    :        MISC. NO. _____
INVESTIGATION
                                     :        Under Seal

-----------------------------------------------------------------x

## EX PARTE APPLICATION FOR SUSPENSION OF
## RUNNING OF STATUTE OF LIMITATIONS

The United States of America, by and through the undersigned Trial Attorney and
Assistant United States Attorney, applies to this Court pursuant to 18 U.S.C. § 3292, to suspend
the running of the statute of limitations for offenses arising out of the grand jury's investigation
of ███████████████ and related entities and individuals.  In support of this
application, the United States represents the following:

1.      A grand jury impaneled in the Southern District of New York has been
conducting an investigation of ███████████ and related individuals and entities for
violations of federal criminal law, including, but not limited to, the Foreign Corrupt Practices
Act, 15 U.S.C. § 78dd-1, *et seq.*; Conspiracy, 18 U.S.C. § 371; Mail Fraud, 18 U.S.C. § 1341;
Wire Fraud, 18 U.S.C. § 1343; Attempt and Conspiracy, 18 U.S.C. § 1349; Obstruction, 18
U.S.C. §§ 1510, 1512, and 1519; Interstate and Foreign Travel or Transportation in Aid of
Racketeering Enterprises, 18 U.S.C. § 1952; Money Laundering and Conspiracy to Launder
Money, 18 U.S.C. §§ 1956 and 1957; and Racketeering and Racketeering Conspiracy, 18 U.S.C.
§§ 1961 *et seq.* (the "Subject Offenses").  Although an indictment and superseding indictment
have been returned, and an information has been filed against ███████████ those documents

-1-

charged him with several obstruction crimes. Those documents did not charge anyone else or charge ▨ with violating any of the other Subject Offenses, which the grand jury is continuing to investigate. On March 10, 2014, ▨ pleaded guilty to obstructing this investigation, in violation of 18 U.S.C. § 1510(a).

2.  The entities and individuals being investigated include, but are not limited to:



Mahmoud Thiam; Pa Sm Nang; Wang Xiang Fei; Jack Cheung Chun Fai (a/k/a Jack Cf Cheung); and their subsidiaries, affiliates, directors, officers, shareholders, employees, agents, and representatives (collectively, the "Investigation Subjects").

-2-

001162

## BACKGROUND

3.     As described in the Declaration of FBI Special Agent Christopher Martinez, attached as Exhibit A and incorporated herein, the investigation currently centers on the following two bribery schemes in Guinea.



-3-

001163



b.    <u>Bribery of Thiam and Thiam's Money Laundering:</u>  The government is further investigating whether Mahmoud Thiam, who was Guinea's Minister of Mines, Energy, and Hydraulics ("Minster of Mines") from 2009-2010, took bribes and then laundered that money by transferring it through bank accounts in the United States. Evidence shows that while Thiam was Minster of Mines, he received millions of dollars from Investigation Subjects affiliated with China Sonangol Group while he oversaw mining contracts between Guinea and other Investigation Subjects affiliated with China Sonangol Group.  Publicly available documents state that Thiam also received bribes from BSGR.

**REQUESTS FOR LEGAL ASSISTANCE TO FOREIGN COUNTRIES**

4.    The Criminal Division requested documents related to the Investigation Subjects in official requests described below to the British Virgin Islands, China (in the Special Administrative Region of Hong Kong), France, Guinea, Israel, Sierra Leone, Sweden, Switzerland, Tunisia, and the United Kingdom (collectively, the "Recipient Countries").

a.    Evidence requested from the British Virgin Islands on August 12, 2013 and June 12, 2014 included, among other things, corporate records related to the creation, ownership, and executives of                                        That

-4-

 

      b.    Evidence requested from China (Hong Kong Special Administrative Region) on August 15, 2014 included, among other things, payment records showing that Thiam received money from entities related to China Sonangol Group. That evidence will help the Government prove that Thiam laundered bribe proceeds through his JPMorganChase bank account in the United States. The request is attached hereto as Exhibit C.

      c.    Evidence requested from France on September 23, 2013 included, among other things, bank, travel, and telephone records. That evidence will help the Government prove that some of the Investigation Subjects traveled to Guinea and the United States to further the bribery scheme and that    conspired with other Investigation Subjects to obstruct the Government's investigation. The request is attached hereto as Exhibit D.

      d.    Evidence requested from Guinea on March 20, 2013, August 13, 2013, and August 19, 2013 included, among other things, interviews of individuals in Guinea, contracts that Guinea entered into with Investigation Subjects, and contracts that   entered into with entities related to     That evidence will help the Government prove that companies affiliated with China Sonangol Group bribed Thiam, that Thiam laundered bribe proceeds,

The requests are attached hereto as Exhibit E.

      e.    Evidence requested from Israel on December 20, 2013 included, among other things, travel records and bank account records. That evidence will help the Government

001165

prove that some of the Investigation Subjects,                          made improper

payments to        The request is attached hereto as Exhibit F.

       f.     Evidence requested from Sierra Leone on December 20, 2013 included,

among other things, bank records and corporate records related to the creation and ownership of

            companies.   That evidence will help the Government prove that some of the

Investigation Subjects made improper payments to        The request is attached hereto as

Exhibit G.

       g.     The Government requested evidence related to Investigative Subjects' use

of telecommunications services from Sweden on August 7, 2013.  Although Sweden did not

disclose evidence responsive to that request, it reasonably appears and reasonably appeared at the

time the request was made that such evidence was, and still is, in Sweden.  The request is

attached hereto as Exhibit H.

       h.     Evidence requested from Switzerland on October 8, 2013 included, among

other things, bank records and interviews of individuals in Switzerland.  That evidence will help

the Government prove that                          is related to several other Investigation

Subjects, including                  The request is attached hereto as Exhibit I.

       i.     Evidence requested from Tunisia on January 20, 2014 included, among

other things, bank records and travel records.  That evidence will help the Government prove that

        received improper payments from some of the Investigation Subjects, including

The request is attached hereto as Exhibit J.

       j.     Evidence requested from the United Kingdom on May 29, 2013 and June

7, 2013 included, among other things, bank records, documents showing        relationship

with                  and several other Investigative Subjects, and payments to foreign

-6-

officials. That evidence will help the Government prove that ▮▮▮ received improper payments from some of the Investigation Subjects and that ▮▮▮▮▮▮▮▮▮ and related entities defrauded ▮▮▮▮▮ The requests are attached hereto as Exhibit K.

5.    Therefore, based on the United States' investigation to date, it reasonably appears that evidence of the Subject Offenses is located in the Recipient Countries. Eight of the requests are still pending, as the United States has not yet received all of the requested evidence from the British Virgin Islands (one request), China, Guinea (one request), Sierra Leone, Switzerland, Tunisia, and the United Kingdom (two requests). Although Swedish authorities did not produce the requested evidence, it reasonably appears that evidence of the Subject Offenses is located in Sweden.

6.    Title 18, United States Code, Section 3292(a)(l), provides as follows:

> Upon application of the United States, filed before return of an indictment, indicating that evidence of an offense is in a foreign country, the district court before which a grand jury is impaneled to investigate the offense shall suspend the running of the statute of limitations for the offense if the court finds by a preponderance of the evidence that an official request has been made for such evidence and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

7.    Section 3292(d) defines an "official request" to include "a request under a treaty or convention" or a request by "an authority of the United States having criminal law enforcement responsibility" to an "authority of a foreign country." The statute of limitations is tolled beginning "on the date on which the official request is made." 18 U.S.C. § 3292(b) (holding that "period of suspension under this section shall begin on the date on which the official request is made"). "The statute plainly contemplates that the starting point for tolling the limitations period is the official request for evidence, not the date the 3292 motion is made or

-7-

001167

granted." *United States v. Bischel*, 61 F.3d 1429, 1434 (9th Cir. 1995); *see* 18 U.S.C. § 3292(b) (holding that "period of suspension under this section shall begin on the date on which the official request is made"). The period of suspension ends on "the date on which the foreign court or authority takes final action on the request." 18 U.S.C. § 3292(b). A foreign country is not deemed to have taken "final action" on an official request until it has made a "dispositive response" to the official request. *United States v. Meador*, 138 F.3d 986, 992 (5th Cir. 1998); *see also Bischel*, 61 F.3d 1429,1433 (9th Cir. 1995). However, the total of all periods of suspension under Section 3292 cannot exceed three years. 18 U.S.C. § 3292(c)(1). "[A]n application to suspend the running of the statue of limitations [must] be filed before the limitations period has expired." *United States v. Kozeny*, 541 F.3d 166, 174 (2d Cir. 2008).

8.      An application for an order pursuant to 18 U.S.C. § 3292 is appropriately made *ex parte* to the District Court in the District in which the grand jury investigation is taking place. *See United States v. Lyttle*, 667 F.3d 220, 225 (2d Cir. 2012) ("We therefore join the other circuits that have considered the question in holding that there is nothing improper about *ex parte* proceedings to determine whether to issue § 3292 orders.").

9.      An order suspending the running of the statute of limitations should be entered here. The United States has met its burden under 18 U.S.C. § 3292(a) of showing, by a preponderance of the evidence, that the requirements for a tolling order under the statute are satisfied. First, the attached declaration provides sufficient evidence that there is a grand jury in the Southern District of New York that is investigating, among other things, possible criminal offenses committed by, among others, the Investigation Subjects, including, among other offenses, the Subject Offenses. Second, the Declaration provides the Court with sufficient evidence that 12 official requests have been made, within the meaning of section 3292(d). Third,

-8-

the declaration provides sufficient evidence that, at the time of the making of the official requests and continuing to the present date, there is reason to believe that there is evidence that was, and continues to be, located in the Recipient Countries. Lastly, this application is being filed prior to the return of indictment for the crimes identified above. As discussed above, although an indictment and superseding indictment have been returned, and an information has been filed, those documents charged only one individual with several obstruction crimes. Those documents did not charge anyone else with obstruction and did not charge any of the Investigation Subjects with violating any of the other Subject Offenses. As for those offenses, the grand jury's investigation is ongoing.

WHEREFORE, based on the above, the Government requests that this Court GRANT the Government's application for a suspension of the statute of limitations in accordance with the time limits set forth in Section 3292(c).

Respectfully submitted,

WILLIAM J. STELLMACH
ACTING CHIEF, FRAUD SECTION
Criminal Division
United States Department of Justice

PREET BHARARA
UNITED STATES ATTORNEY
Southern District of New York

TAREK HELOU
TRIAL ATTORNEY
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
Tel:    (202) 305-3611

ELISHA KOBRE
ASSISTANT U.S. ATTORNEY
U.S. Attorney's Office for the
    Southern District of New York
1 St. Andrews Plaza
New York City, NY 10007
Tel:    (212) 637-2599

001169

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

IN RE:  GRAND JURY             :      MISC. NO. _____
INVESTIGATION

                                 :      Under Seal

----------------------------------------------------------------x

## MOTION TO SEAL

NOW COMES the United States of America, by and through its undersigned attorneys, and respectfully requests that the accompanying Ex Parte Application for Suspension of Running of Statute of Limitations, its supporting documents, this Motion to Seal, and any court orders be SEALED pursuant to Fed. R. Crim. P. 6(e)(2), and to unseal these filings only upon further order of the Court.

The Application to Suspend the Running of the Statute of Limitations is being submitted in connection with an ongoing grand jury investigation. The Application and Declaration in support thereof discuss various details of the investigation, including potential charges, the location of relevant evidence, and potential defendants. Disclosure of the details of the investigation would compromise grand jury secrecy and jeopardize the ongoing criminal investigation and may lead to the destruction of evidence.

WHEREFORE, the United States respectfully requests that the Court enter an order directing the Clerk of the Court to seal the United States' Ex Parte Application to Suspend the Running of the Statute of Limitations, its supporting Declaration and documents, the Order accompanying the Application, this Motion to Seal, and the accompanying Order, and directing

-1-

001170

that no person shall have access to same except the Clerk or his designated deputies and attorneys for the United States.

The United States further requests that it be allowed to have copies of the sealed documents for its records and be allowed to disclose copies of the sealed documents to third parties to advance its investigation or to assist third parties in determining whether the statute of limitations has expired for any violations of federal law, to representatives of governments of foreign countries to assist them in their investigations and as otherwise required by law, including to the extent needed to comply with the Government's discovery obligations.

Respectfully submitted,

WILLIAM J. STELLMACH
ACTING CHIEF, FRAUD SECTION
Criminal Division
United States Department of Justice

PREET BHARARA
UNITED STATES ATTORNEY
Southern District of New York

TAREK HELOU
TRIAL ATTORNEY
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
Tel: (202) 305-3611

ELISHA KOBRE
ASSISTANT U.S. ATTORNEY
U.S. Attorney's Office for the
    Southern District of New York
1 St. Andrews Plaza
New York City, NY 10007
Tel: (212) 637-2599

-2-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

IN RE: GRAND JURY               :       MISC. NO. _____
INVESTIGATION

                                      :       Under Seal

-----------------------------------------------------------------x

**EXHIBIT A**
**DECLARATION IN SUPPORT OF APPLICATION FOR SUSPENSION**
**OF RUNNING OF STATUTE OF LIMITATIONS**

I, Christopher Martinez, state the following:

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and I submit this Declaration in support of the accompanying application pursuant to 18 U.S.C. § 3292 to suspend the running of the statute of limitations for offenses arising out of a grand jury investigation into possible violations of federal criminal law, including, but not limited to, the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-1, *et seq.*; Conspiracy, 18 U.S.C. § 371; Mail Fraud, 18 U.S.C. § 1341; Wire Fraud, 18 U.S.C. § 1343; Attempt and Conspiracy, 18 U.S.C. § 1349; Obstruction, 18 U.S.C. §§ 1510, 1512, and 1519; Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises, 18 U.S.C. § 1952; Money Laundering and Conspiracy to Launder Money, 18 U.S.C. §§ 1956 and 1957; and Racketeering and Racketeering Conspiracy, 18 U.S.C. §§ 1961 *et seq.* (the "Subject Offenses"). The facts set forth in this Declaration are based on my personal knowledge, knowledge obtained in this investigation from other individuals including other law enforcement officers, my review of documents and records related to this investigation, communications with others who have knowledge of the events and circumstances described in this Declaration, and information gained through my training and

-1-

experience. Because this Declaration is submitted for the limited purpose of tolling the statute of limitations pending the return of foreign evidence pursuant to 18 U.S.C. § 3292, it does not set forth every fact that I or others have learned during the course of this investigation.

A.    **Background**

2.    A grand jury impaneled in the Southern District of New York has been conducting an investigation of, among others, the following entities and individuals:

 Mahmoud Thiam; Pa Sm Nang; Wang Xiang Fei; Jack Cheung Chun Fai (a/k/a Jack Cf Cheung); and their subsidiaries, affiliates, directors, officers,

-2-

001173

shareholders, employees, agents, and representatives (collectively, the "Investigation Subjects") for violations of the Subject Offenses.

3.    Although an indictment and superseding indictment have been returned, and an information has been filed, against ████ those documents charged him with several obstruction crimes. Those documents did not charge anyone else or charge ████ with violating any of the other Subject Offenses, which the grand jury is continuing to investigate. On March 10, 2014, ████ pleaded guilty to obstructing this investigation, in violation of 18 U.S.C. § 1510(a).

4.    The grand jury is investigating whether the Investigation Subjects made payments to government officials in Guinea, including payments through intermediaries, or laundered the proceeds of those payments and other crimes. The grand jury is also investigating whether the Investigation Subjects engaged in a scheme to defraud or schemes to defraud in connection with ████████████████████████████████████████████████ In addition, the grand jury is investigating crimes related to obstruction and racketeering. Based on the investigation to date, evidence relating to the Subject Offenses appears to be located abroad, including in the British Virgin Islands, China (in the Special Administrative Region of Hong Kong), France, Guinea, Israel, Sierra Leone, Sweden, Switzerland, Tunisia, and the United Kingdom (collectively, the "Recipient Countries").

5.    Evidence obtained to date suggests that the Investigation Subjects made payments to influence Guinean government officials and to obtain and retain business for ████████████ and entities related to it. Those payments included payments to ████████████ ████████████████████████████ and possibly payments to Mahmoud Thiam, Guinea's former Minister of Mines. Those payments were made to influence ████████

-3-

001174

███████████ President Conté, to use his authority to award the rights to mine iron ore in Guinea's Simandou region to ███████████ Evidence obtained also indicates that after making payments to influence government officials, ███████████ falsely claimed to ██ another mining company, that it had not made any such payments. Those claims led ███

███████████████████████████████████

6.    Evidence obtained in the investigation also shows that Thiam took bribes that led him to grant a valuable development contract to companies associated with China Sonangol Group. Publicly available documents state that Thiam also received bribes from BSG Resources, Ltd., and the grand jury is investigating whether BSG Resources, Ltd. or entities associated with it bribed Thiam to help it win mining rights in Guinea's Simandou region.

**B.    The Investigation Subjects**

7.    ███████████████████████████

███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████

-4-

001175



001176

11.    Mahmoud Thiam is a citizen of the United States and of Guinea and might have other citizenship. From 2009-2010, he was Guinea's Minister of Mines. In 2009, while Thiam was Minister of Mines, China Sonangol International Holding, Ltd. paid him approximately $6 million. Based on the evidence obtained during the investigation, those payments to Thiam appear to have been bribes made to obtain business in Guinea. Thiam then transferred more than $1.5 million from the same bank account to one of his U.S. bank accounts. The government is also investigating whether Thiam received bribes from BSG Resources, Ltd. and related entities.

12.    China Sonangol Group is a joint venture between Angola's state-owned oil company, Sonangol E.P., and a Hong Kong-based company called New Bright International Development. China Sonangol is affiliated with several of the Investigation Subjects, including China International Fund-Singapore Pte Ltd., China Sonangol International Pte Ltd., China Sonangol Resources Enterprise, Ltd., China Sonangol International Holding, Ltd., China Investment Fund, and China International Fund Limited. Pa Sm Nang is affiliated with China Sonangol International Holding, Ltd. Wang Xiang Fei is a director of China Sonangol Resources Enterprise, Ltd. and also affiliated with China Sonangol International Holding, Ltd. Jack Cheung Chun Fai is affiliated with China International Fund-Singapore Pte Ltd. and China Sonangol International Pte Ltd.

001177



-7-



General Conde showed the contracts to Thiam, who said he would address it with President Konate. General Conde later walked in on a meeting between President Konate and Thiam. President Konate told Thiam that BSG Resources, Ltd. must pay Touré everything it owed her because he (Konate) was worried what would happen to his family if he died.

-8-

001179



Case 1:17-cr-00204-JFK-LC Document 57-8 Filed 02/27/17 Page 30 of 36

[redacted]

[redacted]

[redacted]

001181



-11-



**D.    Specific Facts Related to Thiam**

23.    On October 10, 2009, the government of Guinea established a national mining company called Africa Development Corporation ("ADC") with China International Fund-Singapore Pte Ltd. and China Sonangol International Pte Ltd.  Under the agreement creating ADC (the "ADC Agreement"), China International Fund-Singapore and China Sonangol International Pte Ltd. promised to invest $7 billion in infrastructure in Guinea.  Cheung signed

-12-

001183

the ADC Agreement as a witness on behalf of China International Fund-Singapore Pte Ltd. and China Sonangol International Pte Ltd. Although Thiam did not sign the ADC Agreement for Guinea, he initialed every page of it. In return, China International Fund-Singapore and China Sonangol International Pte Ltd. each received 42.5% of the ownership of ADC, with the government of Guinea holding the remaining 15%. The ADC Agreement gives ADC a right of first refusal over concessions in a variety of industries in Guinea. The ADC Agreement also allows ADC to invest in concessions and operate companies in several industries, including extractive industries. Thiam was one of ADC's three directors. As Guinea's Minister of Mines, he publicly announced the ADC Agreement two days after it was signed.

24.     On September 24, 2009, just a few weeks before the ADC Agreement was signed, an account was opened in Thiam's name with HSBC in Hong Kong (the "Thiam HSBC Account"). The next day, September 25, 2009, the Thiam HSBC Account received a wire transfer of HKD 23.2 million (approximately $3 million) from Pa Sm Nang. On March 15, 2010, the Thiam HSBC Account received another wire transfer of HKD 23.2 million from Wang Xiang Fei, a director of China Sonangol Resources Enterprise, Ltd. The funds from both transfers came from China Sonangol International Holding, Ltd.

25.     Thiam immediately started sending money from the Thiam HSBC Account to a bank account in Thiam's and his wife's names at JPMorganChase in the United States (the "Thiam JPMorganChase Account"). In total, from September 25, 2009 through March 29, 2010, Thiam wired more than $1.5 million from the Thiam HSBC Account to the Thiam JPMorganChase Account. The following chart shows the dates and amounts of transfers from the Thiam HSBC Account to the Thiam JPMorganChase Account.

-13-

001184

| Date | Amount |
|------|--------|
| September 25, 2009 | $500,000 |
| November 16, 2009 | $119,975 |
| November 17, 2009 | $119,975 |
| December 2, 2009 | $120,000 |
| December 10, 2009 | $119,975 |
| December 11, 2009 | $99,975 |
| January 4, 2010 | $119,975 |
| January 25, 2010 | $99,975 |
| March 8, 2010 | $99,975 |
| March 29, 2010 | $119,975 |
| **TOTAL** | **$1,519,800** |

26.     Thiam also appears to have spent millions of dollars on property in the U.S. soon after he received the wire transfers into the Thiam HSBC Account. In October 2009, he bought a condo in New York City for $1,522,283. On December 6, 2010, a Mozambican soap company called Sociedad Saboeria bought a mansion in Stanfordville, New York for $3.75 million in cash. On May 11, 2012, ownership of that property was transferred to a company called Amer Holdings Pte, Ltd. The following evidence suggests that Thiam is the beneficial owner of or uses the property in Stanfordville:

        a.      In May 2012, renovations began on the property, and the building permit identified Thiam and his wife as the property's owners.

        b.      The building permit identified Scardaci Building Co., Inc. as the contractor. Thiam paid Scardaci Building $178,542 from the JPMorganChase Thiam Account.

27.     The government is also investigating whether Thiam received bribes from BSG Resources, Ltd. to help it obtain mining rights in Simandou.

-14-

001185

### E. Requests for Assistance Submitted to Foreign Authorities

28. The Department of Justice's Office of International Affairs transmitted official requests for assistance to the following foreign governments on the following dates:

    a.    British Virgin Islands: August 12, 2013 and June 12, 2014;

    b.    China (Hong Kong Special Administrative Region): August 15, 2014;

    c.    France: September 23, 2013;

    d.    Guinea: March 20, 2013, August 13, 2013, and August 19, 2013;

    e.    Israel: December 20, 2013;

    f.    Sierra Leone: December 20, 2013;

    g.    Sweden: August 7, 2013;

    h.    Switzerland: October 8, 2013;

    i.    Tunisia: January 20, 2014; and

    j.    United Kingdom: May 29, 2013 and June 7, 2013.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 10/31/2014

Christopher Martinez
Special Agent
Federal Bureau of Investigation

-15-

001186