

Louis M. Solomon
Tel 212.801.6500
Fax 212.805.5529
lsolomon@gtlaw.com

August 15, 2017

Honorable Andrew J. Peck
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:   *BSGR v. Soros, et al.*, Civil Action No. 1:17-cv-02726 (JFK) (AJP)

Dear Judge Peck:

We are counsel for plaintiffs in the above-referenced action.  We are writing to request Your Honor's assistance concerning counsel for defendants' failure to meet and confer concerning five third-party subpoenas.

Plaintiffs served their initial disclosures in June, and their document requests on all the defendants before mid-July – the two original defendants on July 11 and the six new defendants on July 13.  By contrast, defendants did not serve their initial disclosures until July 20, and waited until July 24 to serve their initial discovery requests on plaintiffs.  Defendants sought extensions of time for their responses to party discovery until August 18.

The five subpoenas at issue were directed to Jonathan, Alexander, and Robert Daniel Soros (served on July 13); and Soros Fund Management and Chris Canavan (a Soros employee) (served on July 17).  As agreed, counsel for defendants submitted responses on behalf of the five subpoenaed parties on Friday, August 4.  On Tuesday, August 8, we sent counsel a detailed six-page letter calling out certain of the objections and seeking clarification on a number of issues, all to attempt to narrow any disputes between the parties (Ex. A).  In that letter, we requested holding a meet and confer on Thursday, August 10.  Counsel for the third parties (also counsel for defendants) asked to reschedule, which we agreed to, and the parties agreed to hold the meet and confer on Monday, August 14, at 1p.m.  On August 10, counsel for the third parties advised that "[a] response to your letter is forthcoming".  In fact we have received no substantive response.

We did receive a letter, dated August 10, but its entire substantive focus was an anticipation of – and request to meet and confer on August 14 about – our forthcoming responses to defendants' discovery requests, which were not served until July 24 and are not due until August 23.  We responded that we would attempt to provide our responses before their August 23 due date but thought it premature to "meet and confer" on responses we are still working on.  We were

*NY 246713128v4*

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
200 Park Avenue, New York, New York 10166 ■ Tel: 212.801.9200 ■ Fax 212.801.6400

August 15, 2017
Page 2

thanked for our response, and sent an invitation on Friday, August 11, for our August 14 meet and confer concerning the subpoenas.

On Monday morning, counsel for defendants unilaterally cancelled that afternoon's meet and confer. The reason was without merit and indeed strikes us as frivolous and indeed bad faith. Defendants' counsel continues to argue that any meet and confer must not only include the third party subpoenas but also the laundry list of items concerning defendants' document requests, which is still not due to be responded to until Aug. 23. We objected, and noted we would be raising the issue with Your Honor (Ex. B).

We apologize for having to raise this with Your Honor. Nonetheless, defendants' counsel should not be interfering with third party discovery, should not be holding up one meet and confer for one not even ripe, and should not feel it can unilaterally put the brakes on discovery at will. We respectfully request that the Court overrule any objections to the third party subpoenas and direct that production of documents occur forthwith. Alternatively, we request that the Court direct counsel for defendants to meet and confer this week regarding the third party subpoenas at issue and to respond to our August 10 letter forthwith.

 Respectfully,

Louis M. Solomon

cc:  Counsel of Record (via ECF)