**WILLKIE FARR & GALLAGHER** LLP

BENJAMIN P. MCCALLEN
212 728 8182
bmccallen@willkie.com

787 Seventh Avenue
New York, NY 10019-6099
Tel:  212 728 8000
Fax:  212 728 8111

August 15, 2017

Honorable Andrew J. Peck
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007-1312

Re:   *BSG Resources (Guinea) Limited, et al. v. Soros, et al.*, No. 1:17-cv-02726 (JFK) (AJP)

Dear Judge Peck,

We write in response to Mr. Solomon's letter of today concerning the responses and objections to five third-party subpoenas (the "Subpoenas") issued by Plaintiffs (the "Letter").  We represent Defendants and the recipients of the Subpoenas.

The underlying premise of the Letter – that we have refused to meet and confer – is simply false, and counsel's premature request for relief should be denied.  After serving responses to the Subpoenas, we proposed a schedule that would allow the parties to conduct a single, comprehensive meet and confer on all open discovery issues in advance of the August 24 conference with the Court. (*See* Email from B. McCallen to L. Solomon, dated Aug. 14, 2017, attached at Exhibit B to the Letter.)  Plaintiffs never responded to that proposal.  Instead, Plaintiffs rushed to send their Letter without even calling me to discuss this issue in advance.

Counsel's action is inconsistent with the clear instructions the Court gave to the parties at the prior conference to deal with discovery disputes in a sensible, straightforward manner.  We request that the Court instruct Plaintiff's counsel to serve responses and objections to all open discovery demands by this Friday (accelerating their 30 day response date by only three 3 business days), and to engage in a single, bilateral meet and confer early next week in advance of the conference before Your Honor on Thursday, August 24th. In the alternative, Defendants request that the conference currently scheduled for next Thursday be adjourned to any date the week of August 28th, which will allow Plaintiffs to serve their responses and objections on August 23rd, and for the parties to meet and confer on all objections in advance of the conference with the Court.

August 15, 2017
Page 2

Defendants' request that the meet and confer be a "two way street" makes sense for several reasons. *First*, Plaintiffs have already failed to meet their basic disclosure obligations under Rule 26. Specifically, Plaintiffs' Initial Disclosures failed to identify all of the parties with relevant knowledge. *See* Letter from E. Bower to L. Solomon, Aug. 10, 2017 (attached as Exhibit 1). Plaintiffs allege in their Amended Complaint that they possess from an unidentified source a "duly executed declaration of an intermediary" who allegedly has "first-hand knowledge" of so-called bribes paid by Mr. Soros and his sons. (AC ¶ 161-63). These allegations – which Defendants believe are completely false – form the basis of the Subpoenas served on Mr. Soros's sons. When we noted this disclosure gap, Plaintiffs refused to update their Initial Disclosures. *See* Email from L. Solomon to Counsel for Defendants, dated Aug. 11, 2017, attached at Ex. B to the Letter. Plaintiffs' failure to disclose the purported basis for their allegations has become more troubling upon yesterday's news that Beny Steinmetz, who controls BSGR, and various of his associates were arrested in Israel on suspicion of falsifying documents, among other things. *See, e.g.*, Israeli Billionaire Arrested in International Money Laundering Probe, The Jerusalem Post, Aug. 14, 2017 (attached as Exhibit 2); Israeli Billionaire Detained on Fraud Suspicions, Bloomberg Law, Aug. 14, 2017 (attached as Exhibit 3). Defendants are entitled to understand the factual basis, if any, for the allegations asserted by Plaintiffs.

*Second*, Plaintiffs have refused to tell Defendants whether they will produce documents in the possession of Mr. Steinmetz and other agents of BSGR. *See* Letter from E. Bower to L. Solomon, Aug. 10, 2017 (attached as Exhibit 1); Email from L. Solomon to Counsel for Defendants, dated Aug. 11, 2017, attached at Ex. B to the Letter. Plaintiffs have also refused to state whether they will accept service of subpoenas directed to these individuals and entities. *See id.* This is critically important because if Plaintiffs refuse to produce these documents, Defendants must begin the process of obtaining discovery abroad immediately.

With respect to the issues concerning the Subpoenas raised by Plaintiffs, we are and remain willing to meet and confer on those issues. But we do not believe those discussions should be done piecemeal. Plaintiffs served non-party discovery on individuals or entities closely affiliated with Mr. Soros, including Mr. Soros's sons, one of Mr. Soros's employees and Soros Fund Management LLC. The steps being taken to collect and produce documents from those nonparties largely overlap with the work already underway to produce documents on behalf of Mr. Soros. It simply makes no sense for the parties to engage in piecemeal discussions about those productions. Defendants' discovery responses are set to be served at the end of this week, at which point they will be prepared to promptly meet and confer.

We are available at the Court's convenience to discuss any of these issues further.

Respectfully Submitted,

*[signature]*

Benjamin P. McCallen