# EXHIBIT 1

# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue<br>
New York, NY 10019-6099<br>
Tel: 212 728 8000<br>
Fax: 212 728 8111

August 10, 2017

**VIA EMAIL**

Louis M. Solomon
Greenberg Traurig, LLP
200 Park Avenue
New York, New York 10166

Re:   *BSG Resources (Guinea) Ltd, et al. v. Soros, et al.,* No. 1:17-cv-02726 (JFK) (AJP) (the "Action")

Dear Counsel:

In accordance with Magistrate Judge Peck's adherence to the "rocket docket," we write to confer on urgent issues concerning discovery in the Action, including on certain items in Defendants' First Request for the Production of Documents to Plaintiffs (the "First RFP") and Plaintiffs' Initial Disclosures, in advance of the conference before Judge Peck scheduled for August 24, 2017.

*First*, the First RFP calls for Plaintiffs to produce documents in the possession of Beny Steinmetz ("Steinmetz"), BSGR's current and former employees or representatives, Onyx Financial Advisers ("Onyx"), Pentler Holdings ("Pentler"), and Margali Management Corporation ("Margali"). (*See* First RFP, Definition No. 7.) As you know, the foregoing persons or entities are closely affiliated with or controlled by BSGR and are likely to possess documents relevant to the parties' claims and defenses in the Action, as set forth below:

- Beny Steinmetz beneficially owns and controls BSGR. *See* Tom Burgis, et al., Guineas First Freely Elected Government Reignites $2.5bn Mining Tussle, Financial Times, Nov. 2, 2012; Bob Van Voris, Guinea Bribe-Probe Defendant Pleads Guilty in NYC, Bloomberg, May 16, 2013. As alleged in the Amended Complaint (the "AC"), it was Steinmetz who procured the BSGR mining rights that are at issue in this litigation. (*See, e.g.,* AC ¶ 132.)

- Current or former employees or representatives of BSGR companies with information relevant to the parties' claims and defenses include Frédéric Cilins (*see* AC ¶ 125; Mem. & Order at 1, *United States v. Cilins*, No. 1:13-cr-00315 (S.D.N.Y. Jan. 15, 2014) (Pauley, J.) ECF No. 50 ("Cilins attempted to bribe Touré to destroy documents

purportedly granting Simandou mining concessions to Beny Steinmetz Group Resources ('BSGR')."), Ibrahima Sory Touré (AC ¶ 58, 169), Ricardo Saad (AC ¶ 58), Asher Avidan (AC ¶¶ 58-59), and Roy Oron (*see* Press Release, Global Witness, Damning Video and Contracts Show BSGR Was Lying in Guinea Mining Scandal, Apr. 19, 2013).

- Onyx is BSGR's management and administration company, was originally incorporated as BSG Management Services Limited, and has shared an address with BSGR. As alleged in the AC, Onyx is an agent for BSGR. (AC ¶ 137.) Onyx is alleged to have participated in the Plaintiffs' alleged corruption and bribery scheme in Guinea. *See* James Wilson and Cynthia O'Murchu, Swiss Police Seize Documents from Onyx, Financial Times, Aug. 31, 2013; Global Witness, New Evidence Ties BSGR to Company Behind Guinea Mine Bribery, Aug. 15, 2013.

- Pentler was incorporated, with help from Onyx, in the British Virgin Islands in 2005. *See* Global Witness, New Evidence Ties BSGR to Company Behind Guinea Mine Bribery, Aug. 15, 2013. From March 2006 to March 2008, Pentler held a stake in BSGR's Guinean subsidiary. *See id.* Pentler is also alleged to have participated in the Plaintiffs' alleged corruption and bribery scheme in Guinea. *See* Global Witness, New Evidence Ties BSGR to Company Behind Guinea Mine Bribery, Aug. 15, 2013; African Network of Centers for Investigative Reporting, The Panama Papers, Steinmetz's Guinea Iron Ore Mining Deal Prised Open.

- Margali is a company that has acted as the sole director of several firms connected to BSGR and Steinmetz, including Pentler. *See* African Network of Centers for Investigative Reporting, The Panama Papers, Steinmetz's Guinea Iron Ore Mining Deal Prised Open; Global Witness, New Evidence Ties BSGR to Company Behind Guinea Mine Bribery, Aug. 15, 2013.

Please advise as to whether Plaintiffs will produce documents in possession of the foregoing persons or entities. If Plaintiffs' position is that they will not produce documents controlled by those persons or entities, please advise as to whether you will accept service of subpoenas directed to those entities and their employees, including, Beny Steinmetz, Onyx, Pentler, Dag Cramer, Asher Avidan, Frédéric Cilins, Michael Noy, Avraham Lev Ran, Roy Oron, Ibrahima Sory Touré, and Ricardo Saad.

*Second*, the First RFP calls for Plaintiffs to produce all documents in their control that were produced to or by BSGR in *BSG Resources Limited et al. v. Republic of Guinea*, ICSID Case No. ARB/14/22 (the "ICSID Arbitration"), *Rio Tinto PLC v. Vale S.A., et al.*, No. 14-CV-03042 (S.D.N.Y.) (the "Rio Tinto Action"), or *Vale, S.A. v. BSG Resources Ltd.*, LCIA Arb. No. 142683 (the "LCIA Proceeding"). As you know, the documents produced in the ICSID Arbitration are relevant in the Action because the ICSID Arbitration pertains to the same issues underlying the Action, including BSGR's alleged procurement of mining rights in Guinea, the alleged termination of those rights, and BSGR's alleged use of corruption and bribery to procure those rights. *See BSG Resources Ltd, et al. v. Republic of Guinea*, ICSID Case No. ARB/14/22, Request for Arbitration (Aug. 1, 2014); *BSG Resources Ltd, et al. v. Republic of Guinea*, ICSID Case No. ARB/14/22, Claimants' Am. Memorial (Feb. 29, 2016); *BSG Resources Ltd, et al. v. Republic of Guinea*, ICSID Case No. ARB/14/22, Procedural Order No. 9 (Apr. 17, 2017).

Likewise, documents from the Rio Tinto Action and the LCIA Proceeding are relevant here because those proceedings involve the same allegations of BSGR's bribery and corruption that are central to the Action. Please advise as to whether Plaintiffs will produce documents responsive to these requests.

*Third,* Plaintiffs allege that, "[b]ased on the duly executed declaration of an intermediary involved in the transactions, who avows to first-hand knowledge, [Defendant George] Soros arranged for money to be paid personally to the head of the Technical Committee and a member of the Strategic Committee to ensure that BSGR's rights were terminated." (AC ¶ 161.) Plaintiffs further allege that Mr. Soros accomplished these purported bribes through payments made by his sons, Jonathan and Robert Soros. (AC ¶ 162-63.) George Soros, Jonathan Soros, and Robert Soros categorically deny these false and defamatory allegations. Defendants hereby demand that Plaintiffs immediately produce all documents in their control relating to these baseless allegations, including, but not limited to, the purported "duly executed declaration of an intermediary involved in the transactions" referenced in paragraph 161 of the Amended Complaint.[1]

*Further,* Defendants demand that Plaintiffs immediately disclose the identity of the purported intermediary referenced in paragraph 161 of the Amended Complaint in accordance with their obligations under Rule 26 of the Federal Rules of Civil Procedure. Plaintiffs' Rule 26(a)(1) Initial Disclosures, served on Defendants on June 26, 2017, failed to identify the name of the individual who Plaintiffs allege served as an intermediary for bribe payments allegedly made at the direction of Defendant George Soros. As you know, Rule 26(a)(1) provides that Plaintiffs must, without awaiting a discovery request, disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information." Fed. R. Civ. P. 26 (a)(1)(A)(ii). Further, the Federal Rule of Civil Procedure 26(e)(1)(A) requires Plaintiffs to supplement their disclosures under Rule 26(a)(1) "in a timely manner" once Plaintiffs learn of additional information that has not yet been provided to Defendants. If you do not intend to cure the deficiency in Plaintiffs' Initial Disclosures in accordance with the foregoing Federal Rules of Civil Procedure, please notify me promptly so that we may seek appropriate relief from the Court.

*Finally,* we are in receipt of your letter sent on April 8, 2017. The letter raised a number of challenges to the responses and objections served by each of the recipients of Plaintiffs' subpoenas to Chris Canavan, Alex Soros, Jonathan Soros, Robert Soros, and Soros Fund Management LLC (the "Responses"). We are reviewing your correspondence carefully, and while we believe many (if not all) of your challenges are without merit, we look forward to the

---

[1] As you know, Request 43 of the First RFP calls for:

> All Documents or Communications concerning the alleged payments referenced in paragraphs 161 through 164 of the Amended Complaint, including, but not limited to, the 'duly executed declaration of an intermediary' referenced in paragraph 161 of the Amended Complaint (the "Intermediary Declaration"), and all Documents or Communications concerning the Intermediary Declaration and its contents, including any drafts of and amendments to the Intermediary Declaration.

- 4 -

opportunity to discuss each of the challenges with you in a meet and confer at a time to be agreed upon by the parties. We also expect to discuss the issues raised in this letter at that time.

Regards,

*Elizabeth Bower/JF*

Elizabeth J. Bower