UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |
|---|---|
| BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG Resources Limited, | )<br>)<br>)<br>) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| -against- | ) |
|  | ) |
| George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy Center, and Open Society Fund, | )<br>)<br>)<br>)<br>)<br>)<br>) |
|  | ) |
| Defendants. | ) |

No. 1:17-cv-02726 (JFK) (AJP)

_____

## <u>DECLARATION OF LOUIS M. SOLOMON</u>

Louis M. Solomon hereby declares, under penalty of perjury, as follows:

1.       I am a member of the Bar of this Court and practice at Greenberg Traurig LLP,

attorneys for Plaintiffs in the above-captioned action.  I submit this Declaration in support of

Plaintiffs BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG Resources

Limited's Opposition to Defendants' Motion to Dismiss the Amended Complaint, or in the

Alternative, Stay the Action.

2.       I make this Declaration based on my personal knowledge, including my review of

pertinent documents and without intention, authorization, or effect of waiving or compromising

any privilege or immunity held by our clients.  The documents referred to herein and in the other

papers submitted herewith, denoted "Ex.", are itemized herein and annexed hereto.  Markings

have been inserted on some of the documents to indicate pertinent material.

3.      Plaintiffs duly filed a request for issuance of summons with this Court as to Defendant Open Society Foundations ("OSF") on April 19, 2017.  OSF maintains a continuous presence in this state at 224 W. 57 Street, New York, N.Y., 10019.  Service was made in person through the New York Secretary of State on April 21, 2017, and by mail, return receipt requested, to OSF's New York office on the same day.  On April 26, 2017, "D. Dabady" of OSF returned receipt to Plaintiffs' process server (ECF 10-1), and on April 28, 2017 the docket in this action was updated to reflect that "Open Society Foundations served on 4/21/2017, answer due 5/12/2017".  ECF No. 10.

4.      On May 2, 2017, I had a phone conversation with counsel for Defendants where, on behalf of my client, I agreed to provide an extension of time for Defendants to respond to the Complaint in this action.  During that call I asked Defendants to waive any objections to service on either George Soros or OSF, preserving any other objections or defenses they felt they had.

5.      On May 8, 2017, Defendants informed me that they could not accommodate that request as to OSF, and informed my colleague that this was because OSF was not a "juridical" entity.  On May 11, 2017, they declined to name a legal entity to be added to the complaint.  A true and accurate copy of this email chain is attached as Ex. 6 (all exhibits are identified below). Since then, I have sought to clarify Defendants' position regarding OSF's status.  On May 18, 2017, I sent a letter to counsel requesting information concerning the funding of activities alleged in the Complaint and requesting that Defendants "set forth for us now why you believe OSF is not a juridical entity" (Ex. 7).  Defendants never responded to the latter request.

6.      On Friday, June 2, 2017, Defendants served us with their original motion to dismiss, which included a request to dismiss OSF on the basis that it "did not exist."  On

Monday, June 5, 2017, I sent Defendants a demand pursuant to Local Civil Rule 26.1 for a verified statement from Defendant setting forth OSF's status (Ex. 8).

7.      Local Civil Rule 26.1 provides that responses are due within seven days after demand, in this case Monday June 12, 2017.   Defendants requested and I consented to two extensions to their deadline to respond, making their response due Monday, June 19, 2017 (*see* Ex. 9).  On June 19, 2017, counsel for Defendants sent me a letter (Ex. 10) purporting to respond to my letters of May 18, 2017 and June 5, 2017.

8.      Concerning one of my inquires in my May 18, 2017 letter, Defendants told me that "Foundation to Promote Open Society, based in New York and incorporated in Delaware provided such funding" to "Guinea, Revenue Watch Institute and Global Witness" during the "time period of the allegations in the complaint" (Ex. 10).  The letter, however, did not provide a substantive response to my requests for information concerning OSF's status, stating "there is no basis for a request under Local Rule 26.1" (*id.*).

9.      To date, we have received no substantive response.

10.     We note that versions of Exhibits 2-10 hereto and the accompanying arguments (Brief at 25-27) were included in our motion papers on the briefing of the original motion to dismiss.  Defendants did not address these exhibits or arguments in their amended motion papers.

11.     We set forth in the accompanying memorandum of law the arguments against granting any of motions to dismiss the various OSF parties, including that the motion is premature in the absence of discovery.  We have requested discovery on these issues, and we are in the process of making a formal request to Magistrate Judge Peck to lift the stay of deposition discovery so that we can take a 30(b)(6) deposition to determine the character of and relationship between and among the OSF entities.  We note that Judge Peck indicated that the stay of

*NY 246689948v3*

depositions could be lifted "for the limited purpose of getting to the bottom of what is this foundation or Open Society Foundation with an 'S'" (July 18, 2017 Transcript at 22).  That is exactly the issue that will dispose of defendants' argument on this motion to dismiss.

**Exhibits Attached**

12.     The exhibits annexed hereto are not intended to modify in any respect the legal standard on Defendants' motion to dismiss or to suggest or agree to the conversion of that motion into one for summary judgment or other summary adjudication.  Except for Exhibit 1, the blackline of changes from the original to the Amended Complaint, the exhibits (and the accompanying Declaration of James Libson) are being submitted for purposes of opposing Defendants' improper reliance on nonpleaded materials as part of their motion and to oppose the parts of the motion seeking to dismiss certain OSF entities and seeking to stay this action pending the outcome of an ICSID arbitration.

13.     In connection with the motion to dismiss the OSF entities, we reference the following pages from Open Society Foundations' website: www.opensocietyfoundations.org/about/history; www.opensocietyfoundations.org/about/expenditures; www.opensocietyfoundations.org/about; and www.opensocietyfoundations.org/people/maija-arbolino.

14.     Attached as **Ex. 1** is a true and correct copy of a blackline of Plaintiffs' Amended Complaint against the original Complaint filed in this action, generated using the program Workshare Compare.   Among other things, the Amended Complaint added additional defendants due directly to the confusion surrounding OSF caused by Defendants' unwillingness to respond to our requests for information.  In light of the confusion among the entity defendants, we have asserted fraud solely against Soros in the Amended Complaint, reserving the right to

-4-

seek to add additional defendants after some discovery.  We also, on behalf of Plaintiffs, offer to amend further to correct any perceived deficiencies found by the Court with respect to Plaintiffs' claims, and we hereby request leave to do so.

15.   Attached hereto as **Ex. 2** is a true and correct copy of the title and copyright pages of *The Philanthropy of George Soros: Building Open Societies*.

16.   Attached hereto as **Ex. 3** is a true and correct copy of excerpts from "Open Society Foundations 2017 Budget", *available at* https://www.opensocietyfoundations.org/sites/default/files/open-society-foundations-2017-budget-overview-20170202.pdf.

17.   Attached hereto as **Ex. 4** is a true and correct copy of excerpts from Open Society Foundations, U.S. Programs Board Meeting slide deck, dated December 18 and 19, 2012, *available at* soros.dcleaks.com/download/?f=/final dec board book electronic.pdf&t=us.

18.   Attached hereto as **Ex. 5** is a true and correct copy of excerpts from Open Society Foundation, Inc.'s Form 990-PF for the year 2011, publicly filed with the Internal Revenue Service on March 19, 2013.

19.   Attached hereto as **Ex. 6** is a true and correct copy of an email chain, including an email from Benjamin P. McCallen, Esq. to Louis M. Solomon, Esq., dated May 8, 2017, and an email from James Fitzmaurice, Esq. to Louis M. Solomon, Esq., dated May 11, 2017.

20.   Attached hereto as **Ex. 7** is a true and correct copy of a letter from Louis M. Solomon, Esq. to Benjamin McCallen, Esq. and James Fitzmaurice, Esq., dated May 18, 2017.

21.   Attached hereto as **Ex. 8** is a true and correct copy of a letter from Louis M. Solomon, Esq. to Benjamin McCallen, Esq. and James Fitzmaurice, Esq., dated June 5, 2017.

NY 246689948v3

22.     Attached hereto as **Ex. 9** is a true and correct copy of an email chain, including an email from Benjamin P. McCallen, Esq. to Louis M. Solomon, Esq., dated June 16, 2017.

23.     Attached hereto as **Ex. 10** is a true and correct copy of a letter from Benjamin P. McCallen, Esq., to Louis M. Solomon, Esq., dated June 19, 2017.

24.     Attached hereto as **Ex. 11** is a true and correct copy of excerpts from Open Society Policy Center's Form 990 for the year 2015, publicly filed with the Internal Revenue Service on November 8, 2016.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
August 18, 2017

Louis M. Solomon

NY 246689948v3