UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG Resources Limited,<br><br>    Plaintiffs,<br><br>-against-<br><br>George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy Center, and Open Society Fund,<br><br>    Defendants. | No. 1:17-cv-02726 (JFK) (AJP) |

# DECLARATION OF JAMES LIBSON

James Libson hereby declares, under penalty of perjury under the laws of the United States of America, as follows:

1. I am the Executive Partner of Mishcon de Reya LLP, solicitors for BSG Resources Limited, BSG Resources (Guinea) Limited and BSG Resources (Guinea) Sàrl in their arbitration against the Republic of Guinea before the International Centre for Settlement of Investment Disputes ("ICSID").  I submit this Declaration in connection with Plaintiffs BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG Resources Limited's Opposition to Defendants' Motion to Dismiss the Amended Complaint, or in the Alternative, Stay the Action.  In the ICSID arbitration, Plaintiffs are referred to as the Claimants.

2. I make this Declaration based on my personal knowledge, including my review of pertinent documents and without intention, authorisation, or effect of waiving or compromising

NY 246708306v3

any privilege or immunity held by our clients.

3. George Soros and his organisations are not named respondents in the ICSID arbitration; so far as we are aware, there is no extant arbitration clause that would bind them to have to arbitrate. We have nonetheless made it clear to the Tribunal that Mr. Soros and OSF were being sued in this Court.

4. The wrongdoings of Mr. Soros and his organisations have committed against BSGR have not been omitted from the arbitration. Indeed they have been mentioned in the arbitration proceedings many times, and we have advised the Tribunal that the harms suffered by the Claimants could only have occurred with the active wrongdoing of Mr. Soros and his organizations.

5. I understand defendants in this action have submitted two of our arbitration documents to this Court. With respect to those documents, George Soros is discussed in paragraphs 58, 60-61 of Claimants' 1st August 2014 Request for Arbitration, and is referred to (albeit not named) in paragraph 153 of BSGR's Memorial (prior to BSG Resources (Guinea) Limited and BSG Resources (Guinea) Sàrl being added as Claimants).

6. In addition, Mr. Soros and his organizations have been mentioned in at least the following documents:

   a. First Witness Statement of Dag Cramer, 29 December 2016 (¶¶ 26.4.9 through 26.4.13)

   b. Dag Cramer Judicial Review Witness Statement, 24 November 2014 (¶¶ 19.5, 61, 68, 70.2, 80.2, 86)

   c. Claimants' Reply, 10 January 2017 (¶¶ 204, 240-260, Annex 1, ¶ 150 and Annex 2)

    d.   Second Witness Statement of Beny Steinmetz, 10 January 2017 (¶ 41)

    e.   ICSID Hearing, 22 May 2017, my opening statement (pages 20, 71-72, 77-92 (passim), 107)

    f.   ICSID Hearing, 23 May 2017, Dag Cramer's oral evidence (pages 29-31, 48, 106-111)

    g.   ICSID Hearing, 24 May 2017, Beny Steinmetz's Oral Evidence (pages 58-62, 83, 91-93, 108-115)

    h.   ICSID Hearing, 25 May 2017, Marc Struik's Oral Evidence (pages 148-151)

    i.   ICSID Hearing, 1 June 2017, Asher Avidan's Oral Evidence (pages 41, 163-166, 169-176 (passim), 178, 182-183)

7. In respect of the hearing transcripts, these have not yet been finalised, and the page numbers may change once any corrections and transparency issues have been agreed between the parties.

8. The parties to the ICSID proceeding do not agree what law is applicable to the issues before the Tribunal, and the Tribunal has not ruled on that dispute.

9. The record remains open in the ICSID proceeding, and the hearing has been continued.  In particular, the Tribunal has ruled that forensic testing is to be done on certain documents not currently in the possession of either party to the arbitration.  The Tribunal has appointed two independent forensic experts and has indicated that it will circulate a draft of the terms of reference to the parties for comments.  It is envisaged that any expert will then need to coordinate schedules and access to the documents.  The Tribunal indicated that the terms of reference are likely to allow for the parties to assist with their own experts and that after their analyses, the forensic experts will report back to the Tribunal by way of draft report(s) subject to

-4-

a comment period, followed by the submissions of final reports. It is likely that a new hearing session will be held concerning the forensic analyses.

10. This process will be followed by post-hearing submissions, the schedule for which is likely not to be set until the conclusion of the proceedings discussed in paragraph 9. The panel would then need to deliberate and issue a decision.

11. Although the closing of the evidentiary phase of the ICSID proceedings will take place at some stage in the foreseeable future, it could take years before a final and nonappealable award is made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in London, United Kingdom on 17 August 2017

_____
James Libson