# ECF TRANSCRIPTION SHEET



**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:         (212) 805-7933
Telephone No.:   (212) 805-0036

**Dated**:  August 22, 2017                                **Total Number of Pages**:

**MEMO ENDORSED:**

1. If you all can't even agree on when to have a Court conference, there is little hope you will cooperate on discovery - so surprise me.

2. The conf. will remain on 8/24 - but Mr. Solomon will need to be available (or have other lawyers from his firm deal with discovery in September.

Copies **by ECF** to:  All Counsel
                      Judge Keenan

# WILLKIE FARR & GALLAGHER LLP

**BY ECF**

**MEMO ENDORSED** 8/22/17

Elizabeth Bower
202 303 1252
ebower@willkie.com

1875 K Street, NW
Washington, DC 20006-1238
Tel: 202 303 1000
Fax: 202 303 2000

August 22, 2017

Honorable Andrew J. Peck
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: *BSG Resources (Guinea) Limited, et al. v. Soros, et al.*, No. 1:17-cv-02726 (JFK) (AJP)

Dear Judge Peck,

I write in response to the order of today rescheduling the adjourned conference for this Thursday, August 24. The return of the August 24 date was prompted by Mr. Solomon's personal scheduling conflict. We appreciate Mr. Solomon's desire to accompany his daughter to college and his upcoming trial the week of September 5. As a professional courtesy, we accommodated Mr. Solomon's request to seek an alternative date for the conference if the Court was available. We believe it unfair, however, that the schedules of the Court and counsel for Defendants are beholden to Mr. Solomon's availability. I am the attorney for Defendants who will have primary responsibility for discovery matters in this case going forward. I, too, have familial obligations that have now been affected twice by the scheduling and rescheduling of the conference. I had a previously-scheduled vacation with my family on August 24 but postponed my plans to attend the August 24 conference. When the conference was adjourned to September 1, I changed my plans so that I could join my family. If the conference remains on August 24, I now have to cancel my plans again.

Given the Court's unavailability on August 31, we propose that the conference be rescheduled to sometime during or after the week of September 11 at a time that is convenient for the Court. There are no imminent deadlines that would be impacted by giving the parties this additional time to work through their discovery responses and begin exchanging documents. This would also accommodate Mr. Solomon's state court trial the week of September 5. It remains the case that the parties have not had an opportunity to meet and confer concerning threshold discovery issues. Defendants believe the parties will be able to resolve some of the purported disputes through discussion with Plaintiffs' counsel after the parties' initial discovery responses are served this week. Thus, we believe a brief adjournment of the conference will serve your directive that the parties cooperate in discovery and minimize the time the Court needs to spend mediating unripe discovery issues.

[Handwritten memo endorsement: 1. If parties can't own agree or ask to have a Court conference, then a little by you will complete discovery so surprise[?]. 2. The conf will remain on 8/24 - but Mr Solomon will not be available (or my atty[?] ... [illegible])

SO ORDERED
Hon. Andrew Jay Peck
United States Magistrate Judge]

August 22, 2017
Page 2


Mr. Solomon advised that he objects to this request, indicating that he is unavailable all of September. If we go forward on Thursday only addressing Plaintiffs' purported disputes that means the deficiencies in Plaintiffs' discovery responses will go unaddressed until sometime in October, less than two months before the close of discovery. Such one-sided discovery is unfair and highly prejudicial to Defendants. If Mr. Solomon is not available, one of his partners or colleagues should be able to handle a discovery conference in September.

Respectfully Submitted,

*[signature]*

Elizabeth J. Bower