# EXHIBIT C

DRAFT

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|  |  |  |
|---|---|---|
| BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG Resources Limited, | ) ) ) ) ) |  |
| Plaintiffs, | ) ) | No. 1:17-cv-02726 (JFK) (AJP) |
| -against- | ) ) ) |  |
| George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy Center, and Open Society Fund, | ) ) ) ) ) ) ) ) | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| Defendants. | ) ) |  |

_____

WHEREAS, Plaintiffs BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG Resources Limited (collectively "Plaintiffs"), and Defendants George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy Center, and Open Society Fund, (collectively, "Defendants"; Plaintiffs and Defendants together are the "Parties"), recognize that disclosure and discovery activity are likely to involve production of information that the disclosing party deems to be confidential or highly confidential, as defined below;

WHEREAS, the Parties wish to facilitate discovery while protecting confidential or highly confidential information, as defined below, in accordance with applicable law;

WHEREAS, the Parties wish to facilitate discovery while preventing the waiver of applicable privileges or protections, and privacy rights, (including those of non-parties) due to inadvertent disclosure of privileged information;

~~WHEREAS, the parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles;~~

WHEREAS, the court retains discretion whether to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the court in connection with any motion, application, or proceeding that may result in an order and/or decision by the court; and

WHEREAS, the Parties, having conferred through their respective counsel, stipulated and agreed to the following terms of a protective order and hereby stipulate to and petition the court to enter the following Stipulated Protective Order;

ACCORDINGLY, IT IS HEREBY AGREED by the undersigned and ORDERED by the court that:  Pursuant to Federal Rule of Civil Procedure 26(c), good cause exists for the entry of this Stipulated Protective Order (the "Order").

## I.   **DEFINITIONS**

1.      "Challenging Party," as used in this Order, means a Party that challenges the designation of information or items under this Order.

2.      The term "CONFIDENTIAL," as used in this Order, means "trade secret or other confidential research, development, or commercial information," as those terms are construed within the meaning of Federal Rule of Civil Procedure 26(c)(i)(G), and includes information which the disclosing Party believes in good faith contains, constitutes or reveals confidential

design, engineering, business or development information, confidential commercial information, non-public financial information, trade secrets, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), information implicating an individual's legitimate expectation of privacy, or other information of a confidential, proprietary, private or personal nature.

3.      "Counsel (without qualifier)," as used in this Order, means Outside Counsel of Record or other counsel retained by any Party to advise and/or assist in this matter (as well as their support staff).

4.      "Designating Party," as used in this Order, means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.       "Disclosure or Discovery Material," as used in this Order, means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

6.      "Expert," as used in this Order, means a person with specialized knowledge or experience in a matter pertinent to the Litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action or to assist those who will serve as an expert witness or as a consultant, (2) is not a past or current employee, contractor, or agent of a Party or a current employee of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee, contractor, or agent of a Party.  For the purposes of this provision only, any person who has served or anticipates serving a Party or a Party's competitor

only as an expert or a consultant in litigation matters shall not be considered an employee, contractor, or agent of a Party or a Party's competitor.

7.      "Final Disposition," as used in this Order, means the later of (1) dismissal of all claims and defenses in this action, with prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

8.      The term "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as used in this Order, means extremely sensitive "CONFIDENTIAL" information disclosure of which to another Party or Non-Party would create a substantial risk of serious harm (such as trade secrets, financial data, personal information, or competitively-sensitive information about future business plans and strategies) that could not be avoided by less restrictive means.

9.      "Litigation" means the case captioned *BSG Resources (Guinea) Limited, et. al v. George Soros, et al.*, Civil Action No. 17-cv-02726 (JFK) (AJP) (S.D.N.Y.).

10.      "Non-Party," as used in this Order, means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

11.      "Outside Counsel of Record," as used in this Order, means attorneys (and their support staffs) who are not employees of a party to this action, but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

12.      "Party or Parties," as used in this Order, means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4

13.     "Producing Party," as used in this Order, means a Party or Non-Party that produces Disclosure or Discovery Material in this action.

14.     "Professional Vendors," as used in this Order, means persons or entities that provide litigation support services (*e.g.*, photocopying, stenographic services, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

15.     "Protected Material," as used in this Order, means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

16.     "Receiving Party," as used in this Order, means a Party that receives Disclosure or Discovery Material from a Producing Party.

## II.   SCOPE

The protections conferred by this Order cover not only ~~Protected~~Discovery Material and Protected Material (as defined above), but also (1) any information copied or extracted from Discovery Material or Protected Material; (2) all copies, excerpts, summaries, or compilations of Discovery Material or Protected Material; and (3) any testimony, communications, conversations, or presentations by Parties or their Counsel that might reveal Discovery Material or Protected Material.  However, the protections conferred by this Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the

5

Designating Party created by this Order.  Any use of Discovery Material and Protected Material at trial shall be governed by a separate agreement or order.

**III.**   **DURATION**

Even after Final Disposition of this Litigation, see Section XII, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**IV.**   **DESIGNATING PROTECTED MATERIAL**

1.    Exercise of Restraint and Care in Designating Material for Protection.  Any Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of the protections afforded to Protected Material under this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

2.    Manner and Timing of Designations.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

6

a)      <u>For information in documentary or electronic form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material or for documents produced in native form include the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'' EYES ONLY".  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

b)      <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, the Designating Party must indicate on the record before the close of the deposition, hearing, or other proceeding, or else in writing within 14 days thereafter, whether it intends to designate some portion of the testimony as protected.  Where a party has indicated that it will be designating any portion of the testimony as protected, the Designating Party shall have 30 days after receipt of the final transcript to review and identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  During such 30 day time period, the entire deposition transcript, including any exhibits, shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  The Designating Party shall serve upon opposing counsel a letter containing a list of pages (including line numbers as appropriate) marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"  If no designation is made within 30 days after receipt of the transcript, or such other period if the time to designate is modified either by agreement of the Parties or by court order, the transcript shall be considered not to contain any Protected Material.

7

Additionally, if all or part of a videotaped deposition is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the DVD, CD, or thumb drive, plus any container, shall be so labeled.  The Designating Party shall inform the court reporter of these requirements.

   c)   For information produced in some form other than documentary or electronic and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party shall identify the protected portion(s) and specify the level of protection being asserted.  This provision does not apply to CDs, DVDs, thumb drives, hard drives or other storage media which contain only documents produced according to IV.2(a).

   3.   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

## V.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

   1.   Timing of Challenges.  Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by not mounting a challenge promptly after the original designation is disclosed.

2.     <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.   The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within five (5) business days of the date of service of notice.   In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.   A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

3.     <u>Judicial Intervention</u>.   If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion to remove the confidentiality within fourteen (14) days of either the meet and confer meeting or if the Challenging Party can establish that the Designating Party was unwilling to participate in the meet and confer process in a timely manner.   Each such motion must be accompanied by a declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.   During the challenge process, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**VI.** **ACCESS TO AND USE OF ~~DISCOVERY~~ MATERIAL AND PROTECTED MATERIAL**

1.      Basic Principles.  A Receiving Party may use ~~Protected~~Discovery Material that is disclosed or produced by another Party or Non-Party in connection with this Litigation only for prosecuting, defending, or attempting to settle this Litigation between the Parties.  A Receiving Party may not use ~~Protected~~Discovery Material in connection with any other case, or in bringing, prosecuting, defending or attempting to settle any other litigation or claims involving Non-Parties~~, provided nothing in this Order shall~~.  Every effort must be made to prevent ~~any Party from using information derived from any Protected~~the use of Discovery Material ~~in~~for any purpose other ~~matter including in the prosecution, defense~~than prosecuting, defending, or ~~attempt~~attempting to settle ~~any other matter.  Every effort must be made to protect~~this Litigation between the ~~confidentiality of the Protected Material.  Such~~ Parties.

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Every effort must be made to protect the confidentiality of the Protected Material.  When the Litigation has been terminated, a Receiving Party must comply with the provisions of Section XII below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited only to the persons authorized under this Order and promptly notify Outside Counsel for the Producing Party of any accidental or unauthorized access to any Protected Material in accordance with Section IX.

~~1.~~2.      Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a)      the officers, directors, advisers and employees of a Party to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

b)      Each Party's counsel, including in-house counsel, whether or not Party's Outside Counsel of Record, who are directly involved in the management, prosecution, defense, settlement and/or appeal in this action, as well as employees of these counsel;

c)      Other lawyers to whom it is reasonably necessary to disclose the information for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d)      Experts of a Party (1) to whom disclosure is reasonably necessary for the purposes of prosecuting, defending, or attempting to settle this Litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

e)      the court and its personnel;

f)      court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for the purposes of prosecuting, defending, or attempting to settle this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

h)      Non-Party witnesses in this action and their attorneys to whom disclosure is reasonably necessary for the purposes of prosecuting, defending, or attempting to settle this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of

transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

2.3.   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to those persons identified above in Section VI, paragraphs 2(b) through (2)(g).

## VII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena, Civil Investigative Demand ("CID"), or a court order that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

1.     Promptly and in no event more than ten (10) days after receiving the subpoena, CID, or order notify in writing the Designating Party.  Such notification shall include a copy of the subpoena, CID, or court order;

2.     Promptly notify in writing the party who caused the subpoena, CID, or order to issue that some or all of the material covered by the subpoena, CID, or order is subject to this Order.  Such notification shall include a copy of this Order; and

If the Designating Party timely seeks a protective order, the Party served with the subpoena, CID, or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by a court with appropriate jurisdiction of the subpoena, CID, or order issued,

unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## VIII.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

In the event that a party seeks discovery from a Non-Party in this action, the Non-Party may invoke the terms of this Order with respect to any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material provided to the Parties by so advising all Parties to this action in writing.

## IX.  UNAUTHORIZED DISCLOSURE OF DISCOVERY MATERIAL OR PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Discovery Material or Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) use its best efforts to retrieve all unauthorized copies of the Discovery Material or Protected Material, (b) provide the person or persons to whom unauthorized disclosures were made with a copy of this Order, and (c) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  Compliance with the foregoing shall not prevent a Party or Non-Party from seeking further relief from the court.

## X.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

1. Nothing in this Order shall preclude any Party from asserting the attorney-client, work product, or any other applicable privilege as to any document or information.  The Parties agree that, pursuant to Fed. R. Evid. 502(d) and the Rule 502(d) Order entered in this action

13

(Dkt. _____), a Party's disclosure or production of any documents or information in this proceeding shall not, for the purposes of this proceeding or in any other federal or state proceeding, constitute a waiver by that Party of any privilege or protection applicable to those documents, including the attorney-client privilege, work product protection and any other privilege or protection recognized by law, provided the Producing Party asserts the privilege or protection in writing promptly after learning of the disclosure or production of the privileged or protected document or information.

2.      Upon written notice of a claim of disclosure or production is provided, the Receiving Party shall (a) refrain from any further examination or disclosure of the produced material, (b) promptly return or destroy the produced material as well as any copies thereof (including summaries or excerpts) and certify in writing to that fact, and (c) not use the produced material for any purpose unless or until further order by the court.

3.      Notwithstanding the foregoing, the Receiving Party may, after conferring with opposing counsel in a good faith effort to resolve any dispute regarding the Designating Party's assertion of privilege or protection, contest the Designating Party's claim of privilege or protection with the court and seek an order compelling production of the material.  Nothing herein shall prevent the Receiving Party from challenging the privileged status of any produced documents in the event the Parties cannot resolve a claim of privilege or protection without court intervention.

4.      The Parties may retain one copy of the inadvertently produced material solely for use as an exhibit to such motion to the court.  In the event any such produced material is used as an exhibit to such motion to the court, the Parties agree to seek in camera review of the Exhibit.

## XI.   MISCELLANEOUS

1.   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any Party to seek its modification or relief from any of its provisions by the Court in the future.

2.   <u>Right to Assert Other Objections and Reservation of Rights</u>.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Order.  By stipulating to the entry of this Order Defendants do not waive and expressly reserve all rights to object to the court's jurisdiction over them in this Litigation.

3.   <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with all applicable Federal and Local Rules and Procedures. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Challenging Party's motion to remove the confidentiality designation is granted by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

## XII.   FINAL DISPOSITION

1.   Within 120 days after the Final Disposition of this action, all Parties, Counsel and any other persons who have received ~~Protected~~ Discovery Material in this action shall return such information to counsel for the Party that disclosed or produced such information, or alternatively may destroy the ~~Protected~~ Discovery Material and certify its destruction.  The Parties' attorneys may retain their attorney work product, and outside counsel for each Party may retain a complete and unredacted set of pleadings and papers filed with the court or served on the

15

other Parties.  This Protective Order shall continue to be binding after the conclusion of this

Litigation as set forth in Section III.

2.      Sealed records which have been filed with the Clerk shall be removed by the party

submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is

taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal.

Parties failing to comply with this order shall be notified by the Clerk that, should they fail to

remove the sealed records within thirty (30) days, the Clerk may dispose of them.


DATED: August _, 2017


GREENBERG TRAURIG, LLP                    WILLKIE FARR & GALLAGHER LLP


_____          _____

Louis M. Solomon, Esq.                   Joseph T. Baio, Esq.
Greenberg Traurig, LLP                   Benjamin P. McCallen, Esq.
200 Park Avenue                          Willkie Farr & Gallagher LLP
New York, New York 10166                 787 Seventh Avenue
(212) 801-9200                           New York, New York 10019
                                         (212) 728-8000
*Attorney for Plaintiffs*

                                         *Attorneys for Defendants*


SO ORDERED THIS ___ day of August,
2017


_____

THE HONORABLE JUDGE PECK
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *BSG Resources (Guinea) Limited, et. al v. George Soros, et al.*, Civil Action No. 17-cv-02726 (JFK) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" are confidential by Stipulation and Order of the Court. I have read the Stipulation and Order dated _____. I understand the responsibilities and obligations that this Stipulation and Order imposes on persons viewing or being privy to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information as defined in the Stipulation and Order.

I hereby agree to be bound by all of the provisions of the Stipulation and Order. For purposes of enforcement, and in the case of my violation of the terms of the Stipulation and Order, I hereby expressly consent to the jurisdiction of the United District Court for the Southern District of New York.

Executed on the _____ day of _____, 20___.

_____

18