# Exhibit 9

# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

**VIA EMAIL**

August 26, 2017

Louis M. Solomon
Greenberg Traurig, LLP
200 Park Avenue
New York, New York 10166

Re:   *BSG Resources (Guinea) Limited, et al. v. Soros et al.*, No. 1:17-cv-02726 (JFK) (AJP)

Dear Counsel:

We write to memorialize your representations during our meet and confer on August 24, 2017, in the above-referenced matter.

**The "Intermediary"**

We asked where the "intermediary" referenced in paragraphs 161 through 163 of the amended complaint is and whether he is under Plaintiffs' control. You represented that he is not in the United States, and he is not under Plaintiffs' control. You further stated that Plaintiffs intend to seek his testimony through international discovery. As we informed you at the meet and confer, to the extent that international discovery is to be taken, given the discovery schedule ordered by the Court, we believe it is necessary that the process to obtain such discovery begin immediately. Accordingly, Plaintiffs should provide any contact information in their possession for the alleged intermediary (and those individuals discussed below) as soon as possible so that this process can begin.

You also indicated that Plaintiffs will not provide the alleged intermediary's declaration on the basis of work-product protection. Defendants disagree with any work-product claim that Plaintiffs intend to assert over that declaration. Defendants are entitled to, and again request, a copy of that declaration.

**Employment Dates and Last Known Contact Information**

You agreed to provide Defendants with the employment dates for the individuals listed in my letter to you, dated August 17, 2017, who are Asher Avidan; Issiaga Bangoura; Frédéric Cilins; Avraham Lev Ran; Michael Noy; Roy Oron; Ricardo Saad; Ibrahima Sory Touré; officers or employees of Onyx

August 26, 2017
Page 2

Financial Advisors UK Ltd., in addition to Dag Cramer; officers or employees of Pentler Holdings Ltd.; and Beny Steinmetz's two sons, who attended a meeting with Mr. Steinmetz and Captain Moussa Dadis Camara in Guinea. You also stated that Plaintiffs will search for and produce any documents they have in their possession from those individuals for the period of January 1, 2005, to the present. You further stated that to the extent those individuals are not currently employed by Plaintiffs or under their control, they will provide the last known contact information for each individual.

### "Relevant" Documents and Defendants' Defenses

Throughout their Responses and Objections to Defendants' First Request for the Production of Documents, dated August 23, 2017 ("Responses and Objections"), Plaintiffs stated that they would produce "relevant, non-privileged documents." We asked what Plaintiffs meant by the term "relevant" and, in particular, whether they would produce documents related to Defendants' defenses, including the defense that Plaintiffs obtained their alleged mining rights in Guinea through bribery and corruption. Plaintiffs stated that they would agree to produce any such documents in their possession, custody, or control.

### "Legal Custody"

In their Responses and Objections, Plaintiffs stated at various points that they would produce documents in their "legal custody." Defendants inquired what Plaintiffs meant by this objection and noted that the objection deviated from FRCP 34. You stated that by "legal custody," Plaintiffs meant that they will not produce documents they are prohibited from producing pursuant to a protective order in another matter – e.g., Plaintiffs are not producing documents that were produced to them in the *Vale v. BSGR* arbitration, LCIA Arb. No. 142683, because of a protective order entered in that arbitration. Otherwise, Plaintiffs are not withholding documents on the basis of the "legal custody" objection.

### Beny Steinmetz

In their Responses and Objections, Plaintiffs stated that Beny Steinmetz is not a principal of any of the Plaintiffs, but stated that they will "search Beny Steinmetz' data." Defendants inquired what Plaintiffs meant by that, including whether: (i) Plaintiffs' search will be limited to data in their own possession, or whether they will search any data in Beny Steinmetz's possession, (ii) what data sources will be included in the search for Mr. Steinmetz's files, (iii) whether Mr. Steinmetz maintained an email account with Plaintiffs, and (iv) what email addresses Mr. Steinmetz used. You stated that Plaintiffs would search data in Mr. Steinmetz's possession as well as any data in Plaintiffs' possession. You further stated that Plaintiffs would provide answers to the other questions identified. We ask that you do so at our next meet and confer on Tuesday.

Regards,

*/s/ Elizabeth J. Bower* / ELD

Elizabeth J. Bower