# Exhibit 10

# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue<br>
New York, NY 10019-6099<br>
Tel: 212 728 8000<br>
Fax: 212 728 8111

**VIA EMAIL**

August 27, 2017

Louis M. Solomon
Greenberg Traurig, LLP
200 Park Avenue
New York, New York 10166

Re:   *BSG Resources (Guinea) Limited, et al. v. Soros et al.*, No. 1:17-cv-02726 (JFK) (AJP)

Dear Counsel:

We write further to my letter of yesterday and concerning Plaintiffs' Responses and Objections to Defendants' First Request for the Production of Documents, dated August 23, 2017 ("Responses and Objections"), in the above-referenced matter.  We plan to discuss the issues identified in this letter during our meet and confer on Tuesday, August 29, 2017.

## Plaintiffs' General Objections

### Beny Steinmetz's "Data"

Plaintiffs stated that Beny Steinmetz is not a principal of any of the Plaintiffs, but stated that they will "search Beny Steinmetz' data." (Responses and Objections, General Objection No. 6.)  Our questions concerning the scope of the search for "Beny Steinmetz' data" are set forth in my letter of yesterday. Please also address whether Mr. Steinmetz held any position with Plaintiffs at any point in time between January 1, 2005 through the present.

### Onyx, Margali, and Pentler

Plaintiffs stated that Onyx Financial Advisers Limited ("Onyx") and Margali Management Corp. ("Margali") "have agreed that Plaintiffs may search for and produce information within *their* legal custody and control" (emphasis added).  (Responses and Objections, General Objection No. 6 (emphasis added).)  Please explain what you mean by "*their* legal custody and control."

Plaintiffs further stated that Pentler Holdings ("Pentler") "has not agreed that Plaintiffs may search for and produce information within *its* legal custody and control" (emphasis added).  (*Id.*)  Plaintiffs also objected to certain Requests to the extent they seek "documents from a non-party to this litigation, for which Plaintiffs do not have the authority to produce." (Responses and Objections, Response to Request

August 27, 2017
Page 2

Nos. 15, 39.)  Please confirm how these limitations would affect Plaintiffs' search for and production of responsive documents related to Pentler.  For example, please confirm whether Plaintiffs will search for and produce documents responsive to the relevant Requests that are in Plaintiffs' control, including any organizational charts.

## Plaintiffs' Specific Objections

### "Knowingly Falling Within"

In their Responses and Objections, Plaintiffs further state at various points that they "do not intend to withhold relevant documents knowingly falling within" certain Requests.  (Responses and Objections, Response to Request Nos. 1-7, 9-38, 40-45, 47-49, 51, 53, 56.)  Please explain what Plaintiffs mean by "knowingly falling within."

### Information from Other Sources

Plaintiffs objected to certain Requests to the extent they "seek information that is publicly available and/or readily obtainable from sources other than Plaintiffs that are more convenient, less burdensome, and/or less expensive."  (Responses and Objections, Response to Request No. 3; *accord* Responses and Objections, Response to Request Nos. 33, 35, 38, 40.)  This objection is not a ground to withhold documents.  Please confirm whether Plaintiffs are withholding documents on the basis of this objection.

### Documents in the Possession of Defendants

Similarly, Plaintiffs objected to certain Requests to the extent they seek "documents already in the possession, custody, and/or control of Defendants."  (Responses and Objections, Response to Request Nos. 6, 14, 23-24, 26-28, 31, 33-35, 38, 40-42.)  This objection is not a ground to withhold documents.  Please confirm whether Plaintiffs are withholding documents on the basis of this objection.

### Financial Interests of Guinea or President Condé

Plaintiffs requested clarification of Request No. 7, which seeks "[a]ll Documents or Communications concerning the financial interests of Guinea or President Condé in the Agreements or the modification or termination of the Agreements."  This Request seeks documents relating to Plaintiffs' assertion in the ICSID Arbitration that "Alpha Condé (then a Presidential candidate for the forthcoming elections in March in 2010 in Guinea), made a deal with business interests in South Africa according to which: (1) they would provide significant funds . . . to Alpha Condé and assist in rigging the forthcoming Presidential election in Guinea to ensure that Alpha Condé was elected; and (2) in return, Alpha Condé agreed that he would, when he became President, grant the South African business interests shares in the mining assets of Guinea, including in particular Simandou where BSGR had its mining titles . . . ."  (Request for Arbitration ¶ 54; *see also* Claimant's Am. Memorial ¶ 147.)  This Request also seeks documents related to Guinea's "stake in mining projects" as alleged in paragraphs 73 and 97 of the Amended Complaint.  Please confirm whether Plaintiffs are withholding any documents based on this objection with this explanation.

August 27, 2017
Page 3

### "Reports of the Work Undertaken on the Ground"

In Request No. 8, Defendants requested "[a]ll Documents or Communications concerning any work undertaken by BSGR in Guinea pursuant to the Agreements." In response, Plaintiffs limited the Request to "reports of the work undertaken on the ground in Guinea pursuant to the agreements" and stated that they "will withhold any documents in response . . . that are beyond the scope of those reports." As we advised you in our meet and confer on August 24, 2017, we cannot agree to accept summaries in support of Plaintiffs' damages claim. We request invoices, service agreements, vendor agreements, supply agreements, and any other documents that support Plaintiffs' investment "[i]n infrastructure and setting up the mining procedure based on [their] existing contractual rights prior to termination" and related work as stated in paragraph 217(a) of the Amended Complaint in which Plaintiffs claim they invested $883,286,336.87.

### Documents Allegedly Precluding Production

Plaintiffs objected to certain Requests to the extent they seek "the production of documents that may not be produced pursuant to a confidentiality or non-disclosure agreement with a third party and/or a court order, or are precluded from disclosure under legal obligations of any kind, including U.S. or foreign privacy laws." (Responses and Objections, Response to Request Nos. 11-13, 48, 50-55.) Please produce all of the listed agreements and provide the legal obligations, including citations to the relevant U.S. or foreign privacy laws, that form the basis for withholding responsive documents.

### Joint Venture

In Request No. 13, Defendants requested "[a]ll Communications or Documents concerning Communications or meetings between or among the Joint Venture, on the one hand, and Guinea or any of the Defendants, on the other." Plaintiffs objected to the extent that this Request is "unreasonably cumulative and/or duplicative of other Requests, and as overly broad and unduly burdensome to the extent that the Joint Venture, or VBG, is included in the definition of BSGR." Please confirm whether Plaintiffs are withholding documents concerning communications with Guinea or any of the Defendants involving the joint venture on the basis of this objection, including, for example only, the meetings or discussions referenced in the Amended Complaint at paragraphs 39, 61, and 101.

### "BSGR's Dealings in Guinea"

Plaintiffs objected to the phrase "BSGR's dealings in Guinea" as "overbroad, vague and ambiguous." (Responses and Objections, Response to Request Nos. 15, 22.) Please confirm whether Plaintiffs are withholding documents based on this objection.

### Documents Concerning Individuals

Plaintiffs objected to certain Requests as "overbroad and unduly burdensome" to the extent they requested "documents concerning individuals unlimited by reference to content related to the subject of this lawsuit, which calls for the production of patently irrelevant material and would impose an excessive, costly and unnecessary burden upon Plaintiffs." (Responses and Objections, Response to

August 27, 2017
Page 4

Request Nos. 16-17.) Please confirm whether Plaintiffs are withholding documents based on this objection.

**Information Concerning Payments, Gifts, or Bribes**

Plaintiffs objected to certain Requests related to payments, gifts, or bribes as "overbroad" and interpreted them as "limited to information concerning Guinea" or "limited to the Agreements and/or iron mining in Guinea." (Responses and Objections, Response to Request Nos. 16, 19.) Yet Plaintiffs have asked Defendants to provide any payment-related information without limitation. These Requests should not be limited to Guinea. Please confirm Plaintiffs will produce any documents related to payments, gifts, or bribes as requested.

**Information Concerning Corruption or Bribery**

Plaintiffs objected to Request No. 18 "on the grounds that is vague, ambiguous, and overbroad, including to the extent it seeks documents concerning unspecified 'allegations' of 'corruption or bribery by BSGR in Guinea.'" Please confirm whether Plaintiffs are withholding documents based on this objection. If so, Defendants can provide Plaintiffs with a number of articles and reports describing the alleged corruption or bribery to avoid any confusion.

**Barrick Gold and Richard Williams**

In Request No. 23, Defendants requested "[a]ll Documents or Communications concerning Barrick Gold Corporation or its Chief Operating Officer, Richard Williams." Plaintiffs objected "to the extent it seeks information that is not relevant to any party's claims or defenses." But Plaintiffs asked for similar documents or communications. (Plaintiffs' First Requests for Production of Documents to Mr. Soros, Request No. 86; Plaintiffs' First Requests for Production of Documents to the OSF Defendants, Request Nos. 88; Plaintiffs' Subpoena to Jonathan Soros for Production of Documents, Request Nos. 6-8, 14; Plaintiffs' Subpoena to Robert Daniel Soros for Production of Documents, Request Nos. 6-8.) Please confirm whether Plaintiffs are withholding documents based on this objection.

**Guinea's Restoration of the Agreements**

In Request No. 46, Defendants requested "[a]ll Documents or Communications concerning whether Guinea has considered restoring, has restored, or will restore the Agreements." Plaintiffs stated that they will produce only any "public document" that is responsive to this Request and to the extent the Request calls for any other documents, "Plaintiffs . . . believe any such other documents would be subject to the privilege and confidentiality objections set forth in General Objections 1-5." Defendants maintain that these "other documents" either are or are not subject to the identified privilege and confidentiality objections. If they are, Plaintiffs must provide a privilege log or produce all of the documents that form the basis for withholding information. Otherwise, Plaintiffs must produce the requested information.

August 27, 2017
Page 5

### ICSID Arbitration

In Request No. 48, Defendants requested "[a]ll Documents concerning the ICSID Arbitration, including, but not limited to, (i) any Documents produced to or by BSGR in the ICSID Arbitration; (ii) copies of all videos and/or transcripts of any testimony and/or proceedings in the ICSID Arbitration; and (iii) any motion papers or pleadings submitted by BSGR in the ICSID Arbitration." Plaintiffs objected that "[t]o the extent that Plaintiffs' documents or communications, produced by Plaintiffs in the ICSID proceeding, are identified in a reasonable search for documents or communications responsive to *another* Request, Plaintiffs will produce such documents identified in that search that are responsive to such other Request, relevant, non-privileged and within Plaintiffs' legal custody and control" (emphasis added). This is not a proper objection. Anything Plaintiffs produced in the ICSID Arbitration should be produced in response to this Request.

### Investigations of Plaintiffs

In Request No. 50, Defendants requested "[a]ll Documents or Communications concerning any governmental or non-governmental investigation of BSGR's conduct or business in Guinea, including, but not limited to, investigations by authorities in Guinea, Switzerland, Israel, and the United States." Plaintiffs objected and stated that they "will not produce documents produced in connection with any investigation by authorities in Guinea, Switzerland, [sic] Israel as such documents are precluded from disclosure by laws and rules of those countries protecting the secrecy of a criminal investigation." Please provide support for Plaintiffs' objection.

### *Rio Tinto v. Vale*

In Request No. 54, Defendants requested "[a]ll Documents or Communications produced to and by BSGR in *Rio Tinto PLC v. Vale S.A., et al.*, No. 14-CV-03042 (S.D.N.Y.)." Plaintiffs represented that they destroyed all documents produced to them in that proceeding pursuant to that action's Protective Order. Please provide a certification of destruction.

### *Vale v. BSGR* Arbitration

In Request No. 55, Defendants requested "[a]ll Documents or Communications produced to and by BSGR in the *Vale v. BSGR* arbitration, LCIA Arb. No. 142683." Plaintiffs stated that they will produce documents and communications produced by them in the arbitration to the extent they "are identified in a reasonable search for documents or communications responsive to *another* Request" (emphasis added). This is not a proper objection. Anything Plaintiffs produced in the LCIA Arbitration should be produced in response to this Request.

Regards,

Elizabeth J. Bower / ELD