# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BSG RESOURCES (GUINEA) LIMITED, BSG
RESOURCES (GUINEA) SÀRL, and BSG
RESOURCES LIMITED,

               Plaintiffs,

      v.

GEORGE SOROS, OPEN SOCIETY
FOUNDATIONS, OPEN SOCIETY INSTITUTE,
FOUNDATION TO PROMOTE OPEN
SOCIETY, OPEN SOCIETY FOUNDATION,
INC., ALLIANCE FOR OPEN SOCIETY
INTERNATIONAL, INC., OPEN SOCIETY
POLICY CENTER, and OPEN SOCIETY FUND,

             Defendants.

No. 1:17-cv-02726 (JFK) (AJP)

---

**DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO
OPEN SOCIETY FOUNDATIONS, OPEN SOCIETY INSTITUTE, FOUNDATION TO
PROMOTE OPEN SOCIETY, OPEN SOCIETY FOUNDATION, INC., ALLIANCE FOR
OPEN SOCIETY INTERNATIONAL, INC., OPEN SOCIETY POLICY CENTER, AND
OPEN SOCIETY FUND**

        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants

Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open

Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy

Center, and Open Society Fund (collectively "Defendants")[1] hereby respond as follows to

Plaintiffs' BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG Resources

---

[1] As set forth in Defendants' Motion to Dismiss (Dkt. No. 56), Open Society Foundations and Open Society
Foundation, Inc., are not existing legal entities.  Nothing herein should be construed to waive the challenges to
jurisdiction or service asserted by these defendants; rather, the defenses are expressly reserved.

Limited (collectively "Plaintiffs"), First Requests for Production of Documents to Open Society Foundations, dated July 11, 2017 ("Request for Production to OSF"), and Plaintiffs' First Requests for Production of Documents to Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy Center, and Open Society Fund, each dated July 13, 2017 ("Request for Production to Additional Defendants") (collectively the "Requests" and individually a "Request").

Defendants respond to the Requests, including the definitions and instructions referenced therein, subject to the General Objections set forth below.  These limitations and objections, which form a part of the response to each individual request, are set forth here to avoid the repetition of restating them for various individual responses.  For emphasis, certain of the General Objections may also be specifically referred to in the response to certain Requests. Failure to repeat any General Objection in response to a particular Request is not a waiver of the General Objection.

Each response to the Requests is subject to Defendants' right to object to the competency, relevancy, materiality, privilege, or admissibility of such response.  Defendants' disclosure of information or production of documents in response to the Requests does not constitute an admission by Defendants that such information or documents are relevant or admissible and is without prejudice to Defendants' right to contend at any trial or any stage of this proceeding, or any other proceeding, that the requested documents are irrelevant, immaterial, inadmissible, or otherwise objectionable.

## **GENERAL OBJECTIONS**

1.     Defendants object to each Request to the extent it is not relevant to the claims or defenses of any party and/or not proportional to the needs of this case, and, thus, will

not aid in resolving the issues in this case and/or the burden or expense of the proposed discovery outweighs its likely benefit.  Unless otherwise specified, Defendants will search for and produce any responsive, non-privileged documents relating to iron ore mining activities in Guinea.

2.      Defendants object to each Request to the extent it seeks information or documents which are subject to the attorney-client privilege, the attorney work-product doctrine, the joint defense or common interest privilege, and/or any other applicable privilege or immunity.  Nothing contained in these objections or responses is intended as, or shall in any way be deemed, a waiver of any such applicable privilege.  Any inadvertent disclosure by Defendants of material or information covered by any privilege or immunity shall not be deemed a waiver of such protection.  Defendants will provide a log of any document withheld on privilege grounds pursuant to Local Civil Rule 26.2.

3.      Defendants object to each Request to the extent it seeks disclosure of documents and information that is confidential or otherwise sensitive.  Defendants will only produce confidential or otherwise sensitive documents or information subject to an appropriate confidentiality order.

4.      Defendants object to the definition of the term "Relevant Period" and Instruction No. 11 because they are overbroad and unduly burdensome, particularly as they seek the production of documents and communications that post-date the filing of the initial Complaint in this action on April 14, 2017 and pre-date Defendants' conduct alleged in the Amended Complaint.  Defendants will produce only those documents and communications dated January 1, 2010, through April 14, 2017.

5.     Defendants object to Instruction No. 2 as unduly burdensome to the extent that it purports to require Defendants to produce original documents.  To the extent Defendants produce documents, Defendants will produce only non-privileged copies of documents. Defendants further object to Instruction No. 2 as overbroad and unduly burdensome because it purports to require Defendants to produce "all Documents and Communications or things in [its] possession, custody or control."  Defendants will search for and produce documents from the places, locations, files, and email custodians reasonably expected to have responsive documents and that will not involve unreasonable expense or burden, including by employing reasonable search terms and parameters in its search of files or electronic documents (a "Reasonable Search").  Defendants are willing to meet and confer with Plaintiffs regarding the parameters of a Reasonable Search.  Defendants further object to Instruction No. 2 to the extent it seeks information or documents which are subject to the attorney-client privilege, the attorney work-product doctrine, the joint defense or common interest privilege, and/or any other applicable privilege or immunity.

6.     Defendants object to Instruction No. 6 to the extent it purports to impose obligations that are inconsistent with or exceed those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable local rule or law, particularly because it purports to require Defendants to produce all electronically stored information in its "native" format.

7.     The objections and responses herein are based on Defendants' present knowledge, information, and belief.  Pursuant to Federal Rule of Civil Procedure 26(e), Defendants reserve the right to supplement their responses if they learn of additional responsive information.

8.      A statement that Defendants will produce documents and communications responsive to a particular Request is not a representation that such documents and communications exist and/or are in the possession, custody, or control of Defendants, but rather that they will be produced if they are located in the course of a Reasonable Search.  Moreover, neither the statement that Defendants will produce documents and communications nor the production of such documents and communications constitutes an admission or acceptance of Plaintiffs' naming conventions.

9.      Because discovery in this case is in the early stages—pursuant to the proceedings held before Magistrate Judge Andrew J. Peck on July 18, 2017, completion of paper and ESI discovery is scheduled for December 1, 2017—Defendants may supplement their objections to the following requests to indicate whether any documents have been withheld on the basis of its objections after conducting a review of responsive documents.

10.     Subject to and without waiving any of the objections herein, Defendants will produce non-privileged documents in their control, if any, responsive to the Requests after a Reasonable Search on a rolling basis, beginning within two weeks of the entry of the ESI protocol and a protective order and ending no later than December 1, 2017.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION TO OSF NO. 1:**

Documents and Communications sufficient to show Your business structure and Your relationship to any member entities You may have, if any, including the entities that comprise OSF.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 3, and 4 *supra*.  Defendants also object to this Request to the extent it purports to impose an obligation on Defendants to

create documents that do not exist.  Defendants will not create documents in response to this

Request.

Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope

of this specified search will be withheld.

**REQUEST FOR PRODUCTION TO ADDITIONAL DEFENDANTS NO. 1:**

Documents and Communications sufficient to show Your business structure, including
Documents and Communications sufficient to identify Your relationship or association with any
of the entities that comprise OSF.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 3, and 4 *supra*.  Defendants

also object to this Request to the extent it purports to impose an obligation on Defendants to

create documents that do not exist.  Defendants will not create documents in response to this

Request.

Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope

of this specified search will be withheld.

**REQUEST FOR PRODUCTION TO OSF NO. 2:**

All Documents and Communications sufficient to show the basis for Your position that that [sic]
Open Society Foundations "does not exist".  (June 2, 2017 Memorandum of Law In Support of
Defendants' Motion to Dismiss at 27).

**RESPONSE:**

Defendants hereby incorporate General Objections 2, 3, and 4 *supra*.

6

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION TO ADDITIONAL DEFENDANTS NO. 2:**

All Documents and Communications sufficient to show the basis for Defendants' position that that [sic] Open Society Foundations "does not exist".  (June 2, 2017 Memorandum of Law In Support of Defendants' Motion to Dismiss at 27).

**RESPONSE:**

Defendants hereby incorporate General Objections 2, 3, and 4 *supra*.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications concerning BSGR, or any persons known or believed to be associated with BSGR.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because of the phrase "associated with," which may refer to any number of persons with no relationship to the facts, events, or circumstances underlying the Litigation.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, concerning BSGR or communications with BSGR and anyone known to be

7

associated with BSGR and relating to iron ore mining activities in Guinea that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications concerning Steinmetz or his family.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because of the phrase "or his family," which may refer to any number of persons with no relationship to the facts, events, or circumstances underlying the Litigation.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, concerning Steinmetz and relating to iron ore mining activities in Guinea that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications concerning investigations of (i) Steinmetz; (ii) BSGR; or (iii) any entities associated with Steinmetz or BSGR, by any governmental body anywhere in the world.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants further object to this Request as vague, ambiguous, and unduly burdensome because of the phrase "associated with," which may refer to any number of persons with no relationship to the facts, events, or circumstances underlying the Litigation.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, concerning government investigations of Steinmetz, BSGR, or known associates and relating to iron ore mining activities in Guinea that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications concerning investigations of (i) Steinmetz; or (ii) BSGR by any non-governmental entity anywhere in the world, including Veracity.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*. Defendants further object to the definition of "Veracity" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes in its definition "any officer, director, board member, shareholder, employee, partner, corporate parent, subsidiary, or affiliate." Defendants will produce any responsive, non-privileged documents based on a definition without this clause.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, concerning non-governmental investigations of Steinmetz, BSGR, or known associates and relating to iron ore mining activities in Guinea that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications collected for production or produced or otherwise made available to, or received by or from, any governmental agency investigating any of the issues or matters alleged or referred to in the Amended Complaint.

9

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants further object to this Request as overbroad because the Amended Complaint refers to some extraneous information not relevant to Plaintiffs' claims or Defendants' defenses – for example, Plaintiffs' activities in countries other than Guinea and Defendant George Soros's personal life. Defendants also object to this Request to the extent that it purports to require Defendants to produce documents in violation of any applicable court order or law.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, provided to or received from any government agency in connection with investigation and relating to Plaintiffs' iron ore mining activities in Guinea that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications concerning Mamadie Touré, including any payments made, directly or indirectly, by You, OSF, George Soros or any other person to Madamie Touré.

**RESPONSE:**

See Response to Request No. 82.

**REQUEST FOR PRODUCTION NO. 9:**

Documents and Communications sufficient to show all of the email addresses or email domains You or OSF used during the Relevant Period.

**RESPONSE:**

Defendants hereby incorporate General Objections 1 and 4 *supra*.

Subject to and without waiving any of the foregoing objections, Defendants will produce a list (or lists) of all the email addresses or domains used by Defendants between January 1, 2010 through April 14, 2017, if such a document(s) exists, that is identified after a Reasonable Search.  Otherwise, documents and communications reflecting email addresses or domains used by Defendants will be produced in response to these Requests, from which Plaintiffs may create their own list.  Defendants will not create documents in response to this or any other Request.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications concerning the funding or reimbursement, directly or indirectly, of the Republic of Guinea's legal costs concerning the ICSID Arbitration by (i) You; (ii) OSF; (iii) George Soros; (iv) any person associated with You, OSF or George Soros.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*.

Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because of the phrase "any person associated with," which may refer to any number of persons with no relationship to the facts, events, or circumstances underlying the Litigation.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications concerning the funding or reimbursement, directly or indirectly, of DLA Piper's and/or Scott Horton's or Orrick's or Heenan Blaike's [sic] legal fees related to iron ore mining in Guinea by (i) You; (ii) OSF; (iii) George Soros; (iv) any person associated with You, OSF or George Soros.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*. Defendants further object to the definition of "Scott Horton" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes "any employee, agent, [sic] representative of consultant Scott Horton" and any of his "agents, attorneys, employees, [sic] subordinates." Defendants will produce any responsive, non-privileged documents based on a definition without these clauses. Defendants also object to the definition of "DLA Piper" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes in its definition all "divisions, subsidiaries, affiliates, controlled entities, joint ventures, related companies, predecessors, successors and assigns; and present and former officers, directors, partners, employees, agents, attorneys, accountants, and representatives of any of the entities listed above, and any other person who currently or formerly acted or purported to act on its behalf, or who is or has been subject to the direction or control of, any of the entities listed above." Defendants will produce any responsive, non-privileged documents based on a definition without this clause.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications concerning the retention of DLA Piper or Scott Horton related to iron ore mining in Guinea, by (i) the Republic of Guinea; (ii) George Soros; (iii) You; or (iv) OSF.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*.

Defendants further object to the definition of "Scott Horton" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes "any employee, agent, [sic] representative of consultant Scott Horton" and any of his "agents, attorneys, employees, [sic] subordinates." Defendants will produce any responsive, non-privileged documents based on a definition without these clauses. Defendants also object to the definition of "DLA Piper" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes in its definition all "divisions, subsidiaries, affiliates, controlled entities, joint ventures, related companies, predecessors, successors and assigns; and present and former officers, directors, partners, employees, agents, attorneys, accountants, and representatives of any of the entities listed above, and any other person who currently or formerly acted or purported to act on its behalf, or who is or has been subject to the direction or control of, any of the entities listed above." Defendants will produce any responsive, non-privileged documents based on a definition without this clause.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION TO OSF NO. 13:**

All Documents and Communications concerning Your, OSF's, or George Soros's Communications with DLA Piper or Scott Horton concerning iron ore mining in Guinea, including documents sufficient to show the basis for Your statement that DLA Piper and Scott Horton are not agents of You or George Soros (see June 2, 2017 Memorandum of Law In Support of Defendants' Motion to Dismiss at 9, 17).

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*. Defendants further object to the definition of "Scott Horton" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes "any employee, agent, [sic] representative of consultant Scott Horton" and any of his "agents, attorneys, employees, [sic] subordinates." Defendants will produce any responsive, non-privileged documents based on a definition without these clauses. Defendants also object to the definition of "DLA Piper" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes in its definition all "divisions, subsidiaries, affiliates, controlled entities, joint ventures, related companies, predecessors, successors and assigns; and present and former officers, directors, partners, employees, agents, attorneys, accountants, and representatives of any of the entities listed above, and any other person who currently or formerly acted or purported to act on its behalf, or who is or has been subject to the direction or control of, any of the entities listed above." Defendants will produce any responsive, non-privileged documents based on a definition without this clause.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION TO ADDITIONAL DEFENDANTS NO. 13:**

All Documents and Communications concerning Your, OSF's, or George Soros's Communications with DLA Piper or Scott Horton concerning iron ore mining in Guinea, including documents sufficient to show the basis for Defendants' statement that DLA Piper and Scott Horton are not agents of OSF or George Soros (see June 2, 2017 Memorandum of Law In Support of Defendants' Motion to Dismiss at 9, 17).

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*. Defendants further object to the definition of "Scott Horton" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes "any employee, agent, [sic] representative of consultant Scott Horton" and any of his "agents, attorneys, employees, [sic] subordinates." Defendants will produce any responsive, non-privileged documents based on a definition without these clauses. Defendants also object to the definition of "DLA Piper" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes in its definition all "divisions, subsidiaries, affiliates, controlled entities, joint ventures, related companies, predecessors, successors and assigns; and present and former officers, directors, partners, employees, agents, attorneys, accountants, and representatives of any of the entities listed above, and any other person who currently or formerly acted or purported to act on its behalf, or who is or has been subject to the direction or control of, any of the entities listed above." Defendants will produce any responsive, non-privileged documents based on a definition without this clause.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications concerning BSGR's Mining Rights.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*. Defendants further object to the definition of "Mining Rights" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes "any other relevant mining agreement."

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, relating to Plaintiffs' iron ore mining activities in the Simandou region of Guinea that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications concerning Communications with the press concerning BSGR, Steinmetz, or iron ore mining in the Republic of Guinea, including any Documents concerning Communications with ICIJ and FACT.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*. Defendants further object to the definitions of "FACT" and "ICIJ," as vague, ambiguous, overbroad, and unduly burdensome, particularly because they include in their definitions all "divisions, subsidiaries, board, advisory board, corporate parents, affiliates, controlled entities, joint ventures, related companies, predecessors, successors and assigns; and present and former officers, directors, partners, employees, agents, attorneys, accountants, advisory council, pro bono consultants and representatives of any of the entities listed above, and any other person who currently or formerly acted or purported to act on [their] behalf, or who is or has been subject to the direction or control of, any of the entities listed above."

16

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, concerning communications with the press concerning BSGR, Steinmetz, or iron ore mining activities in Guinea that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications concerning BSGR's joint venture with Vale, VBG-Vale BSGR Sàrl.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants further object to the definition of "Vale" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes "any officer, director, board member, shareholder, employee, partner, corporate parent, subsidiary, or affiliate."  Defendants will produce any responsive, non-privileged documents based on a definition without this clause.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications concerning Chris Canavan and/or Soros Fund Management that concern (i) BSGR; (ii) Steinmetz; or (iii) iron ore mining in the Republic of Guinea.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications concerning Alpha Condé.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*. Defendants further object to the definition of "Alpha Condé" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes any "employee, agent, representative of [sic] consultant of Alpha Condé" and all "agents, attorneys, employees, subordinates, representatives, subsidiaries, managing agents, affiliates, or investigators."  Defendants will produce any responsive, non-privileged documents based on a definition without these clauses.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, concerning Alpha Condé relating to iron ore mining activities in Guinea that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications concerning Mohamed Alpha Condé.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants further object to the definition of "Mohamed Alpha Condé" as vague, ambiguous, overbroad, and

unduly burdensome, particularly because it includes all "agents, attorneys, employees, subordinates, representatives, subsidiaries, managing agents, affiliates, or investigators." Defendants will produce any responsive, non-privileged documents based on a definition without this clause.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, concerning Mohamed Alpha Condé relating to iron ore mining activities in Guinea that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications concerning the 2010 Guinean Presidential election.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, concerning the 2010 Guinean Presidential election relating to iron ore mining activities in Guinea that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications concerning interactions between (i) You, OSF, George Soros, or any other person associated with You, OSF, or George Soros on the one hand; and (ii) BSGR, Steinmetz, or any person associated with BSGR or Steinmetz, on the other hand.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because of the phrase "or any other person associated with," which may refer to any number of persons with no relationship to the facts, events, or circumstances underlying the Litigation.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, concerning their interactions with BSGR, Steinmetz, or any person associated with BSGR or Steinmetz relating to iron ore mining activities in Guinea that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications concerning FTI concerning (i) BSGR; (ii) Steinmetz; or (iii) iron ore mining in the Republic of Guinea.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because of the phrase "iron ore mining in the Republic of Guinea," which may refer to activities unrelated to the parties' claims or defenses in the Litigation.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, concerning BSGR; Steinmetz; or Plaintiffs' iron ore mining activities in Guinea that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications concerning any payments solicited or received from mining companies or their principals by the Republic of Guinea.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*. Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because of the phrase "mining companies" and the term "payments," which may refer to entities or transactions with no relationship to the facts, events, or circumstances underlying the Litigation.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, concerning payments relating to iron ore mining activities from iron ore mining companies that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications concerning the Draft Memorandum of Understanding, including all Documents and Communications concerning the drafting and negotiation of the terms of the Draft Memorandum of Understanding.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

21

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications concerning Murilo Ferreira that concern iron ore mining in Guinea, including all Documents and Communications concerning Communications in June 2011 between or among Murilo Ferreira and (i) You; (ii) OSF; (iii) George Soros; or (iv) any person associated with You, OSF, or George Soros.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*. Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because of the phrases "iron ore mining in Guinea," which may refer to activities unrelated to the parties' claims or defenses in the Litigation, and "any person associated with," which may refer to any number of persons with no relationship to the facts, events, or circumstances underlying the Litigation.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, relating to Plaintiffs' iron ore mining activities in Guinea that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications concerning communications with Vale that concern iron ore mining in Guinea, including all Documents concerning (i) Roger Agnelli; or (ii) Daniela Chimisso.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*. Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because it does not identify whose communications with Vale it seeks and because of the phrase "iron ore mining in Guinea," which may refer to activities unrelated to the parties' claims or defenses in the Litigation. Defendants also object to the definition of "Vale" as vague, ambiguous,

overbroad, and unduly burdensome, particularly because it includes "any officer, director, board

member, shareholder, employee, partner, corporate parent, subsidiary, or affiliate."  Defendants

will produce any responsive, non-privileged documents based on a definition without this clause.

Moreover, Defendants object to the definition of "Daniela Chimisso" as vague, ambiguous,

overbroad, and unduly burdensome, particularly because it includes all "agents, attorneys,

employees, subordinates, representatives, subsidiaries, managing agents, affiliates, or

investigators."  Defendants will produce any responsive, non-privileged documents based on a

definition without this clause.

      Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, concerning Plaintiffs' iron ore mining activities in Guinea that are identified after

a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications concerning any assistance with respect to the Guinean
mining industry, including Alpha Condé's invitation(s) or request(s) re the same, provided by, or
to, (i) You; (ii) OSF; (iii) George Soros; or (iv) any person associated with You, OSF, or George
Soros, including any Documents concerning Communications with Patrick Heller, Paul Collier,
Jeffrey Sachs, Columbia Center for Sustainable Development, Karin Lissakers, RWI or NRGI.

**RESPONSE:**

      Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants

further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because

of the phrase "any assistance with respect to the Guinean mining industry," which may refer to

activities unrelated to the parties' claims or defenses in the Litigation.  Defendants also object to

the definition of "NRGI" as vague, ambiguous, overbroad, and unduly burdensome, particularly

because it includes in its definition all "divisions, subsidiaries, corporate parents, affiliates,

controlled entities, joint ventures, related companies, predecessors, successors and assigns,

board, advisory board, and present and former officers, directors, partners, employees, agents,

attorneys, accountants, advisory council, pro-bono consultants and representatives of any of the

entities listed above, and any other person who currently or formerly acted or purported to act on

its behalf, or who is or has been subject to the direction or control of, any of the entities listed

above." Defendants will produce any responsive, non-privileged documents based on a

definition without this clause. Moreover, Defendants object to the definition of "Alpha Condé"

as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes any

"employee, agent, representative of [sic] consultant of Alpha Condé" and all "agents, attorneys,

employees, subordinates, representatives, subsidiaries, managing agents, affiliates, or

investigators." Defendants will produce any responsive, non-privileged documents based on a

definition without these clauses.

Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, concerning assistance with regard to the Guinean iron ore mining industry that

are identified after a Reasonable Search. Any documents beyond the scope of this specified

search will be withheld.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications concerning the joint press conference George Soros held
with Alpha Condé in March of 2011.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*.

Defendants further object to the definition of "Alpha Condé" as vague, ambiguous, overbroad,

and unduly burdensome, particularly because it includes any "employee, agent, representative of

[sic] consultant of Alpha Condé" and all "agents, attorneys, employees, subordinates, representatives, subsidiaries, managing agents, affiliates, or investigators." Defendants will produce any responsive, non-privileged documents based on a definition without these clauses.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications concerning the representations in the joint press release issued by Open Society Foundations and Mamoudou Kouyaté, "George Soros and President Alpha Condé of Guinea Hold Joint Press Conference", that "All existing contracts will be re-examined. Contract holders and the countries to whose jurisdictions they belong will have to comply with the principles of EITI [the Extractive Industries Transparency Initiative] and a code of conduct which will include a willingness to cooperate in criminal investigations. Guinea will retain the Revenue Watch Institute and the International Senior Lawyers Project to provide legal advice".

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*. Defendants further object to the definition of "Alpha Condé" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes any "employee, agent, representative of [sic] consultant of Alpha Condé" and all "agents, attorneys, employees, subordinates, representatives, subsidiaries, managing agents, affiliates, or investigators." Defendants will produce any responsive, non-privileged documents based on a definition without these clauses.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications concerning the legality of Guinea revoking mining concession contracts.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*. Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because it refers generally to "mining concession contracts," which may refer to activities unrelated to the parties' claims or defenses in the Litigation.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, relating to iron ore mining activities in Guinea that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications concerning the "enlist[ment]" of RWI by George Soros, as reported in the article "Buried Secrets", published in the July 8, 2013 edition of *The New Yorker*.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2 and 4 *supra*. Defendants further object to this Request as vague and ambiguous because of the term "enlist[ment]."

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, concerning George Soros's involvement, if any, with RWI's engagement relating to iron ore mining activities in Guinea that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications concerning any strategic coordination between You, OSF, or George Soros and (i) RWI; (ii) NRGI; or (iii) Global Witness (*see* Amended Complaint at 26-27).

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*.  Defendants further object to this Request as vague and ambiguous because of the phrase "strategic coordination," which may refer to activities unrelated to the parties' claims or defenses in the Litigation.  Defendants also object to this Request as overbroad because it does not identify a delimiting topic.  Moreover, Defendants object to the definitions of "NRGI" and "Global Witness" as vague, ambiguous, overbroad, and unduly burdensome, particularly because they include in their definitions all "divisions, subsidiaries, corporate parents, affiliates, controlled entities, joint ventures, related companies, predecessors, successors and assigns, board, advisory board, and present and former officers, directors, partners, employees, agents, attorneys, accountants, advisory council, pro-bono consultants and representatives of any of the entities listed above, and any other person who currently or formerly acted or purported to act on [their] behalf, or who is or has been subject to the direction or control of, any of the entities listed above."  Defendants will not produce documents responsive to this Request, if any such documents exist.  The ambiguity of this Request is further compounded by the reference to Amended Complaint paragraphs 26 and 27, which contain no allegations concerning Defendants, RWI, Global Witness, or any "strategic coordination."

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, relating to any work by, between, or among them and RWI, NRGI, or Global

Witness concerning iron ore mining activities in Guinea that are identified after a Reasonable

Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications concerning the funding, directly or indirectly, of Global
Witness by (i) You; (ii) OSF; (iii) George Soros; or (iv) any person associated with You, OSF or
George Soros.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants

further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because

of the phrase "any person associated with," any number of persons with no relationship to the

facts, events, or circumstances underlying the Litigation.  Moreover, Defendants object to the

definition of "Global Witness" as vague, ambiguous, overbroad, and unduly burdensome,

particularly because it includes in its definition all "divisions, board, advisory board,

subsidiaries, corporate parents, affiliates, controlled entities, joint ventures, related companies,

predecessors, successors and assigns, present and former officers, directors, partners, employees,

agents, attorneys, accountants, advisory council, pro-bono consultants and representatives of any

of the entities listed above, and any other person who currently or formerly acted or purported to

act on its behalf, or who is or has been subject to the direction or control of, any of the entities

listed above."  Defendants will produce any responsive, non-privileged documents based on a

definition without this clause.

Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, relating to funding of Global Witness by any of the Defendants, George Soros, or

any person providing such funding on their behalf in connection with iron ore mining activities

in Guinea that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications concerning the funding, directly or indirectly, of the Natural Resource Governance Institute by (i) You; (ii) OSF; (iii) George Soros; or (iv) any person associated with You, OSF or George Soros.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*. Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because of the phrase "any person associated with," which may refer to any number of persons with no relationship to the facts, events, or circumstances underlying the Litigation. Defendants also object to the definition of "NRGI" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes in its definition all "divisions, subsidiaries, corporate parents, affiliates, controlled entities, joint ventures, related companies, predecessors, successors and assigns, board, advisory board, and present and former officers, directors, partners, employees, agents, attorneys, accountants, advisory council, pro-bono consultants and representatives of any of the entities listed above, and any other person who currently or formerly acted or purported to act on its behalf, or who is or has been subject to the direction or control of, any of the entities listed above."  Defendants will produce any responsive, non-privileged documents based on a definition without this clause.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, relating to funding of NRGI by any of the Defendants, George Soros, or any person providing such funding on their behalf in connection with iron ore mining activities in

29

Guinea that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications concerning the funding, directly or indirectly, of International Senior Lawyering Project by (i) You; (ii) OSF; (iii) George Soros; or (iv) any person associated with You, OSF or George Soros.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*. Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because of the phrase "any person associated with," which may refer to any number of persons with no relationship to the facts, events, or circumstances underlying the litigation. Defendants also object to the definition of "International Senior Lawyering Project," as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes in its definition all "divisions, subsidiaries, board, advisory board, corporate parents, affiliates, controlled entities, joint ventures, related companies, predecessors, successors and assigns; and present and former officers, directors, partners, employees, agents, attorneys, accountants, advisory council, pro bono consultants and representatives of any of the entities listed above, and any other person who currently or formerly acted or purported to act on its behalf, or who are or have been subject to the direction or control of, any of the entities listed above."  Defendants will produce any responsive, non-privileged documents based on a definition without this clause.  Defendants interpret the use of "International Senior Lawyering Project" to mean the "International Senior Lawyers Project."

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, relating to funding of the International Senior Lawyers Project by any of the

Defendants, George Soros, or any person providing such funding on their behalf in connection

with iron ore mining activities in Guinea that are identified after a Reasonable Search.  Any

documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications concerning the funding, directly or indirectly, of ALSF by
(i) You; (ii) OSF; (iii) George Soros; or (iv) any person associated with You, OSF or George
Soros.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*.

Defendants further object to this Request as vague, ambiguous, overbroad, and unduly

burdensome because of the phrase "any person associated with," which may refer to any number

of persons with no relationship to the facts, events, or circumstances underlying the litigation.

Defendants also object to the definition of "ALSF," as vague, ambiguous, overbroad, and unduly

burdensome, particularly because it includes in its definition all "divisions, subsidiaries, board,

advisory board, corporate parents, affiliates, controlled entities, joint ventures, related

companies, predecessors, successors and assigns; and present and former officers, directors,

partners, employees, agents, attorneys, accountants, advisory council, pro bono consultants and

representatives of any of the entities listed above, and any other person who currently or

formerly acted or purported to act on its behalf, or who are or have been subject to the direction

or control of, any of the entities listed above."  Moreover, Defendants object to this Request as

overbroad, unduly burdensome, and not relevant to the parties' claims or defenses in the

Litigation because there are no allegations concerning ALSF in the Amended Complaint.

Defendants will not produce documents responsive to this Request, if any such documents exist.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications concerning the funding, directly or indirectly, of Revenue Watch Institute by (i) You; (ii) OSF; (iii) George Soros; or (iv) any person associated with You, OSF or George Soros.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*.

Defendants further object to this Request as vague, ambiguous, overbroad, and unduly

burdensome because of the phrase "any person associated with," which may refer to any number

of persons with no relationship to the facts, events, or circumstances underlying the Litigation.

Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, relating to funding of the Revenue Watch Institute by any of the Defendants,

George Soros, or any person providing such funding on their behalf in connection with iron ore

mining activities in Guinea that are identified after a Reasonable Search.  Any documents

beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications concerning iron ore mining in Guinea that also concern
(i) Transparency International; (ii) EITI; (iii) Public Eye; (iv) Basel Institute on Governance;
(v) CCPR; (vi) ACET; (vii) Tony Blair African Governance Initiative; (viii) the U.K.
Department for International Development; (ix) PWYP; (x) ICIJ; (xi) FACT; or (xii) ALSF.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*.

Defendants further object to the definitions of "Transparency International" and "EITI" as vague,

ambiguous, overbroad, and unduly burdensome, particularly because they include in their

definitions all "divisions, subsidiaries, corporate parents, affiliates, controlled entities, joint

ventures, related companies, predecessors, successors and assigns, board, advisory board, and

present and former officers, directors, partners, employees, agents, attorneys, accountants,

advisory council, pro-bono consultants and representatives of any of the entities listed above, and

any other person who currently or formerly acted or purported to act on [their] behalf, or who is

or has been subject to the direction or control of, any of the entities listed above."  Defendants

will produce any responsive, non-privileged documents based on definitions without this clause.

Moreover, Defendants object to this Request as overbroad, unduly burdensome, and not relevant

to the parties' claims or defenses in the Litigation because there are no allegations concerning

Public Eye, Basel Institute on Governance, CCPR, ACET, Tony Blair African Governance

Initiative, the U.K. Department for International Development, ICIJ, FACT, and ALSF in the

Amended Complaint.

Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, concerning iron ore mining activities in Guinea that also concern Transparency

International, EITI, and PWYP that are identified after a Reasonable Search.  Any documents

beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 39:**

Documents sufficient to identify any overlap in management, including any overlap in the
membership in the respective boards of directors of OSF and (i) Global Witness; (ii) RWI;
(iii) NRGI; (iv) Transparency International; (v) EITI; (vi) Public Eye; (vii) Basel Institute on
Governance; (ix) CCPR; (x) ACET; (xi) Tony Blair African Governance Initiative; (xii) or the
U.K. Department for International Development; (xiii) PWYP; (xiv) ICIJ; (xv) FACT; or
(xvi) ALSF.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants

further object to this Request to the extent it purports to impose an obligation on Defendants to

create documents that do not exist.  Defendants also object to the definitions of "Global

Witness," "NRGI," "Transparency International," and "EITI" as vague, ambiguous, overbroad, and unduly burdensome, particularly because they include in their definitions all "divisions, subsidiaries, corporate parents, affiliates, controlled entities, joint ventures, related companies, predecessors, successors and assigns, board, advisory board, and present and former officers, directors, partners, employees, agents, attorneys, accountants, advisory council, pro-bono consultants and representatives of any of the entities listed above, and any other person who currently or formerly acted or purported to act on [their] behalf, or who is or has been subject to the direction or control of, any of the entities listed above."  Defendants will produce any responsive, non-privileged documents based on definitions without this clause.  Moreover, Defendants object to this Request as overbroad, unduly burdensome, and not relevant to the parties' claims or defenses in the Litigation because there are no allegations concerning Public Eye, Basel Institute on Governance, CCPR, ACET, Tony Blair African Governance Initiative, the U.K. Department for International Development, ICIJ, FACT, and ALSF in the Amended Complaint.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, concerning any overlap in membership in the respective boards of directors of OSF and Global Witness, RWI, NRGI, Transparency International, EITI, and PWYP to the extent relating to iron ore mining in Guinea that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications concerning iron ore mining that concern strategy for influencing EITI board member organizations, including NRGI and Global Witness.

**RESPONSE:**

      Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because of the phrases "iron ore mining," which may refer to activities unrelated to the parties' claims or defenses in this Litigation, and "strategy for influencing EITI board member organizations."  As drafted, Defendants cannot discern what, if any, documents may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

Documents and Communications sufficient to show the basis for the statement of OSF that EITI "has not translated into positive change in the lives of citizens, or into improved development outcomes for the countries populations".

**RESPONSE:**

      Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants also object to the definition of "EITI" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes in its definition all "divisions, subsidiaries, corporate parents, affiliates, controlled entities, joint ventures, related companies, predecessors, successors and assigns, board, advisory board and present and former officers, directors, partners, employees, agents, attorneys, accountants, advisory council, pro-bono consultants and representatives of any of the entities listed above, and any other person who currently or formerly acted or purported to act on its behalf, or who is or has been subject to the direction or control of, any of the entities listed above."  Defendants will produce any responsive, non-privileged documents based on a definition without this clause.

      Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, relating to iron ore mining activities in Guinea that are identified after a

Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Communications concerning the New Mining Code, including all
Documents and Communications concerning SOGUIPAMI.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*.

Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, relating to iron ore mining activities in Guinea that are identified after a

Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents and Communications concerning any grants or other financial support provided
directly or indirectly by You, OSF or George Soros to the Republic Guinea to support the mining
contract review process or the New Mining Code.

**RESPONSE:**

Defendants hereby incorporate General Objections 1 and 4 *supra*.

Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, relating to iron ore mining activities in Guinea that are identified after a

Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents and Communications concerning (i) the March 2011 Fifth Conference of EITI in
Paris; and/or (ii) any other EITI event that also concerned BSGR, Steinmetz or iron ore mining
in Guinea.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants further object to the definition of "EITI" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes in its definition all "divisions, subsidiaries, corporate parents, affiliates, controlled entities, joint ventures, related companies, predecessors, successors and assigns, board, advisory board and present and former officers, directors, partners, employees, agents, attorneys, accountants, advisory council, pro-bono consultants and representatives of any of the entities listed above, and any other person who currently or formerly acted or purported to act on its behalf, or who is or has been subject to the direction or control of, any of the entities listed above."  Defendants will produce any responsive, non-privileged documents based on a definition without this clause.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications concerning Alpha Condé's statement, as reported in the March 4, 2011 edition of the FINANCIAL TIMES, that he invited George Soros "to help shake up the mining license regime".

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants further object to the definition of "Alpha Condé" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes any "employee, agent, representative, or consultant" and all "agents, attorneys, employees, subordinates, representatives, subsidiaries, managing

agents, affiliates, or investigators."  Defendants will produce any responsive, non-privileged documents based on a definition without these clauses.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents and Communications concerning the clause in the Base Convention that "in the event of a contradiction and/or difference between Current Legislation and the provisions of this Agreement, the latter shall take precedence".

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications concerning Heenan Blaikie that concern iron ore mining rights in Guinea, including any Documents concerning any reports detailing the results of its investigation(s) concerning BSGR.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope

of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents and Communications concerning Communications with Rio Tinto that concern
BSGR or Steinmetz, including all such Documents and Communications concerning Debra
Valentine.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*.

Defendants further object to the definition of "Rio Tinto" as vague, ambiguous, overbroad, and

unduly burdensome, particularly because it includes in its definition "any officer, director, board

member, shareholder, employee, partner, corporate parent, subsidiary, or affiliate."  Defendants

will produce any responsive, non-privileged documents based on a definition without this clause.

Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope

of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents and Communications concerning Francois de Combret, including all Documents
and Communications concerning the $10.5 million payment made to him by Rio Tinto, and the
resulting termination or suspension of Rio Tinto executives, Alan Davies, Sam Walsh and Debra
Valentine, as reported in the November 16, 2016 BLOOMBERG article, "Rio Tinto Fires Two
Senior Executives Amid Payment Probe".
**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants

further object to the definition of "Rio Tinto" as vague, ambiguous, overbroad, and unduly

burdensome, particularly because it includes "any officer, director, board member, shareholder,

employee, partner, corporate parent, subsidiary, or affiliate." Defendants will produce any responsive, non-privileged documents based on a definition without this clause.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents and Communications concerning the renegotiation of mining rights to Simandou Blocks 3 and 4, including all Documents concerning settlement negotiations with Rio Tinto concerning Simandou Blocks 3 and 4.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*. Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because of the phrases (i) "mining rights" in light of the definition of "Mining Rights" and (ii) "settlement negotiations," which does not refer to any dispute susceptible to settlement. Defendants also object to the definition of "Rio Tinto" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes "any officer, director, board member, shareholder, employee, partner, corporate parent, subsidiary, or affiliate." Defendants will produce any responsive, non-privileged documents based on a definition without this clause.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, concerning the renegotiation, if any, of an agreement between Rio Tinto and Guinea relating to iron ore mining of Simandou Blocks 3 and 4 that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents and Communications concerning Sable Mining that concern (i) BSGR; (ii) Steinmetz; or (iii) mining in the Republic of Guinea.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*. Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because of the phrase "mining in the Republic of Guinea," which may refer to activities unrelated to the parties' claims or defenses in the Litigation. Defendants also object to the definition of "Sable Mining" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes in its definition "any officer, director, board member, shareholder, employee, partner, corporate parent, subsidiary, or affiliate." Moreover, Defendants object to this Request as overbroad, unduly burdensome, and not relevant to the parties' claims or defenses in the Litigation because there are no allegations concerning Sable Mining in the Amended Complaint. Defendants will not produce documents responsive to this Request, if any such documents exist.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents and Communications concerning the establishment of the National Mining Commission, including any Documents and Communications concerning the establishment of the Technical Committee or the Strategic Committee.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*. Defendants further object to the definition of "Technical Committee" because it incorrectly states that the Technical Committee was "established . . . to investigate allegations of corruption against BSGR." Defendants define the "Technical Committee" as the committee established by the Republic of Guinea to, among other things, review the mining contracts awarded by Guinea prior to the democratic election of President Condé in 2011.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 53:**

All Documents and Communications concerning the statement that the Technical Committee was "backed" by George Soros, as reported in the FINANCIAL TIMES article, *Guinea's first freely elected government reignites $2.5bn mining tussle*, 11/2/2012.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents and Communications concerning any Communications with the Technical Committee or the Strategic Committee by (i) You; (ii) OSF; (iii) George Soros; or (iv) any person acting on Your, OSF's or George Soros's behalf.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants further object to the definition of "Technical Committee" because it incorrectly states that the Technical Committee was "established . . . to investigate allegations of corruption against BSGR."  Defendants define the "Technical Committee" as the committee established by the Republic of Guinea to, among other things, review the mining contracts awarded by Guinea prior to the democratic election of President Condé in 2011.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, concerning communications with the Technical Committee and the Strategic Committee relating to iron ore mining activities in Guinea that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Communications concerning any meetings held with mining company executives with interests in the Republic of Guinea that You, OSF or George Soros attended, including the meeting held in September of 2011 at George Soros's residence in New York.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because the phrase "mining company executives with interests in the Republic of Guinea" may refer to any number of individuals who attended any number of meetings and, therefore, provides insufficient information for Defendants to conduct a Reasonable Search of responsive documents.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, concerning known executives of companies with known mining interests relating to iron ore mining activities in Guinea that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents and Communications concerning any Communications You, OSF or George Soros had with DLA Piper or Scott Horton concerning the Technical Committee's investigation of BSGR.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*.

Defendants further object to the definition of "Scott Horton" as vague, ambiguous, overbroad,

and unduly burdensome, particularly because it includes "any employee, agent, [sic]

representative of consultant Scott Horton" and any of his "agents, attorneys, employees, [sic]

subordinates." Defendants will produce any responsive, non-privileged documents based on a

definition without these clauses. Defendants also object to the definition of "DLA Piper" as

vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes in its

definition all "divisions, subsidiaries, affiliates, controlled entities, joint ventures, related

companies, predecessors, successors and assigns; and present and former officers, directors,

partners, employees, agents, attorneys, accountants, and representatives of any of the entities

listed above, and any other person who currently or formerly acted or purported to act on its

behalf, or who is or has been subject to the direction or control of, any of the entities listed

above." Defendants will produce any responsive, non-privileged documents based on a

definition without this clause. Moreover, Defendants object to the definition of "Technical

Committee" because it incorrectly states that the Technical Committee was "established . . . to

investigate allegations of corruption against BSGR." Defendants define the "Technical

Committee" as the committee established by the Republic of Guinea to, among other things,

review the mining contracts awarded by Guinea prior to the democratic election of President

Condé in 2011.

Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope

of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 57:**

All Documents and Communications concerning the retaining of Veracity to investigate iron ore
mining in Guinea by (i) the Republic of Guinea; (ii) DLA Piper; (iii) George Soros; (iv) You; or
(v) OSF.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants

further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because

of the use of the phrase "iron ore mining in Guinea," which may refer to activities unrelated to

the parties' claims or defenses in the Litigation.  Defendants also object to the definition of

"Veracity" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it

includes "any officer, director, board member, shareholder, employee, partner, corporate parent,

subsidiary, or affiliate."  Defendants will produce any responsive, non-privileged documents

based on a definition without this clause.

Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope

of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents and Communications concerning the funding, directly or indirectly, of the work
performed by Steven Fox and/or Veracity concerning iron ore mining in the Republic of Guinea.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants

further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because

of the phrase "iron ore mining in the Republic of Guinea," which may refer to activities

unrelated to the parties' claims or defenses in the Litigation.  Defendants also object to the

definition of "Veracity" as vague, ambiguous, overbroad, and unduly burdensome, particularly

because it includes "any officer, director, board member, shareholder, employee, partner,

corporate parent, subsidiary, or affiliate."  Defendants will produce any responsive, non-

privileged documents based on a definition without this clause.  Defendants also object to the

definition of "Steven Fox" as vague, ambiguous, overbroad, and unduly burdensome,

particularly because it includes any "employee, agent, representative, or consultant" and all

"agents, attorneys, employees, subordinates, subsidiaries, managing agents, affiliates, or

investigators."  Defendants will produce any responsive, non-privileged documents based on a

definition without these clauses.

      Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope

of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents and Communications concerning the Veracity Report.

**RESPONSE:**

      Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.

      Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope

of this specified search will be withheld.

46

**REQUEST FOR PRODUCTION NO. 60:**

All Documents and Communications concerning iron ore mining in Guinea that concern Steven Fox.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because of the phrase "iron ore mining in Guinea," which may refer to activities unrelated to the parties' claims or defenses in the Litigation.  Defendants also object to the definition of "Steven Fox" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes any "employee, agent, representative, or consultant" and all "agents, attorneys, employees, subordinates, subsidiaries, managing agents, affiliates, or investigators."  Defendants will produce any responsive, non-privileged documents based on a definition without these clauses.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents and Communications concerning the DLA Piper Report.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 62:**

All Documents and Communications concerning the reliability of the work of Steven Fox and Veracity, including any documents related to the arbitration before the Common Court of Justice and Arbitration concerning the Republic of Guinea and the logistics company, GETMA.

**RESPONSE:**

See Responses to Requests Nos. 59 and 60.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents and Communications concerning the sources of the DLA Piper Report, including (i) Documents sufficient to identify the sources cited by the DLA Piper Report; and (ii) all Documents and Communications concerning the credibility or reliability of the sources cited by the DLA Piper Report.

**RESPONSE:**

See Response to Request No. 61.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents and Communications concerning the Allegations Letter.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 65:**

All Documents and Communications concerning Communications with the FINANCIAL TIMES that concern iron ore mining in Guinea, including any communications with the journalists Misha Glenny, Tom Burgis or Helen Thomas.

**RESPONSE:**

> Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.

> Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents and Communications concerning Samuel Mebiame that concern (i) BSGR; (ii) Steinmetz; or (iii) iron ore mining in the Republic of Guinea.

**RESPONSE:**

> Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because of the phrase "iron ore mining in the Republic of Guinea," which may refer to activities unrelated to the parties' claims or defenses in the Litigation.

> Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, relating to BSGR, Steinmetz, or Plaintiffs' iron ore mining activities in Guinea that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents and Communications concerning Ben Brewerton of FTI that concern (i) BSGR; (ii) Steinmetz; or (iii) mining in the Republic of Guinea.

**RESPONSE:**

> See Response to Request No. 22.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents and Communications concerning Lord Malloch Brown of FTI that concern
(i) BSGR; (ii) Steinmetz; or (iii) mining in the Republic of Guinea.

**RESPONSE:**

See Response to Request No. 22.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents and Communications concerning the article entitled "Buried Secrets", published
in the July 8, 2013 edition of THE NEW YORKER, including any communications with its author,
Patrick Radden Keefe, before or after the article's publication.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.

Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope

of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents and Communications concerning Global Witness that concern (i) BSGR;
(ii) Steinmetz; or (iii) mining in Guinea.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*. Defendants

further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because

of the phrase "mining in Guinea," which may refer to activities unrelated to the parties' claims or

defenses in the Litigation.  Defendants also object to the definition of "Global Witness" as

vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes in its

definition all "divisions, board, advisory board, subsidiaries, corporate parents, affiliates,

50

controlled entities, joint ventures, related companies, predecessors, successors and assigns,

present and former officers, directors, partners, employees, agents, attorneys, accountants,

advisory council, pro-bono consultants and representatives of any of the entities listed above, and

any other person who currently or formerly acted or purported to act on its behalf, or who is or

has been subject to the direction or control of, any of the entities listed above." Defendants will

produce any responsive, non-privileged documents based on a definition without this clause.

> Subject to and without waiving any of the foregoing objections, Defendants will
produce responsive, non-privileged documents in their control, dated January 1, 2010, through
April 14, 2017, relating BSGR, Steinmetz, or iron ore mining activities in Guinea that are
identified after a Reasonable Search. Any documents beyond the scope of this specified search
will be withheld.

**REQUEST FOR PRODUCTION NO. 71:**

All Documents and Communications concerning the International Senior Lawyering Project that
concern (i) BSGR; (ii) Steinmetz; or (iii) iron ore mining in the Republic of Guinea.

**RESPONSE:**

> Defendants hereby incorporate General Objections 1, 2, and 4 *supra*. Defendants
further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because
of the phrase "iron ore mining in the Republic of Guinea," which may refer to activities
unrelated to the parties' claims or defenses in the Litigation. Defendants also object to the
definition of "International Senior Lawyering Project" as vague, ambiguous, overbroad, and
unduly burdensome, particularly because it includes in its definition all "divisions, subsidiaries,
corporate parents, affiliates, controlled entities, joint ventures, related companies, predecessors,
successors and assigns, board, advisory board, and present and former officers, directors,
partners, employees, agents, attorneys, accountants, advisory council, pro-bono consultants and

representatives of any of the entities listed above, and any other person who currently or formerly acted or purported to act on its behalf, or who is or has been subject to the direction or control of, any of the entities listed above." Defendants will produce any responsive, non-privileged documents based on a definition without this clause. Defendants interpret the use of "International Senior Lawyering Project" to mean "International Senior Lawyers Project."

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, concerning International Senior Lawyers Project relating to BSGR, Steinmetz, or iron ore mining activities in Guinea that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents and Communications concerning ALSF that concern (i) BSGR; (ii) Steinmetz; or (iii) iron ore mining in the Republic of Guinea.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*. Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because of the phrase "iron ore mining in the Republic of Guinea," which may refer to activities unrelated to the parties' claims or defenses in the Litigation. Defendants also object the definition of "ALSF" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes in its definition all "divisions, subsidiaries, board, advisory board, corporate parents, affiliates, controlled entities, joint ventures, related companies, predecessors, successors and assigns; and present and former officers, directors, partners, employees, agents, attorneys, accountants, advisory council, pro-bono consultants and representatives of any of the entities listed above, and any other person who currently or formerly acted or purported to act on its

52

behalf, or who is or has been subject to the direction or control of, any of the entities listed above."  Moreover, Defendants object to this Request as overbroad, unduly burdensome, and not relevant to the parties' claims or defenses in the Litigation because there are no allegations concerning ALSF in the Amended Complaint.  Defendants will not produce documents responsive to this Request, if any such documents exist.

**REQUEST FOR PRODUCTION NO. 73:**

All Documents and Communications concerning NRGI that concern (i) BSGR; (ii) Steinmetz; or (iii) the Republic of Guinea, including iron ore mining in Guinea.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because of the phrase "iron ore mining in Guinea," which may refer to activities unrelated to the parties' claims or defenses in the Litigation.  Defendants also object to the definition of "NRGI" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes in its definition all "divisions, subsidiaries, corporate parents, affiliates, controlled entities, joint ventures, related companies, predecessors, successors and assigns, board, advisory board, and present and former officers, directors, partners, employees, agents, attorneys, accountants, advisory council, pro-bono consultants and representatives of any of the entities listed above, and any other person who currently or formerly acted or purported to act on its behalf, or who is or has been subject to the direction or control of, any of the entities listed above."  Defendants will produce any responsive, non-privileged documents based on a definition without these clauses.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, relating to BSGR, Steinmetz, or iron ore mining activities in Guinea that are

identified after a Reasonable Search.  Any documents beyond the scope of this specified search

will be withheld.

**REQUEST FOR PRODUCTION NO. 74:**

All Documents and Communications concerning RWI that concern (i) BSGR; (ii) Steinmetz; or
(iii) the Republic of Guinea, including iron ore mining in Guinea.

**RESPONSE:**

   Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants

further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because

of the phrase "iron ore mining in Guinea," which may refer to activities unrelated to the parties'

claims or defenses in the Litigation.

   Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, relating to BSGR, Steinmetz, or iron ore mining activities in Guinea that are

identified after a Reasonable Search.  Any documents beyond the scope of this specified search

will be withheld.

**REQUEST FOR PRODUCTION NO. 75:**

All Documents and Communications concerning EITI that concern (i) BSGR; (ii) Steinmetz; or
(iii) mining in the Republic of Guinea.

**RESPONSE:**

   Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants

further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because

of the phrase "mining in the Republic of Guinea," which may refer to activities unrelated to the

parties' claims or defenses in the Litigation.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, relating to BSGR, Steinmetz, or iron ore mining activities in Guinea that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 76:**

All Documents and Communications concerning BSGR's responses to the Allegations Letter.

**RESPONSE:**

See Response to Request No. 64.

**REQUEST FOR PRODUCTION NO. 77:**

All Documents and Communications concerning Guinea's response to BSGR's responses to the Allegations Letter, including all Documents related to the letter sent by the Technical Committee to BSGR, dated November 1, 2013.

**RESPONSE:**

See Response to Request No. 64.

**REQUEST FOR PRODUCTION NO. 78:**

All Documents and Communications concerning the Technical Committee Report.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants further object to the definition of "Technical Committee" because it incorrectly states that the Technical Committee was "established . . . to investigate allegations of corruption against BSGR."  Defendants define the "Technical Committee" as the committee established by the Republic of Guinea to, among other things, review the mining contracts awarded by Guinea prior to the democratic election of President Condé in 2011.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents and Communications concerning the funding of, directly or indirectly, the Technical Committee, including any Documents and Communications concerning payments made, directly or indirectly, to members of the Technical Committee or the Strategic Committee, and including any payments made by You, OSF or George Soros or any member of his family, directly or indirectly, to the Technical Committee or the Strategic Committee.

**RESPONSE:**

See Response to Request No. 80.

**REQUEST FOR PRODUCTION NO. 80:**

All Documents and Communications concerning any payments You, OSF, George Soros, or any member of George Soros's family made, directly or indirectly, to the Guinean government or to officials of the Guinean government, including any Documents and Communications concerning payments made, directly or indirectly, to members of the Technical Committee or any other senior officials within the Guinean government.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because of the phrase "or any member of George Soros's family," any number of persons with no relationship to the facts, events, or circumstances underlying the Litigation.  Defendants also object to this Request as vague, ambiguous, overbroad, and unduly burdensome because of the phrases "officials of the Guinean government," "members of the Technical Committee," and "any other senior officials within the Guinean government" because Plaintiffs have not provided their names.  Moreover, Defendants object to the definition of "Technical Committee" because it

56

incorrectly states that the Technical Committee was "established . . . to investigate allegations of corruption against BSGR." Defendants define the "Technical Committee" as the committee established by the Republic of Guinea to, among other things, review the mining contracts awarded by Guinea prior to the democratic election of President Condé in 2011.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, concerning payments by any of the Defendants or George Soros to members of the Technical Committee or senior government officials when identified by Plaintiffs relating to iron ore mining activities in Guinea that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents and Communications concerning Guinea's Revocation.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 82:**

All Documents and Communications concerning Mamadie Touré, including any payments made to Mamadie Touré or any person associated with Mamadie Touré, by (i) George Soros; (ii) You; (iii) OSF; (iv) the Republic of Guinea; or (v) any other person.

57

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*.
Defendants further object to this Request as vague, ambiguous, overbroad, and unduly
burdensome because of the phrases "any person associated with" and "any other person," which
may refer to any number of persons with no relationship to the facts, events, or circumstances
underlying the Litigation.  Defendants also object to the definition of "Mamadie Touré" as
vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes any
"employee, agent, representative, or consultant" and all "agents, attorneys, employees,
subordinates, subsidiaries, managing agents, affiliates, or investigators."  Defendants will
produce any responsive, non-privileged documents based on a definition without these clauses.

Subject to and without waiving any of the foregoing objections, Defendants will
produce responsive, non-privileged documents in their control, dated January 1, 2010, through
April 14, 2017, relating to payments made to Touré by any of the Defendants, George Soros, or
any person providing such funding on their behalf, or the Republic of Guinea, in connection with
iron ore mining activities in Guinea that are identified after a Reasonable Search.  Any
documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 83:**

All Documents and Communications concerning Lounceny Nabé, including any payments made,
directly or indirectly, to Lounceny Nabé by (i) George Soros; (ii) You; (iii) OSF; (iv) the
Republic of Guinea; or (v) any other person.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*.
Defendants further object to this Request as vague, ambiguous, overbroad, and unduly
burdensome because of the phrase "any other person," which may refer to any number of persons

with no relationship to the facts, events, or circumstances underlying the Litigation.  Defendants

also object to the definition of "Lounceny Nabé" as vague, ambiguous, overbroad, and unduly

burdensome, particularly because it includes in its definition any "employee, agent,

representative, or consultant" and all "agents, attorneys, employees, subordinates, subsidiaries,

managing agents, affiliates, or investigators."  Defendants will produce any responsive, non-

privileged documents based on a definition without these clauses.

Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, relating to payments made to Nabé by any of the Defendants, George Soros, or

any person providing such funding on their behalf, or the Republic of Guinea, in connection with

iron ore mining activities in Guinea that are identified after a Reasonable Search.  Any

documents beyond the scope of this specified search will be withheld.

## REQUEST FOR PRODUCTION NO. 84:

All Documents and Communications concerning Nava Touré, including any payments made, directly or indirectly, to Nava Touré by (i) George Soros; (ii) You; (iii) OSF; (iv) the Republic of Guinea; or (v) any other person.

## RESPONSE:

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*.

Defendants further object to this Request as vague, ambiguous, overbroad, and unduly

burdensome because of the phrase "any other person," which may refer to any number of persons

with no relationship to the facts, events, or circumstances underlying the Litigation.  Defendants

also object to the definition of "Nava Touré," as vague, ambiguous, overbroad, and unduly

burdensome, particularly because it includes in its definition any "employee, agent,

representative, or consultant" and all "agents, attorneys, employees, subordinates, subsidiaries,

managing agents, affiliates, or investigators."  Defendants will produce any responsive, non-privileged documents based on a definition without these clauses.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, relating to payments made to Touré by any of the Defendants, George Soros, or any person providing such funding on their behalf, or the Republic of Guinea, in connection with iron ore mining activities in Guinea that are identified after a Reasonable Search. Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 85:**

All Documents and Communications concerning Communications that concern You, George Soros or OSF on the one hand, and any person that served as an official in the Guinean government during the Relevant Period on the other hand, including any Documents concerning Communications with Mamoudou Kouyaté, or any members of the Technical Committee or Strategic Committee.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*. Defendants further object to this Request as vague because of the phrases "any individual that served as an official in the Guinean government" and "members of the Technical Committee or Strategic Committee" because Plaintiffs have not provided their names.  Defendants also object to the definition of "Technical Committee" because it incorrectly states that the Technical Committee was "established . . . to investigate allegations of corruption against BSGR." Defendants define the "Technical Committee" as the committee established by the Republic of Guinea to, among other things, review the mining contracts awarded by Guinea prior to the democratic election of President Condé in 2011.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, concerning communications between any of the Defendants and Mamoudou Kouyaté, any of the Defendants and known members of the Technical Committee and Strategic Committee, or any of the Defendants and any other known official in the Guinean government relating to iron ore mining activities in Guinea that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 86:**

All Documents and Communications concerning iron ore mining in Guinea that concern Communications between You or OSF on the one hand, and Jonathan Soros, Alexander Soros or Robert Daniel Soros, or any other immediate family member of George Soros, on the other hand.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*. Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because of the phrases "iron ore mining in Guinea," which may refer to activities unrelated to the parties' claims or defenses in the Litigation, and "any other immediate family member," which may refer to persons with no relationship to the facts, events, or circumstances underlying the Litigation.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, concerning communications between and among any of the Defendants and Jonathan Soros, Alexander Soros, or Robert Daniel Soros relating to Plaintiffs' iron ore mining activities in Guinea that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 87:**

All Documents and Communications concerning Yansane Kerfalla, including any Documents and Communications concerning payments made, directly or indirectly, to Yansane Kerfalla, by (i) George Soros or a member of his family; (ii) You; (iii) OSF; (iv) the Republic of Guinea; or (v) any other person.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*.

Defendants further object to this Request as vague, ambiguous, overbroad, and unduly

burdensome because of the phrases "or a member of [George Soros's] family" and "any other

person," which may refer to activities unrelated to the parties' claims or defenses in the

Litigation.  Defendants also object to the definition of "Yansane Kerfalla" as vague, ambiguous,

overbroad, and unduly burdensome, particularly because it includes any "agents, attorneys,

employees, subordinates, subsidiaries, managing agents, affiliates, or investigators."  Defendants

will produce any responsive, non-privileged documents based on a definition without this clause.

Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, relating to payments made to Kerfalla by any of the Defendants, George Soros,

or any person providing such funding on their behalf, or the Republic of Guinea, in connection

with iron ore mining activities in Guinea that are identified after a Reasonable Search.  Any

documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 88:**

All Documents and Communications concerning Barrick Gold that concern mining in Guinea.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants

further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because

of the phrase "mining in Guinea," which may refer to activities unrelated to the parties' claims or

defenses in the Litigation.  Defendants also object to the definition of "Barrick Gold" as vague,

ambiguous, overbroad, and unduly burdensome, particularly because it includes in its definition

all "divisions, subsidiaries, corporate parents, affiliates, controlled entities, joint ventures, related

companies, predecessors, successors and assigns, and present and former officers, directors,

partners, employees, agents, attorneys, accountants, and representatives of any of the entities

listed above, and any other person who currently or formerly acted or purported to act on its

behalf, or who is or has been subject to the direction or control of, any of the entities listed

above."  Defendants will produce any responsive, non-privileged documents based on a

definition without this clause.

Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, relating to Plaintiffs' iron ore mining activities in Guinea that are identified after

a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 89:**

All Documents and Communications concerning the economic impact Guinea's Revocation has
had on Guinea.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants

further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because

of the phrases "economic impact," particularly to the extent it seeks documents regarding matter

that is not relevant to the parties' claims or defenses in the Litigation.

Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope

of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 90:**

All Documents and Communications concerning the current state of iron ore mining in the
Republic of Guinea.

**RESPONSE:**

                Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants

further object to this Request as overbroad, unduly burdensome, and not relevant to the parties'

claims or defenses in the Litigation.  Defendants will not produce documents responsive to this

Request, if any such documents exist.

**REQUEST FOR PRODUCTION NO. 91:**

All Documents and Communications concerning any meetings between Alpha Condé and
President Obama.

**RESPONSE:**

                Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants

further object to the definition of "Alpha Condé" as vague, ambiguous, overbroad, and unduly

burdensome, particularly because it includes any "employee, agent, representative of [sic]

consultant of Alpha Condé" and all "agents, attorneys, employees, subordinates, representatives,

subsidiaries, managing agents, affiliates, or investigators."  Moreover, Defendants object to this

Request as not relevant to the parties' claims or defenses in the Litigation.  Defendants will not

produce documents responsive to this Request, if any such documents exist.

**REQUEST FOR PRODUCTION NO. 92:**

All Documents and Communications concerning Prime Minister Tony Blair's involvement in
Guinea, including all such Documents and Communications that concern mining issues.

**RESPONSE:**

   Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants

further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because

of the phrases "involvement in Guinea" and "mining issues," which may refer to activities

unrelated to the parties' claims or defenses in the Litigation.  Moreover, Defendants object to this

Request as overbroad, unduly burdensome, and not relevant to the parties' claims or defenses in

the Litigation because there are no allegations concerning Prime Minister Tony Blair in the

Amended Complaint.  Defendants will not produce documents responsive to this Request, if any

such documents exist.

**REQUEST FOR PRODUCTION NO. 93:**

All Documents and Communications concerning any criminal investigations of BSGR in Guinea,
including any Documents and Communications concerning the arrest of Mr. Issiaga Bangoura
and Mr. Ibrahima Sory Touré.

**RESPONSE:**

   Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.

   Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope

of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 94:**

All Documents and Communications concerning the complaint filed by Mr. Issiaga Bangoura
and Mr. Ibrahima Sory Touré with the ECOWAS Community Court of Justice.

**RESPONSE:**

   Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 95:**

All Documents and Communications concerning OECD concerning (i) BSGR; (ii) Steinmetz; or (iii) iron ore mining in the Republic of Guinea.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because of the phrase "iron ore mining in the Republic of Guinea," which may refer to activities that are unrelated to the parties' claims or defenses in the Litigation.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, relating to BSGR, Steinmetz, or Plaintiffs' iron ore mining activities in Guinea that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 96:**

All Documents and Communications concerning the legality of Guinea's Revocation.

**RESPONSE:**

See Response to Request No. 81.

**REQUEST FOR PRODUCTION NO. 97:**

All Documents and Communications concerning any potential restoration of BSGR's Mining Rights or the granting of new rights to BSGR to mine in Guinea.

66

**RESPONSE:**

   Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants further object to the definition of "Mining Rights" as vague, ambiguous, overbroad, and unduly burdensome, particularly because it includes "any other relevant mining agreement."

   Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 98:**

All Documents and Communications concerning the ICSID Arbitration.

**RESPONSE:**

   Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*.

   Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 99:**

All Documents and Communications concerning the LCIA Arbitration.

**RESPONSE:**

   Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.

   Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, that are identified after a Reasonable Search.  Any documents beyond the scope

of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 100:**

All Documents and Communications concerning iron ore mining rights that concern any alleged
payments made, directly or indirectly, by BSGR or Steinmetz to the Republic of Guinea or its
officials.

**RESPONSE:**

      Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants

further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because

of the phrases "mining rights" in light of the definition of "Mining Rights," and "Guinea or its

officials" because Plaintiffs have not provided their names.

      Subject to and without waiving any of the foregoing objections, Defendants will

produce responsive, non-privileged documents in their control, dated January 1, 2010, through

April 14, 2017, relating to iron ore mining rights that concern any alleged payments made,

directly or indirectly, by BSGR or Steinmetz to the Republic of Guinea or known officials of the

Guinea that are identified after a Reasonable Search.  Any documents beyond the scope of this

specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 101:**

All Documents and Communications concerning any tender of BSGR's mining rights to any
third party, including the drafting of the tender documents, the negotiation with mining
companies or the funding of any related activities.

**RESPONSE:**

      Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Defendants

further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because

of the phrase "funding of any related activities," which may refer to activities unrelated to the

parties' claims or defenses in the Litigation.  Defendants also object to this Request as vague, ambiguous, overbroad, and unduly burdensome because of the phrase "mining rights" in light of the definition of "Mining Rights."

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017, concerning any tender of BSGR's rights relating to iron ore mining of Simandou, including documents relating to the process of any such tender that are identified after a Reasonable Search.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 102:**

All Documents and Communications concerning the subject matter of any document request You intend to serve or in the future do serve on BSGR, including any contracts allegedly entered to [sic] between BSGR and/or Pentler on the one hand, and Mamadie Touré and/or Matinda on the other hand.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, and 4 *supra*.  Because this Request seeks documents protected by the attorney work product doctrine, Defendants will not produce documents responsive to this Request, if any such documents exist.

**REQUEST FOR PRODUCTION NO. 103:**

All Documents and Communications You identified or relied on in responding to BSGR's First Set of Interrogatories.

**RESPONSE:**

Defendants hereby incorporate General Objections 1, 2, 3, and 4 *supra*.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control, dated January 1, 2010, through April 14, 2017.  Any documents beyond the scope of this specified search will be withheld.

**REQUEST FOR PRODUCTION NO. 104:**

All Documents and Communications You intend to use in Your defense of this action.

**RESPONSE:**

Defendants hereby incorporate General Objections 2 and 3 *supra*.

Subject to and without waiving any of the foregoing objections, Defendants will produce responsive, non-privileged documents in their control.

Dated: August 18, 2017
New York, New York

Respectfully submitted,

WILLKIE FARR & GALLAGHER, LLP

By: _____
Joseph T. Baio
Benjamin P. McCallen
James Fitzmaurice

787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
jbaio@willkie.com

Elizabeth J. Bower

1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
ebower@willkie.com

*Attorneys for Defendants George Soros, Open
Society Foundations, Open Society Institute,
Foundation to Promote Open Society, Open
Society Foundation, Inc., Alliance for Open
Society International, Inc., Open Society Policy
Center, and Open Society Fund*

71