UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BSG RESOURCES (GUINEA) LIMITED, BSG RESOURCES (GUINEA) SÀRL, and BSG RESOURCES LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE SOROS, OPEN SOCIETY FOUNDATIONS, OPEN SOCIETY INSTITUTE, FOUNDATION TO PROMOTE OPEN SOCIETY, OPEN SOCIETY FOUNDATION, INC., ALLIANCE FOR OPEN SOCIETY INTERNATIONAL INC., OPEN SOCIETY POLICY CENTER, and OPEN SOCIETY FUND,<br><br>Defendants. | No. 1:17-cv-02726 (JFK) (AJP)<br><br>**Oral Argument Requested** |

## DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDER

        Willkie Farr & Gallagher LLP

        787 Seventh Avenue
        New York, NY 10019-6099
        (212) 728-8000 (telephone)

        1875 K Street, N.W.
        Washington, D.C. 20006
        (202) 303-1000 (telephone)

        *Attorneys for Defendants*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ...............................................................................................................1

STATEMENT OF FACTS ..................................................................................................2

ARGUMENT .......................................................................................................................5

I.     STANDARD OF REVIEW. ...................................................................................5

II.    DISCOVERY MATERIAL SHOULD REMAIN IN THIS CASE.....................................5

CONCLUSION....................................................................................................................8

## **TABLE OF AUTHORITIES**

**Cases** Page(s)

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
   941 F. Supp. 2d 513 (D.N.J. 2005)..................................................................................5

*Seattle Times Co. v. Rhinehart*,
   467 U.S. 20 (1984) ..........................................................................................................6

*United States v. Amodeo*,
   71 F.3d 1044 (2d Cir. 1995)............................................................................................6

*In re Terrorist Attacks on September 11, 2001*,
   454 F. Supp. 2d 220 (S.D.N.Y. 2006) ............................................................................7

**Statutes & Rules**

   Fed. R. Civ. Procedure 72(a)..........................................................................................5

   S.D.N.Y. L.R. Civ. P. 5.1, Committee Note ..................................................................6

**Other Authorities**

Stipulated Protective Order, *Done Deal Enters., LLC, v. Carter*,
   Case No. 1:11-cv-05336-JFK-KNF (S.D.N.Y. June 20, 2012), Dkt. No. 26...................... 6-7

Confidentiality Stipulation and Protective Order at 6, *General Patent Corp. v. Wi-Lan Inc.*,
   Case No. 1:11-cv-06585-JFK-DCF (S.D.N.Y. Oct. 27, 2011), Dkt. No. 13 ............................7

# INTRODUCTION

Pursuant to Fed. R. Civ. Procedure 72(a), Defendants George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International Inc., Open Society Policy Center, and Open Society Fund ("Defendants") respectfully submit this Objection to United States Magistrate Judge Andrew J. Peck's Order, dated August 24, 2017.

The parties negotiated, and substantially agreed upon, the terms of a protective order that would govern information exchanged during discovery in this action. There was only a single provision of that order that the parties could not agree on, and which was submitted to the court for adjudication—namely, the extent to which the parties could take material obtained during discovery that does not qualify as "confidential material" under the protective order, and use it for purposes completely unrelated to this litigation.

Defendants sought a reasonable limitation that all materials obtained during discovery could be used only for this litigation. This would allow the parties to use the private documents obtained under the authority of this Court for the sole purpose that access to those materials was granted: to adjudicate the merits of the claims at issue in this case. Such a provision is necessary here because Plaintiffs are controlled by an individual, Mr. Beny Steinmetz, who has evinced a deep-rooted vendetta against Mr. Soros and has a penchant for media-based smear campaigns to distract from his growing rap sheet. In the past nine months alone, Mr. Steinmetz has been arrested twice on charges related to bribery to obtain BSGR's rights in Guinea and falsifying records to hide those bribes.

Plaintiffs on the other hand sought an order that would allow them to use any materials obtained during discovery for any purpose whatsoever—including to garner press

attention.  Magistrate Judge Peck ultimately entered the order proposed by Plaintiffs.  This Court should reverse and vacate that portion of Judge Peck's order and enter Defendants' proposed confidentiality order, limiting use of all discovery materials to this case, in the form attached as Exhibit 1.[1]

Plaintiffs will not be prejudiced in any way by entry of the order that Defendants request.  Plaintiffs can still have full use of these materials to develop their litigation strategy and prosecute their claims.  In due course, Defendants will prove that the allegations in the case are baseless.  In the meantime, this Court should not allow Plaintiffs to use discovery obtained in this case for purposes wholly unrelated to the claims at issue in this case.

## STATEMENT OF FACTS

BSGR obtained certain iron ore mining licenses under Guinea's prior military regime.  (Am. Compl. ¶ 27, Dkt. No. 22.)  After determining that Plaintiffs procured those mining rights through bribery and corruption, the newly-elected Guinean government cancelled those rights.  (*See id.* ¶¶ 44, 114, 156-59.)  Since that time, individuals associated with Plaintiffs have been investigated, arrested, or indicted for, or convicted of, various crimes, including bribery, fraud, attempting to destroy evidence, and forging and falsifying documents.  Most publicized have been the investigations, arrests, and indictment of Mr. Beny Steinmetz, the man whose initials – "BS" – appear in each of Plaintiffs' names.  He has been or is being investigated by authorities in the United States, Switzerland, Guinea, and Israel for paying millions of dollars in bribes, and falsifying documents to hide those bribes, to senior Guinean officials so that his namesake companies could secure the mining rights at issue in this case.  (*E.g.*, Ian Cobain, *Diamond Tycoon Beny Steinmetz Detained in Fraud Inquiry*, The Guardian, Aug. 14, 2017

---

[1] References to Exhibits are as attached to the Declaration of James Fitzmaurice filed herewith.

(attached as Exhibit 2); Eli Senyor, *Billionaire Steinmetz Suspected of 6-Million Euro Bribery Cache*, YNetNews, Aug. 23, 2017 (attached as Exhibit 3); Udi Shaham, *Israeli Billionaire Arrested in International Money Laundering Probe*, The Jerusalem Post, Aug. 14, 2017 (attached as Exhibit 4).)  Two other individuals – Messrs. Frédéric Cilins and Mahmoud Thiam – faced criminal charges in this Court.  Mr. Cilins pled guilty for attempting to destroy evidence that Plaintiffs bribed the wife of the former President of Guinea to obtain the mining rights at issue in this case.  (Plea Agreement, *United States v. Cilins*, No. 1:13-cr-00315 (WHP) (S.D.N.Y. Mar. 7, 2014) (attached as Exhibit 5).)  Mr. Thiam, former Minister of Mines in Guinea, was convicted of laundering bribes and sentenced recently to seven years in prison.  (Judgment, *United States v. Thiam*, No. 1:17-cr-00047-DLC (S.D.N.Y. Aug. 28, 2017) (attached as Exhibit 6).)

BSGR and Guinea are currently litigating their dispute over Guinea's cancellation of BSGR's mining rights before the International Centre for Settlement of Investment Disputes (the "ICSID Arbitration").  The merits hearing in the ICSID Arbitration concluded in June.  *See* ICSID Arbitration, Procedural Order No. 11, June 7, 2017 (attached as Exhibit 7, ¶ 1).  That same month, Plaintiffs filed the operative complaint in this case.  (*See* Am. Compl., Dkt. No. 22.)  According to Plaintiffs, Defendants orchestrated the mining license review process in Guinea, which led to the cancellation of BSGR's mining licenses.

Defendants moved to dismiss Plaintiffs' claims on the ground, among others, that they are barred by the act of state doctrine because they require this Court to adjudicate whether Guinea's cancellation of BSGR's mining licenses was valid, or, in the alternative, to stay this case in favor of the pending ICSID Arbitration, which will resolve many, if not all, of the issues underlying Plaintiffs' claims against Defendants.  (Mem. of Law in Supp. of Defs.' Mot. to Dismiss Pls.' Am. Compl. or, in the Alternative, to Stay the Action 11-13, 27-30, Dkt. No. 56.)

Defendants' motion to dismiss will be fully briefed on September 8, 2017, with oral argument scheduled for October 18, 2017.  (Order, July 7, 2017, Dkt. No. 30; Order, July 31, 2017, Dkt. No. 58.)

During a preliminary case management conference, the Court ordered that depositions shall be stayed but document discovery should proceed while Defendants' motion to dismiss is pending.  (*See* Order, July 7, 2017, Dkt. No. 30.)  Since then, Plaintiffs have served extensive Requests for Production: 102 Requests on Mr. Soros and 104 on each of the named organizational Defendants.  Plaintiffs seek, for example, "[a]ll Documents and Communications concerning [Guinean President] Alpha Condé" and "[a]ll Documents and Communications concerning any assistance [by Defendants] with respect to the Guinean mining industry."  (*See, e.g.*, Plaintiffs' First Requests for Production of Documents to Defendant OSF, July 11, 2017 (attached as Exhibit 8) at Request Nos. 18, 27.)  Plaintiffs also served extensive Requests for Production on non-parties to this action, including Mr. Soros's sons and certain lawyers and investigators retained by Guinea to assist with its mining license review.  These requests also seek documents concerning, among other things, communications with Guinean government officials.

The parties negotiated and substantially agreed upon a confidentiality order for information exchanged in discovery.  There was one area of disagreement:  the treatment of materials produced in this case that do not meet the definition of "confidential" under the order (i.e., "Discovery Material").  (Joint Letter Mot. on Confidentiality Order, Aug. 23, 2017, Dkt. No. 78, attached as Exhibit 9.)  Plaintiffs proposed that there should be no protection for Discovery Material.  (*Id*. 1-3.)  Defendants proposed that all Discovery Material should be used solely for adjudicating the parties' claims and defenses in this action.  (*Id.* 3-5.)

During the course of meet and confers on this issue, Defendants asked Plaintiffs how they intended to use the Discovery Material other than for this action.  (Email from E. Bower to L. Solomon and M. Lazaroff, Aug. 23, 2017, 11:32 a.m. (attached as Exhibit 10).)  Plaintiffs refused to answer, stating instead that they are "not sure what this has to do with our principled dispute about the scope of the protective order."  (Email from M. Lazaroff to E. Bower, Aug. 23, 2017, 12:22 p.m. (attached as Exhibit 10).)

The parties appeared before Judge Peck on August 24, 2017, at which time he entered the confidentiality order proposed by Plaintiffs, extending protection only to Confidential Material.  (Protective Order, Dkt. No. 81.)  Judge Peck stated that if Discovery Material is "mildly private but not sufficient to be designated confidential . . . it is what it is."  (Tr. of Conference, Aug. 24, 2017, 3:1-4 (attached as Ex. 11).)  Defendants appeal that decision.

## ARGUMENT

### I. STANDARD OF REVIEW.

Pursuant to Fed. R. Civ. Procedure 72(a), non-dispositive matters decided by a Magistrate Judge are reviewed under a "clearly erroneous or contrary to law standard."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 941 F. Supp. 2d 513, 518-19 (D.N.J. 2005) (quotation marks omitted).  A "finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.'"  *Id.* (citation omitted).

### II. DISCOVERY MATERIAL SHOULD REMAIN IN THIS CASE.

Defendants propose a fair rule:  whatever discovery materials are produced in this case the parties may use fully to prosecute their claims or defenses in this action, but they cannot use such materials for any other purpose.  This rule is consistent with the purpose of discovery – to obtain information to reveal the truth behind allegations – and recognizes that the parties

otherwise have no right to the private information of the other parties and non-parties who are obligated to produce documents.

Defendants acknowledge – and their proposed confidentiality order explicitly accepts – that documents already in the public domain or properly filed with the Court are not protected from disclosure. (*See* Joint Letter Mot. on Confidentiality Order, Aug. 23, 2017, Ex. C at 3, Dkt. No. 78-3 (second Whereas clause) & *id.* at 5 (Section II. Scope).)  Rather, the sole question here is whether Plaintiffs may freely disseminate otherwise private information that they will receive in discovery only because they filed this litigation.  They should not be permitted to do so.

As the Court is no doubt aware, it is well-settled that there is no right of public access to information exchanged by private litigants in discovery.  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984); *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (internal citations and quotation marks omitted) ("Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach and stand on a different footing than a motion filed by a party seeking action by the court, or, indeed, than any other document which is presented to the court to invoke its powers or affect its decisions.").  This basic premise is embodied in the Court's Local Rules prohibiting the filing of discovery materials that are not "necessary to the decisional process" of the Court.  S.D.N.Y. L.R. Civ. P. 5.1, Committee Note.

Courts have the discretion to enter a protective order provided there is "good cause" for its issuance. *Seattle Times*, 467 U.S. at 37.  That discretion extends to restricting use of discovery materials to the pending case.  Indeed, this Court has approved protective orders with the precise type of restriction Defendants propose here.  *See, e.g.*, Stipulated Protective

Order at 4, *Done Deal Enters., LLC, v. Carter*, Case No. 1:11-cv-05336-JFK-KNF (S.D.N.Y. June 20, 2012), Dkt. No. 26; Confidentiality Stipulation and Protective Order at 6, *General Patent Corp. v. Wi-Lan Inc.*, Case No. 1:11-cv-06585-JFK-DCF (S.D.N.Y. Oct. 27, 2011), Dkt. No. 13; *see also In re Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 223 (SDNY 2006) (entering blanket protective order over plaintiffs' objection).

This case warrants such a restriction. Plaintiffs are seeking discovery of deliberations of Guinean governmental officials concerning their lawmaking functions and contractual arrangements, the grant-making practices of the Open Society entities (non-governmental, non-profit, charitable organizations), and Mr. Soros's financial contributions. Thus, discovery will involve information related to sovereign states, charitable organizations, and private functions, and the case includes allegations of antisemitism and criminal wrongdoing. Judge Casey found similar circumstances warranted restrictions on the use of all discovery material produced in *In re Terrorist Attacks*. *See id.*

Plaintiffs contend that "it makes no sense to try to limit" the use of discovery materials in this case "where there are various parties involved in related litigations/proceedings." (Joint Letter Mot. on Confidentiality Order, Aug. 23, 2017, at 2; Dkt. No. 78.) But that is precisely why discovery materials should be restricted. Defendants are not parties to any of the other proceedings and have no way to control the use of their private information there (or beyond). Moreover, limited discovery is available in ICSID arbitrations. Plaintiffs should not be permitted to file baseless litigation in this Court in order to use the discovery mechanisms available under the Federal Rules of Civil Procedure to obtain personal and private documents for use in other litigation that they would not otherwise have a right to access. The reasonable limitation on discovery that Defendants seek is particularly appropriate

here where Plaintiffs and their principals, employees, or agents have a well-publicized history of misusing documents.  (*See, e.g.*, Tom Burgis, *U.S. Deports Man Linked to BSGR Probe*, Financial Times, Feb. 10, 2015 (attached as Exhibit 12); *see also* Patrick Radden Keefe, *Buried Secrets*, The New Yorker, July 8, 2013 (attached as Exhibit 13 at 32-33).)

Given Defendants' legitimate privacy and prejudice concerns, the Court should restrict the use of Discovery Material to this case.

## CONCLUSION

For the foregoing reasons, the Court should reverse Magistrate Judge Peck's Order and enter Defendants' proposed protective order in the form attached as Exhibit 1.[2]

Dated: September 7, 2017  
New York, New York

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

By: _____/s/ Elizabeth J. Bower_____  
    Joseph T. Baio  
    Benjamin P. McCallen  
    James Fitzmaurice

787 Seventh Avenue  
New York, NY 10019  
Telephone: (212) 728-8000  
jbaio@willkie.com

Elizabeth J. Bower

1875 K Street, N.W.  
Washington, D.C. 20006  
Telephone: (202) 303-1000  
ebower@willkie.com

*Attorneys for Defendants*

---

[2] For the Court's reference, attached as Exhibit 14 is a comparison of Defendants' proposed confidentiality order against the Order as entered by Judge Peck.