# EXHIBIT C

H8OHBSGC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

BSG RESOURCES (GUINEA)
LIMITED, et al.,

                Plaintiffs,

           v.                          17 Civ. 2726 (JFK)(AJP)


GEORGE SOROS, et al.,
                                       Conference
                Defendants.

------------------------------x
                                       New York, N.Y.
                                       August 24, 2017
                                       9:35 a.m.
Before:

                    HON. ANDREW J. PECK,

                                       Magistrate Judge

                         APPEARANCES

GREENBERG TRAURIG, LLP
     Attorneys for Plaintiffs
BY:  LOUIS M. SOLOMON
     NANCY L. SAVITT
     MICHAEL LAZAROFF

WILLKIE FARR & GALLAGHER LLP
     Attorneys for Defendants
BY:  ELIZABETH J. BOWER
     BENJAMIN P. McCALLEN
     JIM FITZMAURICE
```

1           (Case called)
2           THE COURT:  All right.  I have just entered your
3  proposed 502(d) order and your ESI stip protocol.  You will,
4  obviously, see those via ECF when you get back to your offices.
5  With respect to conflicting proposed confidentiality orders, my
6  inclination, subject to hearing from all of you, is to go with
7  plaintiffs' version, meaning, the usual court procedures are
8  that unless something is deserving of confidentiality
9  protection, parties are free to use it however they wish.
10          Any discussion on that from the defense?
11          MS. BOWER:  Yes, your Honor.  Respectfully, we think
12 that this case is one in which we should have broader
13 protection generally on discovery materials.  Plaintiffs have
14 indicated a preference for possibility of using documents from
15 this case in other proceedings to which defendants are not a
16 party and will have no control over the use of that material.
17          THE COURT:  If it's not confidential, what issue is
18 there?
19          MS. BOWER:  Well, it's the defendants' private
20 information there would otherwise be no purpose in the
21 plaintiffs' possessing.  So --
22          THE COURT:  If it's not relevant to the litigation,
23 you're not going to have to produce it.  If it's relevant and
24 really affects serious privacy interest, Mr. Soros' tax
25 returns, or something like that, then I don't see why it

1  wouldn't be designated confidential.  But if it is something
2  that is produced that is, you know, mildly private but not
3  sufficient to be designated confidential under Rule 26(c) of
4  the case law, it is what it is.
5           MS. BOWER:  We appreciate that, your Honor.  As I
6  think has been indicated in this case in the past, we do feel
7  strongly that this is not -- there is no merit to these claims.
8  At the same time, we appreciate we have to proceed --
9           THE COURT:  What a shock that a defendant finds the
10 claims not to have merit.  I've never heard that argument from
11 a defendant before.
12          MS. BOWER:  I like to be unique, your Honor.
13          At the same time, we obviously appreciate that we need
14 to move forward with discovery as ordered by the Court, but we
15 do believe that this should not open the door to Mr. Soros' or
16 OSF entities' private commercial personal information.  It is
17 also interesting to note, your Honor, we received last evening
18 plaintiffs' responses and objections to the defendants' RFPs in
19 which they include an objection to producing to us material
20 from other cases on the basis that those cases involve other
21 parties, other claims, and other issues.  So while they intend
22 to seemingly use material from this case in those proceedings,
23 they're intending to block our access to those documents.
24          THE COURT:  We'll get to that if the material is
25 relevant.  And it's their information, not someone else's,

1   you're entitled to it. If it's somebody else's information
2   subject to a confidentiality order from some other litigation,
3   then I'll have to see whether I can obviate that protective
4   order or whether one or the other side has to go back to the
5   Court that issued the order.
6           All right. Anything further?
7           MS. BOWER: No, your Honor.
8           THE COURT: Then I'm going to enter, what is it, D?
9   Is the one that is -- is it C or D that is a clean version of
10  plaintiffs' --
11          MR. SOLOMON: It's D, your Honor.
12          THE COURT: All right. Then that will be issued.
13          Now we go to discovery disputes. I have no papers on
14  that, so why don't you begin.
15          MR. SOLOMON: Thank you, your Honor. Louis Solomon.
16  With apologies in general, I don't think it's been our finest
17  moment in sending letters to the Court. We will all do better
18  going forward. There is an issue that we raised with the Court
19  the last time we were here, and that relates to OSF, and we
20  have --
21          THE COURT: That's the entity that defendants say
22  doesn't exist?
23          MR. SOLOMON: Correct, Judge, even though it seems to
24  copyright books and websites, including the philanthropy of
25  George Soros, it has a copyright on it; even though it issues