UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG Resources Limited,<br><br>                Plaintiffs,<br><br>                -against-<br><br>George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy Center, and Open Society Fund,<br><br>                Defendants. | No. 1:17-cv-02726 (JFK) (AJP) |

**PLAINTIFFS' OBJECTION TO JUDGE PECK'S ORDER DISCLOSING WORK PRODUCT**

Louis M. Solomon
Michael S. Lazaroff
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Telephone:  (212) 801-9200
Facsimile:  (212) 801-6400
*Attorneys for Plaintiffs BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG Resources Limited*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND............................................................... 2

ARGUMENT .............................................................................................................................. 5

I.      JUDGE PECK'S ORDER SHOULD BE REVERSED........................................................ 5

      A.      The Declarations Are Work Product........................................................................ 5

      B.      The Order Finding Substantial Need and Requiring Disclosure Should Be Reversed..................................................................................................................... 7

CONCLUSION.......................................................................................................................... 10

**TABLE OF AUTHORITIES**

**Cases**

*A.I.A. Holdings, S.A. v. Lehman Bros., Inc*,
  2002 WL 31385824 (S.D.N.Y. Oct. 21, 2002), *supplemented by*
  2002 WL 31556382 (S.D.N.Y. Nov. 15, 2002) .................................................................. 7-8, 9

*A.F.L. Falck S.p.A. v. E.A. Karay Co.*,
  131 F.R.D. 46 (S.D.N.Y. 1990) ...................................................................................................10

*Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*,
  2016 WL 3260370 (S.D.N.Y. June 10, 2016) .............................................................................7

*Arney v. George A. Hormel & Co.*,
  53 F.R.D. 179 (D. Minn. 1971) ....................................................................................................9

*Hickman v. Taylor*,
  329 U.S. 495 (1947) .....................................................................................................................6

*Inst. for Dev. of Earth Awareness v. People for Ethical Treatment of Animals*,
  272 F.R.D. 124 (S.D.N.Y. 2011) ..................................................................................................6

*Lujan v. Cabana Mgmt., Inc.*,
  284 F.R.D. 50 (E.D.N.Y. 2012) ...................................................................................................6

*Ohio Cas. Group v. American Intern. Specialty Lines Ins. Co.*,
  2006 WL 2109475 (S.D.N.Y. July 25, 2006) ..............................................................................9

*Steele v. CVS Pharmacy, Inc.*,
  2016 WL 1659317 (S.D.N.Y. April 18, 2016) ............................................................................7

*Stokes v. City of New York*,
  2006 WL 2064976 (E.D.N.Y. July 24, 2006) ..................................................................4, 6, 9

*Tribune Co. v. Purcigliotti*,
  1998 WL 175933 (S.D.N.Y. Apr.14, 1998) .................................................................................9

*Vasquez v. City of New York*,
  2014 WL 6356941 (S.D.N.Y. Nov. 14, 2014) ...........................................................................10

*Wilson v. City of New York*,
  2008 WL 8242846 (E.D.N.Y. Mar. 26, 2008), *aff'd*,
  2008 WL 1994860 (E.D.N.Y. May 8, 2008). .........................................................................7, 8

**Other Authorities**

Fed. R. Civ. P. 26(b)(3)(A) ..................................................................................................................7

Fed. R. Civ. P. 26(b)(3)(C) ..................................................................................................................6

Fed. R. Civ. P. 72(a) ........................................................................................................................2, 5

Plaintiffs (collectively "BSGR") respectfully submit this objection to Judge Peck's entry of an order finding substantial need to disclose work product – declarations that Plaintiffs have no intention of using and that are not public. Judge Peck has already made many decisions in this matter that are not or should not be the subject of objection. Plaintiffs are pursuing this objection only because it deals with the important issue of preserving work product protections.

## PRELIMINARY STATEMENT

Solely to provide extra support to support counsel's good faith basis concerning certain allegations in Plaintiffs' June 30, 2017 Amended Complaint (Dkt. 22, ¶¶ 161-64), Plaintiffs' counsel was involved in drafting and obtaining two declarations of a witness. Plaintiffs referenced the first declaration in the Amended Complaint, but did not file and do not intend to use either declaration of that witness in this action in any other capacity. Those declarations thus remain work product.

Discovery has just begun, and depositions are stayed by order of this Court (Dkt. 30, July 7, 2017 Order). To date, Defendants have not produced a single document. Defendants served their first formal request asking for production of the declaration on July 24, and Plaintiffs responded on August 23, 2017. In response to an informal request from Defendants – Plaintiffs' responses to Defendants' interrogatories calling for this information are not due until September 15 – Plaintiffs disclosed the name of the witness to Defendants on August 24, 2017. Defendants have disclosed no attempt to subpoena or contact this witness and rejected Plaintiffs' request to try to jointly depose him. Yet Defendants asked Judge Peck to order production of the declaration just one week after learning the name of the witness, claiming that they had a "substantial need" for this classic work product.

While discovery in this international dispute is at its very early stages, Judge Peck

nevertheless held that Defendants had shown substantial need simply because the witness is not in the United States, and for no other reason. Respectfully, this order was both clearly erroneous and contrary to law. Fed. R. Civ. P. 72(a). Defendant George Soros is one of the wealthiest persons on the planet – it is hard to envision that having his attorneys travel anywhere would engender any hardship, let alone substantial need. Even if Defendants could make such a showing, the declarations remain protected unless and until Plaintiffs affirmatively use them in the post-pleading phases of this action. Even if there were some scenario where the declarations could be disclosed despite their work product protection, that scenario would occur, if at all, in the later phases of this action.

The order should be reversed.

## FACTUAL AND PROCEDURAL BACKGROUND

After filing their original complaint in this action, Plaintiffs obtained information concerning payments Defendants may have made to Guinean officials in connection with the allegations here. In connection with pleading these allegations, Plaintiffs' counsel concluded it had satisfied its obligation to have a good faith basis to assert them. Nonetheless, Plaintiffs' counsel went further given the seriousness of the allegations, ascertaining that the witness who had the relevant information was willing to avow to his statements under penalty of perjury. To that end, Plaintiffs' counsel obtained (including significant participation in drafting/editing) two declarations under penalty of perjury from the witness (*see* Declaration of Louis M. Solomon ("Solomon Decl.") ¶ 3).

Discovery in this matter is in its early stages. To date, Defendants have not produced a single document. As pertinent here, the parties served discovery requests beginning in July, with Defendants' document requests served on July 24 and their interrogatories served on August 16,

2017.  Defendants' document requests were the first formal discovery request for the declaration at issue.  Plaintiffs responded on August 23, 2017, including by asserting work product protection.  Defendants' August 16, 2017 interrogatories were their first formal discovery request for the name of the witness at issue.  (Solomon Decl. ¶ 6.)  Depositions have been stayed (*id*. ¶ 7).

Although Plaintiffs' responses to Defendants' interrogatories were not due until September 15, 2017, Plaintiffs responded to Defendants' informal requests for the name of the witness weeks earlier.  Plaintiffs indicated that they intended to disclose the witness's name under the protections of the confidentiality order to be entered in this action (which is why he was not included in the initial disclosures), and did so on the very day that order was entered, August 24, 2017 (Solomon Decl. ¶ 5).  Plaintiffs withdrew the confidential designation of his identity on August 31, 2017 (*id*.).  Plaintiffs also provided to Defendants the Malawi address for the witness that had been provided to Plaintiffs (*id*.).

The parties appeared before Judge Peck on August 24, 2017.  At that conference, Defendants initially raised their request for the production of the declaration(s).  Judge Peck immediately grasped the situation, asking:

> THE COURT: Mr. Solomon, is the declaration something that is not going to be used in this litigation but was merely being referred to to show you had good faith to bring certain allegations in the complaint?
>
> MR. SOLOMON: Correct, your Honor, correct. We expect that this person will in the fullness of time be deposed.

(Solomon Decl. Ex. 1 at 18:19-24.)

Defendants raised the issue again when the parties appeared before Judge Peck on September 1, 2017.  The parties had each filed written submissions on August 31 limited solely to the issues that party was pressing.  Thus, Plaintiffs' argument against production was made

3

orally, at the conference.  Having reviewed only Defendants' written submission on the topic (*see* Solomon Decl. Ex. 3 at 2), Judge Peck initially indicated he was inclined to order production (Solomon Decl. Ex. 2 at 2:11-12).  Plaintiffs again reiterated they had obtained the declaration solely because "the allegations were such that we felt we needed to have a good faith basis for" asserting them (*id*. at 4:11-14).  Plaintiffs made clear that was the sole purpose for obtaining the declaration:

> It's not our intention to use that document.  It's not our intention to rely on it, file it.  We intend to try to depose the witness jointly, if defendants want to do that, and try to call them for trial, or if we're unable to do that, to get the evidence that defendants or third parties have that would show those types of things.

(*Id*. 2:16-21; *see also id*. 4:8-9 ("we don't intend to use it, to rely upon it").)

When Judge Peck mused that Defendants could obtain the declaration simply by making a Rule 11 motion, Plaintiffs countered that the declaration in that instance would be submitted *in camera*, not disclosed to Defendants (*id*. at 4:20-5:1).

Judge Peck indicated he would find substantial need had been shown because while "I can't say I'm up to speed on Malawi law, but somehow I doubt that a deposition of this person is likely to happen" (*id*. 5:4-6).  Plaintiffs pointed out that discovery was just beginning, that the witness may be amenable to being deposed, and that "maybe we should try the process and see if we are able to get him to be deposed", including by having the parties work together toward that result – and then only if that process failed, should the issue be revisited (*id*. 5:7-16).

Judge Peck then opined that this was "just a timing question" because "[i]f the witness is going to be deposed, presumably one side or the other is going to want the affidavit" (*id*. 5:17-19).  Plaintiffs pointed out case law holding that parties are not entitled to overcome work product in a witness's affidavit where the witness is to be deposed (*id*. 5:22-25, citing *Stokes v. City of New York*, 2006 WL 2064976 (E.D.N.Y. July 24, 2006); *see infra* 6, 9).  Judge Peck

4

nevertheless elaborated:

> THE COURT: Well, the reason lawyers get affidavits, generally – I've not forgotten what it was like to be on your side of the bench -- is so that if the witness says something different later, they can be impeached. So the fact that you went the affidavit route instead of an interview with the witness and notes may have been for that reason.

(*Id*. at 7:21-8:1). Plaintiffs immediately reiterated "it's not our intention to get it in that capacity" (*id*. 8:2-3).

Judge Peck ruled, "in light of the fact that the witness is in Malawi and may or may not be deposed voluntarily or otherwise, I think there is a good faith and a good basis, substantial need under the case law for them to see what this person told you" (*id*. 7:12-15).

While Judge Peck agreed to permit the declarations to be submitted *in camera* in the first instance, he made clear that "unless there is something in there that clearly shows your opinion work product, I'm going to order it produced" (*id*. 8:4-9).

On September 12, 2017, Plaintiffs contacted Defendants to reiterate that Plaintiffs would be seeking to obtain the witness's deposition, and inquiring whether Defendants would cooperate in the endeavor, including by seeking to lift the deposition stay, if necessary. Defendants replied that they did not believe the deposition stay should be lifted (Solomon Decl. ¶ 7). Plaintiffs understand from intermediary communications that the witness is prepared to sit for a deposition and may be prepared to travel to a mutually convenient location to do so (*id*. ¶ 8).

## ARGUMENT

### I.     JUDGE PECK'S ORDER SHOULD BE REVERSED

Judge Peck's order requiring disclosure of Plaintiffs' work product on the ground of substantial need is clearly erroneous and contrary to law. *See* Fed. R. Civ. P. 72(a).

#### A.     The Declarations Are Work Product

In the event Defendants challenge whether the declarations are work product in the first

5

instance, they will not be able to show that Judge Peck's contrary finding is clearly erroneous or contrary to law.

There is no question that the declarations are work product. The seminal "work product" case, *Hickman v. Taylor*, itself involved, *inter alia*, "signed" witness "statements". *Hickman v. Taylor*, 329 U.S. 495, 498 (1947). Further demonstrating that witness statements are work product, the Federal Rules expressly include a party's own statement under "Trial Preparation: Materials". Fed. R. Civ. P. 26(b)(3)(C) (party can obtain its own prior statement without showing substantial need).

"Affidavits and other witness statements prepared or obtained in anticipation of litigation are generally entitled to protection under Rule 26(b)(3). If and when the affidavit is filed in this action or otherwise publically disclosed, then work product protection clearly will be waived." *Stokes v. City of New York*, 2006 WL 2064976, *2 (E.D.N.Y. July 24, 2006) (citation omitted). Here, Plaintiffs' counsel both obtained and was involved in the drafting/editing of the declarations, in connection with this litigation, and they have not been filed or publicly disclosed (Solomon Decl. ¶¶ 3-4). Plaintiffs have further gone on record stating they do not intend to use the declarations going forward (*id*. ¶ 4, Ex. 2 at 2:16-21, 4:8-9). Work product protection thus remains. *See, e.g.*, *Inst. for Dev. of Earth Awareness v. People for Ethical Treatment of Animals*, 272 F.R.D. 124, 125 (S.D.N.Y. 2011) ("the executed affidavits of non-party witnesses remained work product until the lawyer elected to serve and file them. Until the moment of service and filing, the lawyer reserves the right to reverse course and refrain from using the affidavits"); *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 60-61(E.D.N.Y. 2012) ("one reason for granting work product status to an executed affidavit prior to its public filing is that the attorney who caused the preparation of the affidavit may have a strategic reason for changing course and

deciding not to file the document"; declarations at issue "constituted work product up until the date they were filed"); *Steele v. CVS Pharmacy, Inc.*, 2016 WL 1659317, *1-2 (S.D.N.Y. April 18, 2016) ("signed affidavits" are "protected work product"); *Wilson v. City of New York*, 2008 WL 824284, at *1 (E.D.N.Y. Mar. 26, 2008) (non-party witness statements "prepared because of the present litigation by or at the behest of the plaintiff's counsel . . . fall squarely within the work-product protections of Rule 26(b)(3)(A)"), *aff'd*, 2008 WL 1994860 (E.D.N.Y. May 8, 2008).

> **B.     The Order Finding Substantial Need and Requiring Disclosure Should Be Reversed**

As shown below, Judge Peck erred in finding that Defendants met their burden of showing they have "a substantial need for the materials to prepare [their] case and cannot, without undue hardship, obtain their substantial equivalent by other means". *See* Fed. R. Civ. P. 26(b)(3)(A). Indeed, Defendants made virtually no showing in support of their burden.

"A substantial need exists where the information sought is 'essential' to the party's defense, is 'crucial' to the determination of whether the defendant could be held liable for the acts alleged, or carries great probative value on contested issues." *Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*, 2016 WL 3260370, *4 (S.D.N.Y. June 10, 2016) (some internal quotations marks omitted). Judge Peck erred in finding that Defendants showed substantial need for the declarations, particularly so early in the discovery process.

Judge Peck based his finding of substantial need on the fact that the witness's address was in Malawi. This was error. The parties may be able to depose the witness, as Plaintiffs mentioned before Judge Peck and reiterated to Defendants thereafter (Ex. 2 at 5:7-16; Solomon Decl. ¶¶ 7-8).

> A witness's availability for a deposition defeats a claim of substantial need for work product material because the party seeking discovery can ask the witness himself

7

> about the events in issue, and, if the witness recalls the events in issue, the need for notes or other materials prepared by opposing counsel is, thereby, eliminated. It is always the case that a witness may lie at a deposition or may not have an accurate recollection. However, if those facts, without more, were sufficient to pierce a claim of work product, work-product protection, at least with respect to witness statements, would quickly become meaningless.

*A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, 2002 WL 31385824, at *9 (S.D.N.Y. Oct. 21, 2002) (witness made himself available for questioning "in the nature of a deposition" in Casablanca), *supplemented by* 2002 WL 31556382, at *7 (S.D.N.Y. Nov. 15, 2002) (second witness's "voluntary appearance for a deposition in Rome defeats plaintiffs' attempt to gain access to Bear Stearns' work product on the same basis"); *see also Wilson*, 2008 WL 824284, at *2 ("to permit the defendants the opportunity to obtain the substantial equivalent of any such statements, *cf*. Fed.R.Civ.P. 26(b)(3)(A)(ii), the plaintiff is directed to disclose the identities and most recent addresses of the two witnesses from whom statements were obtained").

Indeed, this is not a U.S.-centric litigation against a small entity. Rather, it is an international dispute, involving Defendants' activities in the African country of Guinea and elsewhere, against one of the richest men in the world and his organizations. The fact that the witness may be in a different African country – it may turn out that the witness will travel to an even more convenient location for a deposition (*see* Solomon Decl. ¶ 8) – should not suffice to show "substantial need" and "undue hardship" in this case. Indeed, Defendant Open Society Foundations has been active in Malawi (*see, e.g.*, https://www.opensocietyfoundations.org/reports/malawi-justice-sector-and-rule-law; https://www.opensocietyfoundations.org/voices/victory-women-malawi); and George Soros himself "made a commitment to support [the Malawi] government's agricultural development programme" (https://www.un.int/malawi/news/international-bodies-pledge-support-agricultural-development-initiatives). Defendants have made no showing whatsoever of "undue hardship",

let alone the virtually unsupported showing of "substantial need" found by Judge Peck.

Moreover, Judge Peck's reasoning that "[i]f the witness is going to be deposed, presumably one side or the other is going to want the affidavit" (Solomon Decl. Ex. 2 at 5:17-19), is contrary to law.  Even if the witness is going to be deposed, that does not eviscerate the work product privilege with respect to that witness's affidavit.  In a case directly on point, the court denied plaintiff's request for an affidavit that was "protectible [*sic*] work product" even though that non-party was about to be deposed:  "Since plaintiff has been given an opportunity to depose the witness, she cannot now demonstrate substantial need for an affidavit that was only recently prepared".  *Stokes v. City of New York*, 2006 WL 2064976, *1-2 (E.D.N.Y. July 24, 2006); see also A.I.A. Holdings, S.A.*, 2002 WL 31385824, at *9 (no substantial need for witness statement where witness voluntarily sat for deposition in Morocco).

Even if Judge Peck had been correct, however, the disclosure order was clearly premature.  Judge Peck stated that the resolution of Defendants' request was "just a timing question" (Ex. 2 at 5:17), including "in light of the fact that the witness is in Malawi and may or may not be deposed voluntarily or otherwise" (*id*. 7:12-13).  But that speculation is precisely why the decision was, at best, premature.  With discovery in its early stages, Judge Peck erred in finding that Defendants had already shown substantial need.

"'Substantial need' cannot be shown where persons with equivalent information are available for deposition".  *Tribune Co. v. Purcigliotti*, 1998 WL 175933, *3-4 (S.D.N.Y. Apr.14, 1998); *Ohio Cas. Group v. American Intern. Specialty Lines Ins. Co*., 2006 WL 2109475, *5 (S.D.N.Y. July 25, 2006) ("As the depositions of Defendants' representatives have not yet occurred, Ohio Casualty cannot demonstrate that it is unable 'to obtain the substantial equivalent of the materials' it seeks"); *accord Arney v. George A. Hormel & Co.*, 53 F.R.D. 179, 181 (D.

9

Minn. 1971) (where "the information plaintiff seeks might be obtained by other discovery methods", "plaintiff's request for production is premature and not based on facts sufficient to overcome the qualified immunity provided by Rule 26(b)(3)").  Here, the information at issue is from an intermediary involved in payments between Soros and Guinean officials (*see* Amended Complaint ¶¶ 161-164).  Clearly, even in the event the witness is not available for deposition (*but see* Solomon Decl. ¶ 8), the payors (Soros and/or his sons) and/or the recipients could furnish equivalent information.  Similarly, financial institutions involved in the transactions could also provide equivalent information.  The lack of substantial need is particularly evident here, where Defendants have so far declined to cooperate in obtaining the witness's deposition (*see* Solomon Decl. ¶ 7), nor revealed any other actions they have taken to show they cannot obtain the substantial equivalent of the work product at issue.

The cases Defendants cited to Judge Peck are distinguishable.  *See A.F.L. Falck S.p.A. v. E.A. Karay Co.,* 131 F.R.D. 46, 47, 49 (S.D.N.Y. 1990) (domestic case was already at summary judgment stage when court found substantial need for evidence to impeach defendant; witness was unavailable for trial and was "the only person in the world" who could provide the information at issue); *Vasquez v. City of New York*, 2014 WL 6356941 (S.D.N.Y. Nov. 14, 2014) (former criminal defendant alleging police misconduct entitled to documents because "when the Documents were created, the prosecutors involved had reason to believe that many of the Documents might eventually have to be disclosed in connection with either an evidentiary hearing or a criminal retrial").  Judge Peck's order was clearly erroneous and contrary to law.

## **CONCLUSION**

The Court should sustain Plaintiffs' objection and reverse Judge Peck's order requiring disclosure of the work product declarations.

Dated: New York, New York
September 15, 2017

Respectfully submitted,

GREENBERG TRAURIG, LLP
By: /s/ Louis M. Solomon
Louis M. Solomon
Michael S. Lazaroff
200 Park Avenue
New York, New York 10166
(212) 801-6500
*Attorneys for Plaintiffs BSGR*

11