UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG Resources Limited,<br><br>     Plaintiffs,<br><br>    -against-<br><br>George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy Center, and Open Society Fund,<br><br>     Defendants. | No. 1:17-cv-02726 (JFK) (AJP) |

## DECLARATION OF LOUIS M. SOLOMON

Louis M. Solomon hereby declares, under penalty of perjury, as follows:

1. I am a member of the Bar of this Court and practice at Greenberg Traurig LLP, attorneys for Plaintiffs in the above-captioned action. I respectfully submit this Declaration in support of Plaintiffs' Objection to Judge Peck's Order Disclosing Work Product.

2. I make this Declaration based on my personal knowledge, including my review of pertinent documents and without intention, authorization, or effect of waiving or compromising any privilege or immunity held by our clients. The documents referred to in the papers submitted herewith, denoted "Ex.", are itemized herein and annexed hereto.

3. After filing their original complaint in this action, Plaintiffs obtained information concerning payments Defendants may have made to Guinean officials in connection with the allegations in this action. I concluded that we had satisfied our obligation to have a good faith

basis to plead these new allegations in the amended complaint. Nonetheless, we went further given the seriousness of the allegations. We ascertained that the witness who had the relevant information was willing to avow to his statements under penalty of perjury. To that end I drafted a declaration and was significantly involved in the editing of the declaration. Thereafter, I obtained a second declaration from the same witness and was involved in the drafting of that as well. Both declarations were obtained at my behest and direction and strictly to provide additional comfort regarding issues related to the payment allegations in connection with this litigation.

4. We had and have no intention of using the declarations for any other purpose in this action. The declarations have not been filed or otherwise publicly disclosed.

5. We indicated that we intended to disclose the witness's name under the protections of the confidentiality order to be entered in this action (which is why he was not included in our initial disclosures), and did so on the very day that order was entered, August 24, 2017. We withdrew the confidential designation of his identity on August 31, 2017. We also provided to Defendants the address for the witness as it appeared in his declaration, which disclosed a Malawi address (*id*.).

6. Discovery in this matter is in its early stages. To date, Defendants have not produced a single document. As pertinent here, the parties served discovery requests beginning in July, with Defendants' document requests served on July 24 and their interrogatories served on August 16, 2017. Defendants' document requests were the first formal discovery request for the declaration at issue. Plaintiffs responded on August 23, 2017, including by asserting work product protection. Defendants' August 16, 2017 interrogatories were their first formal discovery request for the name of the witness at issue. Although our responses are not due until

September 15, 2017, we responded to Defendants' informal requests for the witness's name on August 24, 2017, as noted above.

7. This Court stayed depositions pending decision on Defendants' motion to dismiss/stay. My colleague told Magistrate Judge Peck on September 1, 2017, that the witness may be amenable to being deposed. I followed this up by email to Defendants on September 12, 2017, stating as follows:

> Counsel – as we mentioned in Court, we will be seeking to obtain the deposition of the intermediary. We would like to pursue this jointly with you. Please let us know if the parties can cooperate to find a mutually convenient date/location; and assuming the witness is available, joining in an application to lift the deposition stay in order to obtain this one deposition, if necessary.

Defendants responded shortly thereafter, stating in pertinent part, "We do not believe Judge Keenan's deposition stay should be lifted for any deposition and your email does not provide any reason why this deposition should be treated differently."

8. I understand from intermediary communications that the witness is prepared to sit for a deposition and may be prepared to travel to a mutually convenient location to do so.

**Exhibits Attached**

9. Attached as **Ex. 1** is a true and correct copy of excerpts from the August 24, 2017 Transcript of proceedings before Judge Peck in this action.

10. Attached as **Ex. 2** is a true and correct copy of excerpts from the September 1, 2017 Transcript of proceedings before Judge Peck in this action.

11. Attached as **Ex. 3** is a true and correct copy of a letter from Elizabeth J. Bower to Hon. Andrew J. Peck, dated August 31, 2017 (without exhibits).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
September 15, 2017

                                                <u>/s/ Louis M. Solomon</u>
                                                Louis M. Solomon