UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BSG RESOURCES (GUINEA) LIMITED, BSG RESOURCES (GUINEA) SÀRL, and BSG RESOURCES LIMITED,<br><br>  Plaintiffs,<br><br>  v.<br><br>GEORGE SOROS, OPEN SOCIETY FOUNDATIONS, OPEN SOCIETY INSTITUTE, FOUNDATION TO PROMOTE OPEN SOCIETY, OPEN SOCIETY FOUNDATION, INC., ALLIANCE FOR OPEN SOCIETY INTERNATIONAL INC., OPEN SOCIETY POLICY CENTER, and OPEN SOCIETY FUND,<br><br>  Defendants. | No. 1:17-cv-02726 (JFK) (AJP) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' OBJECTION
TO JUDGE PECK'S ORDER**

                                  Willkie Farr & Gallagher LLP

                                  787 Seventh Avenue
                                  New York, NY 10019-6099
                                  (212) 728-8000 (telephone)

                                  1875 K Street, N.W.
                                  Washington, D.C. 20006
                                  (202) 303-1000 (telephone)

                                  *Attorneys for Defendants*

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ...................................................................................................................1

ARGUMENT ...........................................................................................................................2

I.  PLAINTIFFS' OBJECTION SHOULD BE DENIED AS PREMATURE. .......................2

II. PLAINTIFFS FAILED TO SATISFY THEIR BURDEN OF SHOWING THAT THE DECLARATIONS CONSTITUTE WORK PRODUCT PROTECTED FROM DISCLOSURE. ..............................................................................................................4

    A.  Plaintiffs Denied Judge Peck, this Court, and Defendants the Opportunity to Assess the Applicability of Work Product Protection. ............................................4

    B.  Plaintiffs Have Waived Any Work Product Protection by Relying Upon the Declarations to Support Their Claims in this Case. ................................................5

III. EVEN IF THE DECLARATIONS CONSTITUTE WORK PRODUCT, DEFENDANTS HAVE A SUBSTANTIAL NEED FOR THEM. ...............................................................7

CONCLUSION ......................................................................................................................10

- ii -

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Page(s)**

*A.F.L. Falck S.p.A. v. E.A. Karay Co.*,
    131 F.R.D. 46 (S.D.N.Y. 1990) ........................................................................................7, 8

*A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*,
    No. 97 Civ. 4978(LMM)(HB), 2002 WL 31385824 (S.D.N.Y. Oct. 21, 2002),
    supplemented by 2002 WL 31556382 (S.D.N.Y. Nov. 15, 2002) ............................................8

*Asch/Grossbardt Inc. v. Asher Jewelry Co.*,
    No. 02 Civ. 5914 (SAS), 2003 WL 660833 (S.D.N.Y. Feb. 28, 2003) ....................................3

*Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*,
    314 F.R.D. 85 (S.D.N.Y. 2016) .........................................................................................5, 7

*Johnson v. Bryco Arms*,
    No. 03 CV 2582, 02 CV 3029, 2005 WL 469612 (E.D.N.Y. Mar. 1, 2005) .......................4, 8

*Vazquez v. City of New York*,
    No. 10-CV-6277 (JMF), 2014 WL 6356941 (S.D.N.Y. Nov. 14, 2014) .............................7, 8

**Rule**

Fed. R. Civ. P. 26(b)(3)(A) ..............................................................................................................7

Defendants respectfully submit this Opposition to Plaintiffs' objection to United States Magistrate Judge Andrew J. Peck's ruling requiring Plaintiffs to submit a declaration for *in camera* review, so Judge Peck can determine whether any portion of the declaration should be protected from disclosure as opinion work product (the "Objection").

**INTRODUCTION**

Plaintiffs' premature filing of the Objection is a classic attempt to shield putative evidence of wrongdoing from Defendants as protected work product while wielding that very evidence in the form of allegations in the Amended Complaint. In the Amended Complaint, Plaintiffs allege that Defendants made improper payments to Guinean government officials to influence Guinea's decision to cancel Plaintiffs' mining rights. (Am. Compl. ¶¶ 161-63, Dkt. No. 22.) Plaintiffs' purported basis for these allegations is "the duly executed declaration of an intermediary involved in the transaction." (*Id.* ¶ 161.) Defendants have requested that Plaintiffs disclose both the identity of the purported declarant and the declaration itself.[1] Although Plaintiffs have since identified the declarant as Simbi Bibu Piri, a Malawian resident, Plaintiffs have refused to produce the declaration.

After Defendants sought an order from Judge Peck compelling Plaintiffs to produce the declaration, Plaintiffs continued to resist producing the declaration because (1) Plaintiffs do not intend to rely on the declaration and (2) the declaration is protected from disclosure as attorney work product. Judge Peck correctly rejected the first argument and stated that the second was unlikely to preclude disclosure. But, rather than order Plaintiffs to produce the declaration immediately, Judge Peck gave Plaintiffs an opportunity to substantiate their work

---

[1] The Amended Complaint alleges that Plaintiffs have a single declaration from a declarant. Defendants' requests for the production of the declarant's name and the declaration were based on Plaintiffs' allegations. According to the Objection, Plaintiffs have two declarations from Mr. Piri. Defendants submit that the second declaration should be produced for the same reasons why the first declaration is discoverable.

product claim by submitting the declaration for *in camera* review.  Rather than comply with Judge Peck's order to produce the declaration for *in camera* inspection, Plaintiffs prematurely filed the instant Objection challenging the compelled production of the declaration to Defendants—a ruling not yet made by Judge Peck.  Because Judge Peck has not yet made a final ruling as to whether Plaintiffs must produce the declaration to Defendants, the Objection to such a ruling should be denied as premature.

Even if Judge Peck had ordered the declaration to be produced immediately, Plaintiffs' Objection would still be without merit.  Plaintiffs' self-serving statement that "[t]here is no question that the declarations are work product" (Obj. 6) does not satisfy their burden to establish the protection applies.  Even assuming work product protection exists, it is overcome here because Defendants have a substantial need for the declaration to prepare their case and cannot, without undue hardship, obtain the substantial equivalent of the declaration by other means.  The declarant allegedly resides in Malawi and his testimony cannot be compelled.  Defendants are unaware of any other evidence supporting Plaintiffs' allegations of improper payments.  Plaintiffs claim they have evidence but are sitting on it until and unless it is advantageous for them to use it.  This is nothing more than gamesmanship.  Plaintiffs have an obligation to produce relevant evidence in discovery.  They cannot unilaterally declare evidence irrelevant and immune from discovery, particularly when this evidence is explicitly relied upon in the Amended Complaint.  If the Court is inclined to rule on the merits of Plaintiffs' premature Objection, then the Court should order Plaintiffs to produce the declaration without further delay.

## ARGUMENT

**I.     PLAINTIFFS' OBJECTION SHOULD BE DENIED AS PREMATURE.**

Federal Rule of Civil Procedure 72(a) requires an *order* to which Plaintiffs may object.  Here, the only ruling from Judge Peck concerning the declaration was to submit it for *in*

...

*camera* review. Only *after* review would Judge Peck determine whether Plaintiffs must produce the declaration to Defendants. Specifically, Judge Peck stated:

> **I'm happy to look at it in camera to give you** – because it is a privilege, albeit work product, issue, I'm willing to give you **the benefit of the doubt. But unless there is something in there that clearly shows your opinion work product, I'm *going to* order it produced.**

(Conference Tr., 8:4-9, Sept. 1, 2017 (emphasis added).) Although Judge Peck previewed his thinking on the issue, he did not order Plaintiffs to disclose the declaration. Nonetheless, Plaintiffs filed the Objection challenging the production of the declaration to Defendants—a transparent attempt to circumvent review of the declaration and a final ruling by Judge Peck and, in effect, seek this Court's *de novo* review of Plaintiffs' work product assertion.

In *Asch/Grossbardt Inc. v. Asher Jewelry Co.*, Judge Scheindlin rejected a similarly hasty objection. There, the plaintiff's attorneys were to inspect certain of defendant's items and take photographs, presumably on behalf of the plaintiff. No. 02 Civ. 5914 (SAS), 2003 WL 660833, at *3 (S.D.N.Y. Feb. 28, 2003). The magistrate judge stated that, after oral argument, he would determine whether there was justification for showing the photographs to plaintiff's officers. *Id.* Without waiting for oral argument, the plaintiff filed an objection. *Id.* Judge Scheindlin held that the plaintiff's objection was "premature" because the magistrate judge had not yet heard oral argument and had not yet made a final ruling. *Id.* So too here. Plaintiffs' Objection should be denied as premature because Judge Peck has not ruled on the issue raised by Plaintiffs.

## II. PLAINTIFFS FAILED TO SATISFY THEIR BURDEN OF SHOWING THAT THE DECLARATIONS CONSTITUTE WORK PRODUCT PROTECTED FROM DISCLOSURE.

### A. Plaintiffs Denied Judge Peck, this Court, and Defendants the Opportunity to Assess the Applicability of Work Product Protection.

The party asserting work product protection bears the burden of establishing it applies. *Johnson v. Bryco Arms*, No. 03 CV 2582, 02 CV 3029, 2005 WL 469612, at *2 (E.D.N.Y. Mar. 1, 2005). Plaintiffs utterly fail to meet their burden. Plaintiffs claim in the Objection that their counsel had "significant participation in drafting/editing" the two declarations and assert, *ipse dixit*, that "[t]here is no question that the declarations are work product." (Obj. 2, 6; *see also* Declaration of Louis M. Solomon, Dkt. No. 95, ¶ 3 ("Solomon Decl.").) This representation is in stark contrast to Plaintiffs' prior representations to the Court and Defendants that Plaintiffs had no means by which to communicate with the declarant, let alone draft and edit a declaration on the basis of the declarant's personal knowledge.

During the September 1, 2017 conference, Plaintiffs' counsel represented that Plaintiffs "got" the declaration, and that it contains "fact information." (Conference Tr., 6:11-14, Sept. 1, 2017.) Plaintiffs articulated nothing more about the circumstances of how they "got" the declaration. Plaintiffs' explanations in the meet and confer process preceding the September 1 conference were equally hollow. Plaintiffs never disclosed the existence of any relationship between the declarant and Plaintiffs, any attorney-client relationship between the declarant and Plaintiffs' counsel, nor any means of communication between the declarant and Plaintiffs' counsel that could explain how Plaintiffs secured the declaration. Indeed, it does not appear that any such relationships exist. Rather, Plaintiffs represented that they had no control over the declarant, they had no contact information for him (they later provided an address in Malawi), and they could not even confirm the spelling of his name. (*See* Declaration of Elizabeth J.

- 4 -

Bower ("Bower Decl.") ¶¶ 3-5.) Plaintiffs' after-the-fact assertions of "drafting/editing" the declarations are a thinly-veiled attempt to influence this Court's perception of the declarations to avoid disclosure.

Further, Plaintiffs have only compounded their failure to provide any information to support their work product assertion by refusing to comply with Judge Peck's order to produce the declarations *in camera*. Plaintiffs assert that there "is no question the declarations are work product" (Obj. 6), but that is the very question that Judge Peck's order was meant to determine. Plaintiffs' refusal to produce the declarations deprived Judge Peck of facts necessary to make an assessment of Plaintiffs' work product assertion—facts that Plaintiffs bear the burden to provide. Because Plaintiffs have failed to meet that burden, their assertion that the declarations are protected work product should be overruled.

## B. Plaintiffs Have Waived Any Work Product Protection by Relying Upon the Declarations to Support Their Claims in this Case.

Even assuming that Plaintiffs had demonstrated that the declarations constitute work product, which they have not, "work product privileges may be waived if a party puts the privileged communication at issue by relying on it to support a claim or defense." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 90 (S.D.N.Y. 2016). Plaintiffs contend that "they do not intend to use the declarations going forward," and the declarations' purported "[w]ork product protection thus remains." (Obj. 6.) Plaintiffs ignore that they have already relied upon the declaration (perhaps both declarations) to support their claims: after Defendants moved to dismiss Plaintiffs' initial complaint for failure to state a claim, Plaintiffs attempted to bolster their deficient claims to survive a motion to dismiss by adding new factual allegations based on, and explicitly referencing, the declaration (or declarations) in the Amended Complaint. (Solomon Decl. ¶ 3; Obj. 1, 2.) Specifically, Plaintiffs alleged in the Amended Complaint that:

- "Based on the duly executed declaration of an intermediary involved in the transactions, who avows to first-hand knowledge, Soros arranged for money to be paid personally to the head of the Technical Committee and a member of the Strategic Committee to ensure that BSGR's rights were terminated." (Am. Compl. ¶ 161, Dkt. No. 22.)

- Mr. Soros "through his son," "transferred $93,000" to the declarant, who in turn transferred that amount to a Guinean official. (*Id.* ¶ 162.)

- Mr. Soros's son told the declarant that "the payment was to ensure that [Guinea] would terminate BSGR's mining agreements." (*Id.*)

- Another one of Mr. Soros's sons instructed the declarant "to transfer $1,270,000 that had been deposited into the [declarant's] account to" another Guinean official. (*Id.* ¶ 163.)

- The declarant "was told by or on behalf of [Mr. Soros] that this payment was intended to influence [Guinea] to terminate BSGR's mining rights." (*Id.*)

Then, in an effort to sustain their amended claims, Plaintiffs again explicitly relied upon the declaration in their opposition to Defendants' motion to dismiss the Amended Complaint. Specifically, Plaintiffs asserted that:

- Soros, "as avowed in a declaration of a first-hand account – caused tens and then hundreds of thousands of dollars of payments to be made to witnesses and to Guinean officials 'to ensure' and 'to influence proceedings in Guinea and cause the termination of the [BSGR] mining agreements.'" (Plaintiffs' Mem. of Law in Opp. to Defendants' Motion to Dismiss Am. Compl. or Stay Action 2, Dkt. No. 68.)

- "To make sure his plan worked, Soros resorted to arranging for hundreds of thousands of dollars to be paid personally to the Technical Committee's head, Nava Touré, and a member of the Strategic Committee to ensure that BSGR's rights were terminated, as set forth in a declaration of an avowed participant, ***on which we are entitled to rely***." (*Id.* at 10 (emphasis added).)

Plaintiffs' avowed reliance on the declarations to bolster their claims—first by amending their complaint in response to Defendants' initial motion to dismiss, and then by explicitly relying on the declarations to oppose Defendants' motion to dismiss the Amended Complaint—is more than enough to constitute a waiver of any work product protection over the

declarations.  *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 90 (S.D.N.Y. 2016) (holding that plaintiffs waived work product protection over expert report by citing it in complaint and "utilizing it in connection with a dispositive motion").  The Court should order Plaintiffs to produce the declarations.

### III.   EVEN IF THE DECLARATIONS CONSTITUTE WORK PRODUCT, DEFENDANTS HAVE A SUBSTANTIAL NEED FOR THEM.

Even if Plaintiffs had established that the declarations constitute protected work product, which they have not, the work product protection is not absolute.  A party may discover information otherwise protected as work product if it "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  Fed. R. Civ. P. 26(b)(3)(A).

Defendants easily satisfy this burden.  As Judge Peck observed, "in light of the fact that the witness is in Malawi and may or may not be deposed voluntarily or otherwise," there is a "good basis" to support Defendants' "substantial need under the case law" to review what the witness told Plaintiffs.  (Conference Tr., 7:12-15, Sept. 1, 2017.)  Contrary to Plaintiffs' contention, Judge Peck's observation is supported by case law:  where a witness resides outside the subpoena power of the Court, "his attendance cannot be procured by process or other reasonable means," which provides "a ground for setting aside the work product immunity." *A.F.L. Falck S.p.A. v. E.A. Karay Co.*, 131 F.R.D. 46, 49 (S.D.N.Y. 1990); *see also Vazquez v. City of New York*, No. 10-CV-6277 (JMF), 2014 WL 6356941, at *2 (S.D.N.Y. Nov. 14, 2014) (ordering disclosure of witness statements over work product assertion based on substantial need

where requesting party had limited access to witnesses whose statements were significant to the case).[2]

Plaintiffs scatter a litany of reasons throughout the Objection for why Judge Peck's observations of substantial need are incorrect. (Obj. 7-10.) None has merit. First, Plaintiffs contend that whether or not Mr. Piri is available for a deposition—Plaintiffs cannot confirm whether he would or would not be—Defendants may obtain "equivalent information" from "the payors," "the recipients," or the "financial institutions involved in the transactions." (*Id.* at 10.) In so claiming, Plaintiffs merely equate their allegations to fact. Defendants cannot obtain "equivalent information" from Plaintiffs' proposed sources because they are unaware of any evidence at all to corroborate Mr. Piri's allegations. Defendants deny these allegations and have no knowledge or information concerning these other parties that Plaintiffs assert were involved in these alleged transactions.

Second, Plaintiffs contend that a deposition of Mr. Piri, if one ever occurs, "does not eviscerate the work product privilege." (*Id.* at 9.) It may or may not, but in any event it does provide a basis for setting aside work product protection because Mr. Piri is "in this case, a central witness" given that Plaintiffs have already heavily relied on, and continue to rely on, his statements. *Johnson*, 2005 WL 469612, at *5. His prior statements will provide a "critical piece of impeachment material" that cannot be shielded from disclosure under a work product claim.

---

[2] Plaintiffs' attempt to distinguish *A.F.L. Falck S.p.A.* on the grounds that the witness at issue was "the only person in the world" who could provide the information at issue is unavailing. Defendants are unaware of anyone (or anything) else that may corroborate the allegations in the declarations. Plaintiffs' attempt to distinguish *Vasquez* is equally unavailing – that the case involved statements from an underlying criminal case does not render the case inapplicable here. And the cases relied on by Plaintiffs are inapposite—nearly all of them do not involve witnesses outside the subpoena power of the court. In the two opinions (from the same case) that do involve such witnesses, the witnesses had already submitted to depositions at the time the issue of work product protection arose. *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.* (*A.I.A. Holdings I*), No. 97 Civ. 4978(LMM)(HB), 2002 WL 31385824, at *9 (S.D.N.Y. Oct. 21, 2002), supplemented by 2002 WL 31556382, at *7 (S.D.N.Y. Nov. 15, 2002). *A.I.A. Holdings I* is further distinguishable because, unlike the direct evidence purportedly contained in the Piri declarations, the statements at issue comprised additional impeachment material for which the complaining party had no substantial need. 2002 WL 31385824, at *9.

*Id.* In this context, the policy behind work product protection—"protecting litigation strategy from disclosure"—no longer applies. *Id.* Disclosure "will not in any way force the [Plaintiffs] to show [their] cards; it merely shows what everyone already knew," namely, the purported basis for Plaintiffs' allegations in the Amended Complaint. *Id.*

Finally, Plaintiffs' claim that Defendants refused to cooperate with them to obtain the declarant's deposition has no bearing on the issue before the Court. And, in any event, this claim is not correct.[3] (Obj. 10.) As Plaintiffs acknowledge, this Court entered an order staying depositions pending Defendants' motion to dismiss. (*Id.* at 1.) Defendants intend to abide by that ruling, and Plaintiffs offer no reason why that stay should be lifted for Mr. Piri's—or anyone else's—deposition, because there is none. Plaintiffs should not be given an opportunity to take depositions in this case pending a ruling on Defendants' motion to dismiss simply because they do not want to comply with Judge Peck's ruling that they produce the declaration for inspection *in camera*. Further, a deposition of Mr. Piri—if it ever occurs—is no substitute for the declarations. Rather, Defendants should have access to the declarations to prepare for any deposition.

---

[3] In support of the Objection, Plaintiffs filed a Declaration from their counsel, Louis M. Solomon. In it, Mr. Solomon avers that he understands from "intermediary communications that the witness is prepared to sit for a deposition and may be prepared to travel to a mutually convenient location to do so." (Solomon Decl. ¶ 8.) It appears from this representation that Mr. Solomon has been in contact with Mr. Piri, despite Plaintiffs' representations to Defendants that they had no means of contacting him. (Bower Decl. ¶ 4.) This only underscores the undue hardship on Defendants to procure the information contained in the declaration from other means. Plaintiffs are playing a game of hide the ball with these declarations. They initially refused to provide Mr. Piri's name, then do so under a confidentiality designation in an attempt to curtail Defendants' efforts to identify him, but provide no contact information. (*See id.* ¶ 3; Obj. 3.) Then they say they have no contact information other than an address in Malawi, no means of communicating with him, and cannot confirm the spelling of his name – all they know, they say, is what is in the declaration. (*See* Bower Decl. ¶¶ 4-5.) But, they refuse to produce the declaration and ignore a clear instruction from Judge Peck to submit the declaration for *in camera* review. They then disclose in the Objection that they apparently have had contact with Mr. Piri and that there are actually two declarations. (Solomon Decl. ¶¶ 3, 8.) And yet they claim that it is Defendants who refuse to cooperate in discovery. Plaintiffs' game must come to an end.

## CONCLUSION

For the foregoing reasons, the Court should overrule Plaintiffs' Objection and order them to produce Mr. Piri's declarations, or in the alternative, submit the declarations to Judge Peck for *in camera* review to assess Plaintiffs' work product claim.

Dated: September 26, 2017  
New York, New York

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

By: /s/ Elizabeth J. Bower  
    Joseph T. Baio  
    Benjamin P. McCallen  
    James Fitzmaurice

787 Seventh Avenue  
New York, NY 10019  
(212) 728-8000 (telephone)  
jbaio@willkie.com

    Elizabeth J. Bower

1875 K Street, N.W.  
Washington, D.C. 20006  
(202)303-1000 (telephone)  
ebower@willkie.com

*Attorneys for Defendants*