UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |  |
|---|---|---|
| BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG Resources Limited, | ) ) ) ) | No. 1:17-cv-02726 (JFK) (AJP) |
| Plaintiffs, | ) ) ) |  |
| -against- | ) ) |  |
| George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy Center, and Open Society Fund, | ) ) ) ) ) ) ) |  |
| Defendants. | ) ) |  |

_____ )


**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OBJECTION TO JUDGE PECK'S ORDER DISCLOSING WORK PRODUCT**


Louis M. Solomon
Michael S. Lazaroff
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Telephone:  (212) 801-9200
Facsimile:  (212) 801-6400
*Attorneys for Plaintiffs BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG Resources Limited*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT ........................................................................................................................ 2

I.      PLAINTIFFS' OBJECTION IS TIMELY ............................................................. 2

II.     DEFENDANTS HAVE NOT SATISFIED THEIR BURDEN OF SHOWING
        JUDGE PECK'S WORK PRODUCT FINDING IS ERRONEOUS ....................... 2

III.    THERE HAS BEEN NO WAIVER ....................................................................... 4

IV.     JUDGE PECK'S ORDER FINDING SUBSTANTIAL NEED AND
        REQUIRING DISCLOSURE SHOULD BE REVERSED .................................... 6

CONCLUSION .................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*A.I.A. Holdings, S.A. v. Lehman Bros., Inc,*
2002 WL 31385824 (S.D.N.Y. Oct. 21, 2002), *supplemented by*
2002 WL 31556382 (S.D.N.Y. Nov. 15, 2002) .................................................. 7-8, 9

*A.F.L. Falck S.p.A. v. E.A. Karay Co.,*
131 F.R.D. 46 (S.D.N.Y. 1990) ........................................................................8

*Ambac Assur. Corp. v DLJ Mtge. Capital, Inc.,*
92 A.D.3d 451 (1st Dep't 2012) ........................................................................6

*Assured Guar. Mun. Corp. v. DB Structured Prods., Inc.,*
111 A.D.3d 478 (1st Dep't 2013) ......................................................................6

*Deutsche Bank Trust Co. of Ams. v. Tri-Links Inv. Trust,*
43 A.D.3d 56 (1st Dep't 2007) ..........................................................................6

*Dover v. British Airways, PLC (UK),*
2014 WL 5090021 (E.D.N.Y. Oct. 9, 2014) ......................................................5

*Fin. Guar. Ins. Co. v. Putnam Advisory Co.,*
314 F.R.D. 85 (S.D.N.Y. 2016) ......................................................................5-6

*Hickman v. Taylor,*
329 U.S. 495 (1947) ..........................................................................................3

*Johnson v. Bryco Arms,*
2005 WL 469612 (E.D.N.Y. Mar. 1, 2005) .......................................................9

*MBIA Ins. Corp. v Countrywide Home Loans, Inc.,*
93 A.D.3d 574 (1st Dep't 2012) ........................................................................6

*Stokes v. City of New York,*
2006 WL 2064976 (E.D.N.Y. July 24, 2006) ....................................................8

*Vazquez v. City of New York,*
2014 WL 6356941 (S.D.N.Y. Nov. 14, 2014) ...................................................9

**Other Authorities**

Fed. R. Civ. P. 11 ......................................................................................1, 4, 5

Fed. R. Civ. P. 26(b)(3) ...........................................................................1, 2, 3, 7

Fed. R. Civ. P. 72(a) .......................................................................................3, 9

Plaintiffs (collectively "BSGR") respectfully submit this reply memorandum of law in further support of its objection to Judge Peck's entry of an order finding substantial need to disclose work product declarations that Plaintiffs have no intention of using and that are not public.  Defendants' opposition does not carry its heavy burden of sustaining substantial need.

## PRELIMINARY STATEMENT

As set forth more fully in Plaintiffs' Objection, Plaintiffs' counsel obtained the declarations at issue in connection with allegations in Plaintiffs' Amended Complaint concerning payments Defendants may have made to Guinean officials.  While Plaintiffs' counsel believed it had satisfied its obligation to have a good faith basis to assert such allegations, given the seriousness of the allegations, Plaintiffs' counsel went further and obtained (including significant participation in drafting/editing) two declarations from the witness with relevant information under penalty of perjury (*see* Declaration of Louis M. Solomon dated September 15, 2017 ("Solomon Decl.") ¶ 3).  On the few occasions when it referenced those allegations, Plaintiffs' counsel referred to the declarations in the Amended Complaint and in its brief in opposition to Defendants' motion to dismiss that pleading solely to ensure that the basis for the allegations was clear.  *See* Rule 11(b)(3); Reply Declaration of Louis M. Solomon ("Solomon Reply Decl.") ¶ 4.

Judge Peck ordered production of the declarations only a week after Plaintiffs disclosed the name of the witness, finding substantial need simply because the witness was not in the United States.  Defendants have made no showing whatsoever that they "have substantial need for the [declarations] to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means".  Rule 26(b)(3)(A)(ii).  Plaintiffs invited Defendants to cooperate in deposing the witness (*see* Solomon Decl. ¶¶ 7-8).  Defendants have chosen not to lift a finger to meet their burden under the applicable rule, trying to create the appearance of

"need" by their own inaction.  Instead, they responded to Plaintiffs' Objection with groundless arguments concerning makeweight issues such as the timeliness of the objection and purported waiver, all to avoid confronting their failure to meet their burden of demonstrating substantial need.  Particularly at this early stage in the proceedings, Judge Peck erred in finding that Defendants demonstrated a substantial need for this work product.  Accordingly, his order should be reversed and the work product declarations should be protected.

## ARGUMENT

## I.   PLAINTIFFS' OBJECTION IS TIMELY

Judge Peck found that the declarations were work product, and he held that "there is a good faith and a good basis, substantial need under the case law for them to see what this person told you" (Solomon Decl. Ex. 2 at 7:13-15).  The only issue Judge Peck left open was whether the work product fell into the category of "opinion" work product (*id*. at 8:7-8 (permitting *in camera* review solely to determine if the declaration "clearly shows your opinion work product")).  This was done because "opinion" work product is "protect[ed] against disclosure" even if "the court orders discovery of" work product upon a showing of substantial need.  Fed. R. Civ. P. 26(b)(3)(A), (B).  Plaintiffs are not pressing an argument that the executed declarations are opinion work product under Fed. R. Civ. P. 26(b)(3)(B).  Because Judge Peck already found substantial need, there is no merit to Defendants' assertion that this objection is premature (Defendants' Opposition ("Opp.") at 3).  Accordingly, this objection is ripe for decision.

## II.   DEFENDANTS HAVE NOT SATISFIED THEIR BURDEN OF SHOWING JUDGE PECK'S WORK PRODUCT FINDING IS ERRONEOUS

Defendants attempt to argue that Judge Peck did not assess the applicability of the work product doctrine (Opp. at 4).  Of course he did, and proceeded to address whether Defendants had shown substantial need (*see* Objection at 3-5) – an analysis that would be unnecessary if the

declarations were not work product.  Defendants did not file an objection to Judge Peck's finding

that work product protection and its "substantial need" rubric applied here.  Even had Defendants

filed a timely objection, they could not carry their burden of demonstrating that Judge Peck's

finding is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).  They have not even

attempted to do so.

Rule 26(b)(3) provides, in pertinent part:

(3) *Trial Preparation: Materials.*

(A) *Documents and Tangible Things.* Ordinarily, a party may not discover documents
and tangible things that are prepared in anticipation of litigation or for trial by or for
another party or its representative (including the other party's attorney, consultant,
surety, indemnitor, insurer, or agent).  But, subject to Rule 26(b)(4), those materials
may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has substantial need for the materials to prepare its
case and cannot, without undue hardship, obtain their substantial equivalent by
other means.

(B) *Protection Against Disclosure.* If the court orders discovery of those materials, it
must protect against disclosure of the mental impressions, conclusions, opinions, or
legal theories of a party's attorney or other representative concerning the litigation.

As noted above (Point I), the only issue Judge Peck left open was whether the work

product qualified for the additional protections of Rule 26(b)(3)(B) for opinion work product, not

whether it was a document prepared for the litigation "by or for another party or its

representative" under Rule 26(b)(3)(A).  Defendants cite no cases against the work product

finding, and cited none to Judge Peck; by contrast, Plaintiffs proffered cases to Judge Peck

supporting the finding of work product (*see* Solomon Decl. Ex. 2 at 2-3, 5-6).  In the Objection,

Plaintiffs cite those cases and several others – starting with *Hickman v. Taylor* – that make clear

that signed witness statements are core work product until they are filed (Objection at 6-7 (citing

cases)).  Defendants do not address a single one of those cases.

3

Rather, they stoop to accusing Plaintiffs of manufacturing its counsel's involvement in the creation of the declarations (Opp. at 5).  Simply because the attorney involved in that creation was not in court to explain the scope of his involvement to Judge Peck does not mean that his declaration submitted here should be subject to such a groundless attack (*see* Solomon Reply Decl. ¶ 2).  The weakness of Defendants' argument is evidenced by their need to sling mud.  As Judge Peck found, the declarations are work product.  Defendants make no factual or legal argument to challenge, let alone reverse, that determination.

### III.    THERE HAS BEEN NO WAIVER

In a new argument not presented to Judge Peck, Defendants claim that Plaintiffs have waived work product protections (Opp. at 5-7).  Defendants are wrong.

Plaintiffs have made clear that they cited to the declaration only for Rule 11 purposes – in Judge Peck's words (which Plaintiffs accepted as accurate), it "is not going to be used in this litigation but was merely being referred to to show you had good faith to bring certain allegations in the complaint" (Solomon Decl. Ex. 1 at 18:19-24; *see also* Solomon Decl. ¶ 3 (while "we had satisfied our obligation to have a good faith basis", "we went further given the seriousness of the allegations" )).  That is the same reason it was referred to in Plaintiffs' opposition to Defendants' motion to dismiss – the allegations of payments by Soros were "set forth in a declaration of an avowed participant, on which we are entitled to rely" (Dkt. 68 at 10).  *See* Rule 11(b)(3) (attorney certification applies to "factual contentions" in "pleading, written motion, or other paper"); Solomon Reply Decl. ¶ 4.  None of the references was necessary to Plaintiffs' argument or to Plaintiffs' case – indeed, the case stands with or without the payment allegations.

In such circumstances, there is no argument for waiver.  Where a plaintiff cited a privileged analysis in its complaint and relied on it in opposing dismissal, but then disclaimed

reliance on it for the remainder of the litigation, the court found no waiver – even where in denying the motion to dismiss, the court had "relied in part on [plaintiff's privileged] statistical analysis". *Dover v. British Airways, PLC (UK),* 2014 WL 5090021, *1 (E.D.N.Y. Oct. 9, 2014). The *Dover* court held that "this result makes good sense" because it "enables counsel, without fear of waiving work product protection, to do the pre-filing investigation necessary to comply with the duty set forth in Rule 11(b)(3) that 'factual contentions have evidentiary support.'" 2014 WL 5090021, *2; *see also* Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment ("[t]he rule does not require a party or an attorney to disclose privileged communications or work product in order to show that the signing of the pleading, motion, or other paper is substantially justified").

Defendants erroneously imply that the payment allegations supported by the declarations at issue were the sole basis for Plaintiffs' amendment of the complaint (Opp. at 5-6), apparently to bolster their argument that those allegations were needed to support Plaintiffs' claims. The facts are to the contrary. Plaintiffs' Amended Complaint added over a dozen pages and 30 paragraphs of allegations, including adding several new defendants and additional allegations concerning Defendants' control over the participants acting against Plaintiffs (*see* Dkt. 22, 69-1). Defendants' amended motion to dismiss dropped legal arguments made in their original motion concerning, among other things, the allegations of control, presumably based on these new allegations. The allegations concerning the payments (supported by the declarations) take only three paragraphs of the Amended Complaint (¶¶ 161-63), and are not necessary to sustain Plaintiffs' claims.

The case Defendants cite, *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, 314 F.R.D. 85, 90 (S.D.N.Y. 2016) (Opp. at 7), is inapposite. There, in order to state a claim for fraud, the plaintiff

cited an expert analysis that concluded that defendants' pattern of managing its portfolio was fraudulent.  *Id*.  The court found that the fact that the party cited the protected material in its complaint "does not constitute a waiver".  *Id*.  However, the court found waiver because on appeal from the dismissal of its complaint, the party "repeatedly" referenced the results of the analysis in its Second Circuit briefing, and the Second Circuit opinion "does extensively discuss" the allegations that "the analysis was conducted to support" in sustaining the complaint.  *Id*. & nn. 2-3.  That case raised no argument that the analysis was referenced solely in connection with attorney certification obligations.  Here, there is no argument that Plaintiffs need the declaration to "sustain its causes of action".  *See id*.; *see also Assured Guar. Mun. Corp. v. DB Structured Prods., Inc.*, 111 A.D.3d 478, 479 (1st Dep't 2013) ("Plaintiff did not waive any privilege by referencing the pre-litigation repurchase review conducted by its consultants in the complaint" because "[t]hose references were not made as elements of the claims, but as a good-faith basis for the allegations"); *Ambac Assur. Corp. v DLJ Mtge. Capital, Inc.*, 92 A.D.3d 451, 452 (1st Dep't 2012) ("Generally, no 'at issue' waiver is found where the party asserting the privilege does not need the privileged documents to sustain its cause of action"), citing *Deutsche Bank Trust Co. of Ams. v. Tri-Links Inv. Trust*, 43 A.D.3d 56, 65 (1st Dep't 2007); *MBIA Ins. Corp. v Countrywide Home Loans, Inc.*, 93 A.D.3d 574, 575 (1st Dep't 2012) ("Plaintiff has not waived any privilege by referencing its repurchase review in its amended complaint.  Indeed, plaintiff does not need the privileged materials concerning the review to sustain its causes of action").

## IV.   JUDGE PECK'S ORDER FINDING SUBSTANTIAL NEED AND REQUIRING DISCLOSURE SHOULD BE REVERSED

In the Objection, Plaintiffs demonstrated that Judge Peck erred in finding substantial need.  Defendants fail to take on most of that argument, relying, as Judge Peck did, solely on a Malawi address given for the witness.  This is wholly insufficient (*see* Objection at 7-10).

Defendants assert that "Plaintiffs' claim that Defendants refused to cooperate with them to obtain the declarant's deposition has no bearing on the issue before the Court" (Opp. at 9). To the contrary, it has direct bearing. The finding of substantial need cannot be sustained, particularly where Defendants have made no showing of any "undue hardship" in obtaining the substantial equivalent of the information. Fed. R. Civ. P. 26(b)(3)(A)(ii). Defendants have not expended any effort at all to obtain equivalent information. They are trying to fabricate their own need by refusing to try to get the evidence. The declarations themselves are not evidence and will not be used in this proceeding (Solomon Decl. ¶ 4; Solomon Reply Decl. ¶ 4). Thus, making an effort to obtain equivalent information here includes seeking the witness's testimony by deposition. That "effort" would have required only an affirmative response to Plaintiffs' overture to cooperate in obtaining that deposition. Instead, Defendants rebuffed that overture (Solomon Decl. ¶¶ 7-8). Defendants' decision to sit back and do nothing demonstrates that there is no substantial need here, and no showing of any undue burden in connection therewith.

This is particularly true because Defendants do not contest that this is an international dispute involving billions of dollars against one of the richest men in the world and his organizations. Defendants offer no rejoinder to the showing that they have been active in Malawi (Objection at 8), let alone to the representation that the witness's deposition may occur in a mutually convenient location (Solomon Decl. ¶ 8). Thus, there is no support for a finding that the witness cannot be deposed without undue burden. Judge Peck's contrary ruling, finding substantial need based solely on the fact that the witness is not in the United States, was clearly erroneous and contrary to law.

Defendants attempt to distinguish *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, 2002 WL 31385824, at *9 (S.D.N.Y. Oct. 21, 2002) – a case involving a non-U.S. witness where the court

ruled that the work product witness statement should not be disclosed – by claiming that in that case the witness "has already submitted to depositions at the time the issue of work product arose" (Opp. at 8 n.2).  Not true.  The court in that case had denied an earlier application for the work product, because substantial need could not be shown prior to the witness's deposition.  *Id.* *2.  The court then ruled that substantial need could not be shown after the deposition, as the party had "had the opportunity to depose [the witness] and to ask him about the interview memorialized in the tape and transcript in issue".  *Id.* *8; *see also Stokes v. City of New York*, 2006 WL 2064976, *1-2 (E.D.N.Y. July 24, 2006) ("Since plaintiff has been given an opportunity to depose the witness, she cannot now demonstrate substantial need for an affidavit that was only recently prepared"); Objection at 7-9.

Defendants' only case involving a non-U.S. deponent is easily distinguishable.  First, the case was a simple turnover proceeding involving under $350,000, *A.F.L. Falck S.p.A. v. E.A. Karay Co.,* 131 F.R.D. 46, 47 (S.D.N.Y. 1990) (Opp. at 7), not an international dispute involving billions of dollars.  Second, the individual defendant's testimony was that his father waived contract terms requiring the individual defendant to personally guaranty the sums at issue.  *Id.* at 49.  The father (who lived in Greece) thus was "the only person in the world who can confirm or deny whether this conversation dispensing with the personal guaranty ever took place", satisfying the "substantial need" element for the draft affidavit at issue.  *Id.*  Here, because the witness's declarations will not be used, there is no testimony that only the declaration can confirm or deny.  The allegations of payment will be supported by other means.  Moreover, as noted above, the deposition of the witness would give the parties his direct testimony (Solomon Decl. ¶¶ 7-8).

Defendants' other cases are also inapposite.  *Vazquez v. City of New York*, 2014 WL 6356941 (S.D.N.Y. Nov. 14, 2014) (Opp. at 7), ordered production of witness statements based on five factors, every single one of which related to the fact that the statements had been obtained by law enforcement during a criminal investigation and the lawsuit involved related allegations of police misconduct.  *See id.* *2.  In *Johnson v. Bryco Arms*, 2005 WL 469612 (E.D.N.Y. Mar. 1, 2005) (Opp. at 8), the case revolved around a shooting, and the "central" witness was the person who had purchased the gun from the defendant retailer.  *Id*. at *1. Defendants showed substantial need for the witness's prior statement – which was drafted with "no input from attorneys" and thus not likely work product, *id*. *5 – because at the witness's deposition, she showed "inconsistencies or gaps in memory" and the statement could be used as "impeachment" material.  *Id*. *5.  Here, the witness is not central to Plaintiffs' case; the witness has not yet been deposed; and Defendants apparently disclaim any need for "impeachment" material (Opp. 8 n.2 (distinguishing *A.I.A. Holdings* because "the statements at issue comprised additional impeachment material")).

Indeed, Defendants' statement that they "should have access to the declarations to prepare for any deposition" is not only not supported by any citation, but demonstrates that at best, Defendants' request is premature, particularly this early in the proceedings (*see* Solomon Decl. ¶ 6, Solomon Reply Decl. ¶ 5).  Judge Peck's order requiring disclosure of work product on the basis of substantial need was clearly erroneous and contrary to law.  Fed. R. Civ. P. 72(a).

## CONCLUSION

The Court should sustain Plaintiffs' objection and reverse Judge Peck's order requiring disclosure of the work product declarations.

Dated: New York, New York
      October 5, 2017

Respectfully submitted,

GREENBERG TRAURIG, LLP
By: /s/ Louis M. Solomon
      Louis M. Solomon
      Michael S. Lazaroff
200 Park Avenue
New York, New York 10166
(212) 801-6500
*Attorneys for Plaintiffs BSGR*