UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG Resources Limited,<br><br>              Plaintiffs,<br><br>              -against-<br><br>George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy Center, and Open Society Fund,<br><br>              Defendants. | No. 1:17-cv-02726 (JFK) (AJP) |

## REPLY DECLARATION OF LOUIS M. SOLOMON

Louis M. Solomon hereby declares, under penalty of perjury, as follows:

1. I am a member of the Bar of this Court and practice at Greenberg Traurig LLP, attorneys for Plaintiffs in the above-captioned action. I respectfully submit this Reply Declaration in further support of Plaintiffs' Objection to Judge Peck's Order Disclosing Work Product. I make this Declaration based on my personal knowledge, including my review of pertinent documents and without intention, authorization, or effect of waiving or compromising any privilege or immunity held by our clients.

2. I was not in court on September 1, 2017 when Defendants' application for the declarations at issue was heard. In my opinion, my colleague described the declaration sufficiently to support work product. My declaration on this Objection was my first opportunity to set forth in detail my involvement with the creation of the declarations.

3. Defendants claim we stated at an August 29 meet and confer that we did not believe we were in possession of contact information for the witness (Bower Decl. ¶ 4).  My colleagues advise me that what they communicated was that we agreed to check whether we had contact information.  We did so, and provided the Malawi address on August 31, 2017.

4. Defendants point out that we referenced the declaration in our Amended Complaint as well as in our brief in opposition to their motion to dismiss that pleading.  Each of those references was made solely for purposes of highlighting the basis for the allegations of payments Defendants may have made to Guinean officials.  For example, we stated at page 10 of our opposition brief that the payments allegations were "set forth in a declaration of an avowed participant, on which we are entitled to rely" (see Dkt. 68, cited at Defendants' Opposition at 6).  I inserted this and the other references to the declaration pursuant to and consistent with our obligation under Fed. R. Civ. P. 11(b)(3) to show our good faith basis for these allegations – that is, we are entitled to rely on the declaration in making these statements in our brief and in our Amended Complaint.  We have consistently stated – and I repeat here – that we had and have no intention of using the declarations for any other purpose in this action.

5. As noted in my moving declaration (¶ 6), discovery remains in its early stages. To date, Defendants have still not produced a single document.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
October 4, 2017

/s/ Louis M. Solomon
Louis M. Solomon