# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BSG RESOURCES (GUINEA) LIMITED, BSG RESOURCES (GUINEA) SÀRL, and BSG RESOURCES LIMITED,<br><br>          Plaintiffs,<br><br>   v.<br><br>GEORGE SOROS, OPEN SOCIETY FOUNDATIONS, OPEN SOCIETY INSTITUTE, FOUNDATION TO PROMOTE OPEN SOCIETY, OPEN SOCIETY FOUNDATION, INC., ALLIANCE FOR OPEN SOCIETY INTERNATIONAL, INC., OPEN SOCIETY POLICY CENTER, and OPEN SOCIETY FUND,<br><br>          Defendants. | No. 1:17-cv-02726 (JFK) (AJP) |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO BSG RESOURCES (GUINEA) LIMITED, BSG RESOURCES (GUINEA) SÀRL, and BSG RESOURCES LIMITED**

Pursuant to Rule 26 and Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Rules"), Plaintiffs BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG Resources Limited (collectively "BSGR" or "Plaintiffs"), hereby provide the following responses and objections to Defendants' First Set of Interrogatories (the "Interrogatories").

## INTERROGATORIES

**Interrogatory No. 1:** Provide the full name of each Person with knowledge of information relevant to the Action.

**Response:** Subject to and without waiving the privilege and definitional objections set forth in General Objections 1-4, Plaintiffs provide the names of the following persons (excluding Plaintiffs' counsel) they reasonably believe may possess knowledge of information relevant to

the Action and/or that Defendants have identified; by identifying such persons, Plaintiffs are not admitting that they have any relevant information, and as to certain persons identified by Defendants, Plaintiffs do not believe they have relevant information:

- George Soros
- Officers and Employees of the Defendants
- Officers and Employees of Soros Fund Management
- Chris Canavan
- Scott Horton
- Steven Fox
- Nava Touré
- Paul Collier
- John Waples
- Benjamin Brewerton
- Beny Steinmetz
- Dag Cramer
- Patrick Heller
- Corinna Gilfillan
- Eduardo Ledsham
- Mamadou Kouyaté
- Jonathan Soros
- Karin Lissakers
- Alexander Soros
- Officers and Employees of Natural Resource Governance Institute ("NRGI")
- Lord Malloch Brown
- Officers and Employees of Global Witness
- Misha Glenny
- Tom Burgis
- Celia Gremy
- Chris McShane
- Lamine Fofana
- Salli Swartz

2

- Paul Huey-Burns
- Stanley Marcuss
- Joseph Smallhoover
- Melissa Bukuru
- Daniel Kaufman
- Thomas Lassourd
- Elena Panfilova
- Sean Hinton
- Robert Daniel Soros
- Marc Struik
- Yossie Tchelet
- Daniel Pollak
- David Clark
- Sandra Merloni-Horemans
- Patrick Saada
- Simbi Bibu Piri
- Ibrahima Touré
- Samuel Mebiame
- Jean-Francois Mercadier
- Francois de Combret
- Alpha Condé
- Mohamed Alpha Condé
- Akwe Amosu
- Obiageli Ezekwesili
- Stewart Paperin
- Abdul Tejan-Cole
- Asher Avidan
- Frederic Cilins
- Henriette Conté
- Mamadie Touré
- Mahmoud Thiam
- Aryeh Neier

3

- Dawn Page
- Roy Oron
- Other persons already named in this Action, including during the discovery process.

**Interrogatory No. 2:** Provide the full names of Beny Steinmetz's two sons who met with him and Captain Moussa Dadis Camara in Guinea.

**Response:** Plaintiffs object to this interrogatory on the ground that it seeks information that is not relevant to this Action. Plaintiffs further object to this interrogatory on the ground that it violates Local Civil Rule 33.3, as it seeks information beyond that permitted by the rule and does not seek the names of witnesses with knowledge of information relevant to the subject matter of this Action. Plaintiffs note that as part of informal discovery, they have provided such information as they currently have with respect to these objectionable Interrogatories 2 through 5.

**Interrogatory No. 3:** Provide the full name of the "agent or associate of [George] Soros" from whom You allege that Mamadie Touré received "a possible $80,000."

**Response:** Plaintiffs object to this interrogatory on the ground that it violates Local Civil Rule 33.3, as it seeks information beyond that permitted by the rule and does not seek the names of witnesses with knowledge of information relevant to the subject matter of this Action. Plaintiffs note that as part of informal discovery, they have provided such information as they currently have with respect to these objectionable Interrogatories 2 through 5.

**Interrogatory No. 4:** Provide the full name of the "government coordinator" to whom You alleged Robert Daniel Soros transferred $93,000 and who then made a payment of $93,000 to Nava Touré.

**Response:** Plaintiffs object to this interrogatory on the ground that it violates Local Civil Rule 33.3, as it seeks information beyond that permitted by the rule and does not seek the names of witnesses with knowledge of information relevant to the subject matter of this Action. Plaintiffs note that as part of informal discovery, they have provided such information as they currently

4

have with respect to these objectionable Interrogatories 2 through 5.

**Interrogatory No. 5:** Provide the full name of the "intermediary" who You alleged Jonathan Soros instructed to transfer $1,270,000 to Yansané Kerfalla.

**Response:** Plaintiffs object to this interrogatory on the ground that it violates Local Civil Rule 33.3, as it seeks information beyond that permitted by the rule and does not seek the names of witnesses with knowledge of information relevant to the subject matter of this Action. Plaintiffs note that as part of informal discovery, they have provided such information as they currently have with respect to these objectionable Interrogatories 2 through 5.

**Interrogatory No. 6:** Provide the full names of Your contacts at the company known as Black Cube.

**Response:** Plaintiffs object to this interrogatory on the ground that it seeks information that is not relevant to this Action. Plaintiffs further object to this interrogatory on the ground that it violates Local Civil Rule 33.3, as it seeks information beyond that permitted by the rule and does not seek the names of witnesses with knowledge of information relevant to the subject matter of this Action. Subject to and without waiving those objections and the privilege and definitional objections set forth in General Objections 1-4, Plaintiffs state that to their knowledge they have no contacts at the company known as Black Cube.

**Interrogatory No. 7:** Identify all electronic storage devices, including email accounts, hard drives, servers, smartphones, and all other types of electronic storage, in which Documents or Communications bearing on any of the parties' claims or defenses in this Action may now, or may in the past have been, located or found.

**Response:** Plaintiffs object to the use of "identify" as used in this interrogatory, as it is not in compliance with the Local Rules. Plaintiffs further object to this interrogatory on the ground that it violates Local Civil Rule 33.3 to the extent it seeks information beyond that permitted. Subject to and without waiving those objections and the privilege and definitional objections set

forth in General Objections 1-4, Plaintiffs state as follows:

As agreed between the parties, Plaintiffs will search entities and devices where Plaintiffs reasonably believe the custodians are likely to have had relevant documents.  Many of Plaintiffs' and their custodians' relevant hard copy files and devices, including those of Beny Steinmetz, are in the custody of various law enforcement authorities.

Plaintiffs' database includes electronic data for certain custodians from servers in London, Geneva, Guernsey, and South Africa.  It also includes other electronic data collected in Israel.   The data on the database also includes data from desktop computers, laptops, blackberries, phones, SIM  and SD cards, and tablets, as well as hard copy documents.

In general, pertinent email accounts will be found in the documents to be produced.

**Interrogatory No. 8:** Identify all non-electronic storage, including file cabinets, boxes, and all other types of non-electronic storage, in which Documents or Communications bearing on any of the parties' claims or defenses in this Action may now, or may in the past have been, located or found.

**Response:**  See response to Interrogatory No. 7.

**Interrogatory No. 9:** Describe the manner and timeframe in which You have retained Documents or Communications, including ESI, that may be relevant to this Action.

**Response:**  Plaintiffs object to the request to "describe", as it is not in compliance with the Local Rules.  Subject to and without waiving that objection and the privilege and definitional objections set forth in General Objections 1-4, Plaintiffs refer to their response to Interrogatory No. 7.

**Interrogatory No. 10:** Provide a computation of each category of damages claimed.

**Response:**

1. Loss of BSGR's investment in infrastructure in the Republic of Guinea computed as including monies expended in setting up mining procedures, developing the

6

iron ore concession and building infrastructure, funding for the feasibility study, and internal management costs for the joint venture.

      2.     Loss of BSGR's interest the Simandou assets computed as including the unpaid balance of the purchase price for Vale's interest in the joint venture plus the value of BSGR's remaining interest in the joint venture, plus the pro-rated value of royalties lost.

      3.     Damage to BSGR and its affiliates' reputation worldwide and loss of business opportunities, including the negotiation of an asset purchase of the largest gas company in Israel.

      4.     BSGR's legal fees and expenses associated with enforcing its rights including prosecuting its claims and defending itself in this and numerous other legal proceedings.

## **GENERAL OBJECTIONS**

      1.     Plaintiffs object to the Interrogatories to the extent they seek disclosure of information that constitutes attorney work product, was prepared in anticipation of or in connection with litigation, discloses the mental impressions, conclusions, opinions or legal theories of any attorneys, contains privileged attorney-client communications, or are otherwise protected from disclosure under applicable privileges, laws or rules. Such information is immune from disclosure and will not be produced.

      2.     Plaintiffs object to the definitions of "Concern or concerning", "Communication", "Document" and "Person" provided in Definitions 6, 7, 8, and 10 of the Interrogatories to the extent they exceed or are inconsistent with the definitions set forth in Local Rule 26.3. Plaintiffs will comply with the definitions for those terms as set forth in Local Rule 26.3.

      3.     Plaintiffs object to the definition of "BSGR," "You," or "Your" as incorrectly referring to Beny Steinmetz as an "officer" of BSG Resources (Guinea) Limited. Plaintiffs further object to the definition of "BSGR," "You," or "Your" to the extent it purports to include persons

7

and entities beyond those included under Local Rule 26.3(c)(5): "terms 'plaintiff' and 'defendant' as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates" and, therefore, object to to any attempt to include anything beyond this rule including without limitation the inclusion of Onyx Financial Advisers Limited ("Onyx"), Margali Management Corp. ("Margali"), and Pentler Holdings ("Pentler"), each of which is an entity independent of BSGR.

4. Plaintiffs object to Instruction No. 7 regarding the relevant period to the extent the end date exceeds the agreed end date for discovery of April 14, 2017.

5. By responding to the Interrogatories, Plaintiffs do not concede the relevancy, materiality, competency, or admissibility of any information provided and expressly reserve all objections to the use such information at trial or otherwise, or to further responses or production.

6. Plaintiffs have not completed their investigation of this case, have not completed discovery, and have not completed preparation for trial. All of the responses contained herein are based only on such information that is presently available to and specifically known to Plaintiffs. It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add additional meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the responses set forth herein.

7. Plaintiffs reserve the right to identify additional information in response to these Interrogatories. Plaintiffs further reserve the right to supplement, revise, clarify, correct, and/or amend these Responses and Objections.

Dated: September 18, 2017
New York, New York

        As to objections:

        GREENBERG TRAURIG, LLP

        By: /s/ Louis M. Solomon
            Louis M. Solomon
        200 Park Avenue
        New York, New York 10166
        (212) 801-9200

        *Attorneys for Plaintiffs*
        *BSG Resources (Guinea) Limited,*
        *BSG Resources (Guinea) Sàrl and*
        *BSG Resources Limited*

## DECLARATION

I am a director and an authorized agent of a party to this action and am authorized to make this declaration on behalf of Plaintiffs BSG Resources (Guinea) Limited, BSG Resources (Guinea) SARL, and BSG Resources Limited. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing Responses to Defendants' First Set of Interrogatories are true and correct to the best of my knowledge, information or belief, including by reliance on counsel; as to those matters concerning which I do not possess personal knowledge, I believe them to be true based on information and/or documents provided, assembled, or compiled by others including those employed by, agents of, or associated with Plaintiffs.

Executed on:

18 September 2017
London, United Kingdom

By: _____
Dag Cramer

DAG CRAMER
DIR BSG RESOURCES