UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BSG RESOURCES (GUINEA) LIMITED, BSG
RESOURCES (GUINEA) SÀRL, and BSG
RESOURCES LIMITED,

                Plaintiffs,

      v.

GEORGE SOROS, OPEN SOCIETY
FOUNDATIONS, OPEN SOCIETY INSTITUTE,
FOUNDATION TO PROMOTE OPEN
SOCIETY, OPEN SOCIETY FOUNDATION,
INC., ALLIANCE FOR OPEN SOCIETY
INTERNATIONAL, INC., OPEN SOCIETY
POLICY CENTER, and OPEN SOCIETY FUND,

              Defendants.

No. 1:17-cv-02726 (JFK) (AJP)

---

**APPLICATION FOR THE ISSUANCE OF A LETTER OF REQUEST
(LETTER ROGATORY) FOR THE PRODUCTION OF DOCUMENTS IN THE
BRITISH VIRGIN ISLANDS PURSUANT TO THE
HAGUE EVIDENCE CONVENTION**

Defendants George Soros, Open Society Foundations, Open Society Institute,

Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society

International, Inc., Open Society Policy Center, and Open Society Fund (collectively,

"Defendants"), respectfully apply pursuant to the provisions of the Hague Convention of 18

March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555,

847 U.N.T.S. 231, 28 U.S.C. § 1781 (the "Hague Evidence Convention") for the issuance of an

Order by the Clerk of this Court (attached as Exhibit A) for a letter of request (the "Letter

Rogatory") in the form attached as Exhibit B, directed to the Central Authority of the British

Virgin Islands ("BVI"), the Registrar of the Supreme Court, for the attention of the Supreme

Court Registry, No. 84 Main Street, P.O. Box 418, Road Town, Tortola, British Virgin Islands VG1110, acting as the Competent Judicial Authority of BVI, requesting that the Registrar of the Supreme Court cause the Letter Rogatory to be served upon the designated recipient.

In support of this application, Defendants respectfully represent as follows:

## BACKGROUND

1.     On June 30, 2017, Plaintiffs filed an amended complaint in this Court (the "Amended Complaint") against the Defendants.  (Dkt. No. 22.)  The Amended Complaint alleges, among other things, that Defendants caused the termination of Plaintiffs' iron ore mining rights in the Republic of Guinea ("Guinea") on the basis of allegedly false allegations that Plaintiffs engaged in bribery and corruption to procure those rights.  (*See, e.g., id.* at ¶¶ 84, 181-84.)  Plaintiffs have asserted claims against all of the Defendants for tortious interference with contract, conspiracy to commit tortious interference with contract, and commercial defamation, as well as claims for fraud, conspiracy to commit fraud, and prima facie tort against Mr. Soros.  (*Id.*)

2.     On July 28, 2017, Defendants filed a motion to dismiss the Amended Complaint or, in the alternative, to stay the Action in favor of a pending arbitration between Guinea and Plaintiffs before the International Centre for the Settlement of Investment Disputes (the "Motion").  (Dkt. No. 56.)  Defendants' Motion has been fully briefed, with oral argument scheduled for November 7, 2017.  (Dkt. Nos. 58, 87-88.)

3.     Meanwhile, the Court ordered that document and written discovery proceed, but that depositions shall be stayed pending resolution of the Motion.  (Dkt. No. 30.)  The Court has stated that, in seeking discovery from third parties outside the United States, the

parties should endeavor to submit a joint application regarding the particular party(ies) from which international discovery is sought.  (July 18, 2017 Hr'g Tr. 17:4-24.)

4. Defendants here seek discovery from a particular third party: Pentler Holdings Ltd. ("Pentler").  Pentler was incorporated in BVI by Onyx Financial Advisors Limited ("Onyx").  Onyx is Plaintiffs' financial and administration services company.  *See* Plaintiffs' Responses and Objections to Defendants' First Request for the Production of Documents, General Objection No. 6, Aug. 23, 2017 (attached as Exhibit C).  Thereafter, Pentler was sold to Frédéric Cilins, Avraham Lev Ran, and Michael Noy.  *Id.*  During at least some portion of the relevant time frame, Pentler was a BSGR shareholder with a stake in Plaintiffs' operations in Guinea.  *See* Panama Papers, Steinmetz's Guinea Iron Ore Mining Deal Prised Open ("[L]eaked documents . . . identify a timeline indicating the inherent improbability of Pentler being independent and separate from BSGR, as was claimed by the company.") (attached as Exhibit D).

5. Defendants' position is that Pentler has been linked to Plaintiffs' alleged corruption and bribery scheme in Guinea.  Relevant here, among other things, the investigation into Plaintiffs conducted by the Guinean Technical Committee, a subcommittee of the National Mining Commission, that ultimately led to a determination that Plaintiffs used bribery and corruption to procure their mining rights, revealed, among other things, an alleged Memorandum of Understanding executed on February 20, 2006, between Pentler and Mamadie Touré, the former wife of Lansana Conté, deceased President of Guinea, (Technical Committee for the Review of Mining Titles and Agreements, Recommendation Concerning the Titles and Mining Agreement Held by the Company VBG, Mar. 21, 2014, Ex. 10 (attached as Exhibit E)), and various letters of commitment legalized on and/or dated July 21, 2006, July 8, 2010, and August

3, 2010 between Pentler and Madamie Touré (or Matinda & Co. Ltd.).  (*Id.* Exs. 11-1, 11-2, 12, 13 (attached as Exhibits E.)  Defendants contend that these executed documents suggest that, through Pentler, Plaintiffs did in fact use bribery and corruption to procure their mining rights in Guinea. Plaintiffs dispute any and all allegations relating to bribery and corruption and dispute the validity of the alleged documents referenced herein.

6.     Mr. Cilins, one of the aforementioned purchasers of Pentler, has been described in certain press articles, the validity and integrity of which Plaintiffs dispute, as a representative or intermediary for BSGR in Guinea.  James Wilson and Cynthia O'Murchu, *Swiss Police Seize BSGR Documents from Onyx*, Financial Times, Aug. 31, 2013 (attached as Exhibit F); Patrick Radden Keefe, *Buried Secrets*, The New Yorker, July 8, 2013 (attached as Exhibit G).  Indeed, Mr. Cilins pled guilty, in the Southern District of New York, to obstructing a criminal investigation by attempting to destroy contracts signed by Plaintiffs and Pentler purportedly memorializing bribes to Mamadie Touré.  *See* Mem. & Order at 1, *United States v. Cilins*, No. 1:13-cr-00315 (S.D.N.Y. Jan. 15, 2014) (Pauley, J.) ECF No. 50 ("Cilins attempted to bribe [Mamadie] Touré to destroy documents purportedly granting Simandou mining concessions to Beny Steinmetz Group Resources ('BSGR').") (attached as Exhibit H); Judgment, *United States v. Cilins*, No. 1:13-cr-00315 (S.D.N.Y. Jul. 29, 2014) ECF No. 71.

7.     Given the foregoing allegations, Defendants believe that Pentler and its principals are not only closely affiliated with Plaintiffs, but are intricately intertwined with the events underlying Plaintiffs' claims, and that Pentler and its principals possess information relevant to their defenses.  Defendants' need for this information to be produced by Pentler is particularly compelling here for at least three reasons.  *First,* Plaintiffs have represented that they do not control Pentler, have no authority to produce documents from Pentler or any of its

principals that Plaintiffs have in their possession as a result of productions made by Pentler in other proceedings, and have no authority to accept service of subpoenas to Pentler. *See* Plaintiffs' Responses and Objections to Defendants' First Request for the Production of Documents, General Objection No. 6, Aug. 23, 2017 (attached as Exhibit C); Letter from L. Solomon to E. Bower, Aug. 21, 2017 (attached as Exhibit I). *Second*, Plaintiffs contend that they have no documents or communications concerning payments, gifts, or bribes to obtain their mining rights in Guinea, despite Mr. Cilins's conviction to the contrary. *See, e.g.*, Plaintiffs' Responses and Objections to Defendants' First Request for the Production of Documents, Responses to Request No. 18-19, 22, Aug. 23, 2017 (attached as Exhibit C). *Third*, Plaintiffs concede that they have in their possession documents obtained from Pentler from other proceedings, but are precluded from producing them based on confidentiality orders in those proceedings. *Id.* at Responses to Request Nos. 15, 21, 39, Aug. 23, 2017 (attached as Exhibit C).

8.     The parties have conferred and Defendants have agreed that any documents produced in response hereto will be produced to all parties to the litigation.  Plaintiffs take no position with regard to the allegations in this request, other than to deny the allegations concerning any supposed corruption and bribery relating to Plaintiffs or to BSGR's procurement of its mining rights.

9.     Defendants hereby request that the Court issue the attached Letter Rogatory pursuant to the Hague Evidence Convention.[1]  The Court has ordered that document production be complete by December 1, 2017.  (July 18, 2017 Hr'g Tr. 16:14.)  Given this tight timeframe, and in light of the time necessary to obtain evidence under the Hague Evidence

---

[1]     Defendants acknowledge that if the Court grants the Motion, that would render this application moot.

Convention, Defendants make this application now so the process of issuing the Letter Rogatory in this Court and enforcing it in BVI is more likely to occur within the existing deadlines.

## RELIEF REQUESTED

10.     Accordingly, Defendants respectfully request, for the purpose of justice and due determination of the matters in dispute between the parties, this Court's assistance in collecting documents located in BVI as set forth in Schedule A of the Letter Rogatory for use at trial in the above-captioned action.

11.     The entity from whom evidence is sought by the Letter Rogatory is Pentler.

12.     The documents sought are material to Defendants' defenses.

13.     Defendants have considered the requirements of the Courts of BVI with respect to Letters Rogatory, including the form in which the Letter Rogatory should be presented to the British Court and its permissible content.  Defendants believe that this Letter Rogatory is consistent with those requirements.

14.     WHEREFORE, Defendants respectfully request that the Court enter the attached form of order (i) providing for this Court to sign the Letter Rogatory attached to the Application as Exhibit B and affix the seal of the United States District Court for the Southern District of New York over said signature in the Letter Rogatory; (ii) directing that the Clerk of the Court return the original, signed Letter Rogatory to counsel for Defendants, so that said documents may be transmitted to the Central Authority of BVI; (iii) directing counsel for Defendants to cause the transmittal of the original, signed Letter Rogatory to the Central Authority of BVI; and (iv) granting such other relief as the Court deems just and proper.

Dated: October 27, 2017
New York, New York

Respectfully submitted,


WILLKIE FARR & GALLAGHER LLP


By:  /s/ Elizabeth J. Bower
    Joseph T. Baio
    Benjamin P. McCallen
    James Fitzmaurice

787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
jbaio@willkie.com

    Elizabeth J. Bower

1875 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 303-1000
ebower@willkie.com


*Attorneys for Defendants*