UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BSG RESOURCES (GUINEA) LIMITED, BSG
RESOURCES (GUINEA) SÀRL, and BSG
RESOURCES LIMITED,

                Plaintiffs,

        v.

GEORGE SOROS, OPEN SOCIETY
FOUNDATIONS, OPEN SOCIETY
INSTITUTE, FOUNDATION TO PROMOTE
OPEN SOCIETY, OPEN SOCIETY
FOUNDATION, INC., ALLIANCE FOR OPEN
SOCIETY INTERNATIONAL, INC., OPEN
SOCIETY POLICY CENTER, and OPEN
SOCIETY FUND,

                Defendants.

No. 1:17-cv-02726 (JFK) (AJP)

---

## APPLICATION FOR THE ISSUANCE OF A REQUEST FOR INTERNATIONAL JUDICIAL ASSISSTANCE (LETTER ROGATORY) FOR THE PRODUCTION OF DOCUMENTS IN FEDERATIVE REPUBLIC OF BRAZIL

Defendants George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy Center, and Open Society Fund (collectively, "Defendants"), respectfully apply pursuant to Title 28 of the United States Code, Section 1781 and Federal Rule of Civil Procedure 28(b) for the issuance of an Order by the Court (attached as Exhibit A) for a letter rogatory requesting assistance from the appropriate judicial authority of the Federative Republic of Brazil ("Brazil") in the form attached as Exhibit B (the "Letter Rogatory").

In support of this application, Defendants respectfully represent as follows:

## BACKGROUND

1.      On June 30, 2017, Plaintiffs filed an amended complaint in this Court (the "Amended Complaint") against the Defendants.  (Dkt. No. 22.)  The Amended Complaint alleges, among other things, that Defendants caused the termination of Plaintiffs' iron ore mining rights in the Republic of Guinea ("Guinea") on the basis of allegedly false allegations that Plaintiffs engaged in bribery and corruption to procure those rights.  (*See, e.g., id.* at ¶¶ 84, 181-184.) Plaintiffs have asserted claims against all of the Defendants for tortious interference with contract, conspiracy to commit tortious interference with contract, and commercial defamation, as well as claims for fraud, conspiracy to commit fraud, and prima facie tort against Mr. Soros.  (*Id.*)

2.      On July 28, 2017, Defendants filed a motion to dismiss the Amended Complaint or, in the alternative, to stay the Action in favor of a pending arbitration between Guinea and Plaintiffs before the International Centre for the Settlement of Investment Disputes (the "Motion").  (Dkt. No. 56.)  Defendants' Motion has been fully briefed, with oral argument scheduled for November 7, 2017.  (Dkt. Nos. 58, 87-88.)

3.      Meanwhile, the Court ordered that document and written discovery proceed, but that depositions shall be stayed pending resolution of the Motion.  (Dkt. No. 30.)  The Court has stated that, in seeking discovery from third parties outside the United States, the parties should endeavor to submit a joint application regarding the particular party(ies) from which international discovery is sought.  (July 18, 2017 Hr'g Tr. 17:4-24.)

4.      Defendants here seek discovery from a particular third party: Vale S.A. ("Vale"), a multinational corporation in Brazil.  Defendants believe that Vale possesses information and documents relevant to their defenses.  Specifically, Defendants seek documents concerning Plaintiffs' contention that they did not obtain their mining rights through bribery and

corruption, and documents concerning Plaintiffs' damages claims, including information related to Plaintiffs' and Vale's investments in Guinea.

5.      In April 2010, Plaintiffs entered into a joint venture with Vale, a multinational mining company incorporated in Brazil, related to the development and operation of Plaintiffs' mining project in Guinea. (Dkt. No. 22 at ¶ 37.)  Pursuant to the joint venture, Vale acquired a 51 percent interest in Plaintiffs' mining project in Guinea for $2.5 billion and "agreed to commit capital expenditures in Guinea of around $10 billion."  (*Id.* at ¶ 38.)

6.      In March 2015, after the joint venture's mining rights were terminated by Guinea, Plaintiffs purchased Vale's portion of the joint venture along with all rights and interests that Vale had in the joint venture.  (*Id.* at ¶ 43)   Plaintiffs calculate the value of their damages, in part, based on the $2.5 billion Vale agreed to pay for its 51 percent interest.  (*Id.* at ¶ 217)   In response to Defendants' First Set of Interrogatories, Plaintiffs represented further that their loss of investment in infrastructure in Guinea is "computed as including the unpaid balance of the purchase price for Vale's interest in the joint venture plus the value of BSGR's remaining interest in the joint venture, plus the pro-rated value of royalties lost."   Plaintiffs' Responses and Objections to Defendants' First Set of Interrogatories to BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG Resources Limited, Response to Request No. 10, Sept. 18, 2017 (attached as Exhibit C).

7.      Vale was not only affiliated with Plaintiffs during the relevant period, but also, according to Plaintiffs, involved in the events leading to the termination of Plaintiffs' mining rights.  For example, Plaintiffs allege that officers of Vale communicated with Defendants and Defendants' purported agents concerning the possible renegotiation of the mining rights at issue in this Action.  (*See* Dkt. No. 22 at ¶¶ 61-65, 101.)  Plaintiffs further allege that, in the fall of 2011,

Guinea "challenged the validity of BSGR's joint venture with Vale" and asserted that there were "issues with BSGR's mining permits." (*Id.* at ¶102-103.)

        8.     Defendants' need for the information sought is particularly compelling here for at least three reasons: *First*, Plaintiffs' allegations show that Vale is likely to possess information relevant to Plaintiffs' alleged damages in the Action. One component of Plaintiffs' alleged damages is the purported $5 billion value of Plaintiffs' contract with Guinea, which Plaintiffs "calculated by doubling the amount paid for half of the rights [under the contract] by Vale in 2011." (*Id.* at ¶ 217.b.) Another component of Plaintiffs' alleged damages are the joint venture's alleged capital and infrastructure expenditures in Guinea, which allegedly exceeded $800 million (*id.* at ¶¶ 42, 217.b), and for which Vale is alleged to have pledged approximately $10 billion. (*Id.* ¶ 38.) Thus, Vale is likely to have documents relating to the value of the mining rights at issue and the amounts expended by Plaintiffs, Vale, or their joint venture that are highly relevant to Plaintiffs' alleged damages in the Action.

        9.     *Second*, Vale is likely to possess information concerning the procurement and termination of Plaintiffs' alleged contract and mining rights, which is relevant to Plaintiffs' allegations that Plaintiffs did not engage in the bribery and corruption that Guinea determined was the basis for the termination of Plaintiffs' contract and mining rights. According to the Amended Complaint, Vale was a competitor with BSGR for the mining rights at issue in the Action and applied for those rights concurrently with BSGR. (*Id.* at ¶¶ 20-21.) Later, after BSGR procured its alleged contract and mining rights, Vale agreed to pay $2.5 billion to enter the joint venture with BSGR. And after that, Vale was BSGR's partner in the joint venture when Guinea terminated the joint venture's contract and mining rights on the basis of findings that BSGR procured them through bribery and corruption. Thus, Vale is likely to possess

4

documents—whether through its own involvement in the application process, its later
negotiations and diligence leading to its entry into the joint venture, or its status as a partner in
the joint venture—that are probative of the circumstances resulting in both the procurement and
termination of BSGR's purported contract and mining rights.

10.     *Third*, Plaintiffs concede that they have in their possession documents
from a related arbitration filed by Vale against Plaintiffs in the London Court of International
Arbitration, but are precluded from producing those documents produced by third parties based
on a confidentiality order in that proceeding.  *See* Plaintiffs' Responses and Objections to
Defendants' First Request for the Production of Documents, Responses to Request Nos. 15, 21,
55, Aug. 23, 2017 (attached as Exhibit D).  Defendants believe that these documents are relevant
to their defenses in the litigation.

11.     The parties have conferred and Defendants have agreed that any documents
produced in response hereto will be produced to all parties to the litigation.  Plaintiffs take no
position with regard to the allegations in the request, other than to deny the allegations concerning
any supposed corruption and bribery relating to Plaintiffs or to BSGR's joint venture with Vale.

12.     Therefore, Defendants request that the Court issue the attached Letter
Rogatory seeking the assistance of the appropriate judicial authority of Federative Republic of
Brazil in collecting documents located in the Federative Republic of Brazil as set forth in
Schedule A of the Letter Rogatory that are in the possession, custody or control of Vale, and that
can only be obtained through a request for international judicial assistance.[1]

---

[1]     Defendants acknowledge that if the Court grants the Motion, that would render this application moot.

**RELIEF REQUESTED**

13.     Accordingly, Defendants respectfully request, for the purpose of justice and due determination of the matters in dispute between the parties, this Court's assistance in (i) collecting documents located in Brazil as set forth in Schedule A of the Letter Rogatory for use at trial in the above-captioned action.

14.     The person from whom evidence is sought by the Letter Rogatory is Vale S.A.

15.     The documents sought are material to Defendants' defenses.

16.     Defendants have considered the requirements of the Courts of Brazil with respect to Letters Rogatory, including the form in which the Letter Rogatory should be presented to the Brazilian Court and its permissible content.  Defendants believe that this Letter Rogatory is consistent with those requirements.

17.     WHEREFORE, Defendants respectfully request that the Court enter the attached form of order (i) providing for this Court to sign the Letter Rogatory attached to the Application as Exhibit B and affix the seal of the United States District Court for the Southern District of New York over said signature in the Letter Rogatory; (ii) directing that the Clerk of the Court return the original, signed Letter Rogatory to counsel for Defendants, so that said documents may be transmitted to the United States Department of State; (iii) directing counsel for Defendants to cause the transmittal of the original, signed Letter Rogatory to the United States Department of State; and (iv) granting such other relief as the Court deems just and proper.

Dated: October 27, 2017                    Respectfully submitted,
New York, New York


                                           WILLKIE FARR & GALLAGHER, LLP



                                           By: /s/ Elizabeth J. Bower_____
                                               Joseph T. Baio
                                               Benjamin P. McCallen
                                               James Fitzmaurice

                                           787 Seventh Avenue
                                           New York, NY 10019
                                           Telephone: (212) 728-8000
                                           jbaio@willkie.com

                                               Elizabeth J. Bower

                                           1875 K Street, N.W.
                                           Washington, D.C. 20006
                                           (202) 303-1000
                                           ebower@willkie.com


                                           *Attorneys for Defendants*