# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BSG RESOURCES (GUINEA) LIMITED, BSG
RESOURCES (GUINEA) SÀRL, and BSG
RESOURCES LIMITED,

    Plaintiffs,

  v.

GEORGE SOROS, OPEN SOCIETY
FOUNDATIONS, OPEN SOCIETY INSTITUTE,
FOUNDATION TO PROMOTE OPEN
SOCIETY, OPEN SOCIETY FOUNDATION,
INC., ALLIANCE FOR OPEN SOCIETY
INTERNATIONAL, INC., OPEN SOCIETY
POLICY CENTER, and OPEN SOCIETY FUND,

    Defendants.

No. 1:17-cv-02726 (JFK) (AJP)

---

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUEST
FOR THE PRODUCTION OF DOCUMENTS**

    Pursuant to Rule 26 and Rule 34 of the Federal Rules of Civil Procedure and the Local

Rules of the United States District Courts for the Southern and Eastern Districts of New York (the

"Rules"), Plaintiffs BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG

Resources Limited (collectively "BSGR" or "Plaintiffs") by and through their undersigned

counsel, hereby respond and object to Defendants' First Request for Production of Documents

(the "Requests"). Subject to the other objections herein and the agreement of the parties, a

privilege log of any documents withheld from production will be produced in accordance with the

Rules.

## REQUESTS FOR PRODUCTION

**Request No. 1:**  All Documents or Communications concerning the allegations or claims in  the Amended Complaint.

**Response:**  Plaintiffs object to this Request as overly broad, unduly burdensome, vague and

ambiguous to the extent that it seeks without limitation all documents concerning "the allegations

or claims" in the Amended Complaint.

Subject to and without waiving the foregoing objections, Plaintiffs will produce relevant,

non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and

control.  Plaintiffs, mindful of the current version of the applicable Rules and the writings of

Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents

knowingly falling within this Request, subject to the privilege, confidentiality and definitional

objections set forth in General Objections 1-5, 8.

**Request No. 2:**  All Documents or Communications referenced, cited, or quoted in the  Amended Complaint.

**Response:**  Plaintiffs will produce relevant, non-privileged documents responsive to this Request

that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of

the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend

to withhold relevant documents knowingly falling within this Request, subject to the privilege,

confidentiality and definitional objections set forth in General Objections 1-5, 8.

**Request No. 3:**  All Documents or Communications concerning any Documents or Communications referenced, cited, or quoted in the Amended Complaint.

**Response:**  Plaintiffs object to this request to the extent it seeks information that is

publicly available and/or readily obtainable from sources other than Plaintiffs that are

more convenient, less burdensome, and/or less expensive.  Plaintiffs object to this request

as vague and ambiguous to the extent it seeks "Documents and Communications"

concerning "Documents and Communications."  Plaintiffs object to this Request to the

extent that it is unreasonably cumulative and/or duplicative, including of Requests Nos. 1

and 2.

Subject to and without waiving the foregoing objections, Plaintiffs will produce

relevant, non-privileged documents responsive to this Request that are within Plaintiffs'

legal custody and control.  Plaintiffs, mindful of the current version of the applicable

Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to

withhold relevant documents knowingly falling within this Request, subject to the

privilege, confidentiality and definitional objections set forth in General Objections 1-5, 8.

**Request No. 4:**  Documents sufficient to demonstrate the corporate structure of BSGR and  its
principals, parents, subsidiaries, partners, and affiliates, including any organizational charts.

**Response:**  Plaintiffs will produce relevant, non-privileged documents responsive to this

Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current

version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs

do not intend to withhold relevant documents knowingly falling within this Request, subject to

the privilege, confidentiality and definitional objections set forth in General Objections 1-6, 8.

**Request No. 5:** All Documents or Communications concerning the Agreements,  including,
but not limited to, the Agreements, any amendments to the Agreements, any  applications to
Guinea submitted by BSGR concerning the Agreements, any Documents or
Communications concerning the negotiation or procurement of the Agreements, and any
Documents or Communications created or transmitted by BSGR pursuant to the terms of the
Agreements.

**Response:**  Plaintiffs object to this Request as overly broad and unduly burdensome to the

extent it seeks "any Documents or Communications created or transmitted by BSGR

pursuant to the terms of the Agreements," as such Request would encompass, without

limitation, every document or communication concerning work performed by or on behalf

of BSGR relating to mining in Guinea and as such would impose an excessive, costly and

unnecessary burden upon Plaintiffs.  See also Response to Request 8.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a

reasonable search for documents responsive to this Request, subject to reasonable ESI search terms

and custodians, and will produce relevant, non-privileged documents responsive to this Request

that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of

the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend

to withhold relevant documents knowingly falling within this Request, subject to the Response to

Request 8, and the privilege, confidentiality and definitional objections set forth in General

Objections 1-6, 8.

**Request No. 6:** All Documents or Communications concerning Defendants' alleged
interference with the Agreements.

**Response:**  Plaintiffs object to this Request to the extent that it seeks documents already in

the possession, custody, and/or control of Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs will produce

relevant, non-privileged documents responsive to this Request that are within Plaintiffs'

legal custody and control.  Plaintiffs, mindful of the current version of the applicable Rules

and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold

relevant documents knowingly falling within this Request, subject to the privilege,

confidentiality and definitional objections set forth in General Objections 1-5, 8.

**Request No. 7:**  All Documents or Communications concerning the financial interests of Guinea
or President Condé in the Agreements or the modification or termination of the  Agreements.

**Response:**  Plaintiffs object to this request on the grounds that "the financial interests of Guinea

or President Condé in the Agreements" is vague and ambiguous, and requires further

clarification.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a

reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-5, 8.

**Request No. 8:** All Documents or Communications concerning any work undertaken by BSGR in Guinea pursuant to the agreements.

**Response:**  Plaintiffs object to this Request to the extent that it is unreasonably cumulative and/or duplicative of Request No. 5, among others.  Plaintiffs further object to this request as overly broad and unduly burdensome to the extent that it requests "all documents" concerning "any work" done pursuant to the agreements, which would encompass documents concerning every individual worker for BSGR in Guinea in any capacity.

Plaintiffs will interpret this Request as limited to the reports of the work undertaken on the ground in Guinea pursuant to the agreements.   Plaintiffs will withhold any documents in response to this Request that are beyond the scope of those reports.

**Request No. 9:** All Documents or Communications concerning Guinea's examination, confirmation, ratification, review, or termination of the Agreements.

**Response:**  Plaintiffs object to this Request to the extent that it is unreasonably cumulative and/or duplicative of Requests Nos. 5 and 7, among others.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs

5

do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-5, 8.

**Request No. 10:**  All Communications or Documents concerning Communications or meetings between or among BSGR and Guinea.

**Response:**  Plaintiffs object to this Request to the extent that it is unreasonably cumulative and/or duplicative of other Requests.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-6, 8.

**Request No. 11:** All Documents or Communications concerning the formation of the Joint Venture.

**Response:**  Plaintiffs object to this request as overly broad and unduly burdensome, to the extent that it requests transaction documents that are voluminous and entirely unrelated to the subject of this litigation and to the allegations in the Amended Complaint.  Plaintiffs further object to this Request to the extent it seeks the production of documents that may not be produced pursuant to a confidentiality or non-disclosure agreement with a third party and/or a court order, or are precluded from disclosure under legal obligations of any kind, including U.S. or foreign privacy laws.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search terms

and custodians, and will produce relevant documents identified in that search that are responsive, non-privileged and within Plaintiffs' legal custody and control.   Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-6, 8.

**Request No. 12:** All Documents or Communications concerning the termination of the  Joint Venture or the investigation by Guinean or other authorities of the Joint Venture.

**Response:**  Plaintiffs object to this request as overly broad and unduly burdensome to the extent it seeks transaction documents that are entirely unrelated to the subject of this litigation and to the allegations in the Amended Complaint.  Plaintiffs further object to this Request to the extent it seeks the production of documents that may not be produced pursuant to a confidentiality or non-disclosure agreement with a third party and/or a court order, or are precluded from disclosure under legal obligations of any kind, including U.S. or foreign privacy laws.   Plaintiffs further object to this Request on the grounds that the phrase "other authorities" is vague and ambiguous.

Subject to the Stipulated Protocols, and without waiving the foregoing Objections, Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant documents identified in that search that are responsive, non-privileged and within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-6, 8.

**Request No. 13:** All Communications or Documents concerning Communications or meetings between or among the Joint Venture, on the one hand, and Guinea or any of the

7

Defendants, on the other.

**Response:**  Plaintiffs object to this Request to the extent that it is unreasonably cumulative and/or duplicative of other Requests, and as overly broad and unduly burdensome to the extent that the Joint Venture, or VBG, is included in the definition of BSGR in the Requests.  Plaintiffs further object to this Request to the extent it seeks the production of documents that may not be produced pursuant to a confidentiality or non-disclosure agreement with a third party and/or a court order, or are precluded from disclosure under legal obligations of any kind, including U.S. or foreign privacy laws.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-6, 8.

**Request No. 14:** All Communications or Documents concerning Communications or meetings between or among George Soros and President Condé.

**Response:**  Plaintiffs object to this Request to the extent that it seeks documents already in the possession, custody, and/or control of Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control.  Plaintiffs,

mindful of the current version of the applicable Rules and the writings of Judge Peck, state

that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling

within this Request, subject to the privilege, confidentiality and definitional objections set

forth in General Objections 1-5, 8.

**Request No. 15:** All Documents or Communications concerning Pentler Holdings, including, but not limited to, Documents or Communications concerning the creation of Pentler Holdings, services provided by Pentler Holdings related to Guinea or BSGR, and any payments made to, by, or through Pentler Holdings, directly or indirectly, related to the Agreements or BSGR's dealings in Guinea.

**Response:** Plaintiffs object to the definition of "Pentler Holdings" as set forth in General

Objections 6 and 7. For purposes of these Responses and Objections, "Pentler" is defined in

Plaintiffs' General Objection 6. Plaintiffs further object to this Request as overly broad and

unduly burdensome to the extent it seeks documents from a non-party to this litigation, for which

Plaintiffs do not have the authority to produce. Plaintiffs further object to this Request on the

grounds that "BSGR's dealings in Guinea" is overbroad, vague and ambiguous.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a

reasonable search for documents responsive to this Request, subject to reasonable ESI search

terms and custodians, and will produce relevant, non-privileged documents responsive to this

Request that are within Plaintiffs' legal custody and control. Plaintiffs, mindful of the current

version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do

not intend to withhold relevant documents knowingly falling within this Request, subject to the

privilege, confidentiality and definitional objections set forth in General Objections 1-8. Plaintiffs

note that they have documents from Pentler that they are prohibited from disclosing pursuant to

Article 30 of the 1998 LCIA Rules and reconfirmed by a Procedural Order in the LCIA

proceedings.

**Request No. 16:**  All Documents or Communications concerning (i) Dag Lars Cramer, (ii) Frédéric Cilins, (iii) Michael Noy, (iv) Avhraham Lev Ran, or (v) Roy Oron, including but not limited to, the services they provided concerning BSGR or Guinea or any payments BSGR provided to them, either directly or indirectly.

**Response:**  Plaintiffs object to this Request to the extent that it is overbroad and unduly burdensome in that it requests documents concerning individuals unlimited by reference to any content at all, which calls for the production of patently irrelevant material and would impose an excessive, costly and unnecessary burden upon Plaintiffs.  Plaintiffs will limit this Request to information concerning Guinea.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, as limited above, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-6, 8.

**Request No. 17:**  All Documents or Communications concerning (i) Ibrahima Sory Touré, (ii) Ibrahima Fofana Kassory, (iii) Adama Sidibe, (iv) Aboubacar Bah, (v) Ismaila Daou, (vi) Samuel Mebiame, (vii) Lounceny Nabé, or (viii) Ghasson Boutros.

**Response:**  Plaintiffs object to this Request as overbroad and unduly burdensome in that it requests documents concerning individuals unlimited by reference to content related to the subject of this lawsuit, which calls for the production of patently irrelevant material and would impose an excessive, costly and unnecessary burden upon Plaintiffs.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a reasonable search for documents otherwise responsive to this Request, subject to reasonable ESI

search terms and custodians, and will produce relevant documents identified in that search that

are responsive, non-privileged and within Plaintiffs' legal custody and control.   Plaintiffs,

mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at

this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this

Request, subject to the privilege, confidentiality and definitional objections set forth in General

Objections 1-5, 8.

**Request No. 18:** All Documents or Communications concerning acts or allegations of corruption
or bribery by BSGR in Guinea, including, but not limited to, any payments or gifts made to (i)
secure meetings with Guinea, (ii) procure the Agreements, (iii) obtain mining rights in Guinea,
and (iv) cause the destruction of evidence relevant to allegations that BSGR engaged in
corruption or bribery in Guinea.

**Response:** Plaintiffs object to this request on the grounds that it is vague, ambiguous and

overbroad, including to the extent it seeks documents concerning unspecified "allegations" of

" corruption or bribery by BSGR in Guinea."

Subject to and without waiving the foregoing objections, Plaintiffs state that to the best

of their knowledge, Plaintiffs do not have Documents or Communications concerning "any

payments or gifts made to (i) secure meetings with Guinea, (ii) procure the Agreements, (iii)

obtain mining rights in Guinea, and (iv) cause the destruction of evidence relevant to allegations

that BSGR engaged in corruption or bribery in Guinea."   Plaintiffs will undertake a reasonable

search for documents or communications responsive to this Request, subject to reasonable ESI

search terms and custodians, and will produce relevant documents identified in that search that

are responsive, non-privileged and within Plaintiffs' legal custody and control.   Plaintiffs,

mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at

this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this

Request, subject to the privilege, confidentiality and definitional objections set forth in General

Objections 1-6, 8.

**Request No. 19:** All Documents or Communications concerning any payments, gifts, or bribes made, transmitted, or offered by BSGR, either directly or indirectly, to Guinea, Mahmoud Thiam, or, Mamadie Touré.

**Response:** Plaintiffs object to this Request to the extent that it is unreasonably cumulative and/or duplicative of other Requests. Plaintiffs further object to this request to the extent that it is overbroad, and will interpret it as limited to the Agreements and/or iron mining in Guinea.

Subject to and without waiving the foregoing objections, Plaintiffs state that to the best of their knowledge, Plaintiffs do not have Documents or Communications concerning "gifts, or bribes made, transmitted or offered by BSGR, to Guinea, Mahmoud Thiam, or, Mamadie Touré." Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control. Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-6, 8.

**Request No. 20:** All Documents or Communications concerning any company that contains "Matinda" in its name, including, but not limited to, Matinda Partners and Co. Ltd., Matinda and Co. Ltd. Sàrl, and Matinda & Co. Ltd.

**Response:** Plaintiffs object to this Request to the extent that it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control. Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do

not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-5, 8.

**Request No. 21:** All Documents or Communications concerning any contract or agreement (whether written or oral) entered into or allegedly entered into between BSGR or Pentler Holdings, on the one hand, and (i) Mamadie Touré, (ii) Ibrahima Sory Touré, (iii) Ibrahima Fofana Kassory, (iv) Adama Sidibe, (v) Aboubacar Bah, (vi) Ismaila Daou, or (viii) Samuel Mebiame, on the other hand, including, but not limited to, the contracts referenced in paragraph 2 of Procedural Order No. 11 in the ICSID Arbitration.

**Response:** Plaintiffs object to this Request to the extent that it is unreasonably cumulative and/or duplicative of other Requests, including Request No. 17. Plaintiffs also object to this Request on the grounds that the language "allegedly entered into" is vague and ambiguous. Plaintiffs further object to the definition of "Pentler Holdings" as set forth in General Objections 6 and 7. For purposes of these Responses and Objections, "Pentler" is defined in General Objection 6. Plaintiffs further object to this Request to the extent it seeks documents from non-parties to this litigation, for which Plaintiffs do not have the authority to produce.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control. Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-8. Plaintiffs note that they have documents from Pentler that they are prohibited from disclosing pursuant to Article 30 of the 1998 LCIA Rules and reconfirmed by a Procedural Order in the LCIA proceedings.

**Request No. 22:** All Documents or Communications concerning any payments, gifts, or bribes made, transmitted, or offered by BSGR, either directly or indirectly, to any entity or

individual in connection with the Agreements or BSGR's dealings in Guinea.

**Response:**  Plaintiffs object to this Request to the extent it seeks information that is not

relevant to any party's claims or defenses.  Plaintiffs further object to this Request to the

extent that it is unreasonably cumulative and/or duplicative of other Requests.   Plaintiffs also

object to this Request on the grounds that the language "BSGR's dealings in Guinea" is

overbroad, vague and ambiguous.

Subject to and without waiving the foregoing objections, Plaintiffs state that to the

best of their knowledge, Plaintiffs do not have any documents or communications concerning

"gifts, or  bribes" "made, transmitted, or offered by BSGR" "in connection with the

Agreements".   Plaintiffs will undertake a reasonable search for documents or

communications responsive to this Request, subject to reasonable ESI search terms and

custodians, and will produce relevant documents identified in that search that are responsive,

non-privileged and within Plaintiffs' legal custody and control.   Plaintiffs, mindful of the

current version of the applicable Rules and the writings of Judge Peck, state that at this time,

Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request,

subject to the privilege, confidentiality and definitional objections set forth in General

Objections 1-6, 8.

**Request No. 23:** All Documents or Communications concerning Barrick Gold Corporation  or its
Chief Operating Officer, Richard Williams.

**Response:**  Plaintiffs object to this Request to the extent it seeks information that is not relevant

to any party's claims or defenses.  Plaintiffs further object to this Request to the extent that it

seeks information already in the possession, custody, and/or control of Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a

reasonable search for documents responsive to this Request, subject to reasonable ESI search

14

terms and custodians, and will produce relevant, non-privileged documents responsive to this

Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current

version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs

do not intend to withhold relevant documents knowingly falling within this Request, subject to

the privilege, confidentiality and definitional objections set forth in General Objections 1-5, 7.

**Request No. 24:** All Documents or Communications concerning any alleged meetings or
Communications between or among Defendants and Guinea.

**Response:**  Plaintiffs object to this Request to the extent that it seeks information already in

the possession, custody, and/or control of Defendants.   Plaintiffs further object to this Request

to the extent that it is unreasonably cumulative and/or duplicative of other Requests, including

Request 10.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a

reasonable search for documents responsive to this Request, subject to reasonable ESI search

terms and custodians, and will produce relevant, non-privileged documents responsive to this

Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current

version of the applicable Rules and the writings of Judge Peck, state that at this time,

Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request,

subject to the privilege, confidentiality and definitional objections set forth in General

Objections 1-5, 8.

**Request No. 25:** All Documents or Communications concerning President Condé's alleged
demand "that BSGR pay $1.25 billion to maintain its contractual mining rights" or BSGR's
alleged "refusal to pay the $1.25 billion demanded" referenced in paragraphs 58 and 60 of the
Amended Complaint.

**Response:**  Plaintiffs object to this Request to the extent that it is unreasonably cumulative and/or

duplicative of other Requests.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a

reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-6, 8.

**Request No. 26:** All Documents or Communications concerning the allegation in paragraph 61 of the Amended Complaint that "[George] Soros and OSF engaged in secret negotiations with Vale seeking payment of $500 million," including, but not limited to, the documents referenced in paragraphs 61 through 65 of the Amended Complaint.

**Response:**  Plaintiffs object to this Request to the extent that it seeks information already in the possession, custody, and/or control of Defendants.   Plaintiffs further object to this Request to the extent that it is unreasonably cumulative and/or duplicative of other Requests.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-5, 8.

**Request No. 27:** All Documents or Communications concerning BSGR's contention or allegations that Revenue Watch Institute, Global Witness, DLA Piper, Scott Horton, Veracity Worldwide, or Steven Fox are or were the agents of, under the control of, or funded by any of the Defendants.

**Response:**  Plaintiffs object to this Request to the extent that it seeks information already in the possession, custody, and/or control of Defendants.   Plaintiffs further object to this Request to the extent that it is unreasonably cumulative and/or duplicative of other Requests.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-5, 8.

**Request No. 28:** All Documents or Communications concerning Guinea's Mining Code, including, but not limited to, any drafts of and amendments to the Mining Code.

**Response:**  Plaintiffs object to this Request to the extent that it seeks information already in the possession, custody, and/or control of Defendants.   Plaintiffs further object to this Request to the extent that it is unreasonably cumulative and/or duplicative of other Requests.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-5, 8.

**Request No. 29:** All Documents or Communications concerning the investigation conducted by the law firm Heenan Blaikie referenced in paragraphs 93 and 106 of the Amended Complaint, including, but not limited to, Documents or Communications concerning the results of that investigation, the identity or qualifications of any Person who performed, engaged in, contributed to, or otherwise affected the investigation, and any reports, conclusions, summaries, or other documents evidencing the findings of the investigation.

**Response:**  Subject to the Stipulated Protocols, and without waiving the foregoing Objections, Plaintiffs will produce the Heenan Blakie report referenced in paragraph 93 of the Amended

Complaint.  Plaintiffs, further, will undertake a reasonable search for documents or

communications responsive to this Request, subject to reasonable ESI search terms and

custodians, and will produce relevant documents identified in that search that are responsive, non-

privileged and within Plaintiffs' legal custody and control.   Plaintiffs, mindful of the current

version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do

not intend to withhold relevant documents knowingly falling within this Request, subject to the

privilege, confidentiality and definitional objections set forth in General Objections 1-5, 8.

**Request No. 30:** All Documents or Communications concerning law firms other than Heenan
Blaikie that had investigated or were otherwise involved in reviewing the "Basic Convention and
related mining contracts" to support BSGR's allegation in paragraph 3 of the Amended Complaint
that "reputable law firms" (plural) had "confirmed" the validity of the  "Basic Convention and
related mining contracts."

**Response:**  Subject to and without waiving the foregoing objections, Plaintiffs will undertake a

reasonable search for documents responsive to this Request, subject to reasonable ESI search

terms and custodians, and will produce relevant, non-privileged documents responsive to this

Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current

version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do

not intend to withhold relevant documents knowingly falling within this Request, subject to the

privilege, confidentiality and definitional objections set forth in General Objections 1-6, 8.

**Request No. 31:** All Documents or Communications concerning Veracity Worldwide, Steven
Fox, DLA Piper, or Scott Horton, including, but not limited to, Documents or
Communications concerning any investigations conducted or reports created by any of those
entities, and Documents or Communications provided to or relied on by those entities in
connection with any such reports or investigations.

**Response:**  Plaintiffs object to this Request to the extent that it seeks information already in

the possession, custody, and/or control of Defendants.   Plaintiffs further object to this Request

to the extent that it is unreasonably cumulative and/or duplicative of other Requests.   Plaintiffs

further object to this Request as overbroad, to the extent it seeks "all" information concerning

18

"DLA Piper," which firm represents Guinea in the ICSID Arbitration, among other firms.

Plaintiffs further object to this Request to the extent it seeks information concerning matters

on which DLA has represented BSGR, on the grounds of privilege and relevance; Plaintiffs

will not search for or produce any such documents.

Subject to and without waiving the foregoing objections, Plaintiffs will produce the

DLA Piper and Veracity reports referenced in paragraphs 109 and 111 of the Amended

Complaint.  Plaintiffs, further, will undertake a reasonable search for documents or

communications responsive to this Request, subject to reasonable ESI search terms and

custodians, and will produce relevant documents identified in that search that are responsive,

non-privileged and within Plaintiffs' legal custody and control.   Plaintiffs, mindful of the

current version of the applicable Rules and the writings of Judge Peck, state that at this time,

Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request,

subject to the Response to Request 48, and the privilege, confidentiality and definitional

objections set forth in General Objections 1-5, 8.

**Request No. 32:** All Documents or Communications demonstrating how BSGR obtained a  copy
of DLA Piper's draft and/or final report, referenced, among other places, in paragraph 111  of the
Amended Complaint.

**Response:**  Plaintiffs object to this Request to the extent that it is unreasonably cumulative and/or

duplicative of other Requests, including Request No. 31.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a

reasonable search for documents responsive to this Request, subject to reasonable ESI search

terms and custodians, and will produce relevant, non-privileged documents responsive to this

Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current

version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do

not intend to withhold relevant documents knowingly falling within this Request, subject to the

privilege, confidentiality and definitional objections set forth in General Objections 1-6, 8.

**Request No. 33:** All Documents or Communications concerning George Soros or Chris Canavan.

**Response:** Plaintiffs object to this Request to the extent that it seeks information already in the possession, custody, and/or control of Defendants.   Plaintiffs further object to this Request to the extent that it is unreasonably cumulative and/or duplicative of other Requests.   Plaintiffs further object to this Request to the extent it seeks information that is readily obtainable from sources other than Plaintiffs that are more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-5, 8.

**Request No. 34:**  All Documents or Communications concerning FTI Consulting, including, but not limited to, Documents or Communications concerning any contracts between FTI  Consulting and BSGR, Defendants' alleged interference in any such contracts, and the alleged  statement of John Waples of FTI Consulting that "Mr. Soros had a personal obsession about  BSGR and is determined to ensure that VBG's mining license is withdrawn/cancelled,"  referenced in paragraph 48 of the Amended Complaint.

**Response:**  Plaintiffs object to this Request to the extent that it seeks information already in the possession, custody, and/or control of Defendants.   Plaintiffs further object to this Request to the extent that it is unreasonably cumulative and/or duplicative of other Requests.   Plaintiffs further object to this Request as overbroad to the extent it seeks "all" information "concerning FTI Consulting."  Plaintiffs will limit this Request to information concerning mining in Guinea and the alleged interference.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, as limited above, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-6, 8.

**Request No. 35:** All Documents or Communications concerning the National Mining Commission, Technical Committee, or Strategic Committee, including Documents provided to or Communications with each of them.

**Response:**  Plaintiffs object to this Request to the extent that it seeks information already in the possession, custody, and/or control of Defendants.   Plaintiffs further object to this Request to the extent that it is unreasonably cumulative and/or duplicative of other Requests.   Plaintiffs further object to this Request to the extent it seeks information that is readily obtainable from sources other than Plaintiffs that are more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-5, 8.

**Request No. 36:** All Documents exchanged between or among the Technical Committee or Guinea, on the one hand, and BSGR on the other hand, including, but not limited to, the Allegations Letter referenced in paragraph 114 of the Amended Complaint, the Allegations Letter referenced in paragraph 150 of the Amended Complaint, and the alleged "exculpatory material" and "evidence" referenced in paragraph 150 of the Amended Complaint.

21

**Response:**  Plaintiffs object to this Request to the extent that it is unreasonably cumulative and/or duplicative of other Requests, including Request No. 35.

Subject to and without waiving the foregoing Objections, Plaintiffs will produce the Allegations Letters referenced in paragraphs 114 and 150 of the Amended Complaint, and the materials referenced in paragraph 150 of the Amended Complaint.  Plaintiffs, further, will undertake a reasonable search for documents or communications responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant documents identified in that search that are responsive, non-privileged and within Plaintiffs' legal custody and control.   Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-6, 8.

**Request No. 37:**  All Documents or Communications concerning the Allegations Letter referenced in paragraph 114 of the Amended Complaint, including, but not limited to, Documents or Communications concerning the substance of the letter, the alleged leak of the letter to the press, as described in paragraph 130 of the Amended Complaint, and the consequences of the letter, including the alleged consequence described in paragraph 131 of the Amended Complaint.

**Response:**  Plaintiffs object to this Request to the extent that it is unreasonably cumulative and/or duplicative of other Requests.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to

the privilege, confidentiality and definitional objections set forth in General Objections 1-5, 8.

**Request No. 38:** All Documents or Communications relating to the investigation or review of the Agreements undertaken by the Technical Committee, including, but not limited to, any Documents or Communications concerning BSGR's allegations that the result of the Technical Committee's review was pre-ordained and that "[George] Soros conspired with members of the Technical Committee (or alternatively duped them) to perpetrate the fraud of appearing to conduct an impartial and fair investigative process."

**Response:**  Plaintiffs object to this Request to the extent that it seeks information already in the

possession, custody, and/or control of Defendants.   Plaintiffs further object to this Request to the

extent that it is unreasonably cumulative and/or duplicative of other Requests.   Plaintiffs further

object to this Request to the extent it seeks information that is readily obtainable from sources

other than Plaintiffs that are more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a

reasonable search for documents responsive to this Request, subject to reasonable ESI search

terms and custodians, and will produce relevant, non-privileged documents responsive to this

Request that are within Plaintiffs' legal custody and control.   Plaintiffs, mindful of the current

version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs

do not intend to withhold relevant documents knowingly falling within this Request, subject to

the privilege, confidentiality and definitional objections set forth in General Objections 1-6, 8.

**Request No. 39:**  All Documents or Communications concerning BSGR's destruction of, or attempt to destroy, evidence relating to any contract or agreement (whether written or oral) entered into or allegedly entered into by BSGR or Pentler Holdings, on the one hand, and (i) Mamadie Touré, (ii) Ibrahima Sory Touré, (iii) Ibrahima Fofana Kassory, (iv) Adama Sidibe, (v) Aboubacar Bah, (vi) Ismaila Daou, (vii) Samuel Mebiame, (viii) Lounceny Nabé, and/or (ix) Ghasson Boutros on the other hand, including, but not limited to, the contracts referenced in paragraph 2 of Procedural Order No. 11 in the ICSID Arbitration.

**Response:**  Plaintiffs object to the definition of "Pentler Holdings" as set forth in General

Objections 6 and 7.  For purposes of these Responses and Objections, "Pentler" is defined in

Plaintiffs' General Objection 6.  Plaintiffs further object to this Request to the extent it seeks

documents from a non-party to this litigation, for which Plaintiffs do not have the authority to produce.

Subject to the Stipulated Protocols, and without waiving the foregoing Objections, Plaintiffs state that to the best of their knowledge, Plaintiffs do not have Documents or Communications responsive to this Request.   Plaintiffs deny that they destroyed or  attempted to destroy evidence relating to any requested contract or agreement.  For other documents, please see responses to Requests 17 and 21.

**Request No. 40:**  All Documents or Communications concerning any alleged statements  made by Defendants, Scott Horton, Global Witness, or any alleged agent of Defendants  concerning BSGR and/or the mining industry in Guinea.

**Response:**  Plaintiffs object to this Request to the extent that it seeks information already in the possession, custody, and/or control of Defendants.   Plaintiffs further object to this Request to the extent that it is unreasonably cumulative and/or duplicative of other Requests. Plaintiffs further object to this Request to the extent it seeks information that is readily obtainable from sources other than Plaintiffs that are more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-6, 8.

**Request No. 41:**  All Documents or Communications concerning the allegation that  Mamadie

Touré received payments from Mamoudou Kouyaté and from "an agent or associate of [George] Soros" in paragraph 152 of the Amended Complaint.

**Response:**  Plaintiffs object to this Request to the extent that it seeks information already in the possession, custody, and/or control of Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-5, 8.

**Request No. 42:** All Documents or Communications concerning the allegation that DLA Piper was "in the chain of custody concerning the [forged] contracts" referenced in paragraph 151 of the Amended Complaint.

**Response:**  Plaintiffs object to this Request to the extent that it seeks information already in the possession, custody, and/or control of Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-5, 8.

**Request No. 43:**  All Documents or Communications concerning the alleged payments referenced in paragraphs 161 through 164 of the Amended Complaint, including, but not limited to, the "duly executed declaration of an intermediary" referenced in paragraph 161 of the Amended Complaint (the "Intermediary Declaration"), and all Documents or Communications concerning the Intermediary Declaration and its contents, including any drafts of and amendments to the Intermediary Declaration.

**Response:**  Plaintiffs object to this Request to the extent that it seeks information already in the

possession, custody, and/or control of Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control. Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-5, 8.

**Request No. 44:** All Documents or Communications concerning any monetary or reputational damages or the calculation of such damages that BSGR is alleged to have suffered in the Amended Complaint, including, but not limited to, any alleged investment or expenditure by BSGR in Guinea, BSGR's alleged lost "business opportunities" referenced in paragraphs 173 and 174 of the Amended Complaint, and BSGR's alleged damages set forth in paragraph 217 of the Amended Complaint.

**Response:** Subject to and without waiving the foregoing objections, Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control. Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-6, 8.

**Request No. 45:** All Documents or Communications concerning alleged acts or transactions undertaken by BSGR in reliance on Defendants' alleged misrepresentations or omissions regarding the impartiality of the Technical Committee's review of the Agreements.

**Response:** Plaintiffs object to this Request to the extent it calls for a legal conclusion and as such, it requires no response. Plaintiffs further object to this Request to the extent that it is unreasonably cumulative and/or duplicative of other Requests.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search

terms and custodians, and will produce relevant, non-privileged documents responsive to this

Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current

version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do

not intend to withhold relevant documents knowingly falling within this Request, subject to the

privilege, confidentiality and definitional objections set forth in General Objections 1-6, 8.

**Request No. 46:** All Documents or Communications concerning whether Guinea has
considered restoring, has restored, or will restore the Agreements.

**Response:**  Plaintiffs will produce any public document that is responsive to this Request.

To the extent this Request calls for any other documents, Plaintiffs – without admitting or

denying the existence of any such other documents – believe any such other documents

would be subject to the privilege and confidentiality objections set forth in General

Objections 1-5.

**Request No. 47:** All Documents or Communications concerning the tender of BSGR's
alleged mining rights pursuant to the Agreements to a third party.

**Response:**  Plaintiffs object to this Request to the extent that it is unreasonably cumulative

and/or duplicative of other Requests.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a

reasonable search for documents responsive to this Request, subject to reasonable ESI

search terms and custodians, and will produce relevant, non-privileged documents

responsive to this Request that are within Plaintiffs' legal custody and control.  Plaintiffs,

mindful of the current version of the applicable Rules and the writings of Judge Peck, state

that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling

within this Request, subject to the privilege, confidentiality and definitional objections set

forth in General Objections 1-6, 8.

**Request No. 48:** All Documents concerning the ICSID Arbitration, including, but not limited to,

(i) any Documents produced to or by BSGR in the ICSID Arbitration; (ii) copies of all videos and/or transcripts of any testimony and/or proceedings in the ICSID Arbitration; and (iii) any motion papers or pleadings submitted by BSGR in the ICSID Arbitration.

**Response:** Plaintiffs object to this Request to the extent it seeks information that is protected from disclosure by a confidentiality or non-disclosure agreement with a third party and/or by a court order, or are precluded from disclosure under other legal obligations including U.S. or foreign privacy or secrecy laws. Plaintiffs further object to this Request as overbroad to the extent it seeks "all" information produced in a separate proceeding involving different parties, allegations and claims.

Subject to and without waiving the foregoing objections, Plaintiffs state that pursuant to Procedural Order No. 1, the parties to the ICSID proceeding agreed that "their submissions, exhibits and authorities, witness statements, expert reports, transcripts of hearing, orders, decisions and award[s]" shall be accessible to the public. Plaintiffs will therefore produce as responsive to this Request (1) a video recording of the ICSID hearing; (2) transcripts of the hearing; (3) witness statements submitted in the proceeding; and (4) motion papers or pleadings submitted in the hearing. Plaintiffs will produce this information in the form that it is made accessible to the public in the ICSID proceeding. To the extent that any third party documents or communications produced in the ICSID proceedings are not included under the categories listed in Procedural Order 1, Plaintiffs will withhold those documents and communications. To the extent that Plaintiffs' documents or communications, produced by Plaintiffs in the ICSID proceeding, are identified in a reasonable search for documents or communications responsive to another Request, Plaintiffs will produce such documents identified in that search that are responsive to such other Request, relevant, non-privileged and within Plaintiffs' legal custody and control.

**Request No. 49:** All Documents or Communications concerning BSGR's allegations in the

ICSID Arbitration that:

    a.   "From day one, BSGR understood that the entire process before the Technical Committee was nothing but an attempt to justify the forthcoming withdrawal of its mining investments."

    b.   "Unknown to BSGR, in around late 2009 or early 2010, Alpha Condé (then a Presidential candidate for the forthcoming elections in March 2010 in Guinea), made a deal with business interests in South Africa according to which: (1) they would provide significant funds, believed to be USD 50 million, to Alpha Condé and assist in rigging the forthcoming Presidential election in Guinea to ensure that Alpha Condé was elected; and (2) in return, Alpha Condé agreed that he would, when he became President, grant the South African business interests shares in the mining assets of Guinea, including in particular Simandou where BSGR had its mining titles, and make payments in the amount of USD 14 million."

**Response:** Plaintiffs object to this Request to the extent it seeks information produced in a separate proceeding involving different parties, allegations and claims. Plaintiffs further object to this Request to the extent that it is unreasonably cumulative and/or duplicative of other Requests.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control. Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-6, 8.

**Request No. 50:** All Documents or Communications produced to or by BSGR in connection with any governmental or non-governmental investigation of BSGR's conduct in Guinea, including, but not limited to, investigations by authorities in Guinea, Switzerland, Israel, and the United States.

**Response:** Plaintiffs object to this Request as overbroad and unduly burdensome to the extent it seeks "all" information produced in connection with "any governmental or non-governmental

investigation" involving different entities and individuals and different allegations or claims, which calls for the production of patently irrelevant material and would impose an excessive, costly and unnecessary burden upon Plaintiffs.  Plaintiffs further object to this Request to the extent it seeks information protected from disclosure by a confidentiality or non-disclosure agreement with a third party and/or by a court order, or precluded from disclosure pursuant to other legal obligations, including U.S. or foreign privacy or secrecy laws, including but not limited to the laws of Guinea, Switzerland and Israel protecting the secrecy of a criminal investigation.

Subject to and without waiving the foregoing objections, Plaintiffs further state that they will not produce documents produced in connection with any investigation by authorities in Guinea, Switzerland, Israel as such documents are precluded from disclosure by laws and rules of those countries protecting the secrecy of a criminal investigation.  With regard to "investigations by authorities" in the "United States", to the best of their knowledge, Plaintiffs do not have relevant Documents or Communications "produced by or to" BSGR within their legal custody or control that are responsive to this Request.  To the extent that Plaintiffs' documents or communications, produced by Plaintiffs in connection with any such investigation, are identified in a reasonable search for documents or communications responsive to another Request, Plaintiffs will produce such documents identified in that search that are responsive to such other Request, relevant, non-privileged and within Plaintiffs' legal custody and control.

**Request No. 51:** All Documents or Communications concerning any governmental or non-governmental investigation of BSGR's conduct or business in Guinea, including, but not limited to, investigations by authorities in Guinea, Switzerland, Israel, and the United States.

**Response:** Plaintiffs object to this Request as overbroad and unduly burdensome to the extent it seeks "all" information in connection with "any governmental or non-governmental investigation" involving different entities and individuals and different allegations or claims,

which calls for the production of patently irrelevant material and would impose an excessive, costly and unnecessary burden upon Plaintiffs.  Plaintiffs further object to this Request to the extent it seeks information protected from disclosure by a confidentiality or non-disclosure agreement with a third party and/or by a court order, or precluded from disclosure pursuant to other legal obligations, including U.S. or foreign privacy or secrecy laws, including but not limited to the laws of Guinea, Switzerland and Israel protecting the secrecy of a criminal investigation.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the Response to Request 50 and the privilege, confidentiality and definitional objections set forth in General Objections 1-6, 8.

**Request No. 52:**  All Documents or Communications produced to and by BSGR in any grand jury or other investigation by the United States government relating to BSGR, including, but not limited to, investigations of Beny Steinmetz, Frédéric Cilins, and Mahmoud Thiam.

**Response:**  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by a confidentiality or non-disclosure agreement with a third party and/or by a court order, or precluded from disclosure pursuant to other legal obligations, including U.S. or foreign privacy or secrecy laws.

Subject to and without waiving the foregoing objections, including General Objection 6, Plaintiffs state that to the best of their knowledge, Plaintiffs do not have relevant Documents or Communications within their legal custody or control that are responsive to this Request.

**Request No. 53:** All Documents or Communications concerning any grand jury or other investigation by the United States government relating to BSGR, including, but not limited to, investigations of Beny Steinmetz, Frédéric Cilins, and Mahmoud Thiam.

**Response:**   Plaintiffs object to this Request to the extent it seeks information protected from disclosure by a confidentiality or non-disclosure agreement with a third party and/or by a court order, or precluded from disclosure pursuant to other legal obligations, including U.S. or foreign privacy or secrecy laws.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a reasonable search for documents responsive to this Request, subject to reasonable ESI search terms and custodians, and will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality and definitional objections set forth in General Objections 1-6, 8.

**Request No. 54:** All Documents or Communications produced to and by BSGR in *Rio Tinto PLC v. Vale S.A., et al.*, No. 14-CV-03042 (S.D.N.Y.).

**Response:**   Plaintiffs object to this Request as seeking information not relevant to any party's claims or defenses.  Plaintiffs further object to this Request to the extent that it is unreasonably cumulative and/or duplicative of other Requests.   Plaintiffs further object to this Request to the extent it seeks information protected from disclosure by a confidentiality or non-disclosure agreement with a third party and/or by a court order, or precluded from disclosure pursuant to other legal obligations, including U.S. or foreign privacy or secrecy laws.  Plaintiffs further object to this Request as overbroad to the extent it seeks "all" information produced in a separate proceeding involving different parties, allegations and claims.

Subject to and without waiving the foregoing objections, Plaintiffs state that documents produced to BSGR in the *Rio Tinto* proceeding are precluded from production under that action's Protective Order.  The Protective Order further required that those documents be destroyed upon the conclusion of the action.  BSGR complied with its obligations and destroyed those documents, therefore they are no longer in Plaintiffs' legal custody and control.  To the extent that Plaintiffs' documents or communications, produced by Plaintiffs in connection with any such investigation, are identified in a reasonable search for documents or communications responsive to another Request, Plaintiffs will produce such documents identified in that search that are responsive to such other Request, relevant, non-privileged and within Plaintiffs' legal custody and control.

**Request No. 55:** All Documents or Communications produced to and by BSGR in the *Vale v. BSGR* arbitration, LCIA Arb. No. 142683.

**Response:**  Plaintiffs object to this Request as seeking information not relevant to any party's claims or defenses.  Plaintiffs further object to this Request to the extent that it is unreasonably cumulative and/or duplicative of other Requests.   Plaintiffs further object to this Request to the extent it seeks information protected from disclosure by a confidentiality or non-disclosure agreement with a third party and/or by a court order, or precluded from disclosure pursuant to other legal obligations, including U.S. or foreign privacy or secrecy laws.  Plaintiffs further object to this Request as overbroad to the extent it seeks "all" information produced in a separate proceeding involving different parties, allegations and claims.

Subject to and without waiving the foregoing objections, Plaintiffs state that the LCIA proceedings are confidential pursuant to Article 30 of the 1998 LCIA Rules and reconfirmed by a Procedural Order in the LCIA proceedings.  Plaintiffs, therefore, will withhold any information produced to BSGR in the *Vale* arbitration.   To the extent that Plaintiffs' documents or

communications, produced by Plaintiffs in the LCIA proceeding, are identified in a reasonable

search for documents or communications responsive to another Request, Plaintiffs will produce

such documents identified in that search that are responsive to such other Request, relevant, non-

privileged and within Plaintiffs' legal custody and control.

**Request No. 56:** All Documents or Communications concerning the "evidence [that] was given by
several Guinean officials in various of the proceedings that George Soros has caused to be
initiated against BSGR" referenced in paragraph 133 of the Amended Complaint.

**Response:** Plaintiffs object to this Request to the extent that it is unreasonably cumulative and/or

duplicative of other Requests.

Subject to and without waiving the foregoing objections, Plaintiffs will undertake a

reasonable search for documents responsive to this Request, subject to reasonable ESI search terms

and custodians, and will produce relevant, non-privileged documents responsive to this Request

that are within Plaintiffs' legal custody and control.  Plaintiffs, mindful of the current version of

the applicable Rules and the writings of Judge Peck, state that at this time, Plaintiffs do not intend

to withhold relevant documents knowingly falling within this Request, subject to the privilege,

confidentiality and definitional objections set forth in General Objections 1-5, 8.

**Request No. 57:**  All Documents or Communications concerning the copying, distribution,
damage, destruction, deletion, or erasure of any Document requested in these Requests.

**Response:** Plaintiffs object to this Request as overly broad, unduly burdensome, vague and

ambiguous, and seeking information not relevant to any party's claims or defenses, to the extent

it seeks information concerning the "copying" or "distribution" of "any Document requested in

these Requests."

Subject to and without waiving the foregoing objections, Plaintiffs state that they will not

produce any documents or communications concerning the "copying" or "distribution" of "any

Document requested in these Requests", because Plaintiffs are unable to reasonably construe those

terms in the context provided or reasonably search for such information.  Plaintiffs further state

that to the best of their knowledge, Plaintiffs do not have Documents concerning the "damage,

destruction, deletion, or erasure" of "any Document requested in these Requests."

**Request No. 58:** All Documents on which You intend to rely at a trial of this Action.

**Response:**  Plaintiffs will produce relevant, non-privileged documents or communications within

Plaintiffs' legal custody and control that are responsive to this Request at such time as is

reasonable and appropriate.

## **GENERAL OBJECTIONS**

1.      Plaintiffs object to the Requests to the extent they call for the production of

documents that constitute attorney work product, were prepared in anticipation of or in connection

with litigation, disclose the mental impressions, conclusions, opinions or legal theories of any

attorneys, contain privileged attorney-client communications, or are otherwise protected from

disclosure under applicable privileges, laws or rules.  Such documents are immune from disclosure

and will not be produced.

2.      Plaintiffs object to the Requests, including the Definitions and Instructions therein,

to the extent they call for information outside of that agreed upon in the Parties' Stipulation and

Order Regarding the Production of Electronically Stored Information and Other Materials ("ESI

Stipulation").  For example, Instructions 8 and 9 of the Requests require metadata fields that the

Parties have not agreed to provide in the ESI Stipulation.  Plaintiffs will produce documents in

accordance with the ESI Stipulation as so ordered by the Court.

3.      Plaintiffs object to the Requests, including the Definitions and Instructions therein,

to the extent they call for information that contains confidential or proprietary information or trade

secrets, financial data, personal information, or competitively-sensitive information about future

business plans and strategies.  Plaintiffs will disclose such information in accordance with the

Parties' Stipulated Protective Order ("Protective Order"; together with the ESI Stipulation, the "Stipulated Protocols") as so ordered by the Court.

4.      Plaintiffs object to the Requests to the extent that they seek the production of documents that may not be produced pursuant to a confidentiality or non-disclosure agreement with a third party and/or a court order, or are precluded from disclosure under legal obligations of any kind, including U.S. or foreign privacy or secrecy laws.  By way of example, Plaintiffs have documents from Pentler that they are prohibited from disclosing pursuant to Procedural Order No. 2, ¶ 15 in the LCIA Arbitration.

5.      Plaintiffs object to the definitions of "Concern or concerning", "Communication", "Document" and "Person" provided in Definitions 8, 9, and 17 of the Requests to the extent they exceed or are inconsistent with the definitions set forth in Local Rule 26.3. Plaintiffs will comply with the definitions for those terms as set forth in Local Rule 26.3.

6.      Plaintiffs object to the definition of "BSGR," "You," or "Your" as referring to BSG Resources (Guinea) Limited (including, but not limited to, any existing or defunct entity by that name that is or was registered or organized under the laws of Guernsey or the British Virgin Islands), BSG Resources (Guinea) Sàrl, BSG Resources Limited, BSGR Guinea BVI, as well as each of their principals (including Beny Steinmetz), as Beny Steinmetz is not a principal of any of the above-named entities.  Subject to these general and any specific objections, Plaintiffs will agree to search Beny Steinmetz' data and produce relevant, non-privileged documents responsive to the Requests that are within Plaintiffs' legal custody and control.

Plaintiffs further object to the definition of "BSGR," "You," or "Your" to the extent it purports to include persons and entities beyond those included under Local Rule 26.3(c)(5): "terms 'plaintiff' and 'defendant' as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate

parent, subsidiaries or affiliates" and, therefore, object to the inclusion of Onyx Financial Advisers Limited ("Onyx"), Margali Management Corp. ("Margali"), and Pentler Holdings ("Pentler"), each of which is an entity independent of BSGR.  For purposes of these Responses and Objections, Onyx means Onyx Financial Advisers Limited, a financial and administration services company which was engaged by BSG Resources Limited to provide management, accounting, investment advisory, and public relations services and acted, through Onyx Financial Advisors (UK) Limited (previously BSG Management Services (London)), as BSG Resources Limited's representative in the UK between May 2005 and December 2014; Margali means Margali Management Corp., a subsidiary of Onyx Financial Advisors Limited, which was appointed as a corporate director of BSGR Steel Holding Limited from November 15, 2004 to May 2, 2011 and of BSGR (Liberia) Ltd. on September 5, 2007 and resigned on March 6, 2015; and Pentler means Pentler Holdings, a company established by Mossack Fonseca & Ass. SA for Onyx Financial Advisors Limited which Onyx Financial Advisors Limited sold to Frederic Cilins, Michael Noy and Avraham Lev Ran on February 13, 2006.  Onyx and Margali have agreed that Plaintiffs may search for and produce information within their legal custody and control.  Pentler has not agreed that Plaintiffs may search for and produce information within its legal custody and control.

7.     Plaintiffs object to the definition of "Pentler Holdings" as "the company established by Mossack Fonseca for Onyx Financial Advisors, which Onyx Financial Advisors later sold to Frédéric Cilins, Michael Noy, and Avhraham Lev Ran" as imprecise, vague and ambiguous.  For purposes of these Responses and Objections, "Pentler" is defined in Plaintiffs' General Objection 6.

8.     Plaintiffs object to Instruction No. 11 regarding the relevant period to the extent that Defendants have objected to producing documents under this time frame, including after the filing of the initial Complaint in this action on April 14, 2017.  Until the parties can agree after a meet

and confer on the relevant time period, Plaintiffs will treat the relevant time period as January 1, 2005 through April 14, 2017.

9.      Plaintiffs will produce relevant, non-privileged documents responsive to the Requests starting on or before two weeks from entry of the Stipulated Protocols set forth in General Objections 2 and 3, and continuing on a rolling basis thereafter.

10.      Plaintiffs will disclose information in response to the Requests in accordance with the Rule 502(d) Order as so ordered by the Court.

11.      By producing documents in response to the Requests, Plaintiffs do not concede the relevancy, materiality, competency, or admissibility of any produced documents and expressly reserve all objections to the use of produced documents at trial or otherwise, or to further responses or production, regardless of whether or not such requests involve or relate to the subject matter of these Requests.

12.      Plaintiffs have not completed their investigation of this case, have not completed discovery, and have not completed preparation for trial.  All of the responses contained herein are based only on such information that is presently available to and specifically known to Plaintiffs. It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add additional meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the responses set forth herein.

13.      Plaintiffs have identified responsive materials that they are withholding on the basis of their objections to the extent that they are presently aware of any such materials. *See* Fed. R. Civ. P. 34(b)(2)(C).  However, discovery in this case is ongoing, and Plaintiffs' investigation of the materials they may have within their possession, custody, and control is ongoing. In addition, given the breadth and ambiguity of certain of these Requests, Plaintiffs cannot fully ascertain what

materials, if any, they have in their possession, custody, or control that may be responsive to these Requests.   Accordingly, Plaintiffs' identification of the materials they are producing pursuant to these Requests or withholding on the basis of their objections should not be construed as an admission concerning the existence of additional materials.  Plaintiffs reserve the right to identify additional materials that they will produce pursuant to these Requests or that they will withhold pursuant to their objections as discovery progresses.  Plaintiffs further reserve the right to supplement, revise, clarify, correct, and/or amend these Responses and Objections.


Dated:  August 23, 2017
New York, New York


                                       GREENBERG TRAURIG, LLP

                                       By:  /s/ Louis M. Solomon
                                          Louis M. Solomon
                                       200 Park Avenue
                                       New York, New York 10166
                                       (212) 801-9200

                                       *Attorneys for Plaintiffs*
                                       *BSG Resources (Guinea) Limited,*
                                       *BSG Resources (Guinea) Sàrl and*
                                       *BSG Resources Limited*