UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BSG RESOURCES (GUINEA) LIMITED, BSG RESOURCES (GUINEA) SÀRL, and BSG RESOURCES LIMITED,

    Plaintiffs,

  v.

GEORGE SOROS, OPEN SOCIETY FOUNDATIONS, OPEN SOCIETY INSTITUTE, FOUNDATION TO PROMOTE OPEN SOCIETY, OPEN SOCIETY FOUNDATION, INC., ALLIANCE FOR OPEN SOCIETY INTERNATIONAL, INC., OPEN SOCIETY POLICY CENTER, and OPEN SOCIETY FUND,

    Defendants.

No. 1:17-cv-02726 (JFK) (AJP)

---

**APPLICATION FOR THE ISSUANCE OF A LETTER OF REQUEST
(LETTER ROGATORY) FOR THE PRODUCTION OF DOCUMENTS IN THE
REPUBLIC OF FRANCE PURSUANT TO THE HAGUE EVIDENCE CONVENTION**

    Defendants George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy Center, and Open Society Fund (collectively, "Defendants"), respectfully apply pursuant to the provisions of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, 847 U.N.T.S. 231, 28 U.S.C. § 1781 (the "Hague Evidence Convention") for the issuance of an Order by the Clerk of this Court (attached as Exhibit A) for a letter of request (the "Letter Rogatory") in the form attached as Exhibit B, directed to the Ministère de la Justice acting as the Central

Authority of the Republic of France, requesting that the Ministère de la Justice cause the Letter Rogatory to be served upon the designated recipient.

In support of this application, Defendants respectfully represent as follows:

**BACKGROUND**

1. On June 30, 2017, Plaintiffs filed an amended complaint in this Court (the "Amended Complaint") against the Defendants. (Dkt. No. 22.) The Amended Complaint alleges, among other things, that Defendants caused the termination of Plaintiffs' iron ore mining rights in the Republic of Guinea ("Guinea") on the basis of allegedly false allegations that Plaintiffs engaged in bribery and corruption to procure those rights. (*See, e.g., id.* at ¶¶ 84, 181-84.) Plaintiffs have asserted claims against all of the Defendants for tortious interference with contract, conspiracy to commit tortious interference with contract, and commercial defamation, as well as claims for fraud, conspiracy to commit fraud, and prima facie tort against Mr. Soros. (*Id.*)

2. On July 28, 2017, Defendants filed a motion to dismiss the Amended Complaint or, in the alternative, to stay the Action in favor of a pending arbitration between Guinea and Plaintiffs before the International Centre for the Settlement of Investment Disputes (the "Motion"). (Dkt. No. 56.) Defendants' Motion has been fully briefed, with oral argument scheduled for November 7, 2017. (Dkt. Nos. 58, 87-88.)

3. Meanwhile, the Court ordered that document and written discovery proceed, but that depositions shall be stayed pending resolution of the Motion. (Dkt. No. 30.) The Court has stated that, in seeking discovery from third parties outside the United States, the parties should endeavor to submit a joint application regarding the particular party(ies) from which international discovery is sought. (July 18, 2017 Hr'g Tr. 17:4-24.)

4. Defendants here seek discovery from a particular third party: Frédéric Cilins. Mr. Cilins has been described, in certain press articles the validity and integrity of which Plaintiffs dispute, as a representative or intermediary for BSGR in Guinea. *See* James Wilson and Cynthia O'Murchu, *Swiss Police Seize BSGR Documents from Onyx*, Financial Times, Aug. 31, 2013 (attached as Exhibit C); Patrick Radden Keefe, *Buried Secrets*, The New Yorker, July 8, 2013 (attached as Exhibit D). Mr. Cilins served as a director of Pentler Holdings ("Pentler"), a company incorporated in the British Virgin Islands by Onyx Financial Advisors Limited ("Onyx"), Plaintiffs' financial and administration services company. *See* Plaintiffs' Responses and Objections to Defendants' First Request for the Production of Documents, General Objection No. 6, Aug. 23, 2017 (attached as Exhibit E). During at least some portion of the relevant period, Pentler was a BSGR shareholder with a stake in Plaintiffs' operations in Guinea.

5. Defendants' position is that Mr. Cilins, through Pentler, has been linked to Plaintiffs' alleged corruption and bribery scheme in Guinea. Relevant here, among other things, the investigation into Plaintiffs conducted by the Guinean Technical Committee, a subcommittee of the National Mining Commission, that ultimately led to a determination that Plaintiffs used bribery and corruption to procure their mining rights, revealed, among other things, a Memorandum of Understanding executed on February 20, 2006, between Pentler and Mamadie Touré, the former wife of Lansana Conté, deceased President of Guinea, (Technical Committee for the Review of Mining Titles and Agreements, Recommendation Concerning the Titles and Mining Agreement Held by the Company VBG, Mar. 21, 2014, Ex. 10 (attached as Exhibit F)), and various letters of commitment legalized on and/or dated July 21, 2006, July 8, 2010, and August 3, 2010 between Pentler and Madamie Touré (or Matinda & Co. Ltd.). (*Id.* Exs. 11-1, 11-2, 12, 13 (attached as Exhibits F.)

6. Defendants contend that these documents suggest that, through Mr. Cilins and Pentler, Plaintiffs did in fact use bribery and corruption to procure their mining rights in Guinea. Indeed, Mr. Cilins pled guilty, in the Southern District of New York, to obstructing a criminal investigation by attempting to destroy contracts signed by Plaintiffs and Pentler purportedly memorializing bribes to Mamadie Touré. *See* Mem. & Order at 1, *United States v. Cilins*, No. 1:13-cr-00315 (S.D.N.Y. Jan. 15, 2014) (Pauley, J.) ECF No. 50 ("Cilins attempted to bribe [Mamadie] Touré to destroy documents purportedly granting Simandou mining concessions to Beny Steinmetz Group Resources ('BSGR').") (attached as Exhibit G); Judgment, *United States v. Cilins*, No. 1:13-cr-00315 (S.D.N.Y. Jul. 29, 2014) ECF No. 71. Plaintiffs dispute any and all allegations relating to bribery and corruption and dispute the validity of the alleged documents referenced herein.

7. Given the foregoing allegations, Defendants believe that Mr. Cilins is not only closely affiliated with Plaintiffs, but he is intricately connected to the events underlying Plaintiffs' claims, and that Mr. Cilins possesses information relevant to their defenses. Defendants' need for this information is particularly compelling here for at least three reasons: *First*, Plaintiffs have represented that they do not control and have no authority to produce documents from Pentler or any of its principals, including Mr. Cilins, nor to accept service of a subpoena to Mr. Cilins. *See* Plaintiffs' Responses and Objections to Defendants' First Request for the Production of Documents, General Objection No. 6, Aug. 23, 2017 (attached as Exhibit E); Letter from L. Solomon to E. Bower, Aug. 21, 2017 (attached as Exhibit H).

8. *Second*, Plaintiffs contend that they have no documents or communications concerning payments, gifts, or bribes to obtain their mining rights in Guinea, despite Mr. Cilins's conviction to the contrary. *See, e.g.*, Plaintiffs' Responses and Objections to Defendants' First

4

Request for the Production of Documents, Responses to Request No. 18-19, 22, Aug. 23, 2017 (attached as Exhibit E). *Third*, Plaintiffs concede that they have in their possession documents obtained from Pentler from other proceedings, but are precluded from producing them based on confidentiality orders in those proceedings. *See id.* at Responses to Request Nos. 15, 21, 39, Aug. 23, 2017 (attached as Exhibit E).

9. The parties have conferred and Defendants have agreed that any documents produced in response hereto will be produced to all parties to the litigation. Plaintiffs take no position with regard to the allegations in this request, other than to deny the allegations concerning any supposed corruption and bribery relating to Plaintiffs or to BSGR's procurement of its mining rights.

10. Defendants hereby request that the Court issue the attached Letter Rogatory pursuant to the Hague Evidence Convention.[1] The Court has ordered that document production be complete by December 1, 2017. (July 18, 2017 Hr'g Tr. 16:14.) Given this tight timeframe, and in light of the time necessary to obtain evidence under the Hague Evidence Convention, Defendants make this application now so the process of issuing the Letter Rogatory in this Court and enforcing it in the Republic of France is more likely to occur within the existing deadlines.

## RELIEF REQUESTED

11. Accordingly, Defendants respectfully request, for the purpose of justice and due determination of the matters in dispute between the parties, this Court's assistance in collecting documents located in the Republic of France as set forth in Schedule A of the Letter Rogatory for use at trial in the above-captioned action.

---

[1] Defendants acknowledge that if the Court grants the Motion, that would render this application moot.

12. The individual from whom evidence is sought by the Letter Rogatory is Mr. Cilins.

13. The documents sought are material to Defendants' defenses.

14. Defendants have considered the requirements of the Courts of the Republic of France with respect to Letters Rogatory, including the form in which the Letter Rogatory should be presented to the French Court and its permissible content.  Defendants believe that this Letter Rogatory is consistent with those requirements.

15. WHEREFORE, Defendants respectfully request that the Court enter the attached form of order (i) providing for this Court to sign the Letter Rogatory attached to the Application as Exhibit B and affix the seal of the United States District Court for the Southern District of New York over said signature in the Letter Rogatory; (ii) directing that the Clerk of the Court return the original, signed Letter Rogatory to counsel for Defendants, so that said documents may be transmitted to the Central Authority of the Republic of France; (iii) directing counsel for Defendants to cause the transmittal of the original, signed Letter Rogatory to the Central Authority of Republic of France; and (iv) granting such other relief as the Court deems just and proper.

Dated: November 1, 2017           Respectfully submitted,
New York, New York

                                               WILLKIE FARR & GALLAGHER LLP

                                               By:  /s/ Elizabeth J. Bower
                                                        Joseph T. Baio
                                                        Benjamin P. McCallen
                                                        James Fitzmaurice

                                               787 Seventh Avenue
                                               New York, NY 10019
                                               Telephone: (212) 728-8000
                                               jbaio@willkie.com

                                                        Elizabeth J. Bower

                                               1875 K Street, N.W.
                                               Washington, D.C. 20006
                                               Telephone: (202) 303-1000
                                               ebower@willkie.com

                                               *Attorneys for Defendants*