UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BSG RESOURCES (GUINEA) LIMITED, BSG RESOURCES (GUINEA) SÀRL, and BSG RESOURCES LIMITED,

Plaintiffs,

v.

GEORGE SOROS, OPEN SOCIETY FOUNDATIONS, OPEN SOCIETY INSTITUTE, FOUNDATION TO PROMOTE OPEN SOCIETY, OPEN SOCIETY FOUNDATION, INC., ALLIANCE FOR OPEN SOCIETY INTERNATIONAL, INC., OPEN SOCIETY POLICY CENTER, and OPEN SOCIETY FUND,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 11-2-17

No. 1:17-cv-02726 (JFK) (AJP)

## AP [PROPOSED] ORDER ISSUING A LETTER ROGATORY FOR THE PRODUCTION OF DOCUMENTS IN THE BRITISH VIRGIN ISLANDS PURSUANT TO THE HAGUE EVIDENCE CONVENTION

Upon consideration of the application (the "Application") of Defendants George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy Center, and Open Society Fund, requesting the issuance of a letter of request ("Letter Rogatory") pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, 847 U.N.T.S. 231 (the "Hague Evidence Convention") to which both the British Virgin Islands and the United States are parties, 28 U.S.C. § 1781, and Rules 4(f) and 28 of the Federal Rules of Civil Procedure; and upon the record of these civil proceedings; and due and sufficient notice having been given under the circumstances; and it

appearing that no other or further notice need be given; and after due deliberation; and it appearing that good and sufficient cause exists;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application is GRANTED [& SUPERSEDES THE 11/1/17 LETTER ROGATORY]

2. This Court shall sign the Letter Rogatory attached to the Application as Exhibit B and affix the seal of the United States District Court for the Southern District of New York over said signature in the Letter Rogatory.

3. The Clerk of the Court is directed to return the original, signed Letter Rogatory to Joseph T. Baio of Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, so that said documents may be transmitted to the Registrar of the Supreme Court, for the attention of the Supreme Court Registry, No. 84 Main Street, P.O. Box 418, Road Town, Tortola, British Virgin Islands VG1110 (the "Central Authority of the British Virgin Islands").

4. Joseph T. Baio of Willkie Farr & Gallagher LLP is directed to cause the transmittal of the original, signed Letter Rogatory to the Central Authority of the British Virgin Islands.

5. The Court shall retain jurisdiction over any and all issues arising from or relating to the implementation and interpretation of this order.

Dated: Nov 2, 2017
New York, New York

THE HONORABLE ANDREW J. PECK
UNITED STATES MAGISTRATE JUDGE

HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

BY ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BSG RESOURCES (GUINEA) LIMITED, BSG RESOURCES (GUINEA) SÀRL, and BSG RESOURCES LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE SOROS, OPEN SOCIETY FOUNDATIONS, OPEN SOCIETY INSTITUTE, FOUNDATION TO PROMOTE OPEN SOCIETY, OPEN SOCIETY FOUNDATION, INC., ALLIANCE FOR OPEN SOCIETY INTERNATIONAL, INC., OPEN SOCIETY POLICY CENTER, and OPEN SOCIETY FUND,<br><br>Defendants. | No. 1:17-cv-02726 (JFK) (AJP) |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

The United States District Court for the Southern District of New York presents its compliments to the appropriate judicial authority of the British Virgin Islands and requests international judicial assistance to obtain evidence to be used at trial in a civil proceeding before this Court in the above-captioned case. This Court has determined that it would further the interests of justice if by the proper and usual process of your Court, you summon Pentler Holdings Ltd. ("Pentler") to produce copies of the documents in its possession, custody, or control that are identified in paragraph 11.

The applicants for this letter are George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy Center, and Open Society Fund

(collectively, "Defendants"). Joseph T. Baio of Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, USA, is counsel to Defendants and is available to answer any questions the Court may have.

This Request is made pursuant to, and in conformity with, the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, 847 U.N.T.S. 231 (the "Hague Evidence Convention") to which both the British Virgin Islands and the United States are parties; 28 U.S.C. § 1781; and Rules 4(f) and 28 of the Federal Rules of Civil Procedure. The United States District Court for the Southern District of New York is a competent Court of law and equity that properly has jurisdiction over this proceeding and has the power to compel the production of documents.

The production of documents is intended for use at trial and, in the view of this Court, the evidence sought through the present Request is directly relevant to the issues in dispute, including whether, as Defendants contend, Plaintiffs obtained their mining rights in Guinea through bribery and corruption.

This Request is made with the understanding that it will not require any person to commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation were conducted in a British Court. The requesting Court is satisfied that the evidence sought to be obtained through this Letter Rogatory is relevant and necessary and cannot reasonably be obtained by other methods. Because this Court lacks authority to compel Pentler's participation and, such participation being necessary so that justice be served in the above-captioned case, this Court respectfully requests assistance from the appropriate judicial authority of the British Virgin Islands.

2

## Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters

| | | |
|---|---|---|
| 1. | Sender | The Honorable Andrew J. Peck<br>United States District Court<br>Southern District of New York<br>500 Pearl Street, Courtroom 20D<br>New York, New York 10007 |
| 2. | Central Authority of the Requested State | Registrar of the Supreme Court<br>Supreme Court Registry<br>No. 84 Main Street<br>P.O. Box 418<br>Road Town, Tortola,<br>British Virgin Islands VG1110 |
| 3. | Person to whom the executed request is to be returned | Joseph T. Baio<br>Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, New York 10019<br>USA<br><br>Copied to:<br><br>The Honorable Andrew J. Peck<br>United States District Court<br>Southern District of New York<br>500 Pearl Street, Courtroom 20D<br>New York, New York 10007 |

4. **Specification of the date by which the requesting authority requires receipt of the response to the Letter Rogatory**

| | |
|---|---|
| Date | Receipt of all documents responsive to the requests made in Schedule A attached hereto to occur by 15 November 2017. |
| Reason for urgency | Per the order of this Court, the parties must complete all document production by 1 December 2017 in anticipation of a trial on a date to be determined at which such factual evidence will be used. |

**IN CONFORMITY WITH ARTICLE 3 OF THE HAGUE EVIDENCE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:**

| | |
|---|---|
| 5. a. Requesting judicial authority | The Honorable Andrew J. Peck<br>United States District Court<br>Southern District of New York<br>500 Pearl Street, Courtroom 20D<br>New York, New York 10007 |
| 5. b. To the competent Authority | The British Virgin Islands |
| 5. c. Name of the case and any identifying number | BSGR Resources (Guinea) Limited et al. v. George Soros et al., Case No. 1:17-cv-02726 (JFK) (AJP) |
| 6. Names and addresses of the parties and their representatives (including representatives in the requested State) | |
| a. Plaintiffs | **BSG Resources (Guinea) Limited**<br>West Wing, Frances House,<br>Sir William Place, St. Peter Port, Guernsey<br><br>**BSG Resources (Guinea) Sàrl**<br>Immeuble Bleu, 5ème étage Résidence 2000,<br>Moussoudougou-C/Matam, Conakry,<br>Republic of Guinea, Post Box 6389<br><br>**BSG Resources Limited**<br>West Wing, Frances House,<br>Sir William Place, St. Peter Port, Guernsey |
| Representatives | Louis M. Solomon<br>Michael Lazaroff<br>Greenberg Traurig, LLP<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: (212) 801-9200<br>Facsimile: (212) 805-5529 |
| b. Defendants | **George Soros**<br>250 West 55th St., Floor 27<br>New York, New York 10019 |

4

|  | **Open Society Foundations**<br>224 West 57th St.<br>New York, New York 10019 |
|---|---|
|  | **Open Society Institute**<br>224 West 57th St.<br>New York, New York 10019 |
|  | **Foundation to Promote Open Society**<br>224 West 57th St.<br>New York, New York 10019 |
|  | **Open Society Foundation, Inc.**<br>224 West 57th St.<br>New York, New York 10019 |
|  | **Alliance for Open Society International, Inc.**<br>224 West 57th St.<br>New York, New York 10019 |
|  | **Open Society Policy Center**<br>224 West 57th St.<br>New York, New York 10019 |
|  | **Open Society Fund**<br>224 West 57th St.<br>New York, New York 10019 |
| **Representatives** | Joseph T. Baio<br>Benjamin P. McCallen<br>James Fitzmaurice<br>Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>Telephone: (212) 728-8000<br>Facsimile: (212) 728-9657<br><br>Elizabeth J. Bower<br>Willkie Farr & Gallagher LLP<br>1875 K Street, N.W.<br>Washington, D.C. 20006<br>Telephone: (202) 303-1000<br>Facsimile: (202) 303-2000 |

5

|  |  |  |
|---|---|---|
| c. | Other Parties | Not Applicable |
|  | Representatives | Not Applicable |

**7. a. Nature of the Proceedings**

This action, captioned <u>BSG Resources (Guinea) Limited et al. v. George Soros et al.</u>, Case No. 1:17-cv-02726 (JFK) (AJP), is a civil litigation brought in the Southern District of New York (the "Case").

**7. b. Summary of Complaint**

7.1  On June 30, 2017, Plaintiffs filed an amended complaint in this Court (the "Amended Complaint") (attached as Exhibit 1) against the Defendants. (Dkt. No. 22.) The Amended Complaint alleges, among other things, that Defendants caused the termination of Plaintiffs' iron ore mining rights in the Republic of Guinea ("Guinea") on the basis of allegedly false allegations that Plaintiffs engaged in bribery and corruption to procure those rights. (*See, e.g., id.* at ¶¶ 84, 181-84.) Plaintiffs have asserted claims against all of the Defendants for tortious interference with contract, conspiracy to commit tortious interference with contract, and commercial defamation, as well as claims for fraud, conspiracy to commit fraud, and prima facie tort against Mr. Soros. (*Id.*)

7.2  In response to the Amended Complaint, on July 28, 2017, Defendants filed a motion to dismiss or, in the alternative, a motion to stay in favor of a pending arbitration between Guinea and Plaintiffs before the International Centre for the Settlement of Investment Disputes (the "Motion").

7.3  Through this Application and pursuant to the Hague Evidence Convention, Defendants now seek documents to test Plaintiffs' assertion, upon which all of Plaintiffs' claims

6

rely, that Plaintiffs did not obtain their mining rights in Guinea through bribery and corruption, which allegations Plaintiffs dispute. In particular, Defendants seek discovery from Pentler Holdings Ltd. ("Pentler"). Defendants believe that Pentler was instrumental in effecting the bribery at issue in this case, which Defendants contend has led to multiple criminal convictions.

7.4    Pentler was incorporated in the British Virgin Islands by Onyx Financial Advisors Limited ("Onyx"). Onyx is Plaintiffs' financial and administration services company. Thereafter, Pentler was sold to Frédéric Cilins, Avraham Lev Ran, and Michael Noy. During at least some portion of the relevant time frame, Pentler was a BSGR shareholder with a stake in Plaintiffs' operations in Guinea.

7.5    Defendants contend that Pentler has been linked to Plaintiffs' alleged corruption and bribery scheme in Guinea. Relevant here, among other things, the investigation into Plaintiffs conducted by the Guinean Technical Committee, a subcommittee of the National Mining Commission, that ultimately led to a determination that Plaintiffs used bribery and corruption to procure their mining rights, revealed, among other things, a Memorandum of Understanding allegedly executed on February 20, 2006, between Pentler and Mamadie Touré, the former wife of Lansana Conté, deceased President of Guinea, and various letters of commitment allegedly legalized on and/or dated July 21, 2006, July 8, 2010, and August 3, 2010 between Pentler and Madamie Touré (or Matinda & Co. Ltd.). Defendants contend that these documents suggest that, through Pentler, Plaintiffs did in fact use bribery and corruption to procure their mining rights in Guinea. Plaintiffs dispute any and all allegations of bribery and corruption and dispute the validity of the supposed documents referenced herein.

7

7.6 Mr. Cilins, who has been described in the press as a representative or intermediary for BSGR in Guinea, pled guilty, in the Southern District of New York, to obstructing a criminal investigation by attempting to destroy these contracts.

### 8. a. Evidence to be Obtained or Other Judicial Act to Be Performed

This Court, therefore, respectfully requests, for the purpose of justice and for due determination of the matters in dispute between the parties, the proper judicial authority of the British Virgin Islands' assistance in collecting the documents set forth in Schedule A believed to be in the possession, custody, or control of Pentler for use at trial in this Case.

### 8. b. Purpose of the Evidence Sought

The documents sought from Pentler are intended for use in the trial of this Case. For the reasons set forth above, the Court believes that the documents will serve as evidence directly relevant to the principal dispute in the Case, without which the ends of justice could not be properly met. It is therefore requested that a competent judicial authority of the British Virgin Islands compel Pentler to produce the documents that are identified in Schedule A.

### 9. Identity and Address of Any Person to Be Examined

Not applicable.

### 10. Questions to Be Put to the Persons to Be Examined or Statement of the Subject-Matter About Which They Are to Be Examined

Not applicable.

### 11. Documents or Other Property to Be Inspected

The documents requested are set forth in the attached Schedule A.

### 12. Any Requirement that the Evidence Be Given Under Oath or Affirmation and Any Special Form to be Used

Not applicable.

13. **Special Methods or Procedure to Be Followed** (*e.g.*, **Oral or in Writing, Verbatim, Transcript or Summary, Cross-Examination, Etc.)**

  Not applicable.

14. **Request for Notification of the Time and Place for the Execution of the Request and Identity and Address of Any Person to Be Notified**

  Notice of the time and place where the documents will be produced shall be sent directly to the following:

WILLKIE FARR & GALLAGHER LLP
ATTN: Joseph T. Baio

787 Seventh Avenue
New York, New York 10019
USA
Telephone: (212) 728-8000
Facsimile: (212) 728-8111


GREENBERG TRAURIG, LLP
ATTN: Louis M. Solomon
    Michael Lazaroff

200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 805-5529

15. **Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin**

  Under the laws of the United States, a party has a privilege to refuse to produce evidence if the evidence discloses a confidential communication between that party and an attorney for that party if the predominant purpose of the communication was to request or obtain legal advice. Parties are also permitted to withhold documents under the attorney work product doctrine if the document consists of or reflects an attorney's work product that was created

during or in anticipation of litigation. United States law also recognizes a privilege against self-incrimination.

16. **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:**

George Soros and Open Society Institute
c/o
WILLKIE FARR & GALLAGHER LLP
Joseph T. Baio
787 Seventh Avenue
New York, New York 10019
USA
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

Date of Request: _____, 2017

The Honorable Magistrate Judge Andrew J. Peck

**Requesting Authority**

HON. ANDREW ...
Unit... ...
Southern District of New York

**(Seal of Court)**

10

## Schedule A

### **DEFINITIONS**

1. The term "Agreements" (capitalized) means (i) Plaintiffs' (defined below) prospecting permits in the Guinean regions of Beyla, Macenta, Nzérékoré, and Yomou ("Simandou South") and the Guinean region of Kérouané ("Simandou North"), referenced in paragraph 22 of the Amended Complaint (annexed to this Schedule A); (ii) Plaintiffs' memorandum of understanding with Guinea, referenced in paragraph 23 of the Amended Complaint; (iii) Plaintiffs' prospecting permits in Simandou Blocks 1 and 2, referenced in paragraph 26 of the Amended Complaint; (iv) the Basic Convention Agreement, referenced in paragraph 30 of the Amended Complaint; (v) Plaintiffs' mining concession for the Zogota deposit in Simandou South, referenced in paragraph 36 of the Amended Complaint; or (vi) any other documents evidencing Plaintiffs' mining rights in Guinea.

2. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

4. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

5. The term "Guinea" means the country in West Africa with the capital city of Conakry and, for the purposes of these Requests, shall also mean the country's government, officials, committees, commissions, affiliates, divisions, agents, members, employees, attorneys,

11

consultants, and representatives, past, present, or future, in their individual or representative capacities.

6. The term "Matinda and Co. Limited" means any company with "Matinda" in its name, including, but not limited to, Matinda and Co. Limited, Matinda Partners and Co. Ltd., Matinda and Co. Ltd. Sàrl, and Matinda & Co. Ltd, and its principals, parents, subsidiaries, partners, and affiliates.

7. The term "Onyx" means Onyx Financial Advisors Limited and its principals, parents subsidiaries, partners, and affiliates, including, but not limited to Onyx Financial Advisors (UK) Limited, which was initially incorporated as BSG Management Services (London) and has provided Plaintiffs with financial management services.

8. The term "Pentler" means Pentler Holdings Ltd. and refers to the company established by Mossack Fonseca & Ass. SA for Onyx, which Onyx sold to Frédéric Cilins, Michael Noy, and Avraham Lev Ran thereafter.

9. The term "Plaintiffs" means BSG Resources (Guinea) Limited, including Beny Steinmetz and its advisers, officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates (including any existing or defunct entity by that name that is or was registered or organized under the laws of Guernsey or the British Virgin Islands, BSG Resources (Guinea) Sàrl, BSG Resources Limited, and BSGR Guinea BVI).

12

## PRELIMINARY REMARKS

The judicial authority of the British Virgin Islands is kindly requested to instruct Pentler to keep all documents segregated by the file in which the documents are contained in the normal course of business and to indicate the name or subject of the file in which the documents are contained, or, alternatively, to organize and label the documents to correspond with the categories in this document request.

## DOCUMENTS TO BE PRODUCED

**Document Request No. 1**

Documents sufficient to demonstrate the corporate structure of Pentler and its principals, officers, directors, employees, partners, parents, subsidiaries, or affiliates, including any organizational charts.

**Document Request No. 2**

All Documents or Communications concerning Pentler's creation.

**Document Request No. 3**

All Documents or Communications concerning the business relationship between Plaintiffs and Pentler.

**Document Request No. 4**

All Documents or Communications concerning the business relationship between Pentler and Onyx.

**Document Request No. 5**

All Documents or Communications concerning the business relationship between Pentler and Guinea.

**Document Request No. 6**

All Documents or Communications concerning acts or allegations of corruption or bribery by Plaintiffs or Pentler in Guinea, including, but not limited to, any payments or gifts made to (i) secure meetings with Guinea, (ii) procure the Agreements, (iii) obtain mining rights in Guinea, or (iv) cause the destruction of evidence relevant to allegations that Plaintiffs engaged in corruption or bribery in Guinea.

13

**Document Request No. 7**

All Documents or Communications concerning any payments, gifts, or bribes that were made, transmitted, or offered by Plaintiffs, either directly or indirectly, related to Plaintiffs' dealings in Guinea.

**Document Request No. 8**

All Documents or Communications concerning any payments, gifts, or bribes that were made, transmitted, or offered by Pentler, either directly or indirectly, related to Plaintiffs' dealings in Guinea.

**Document Request No. 9**

All Documents or Communications concerning any contracts or agreements, whether written or oral, that Plaintiffs entered into related to Plaintiffs' dealings in Guinea.

**Document Request No. 10**

All Documents or Communications concerning any contracts or agreements, whether written or oral, that Pentler entered into related to Plaintiffs' dealings in Guinea.

**Document Request No. 11**

All Documents or Communications concerning any contract or agreement (whether written or oral) entered into or allegedly entered into between Plaintiffs or Pentler, on the one hand, and (i) Mamadie Touré or Matinda and Co. Limited, (ii) Ibrahima Sory Touré, (iii) Ibrahima Fofana Kassory, (iv) Adama Sidibe, (v) Aboubacar Bah, (vi) Ismaila Daou, (viii) Samuel Mebiame, (viii) Lounceny Nabé, and/or (ix) Ghasson Boutros on the other hand.

**Document Request No. 12**

All Documents or Communications concerning Plaintiffs' or Pentler's destruction of, or attempt to destroy, evidence relating to any contract or agreement (whether written or oral) entered into or allegedly entered into by Plaintiffs or Pentler, on the one hand, and (i) Mamadie Touré or Matinda and Co. Limited, (ii) Ibrahima Sory Touré, (iii) Ibrahima Fofana Kassory, (iv) Adama Sidibe, (v) Aboubacar Bah, (vi) Ismaila Daou, (vii) Samuel Mebiame, (viii) Lounceny Nabé, and/or (ix) Ghasson Boutros on the other hand.

**Document Request No. 13**

All Documents or Communications concerning Matinda and Co. Limited.

**Document Request No. 14**

All Documents or Communications concerning (i) Dag Lars Cramer, (ii) Frédéric Cilins, (iii) Michael Noy, (iv) Avraham Lev Ran, or (v) Roy Oron, including but not limited to, the

14

services they provided concerning Plaintiffs, Pentler, or Guinea or any payments that Plaintiffs or Pentler provided to them, either directly or indirectly.

**Document Request No. 15** *relevant to the claims or defenses in this order*

All Documents or Communications produced or provided by Pentler in the arbitration before the London Court of International Arbitration, titled *Vale S.A. v. BSG Resources Ltd.*, LCIA Arb. No. 142683, including, but not limited to, documents produced pursuant to document requests, written witness statements, and transcripts of testimony provided by Pentler or its representatives.

15