UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

BSG RESOURCES (GUINEA) LIMITED, BSG
RESOURCES (GUINEA) SARL, and BSG RESOURCES
LIMITED,

               Plaintiffs,

     v.

GEORGE SOROS, OPEN SOCIETY FOUNDATIONS,
OPEN SOCIETY INSTITUTE, FOUNDATION TO
PROMOTE OPEN SOCIETY, OPEN SOCIETY
FOUNDATION, INC., ALLIANCE FOR OPEN SOCIETY
INTERNATIONAL, INC., OPEN SOCIETY POLICY
CENTER, and OPEN SOCIETY FUND,

               Defendants.

No. 1:17-cv-02726 (JFK) (AJP)

---

**[PROPOSED] ORDER ISSUING A LETTER ROGATORY FOR THE PRODUCTION OF DOCUMENTS IN THE FEDERATIVE REPUBLIC OF BRAZIL**

      Upon consideration of the application (the "Application") of Defendants George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy Center, and Open Society Fund, requesting the issuance of an Order by the Court for a letter rogatory requesting assistance from the appropriate judicial authority of the Federative Republic of Brazil (the "Letter Rogatory") pursuant to Title 28 of the United States Code, Section 1781 and Federal Rule of Civil Procedure 28(b); and upon the record of these civil proceedings; and due and sufficient notice having been given under the circumstances; and it appearing that no other or further notice need be given; and after due deliberation; and it appearing that good and sufficient cause exists;

     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

      1.    The Application is GRANTED (AS MODIFIED) (AND REPLACES THE NOV. 1, 2017 LETTER ROGATORY)

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     The Application is GRANTED.

2.     This Court shall sign the Letter Rogatory attached to the Application as Exhibit 2 and affix the seal of the United States District Court for the Southern District of New York over said signature in the Letter Rogatory.

3.     The Clerk of the Court is directed to return the original, signed Letter Rogatory to Joseph T. Baio of Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, so that said documents may be transmitted to the United States Department of State.

4.     Joseph T. Baio of Willkie Farr & Gallagher LLP is directed to cause the transmittal of the original, signed Letter Rogatory to the United States Department of State.

5.     The Court shall retain jurisdiction over any and all issues arising from or relating to the implementation and interpretation of this order.

Dated: _____, 2017
     New York, New York

THE HONORABLE ANDREW J. PECK
UNITED STATES MAGISTRATE JUDGE

HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| BSG RESOURCES (GUINEA) LIMITED, BSG RESOURCES (GUINEA) SÀRL, and BSG RESOURCES LIMITED,<br><br>              Plaintiffs,<br><br>    v.<br><br>GEORGE SOROS, OPEN SOCIETY FOUNDATIONS, OPEN SOCIETY INSTITUTE, FOUNDATION TO PROMOTE OPEN SOCIETY, OPEN SOCIETY FOUNDATION, INC., ALLIANCE FOR OPEN SOCIETY INTERNATIONAL, INC., OPEN SOCIETY POLICY CENTER, and OPEN SOCIETY FUND,<br><br>              Defendants. | No. 1:17-cv-02726 (JFK) (AJP) |

---

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)

To the Appropriate Judicial Authority of the Federative Republic of Brazil:

       The United States District Court for the Southern District of New York (the "Court") presents its compliments to the appropriate judicial authority of the Federative Republic of Brazil, and respectfully requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter. This Court requests the assistance described herein as necessary in the interests of justice.

       Specifically, this Court requests that the appropriate judicial authority of the Federative Republic of Brazil compel the production of documents by the below named entity:

       Vale S.A.
       700, Avenida das Américas
       Bloco 8
       Loja 318
       Barra da Tijuca
       Rio de Janeiro, RJ 22640-100
       Brazil

The production of documents is intended for use at trial and, in the view of this Court, the evidence sought through the present request is directly relevant to the issues in dispute. A trial date has not yet been set, but, per the order of this Court, document discovery is underway.

## FACTS

This action, captioned *BSG Resources (Guinea) Limited et al. v. George Soros et al.*, Case No. 1:17-cv-02726 (JFK) (AJP), is a civil litigation brought in the Southern District of New York (the "Action"). On June 30, 2017, Plaintiffs filed an amended complaint (the "Amended Complaint") in this Court against George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy Center, and Open Society Fund (collectively, "Defendants"). The Amended Complaint alleged, among other things, that Defendants caused the termination of Plaintiffs' mining contract with the Republic of Guinea ("Guinea") and related iron ore mining rights in that country on the on the basis of allegedly false allegations that Plaintiffs engaged in bribery and corruption to procure those rights. Plaintiffs have asserted claims against all of the Defendants for tortious interference with contract, conspiracy to commit tortious interference with contract, and commercial defamation, as well as claims for fraud, conspiracy to commit fraud, and prima facie tort against Mr. Soros. Plaintiffs seek at least $10 billion in damages from Defendants. In response to the Amended Complaint, on July 28, 2017, Defendants filed a motion to dismiss or, in the alternative, a motion to stay in favor of a pending arbitration between Plaintiffs and Guinea concerning the contract and mining right at issue in the Action (the "Motion").

Through this application, Defendants seek discovery from Vale S.A. ("Vale") concerning Plaintiffs' claims and Defendants' defenses. Vale is a multinational corporation

2

incorporated in the Federative Republic of Brazil. Initially, in or around 2005 and 2006, Vale was a competitor with Plaintiffs for the mining rights at issue in the Action. (Amended Complaint at ¶¶ 20-21.) In April 2010, after Plaintiffs procured their alleged contract and mining rights in Guinea, Plaintiffs entered into a joint venture with Vale related to the exploitation of Plaintiffs' mining rights in Guinea. (*Id.* at ¶¶ 36-37.) In 2014, while Vale was still Plaintiffs' partner in the joint venture, Guinea effected the termination of the joint venture's contract and mining rights for which Plaintiffs seek to hold Defendants responsible in the Action. (*See id.* at ¶¶ 156-159, 181-184.) After the termination, in March 2015, Plaintiffs purchased Vale's portion of the joint venture along with all rights and interests that Vale had in the joint venture. (*Id.* at ¶ 43.)

Plaintiffs further allege that Vale was intimately involved in the events leading to the termination of Plaintiffs' contract and mining rights, including through communications with Guinean officials, Defendants, and Defendants' purported agents concerning the possible renegotiation of the mining rights at issue in this case. (*See id.* at ¶¶ 58, 61-65, 101.) Plaintiffs also allege that a component of Plaintiffs' alleged damages is the purported $5 billion value of Plaintiffs' terminated contract with Guinea, which Plaintiffs "calculated by doubling the amount paid for half of the rights [under the contract] by Vale in 2011." (*Id.* at ¶ 217.b.) Another component of Plaintiffs' alleged damages are the joint venture's alleged capital expenditures in Guinea, which allegedly exceeded $800 million (*id.* at ¶¶ 42, 217.b), and for which Vale is alleged to have pledged approximately $10 billion. (*Id.* ¶ 38.)

Based on these allegations, Defendants believe that Vale possesses information and documents relevant to their defenses. Specifically, Defendants seek documents from Vale

concerning Plaintiffs' alleged damages and the circumstances that led to Plaintiffs' procurement and eventual loss of their alleged contract and mining rights in Guinea.

This Court, therefore, respectfully requests, for the purpose of justice and for due determination of the matters in dispute between the parties, the proper judicial authority of the Federative Republic of Brazil's assistance in collecting the documents set forth in this request believed to be in the possession, custody, or control of Vale for use at trial in this Action.

## DOCUMENTS TO BE PRODUCED

The documents requested are set forth in the attached Schedule A.

## SPECIAL PROCEDURES

This Court requests submission of a declaration by the custodian of records, attesting to the authenticity of documents produced. Under the Federal Rules of Civil Procedure and the Federal Rules of Evidence of the United States, which apply in this lawsuit and in all civil proceedings in the United States district courts, certain records may be received into evidence only if a competent representative appears at trial as a witness and testifies as to the authenticity of the records and the manner in which they are prepared and maintained. However, with respect to foreign business records, the appearance and testimony at trial of a representative of a foreign entity may not be required if the records (or true copies thereof) are accompanied by a written declaration certifying the authenticity of the records. Therefore, this Court considers it necessary in the interests of justice that written declarations certifying the authenticity of all records be obtained from the producing entity and/or its representatives. To be of value to this Court, the written declaration(s) must be signed in a manner that, if falsely made, would subject the maker to a criminal penalty in the country where the certification is signed. A proposed declaration is attached to this request as Exhibit 1.

4

**RECIPROCITY AND COSTS**

The Courts of the United States are authorized by statute codified at Title 28 of the United States Code, Section 1782 to extend assistance to foreign and international judicial authorities. The United States District Court for the Southern District of New York respectfully expresses its willingness to provide similar assistance to the judicial authorities of the Federative Republic of Brazil. The fees and costs incurred in executing this request that are reimbursable pursuant to applicable law will be borne by Defendants:

> George Soros and Open Society Institute
> c/o
> WILLKIE FARR & GALLAGHER LLP
> Joseph T. Baio
> 787 Seventh Avenue
> New York, New York 10019
> USA
> Telephone: (212) 728-8000
> Facsimile: (212) 728-8111

Date of Request: _____Nov 2_____, 2017

The Honorable Magistrate Judge Andrew J. Peck

Requesting Authority

HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

(Seal of Court)

5

**Schedule A**

The judicial authority of the Federative Republic of Brazil is kindly requested to instruct Vale S.A. to keep all documents segregated by the file in which the documents are contained in the normal course of business and to indicate the name or subject of the file in which the documents are contained, or, alternatively, to organize and label the documents to correspond with the categories in this document request.

Finally, it is requested that the following counsel of record for the parties be notified of the time and place where the documents will be produced:

| **Counsel for Defendants:** | **Counsel for Plaintiffs:** |
|---|---|
| WILLKIE FARR & GALLAGHER LLP<br>ATTN:         Joseph T. Baio | GREENBERG TRAURIG, LLP<br>ATTN:         Louis M. Solomon<br>                    Michael Lazaroff |
| 787 Seventh Avenue<br>New York, New York 10019<br>USA<br>Telephone:  (212) 728-8000<br>Facsimile:  (212) 728-8111 | 200 Park Avenue<br>New York, New York 10166<br>USA<br>Telephone: (212) 801-9200<br>Facsimile: (212) 805-5529 |

## DEFINITIONS

1.        "Action" shall mean and refer to the above-captioned action, proceeding number 1:17-cv-02726 (JFK) (AJP), currently pending in the United States District Court for the Southern District of New York.

2.        "Agreements" shall mean and refer to (i) BSGR's prospecting permits in the Guinean regions of Beyla, Macenta, Nzérékoré, and Yomou ("Simandou South") and the Guinean region of Kérouané ("Simandou North"), referenced in paragraph 22 of the Amended Complaint; (ii) BSGR's memorandum of understanding with Guinea, referenced in paragraph 23

6

of the Amended Complaint; (iii) BSGR's prospecting permits in Simandou Blocks 1 and 2, referenced in paragraph 26 of the Amended Complaint; (iv) the Basic Convention Agreement, referenced in paragraph 30 of the Amended Complaint; (v) BSGR's mining concession for the Zogota deposit in Simandou South, referenced in paragraph 36 of the Amended Complaint; or (vi) any other documents evidencing BSGR's mining rights in Guinea.

3. "Alliance for Open Society International, Inc." means Alliance for Open Society International, Inc. and each of its officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

4. "Amended Complaint" shall mean the first amended complaint, dated June 30, 2017, or any amendments thereto, filed in this Action. For ease of reference, the Amended Complaint is attached hereto as Exhibit 2.

5. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

6. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7. The term "BSGR" shall mean and refer to BSG Resources (Guinea) Limited, including Beny Steinmetz, its advisers, officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates (including any existing or defunct entity by that name that is or was registered or organized under the laws of Guernsey or the British Virgin Islands, BSG Resources (Guinea) Sàrl, BSG Resources Limited, BSGR Guinea BVI, Onyx Financial Advisors, Margali Management Corp., and Pentler Holdings).

8.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

9.      "Concerning" means relating to, referring to, describing, evidencing, or constituting.

10.     "Control" means possession, custody, or control, and includes constructive possession, provided that You, Your attorneys, agents, or representatives have a right to compel production of the document or communication from a source with possession thereof.

11.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

12.     "Foundation to Promote Open Society" means Foundation to Promote Open Society and each of its officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

13.     "George Soros" means George Soros and any employees, affiliates or partners of George Soros.

14.     "Guinea" shall mean and refer to the country in West Africa with the capital city of Conakry and, for the purposes of these Requests, shall also mean and refer to the country's government, officials, committees, commissions, affiliates, divisions, agents, members, employees, attorneys, consultants, and representatives, past, present, or future, in their individual or representative capacities.

8

15.    "ICSID Arbitration" shall mean and refer to the arbitration before the International Centre for Settlement of Investment Disputes, captioned BSG Resources Limited et al. v. Republic of Guinea, Case No. ARB/14/22.

16.    "Including" means "including but not limited to" and "including without limitation."

17.    "Joint Venture" shall mean and refer to BSGR's joint venture with Vale S.A. as described in paragraphs 37 through 43 of the Amended Complaint.

"LCIA Arbitration" shall mean and refer to the arbitration before the London Court of International Arbitration, captioned *Vale S.A. v. BSG Resources Ltd.*, LCIA Arb. No. 142683.

"Margali" shall mean and refer to Margali Management Corp., a subsidiary of Onyx Financial Advisors Limited, which was appointed as a corporate director of BSGR Steel Holding Limited from November 15, 2004 to May 2, 2011 and of BSGR (Liberia) Ltd. on September 5, 2007 and resigned on March 6, 2015.

18.    "Matinda and Co. Limited" shall mean and refer to any company with "Matinda" in its name, including, but not limited to, Matinda and Co. Limited, Matinda Partners and Co. Ltd.," "Matinda and Co. Ltd. Sàrl," and "Matinda & Co. Ltd," and its principals, parents, subsidiaries, partners, and affiliates.

19.    "Onyx" shall mean and refer to Onyx Financial Advisors Limited and its principals, parents, subsidiaries, partners, and affiliates, including, but not limited to Onyx Financial Advisors (UK) Limited, which was initially incorporated as BSG Management Services (London) and has provided Plaintiffs with financial management services.

20.     "Open Society Fund" means Open Society Fund and each of its officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

21.     "Open Society Foundation, Inc." means Open Society Foundation, Inc. and each of its officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

22.     "Open Society Foundations" means Open Society Foundations and each of its officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

23.     "Open Society Institute" means Open Society Institute and each of its officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

24.     "Open Society Policy Center" means Open Society Policy Center and each of its officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

25.     "OSF" collectively means and includes Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Open Society Policy Center, Alliance for Open Society International, Inc., and Open Society Fund.

26.     "Pentler" means Pentler Holdings Ltd. and refers to the company established by Mossack Fonseca & Ass. SA for Onyx, which Onyx sold to Frédéric Cilins, Michael Noy, and Avraham Lev Ran thereafter.

27.     "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

28.     "Vale," "You," or "Your" shall mean and refer to Vale, S.A., the Brazilian multinational mining corporation, including its officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates.

29.     The use of the singular form of any word includes the plural and vice versa.

30.     All terms defined herein shall have the meanings set forth in Definition Nos. 1 through 31 above, whether such terms are capitalized in these Requests or not.

## DOCUMENTS TO BE PRODUCED

1.     All Communications between or among Vale and Guinea concerning any pursuit by Vale of iron mining or prospecting rights in the Simandou region of Guinea.

2.     All Documents or Communications concerning the formation of the Joint Venture, including, but not limited to, any Documents or Communications concerning any amounts paid by Vale to BSGR in connection with the formation of the Joint Venture.

All Documents or Communications concerning Plaintiffs' allegation that Vale agreed to pay BSGR $2.5 billion for a 51% share in the Joint Venture.

All Documents or Communications concerning the value of the Agreements or BSGR's iron mining rights in Guinea.

3.     All Documents or Communications concerning the termination of the Joint Venture.

All Documents or Communications concerning BSGR's allegation that in March 2015 BSGR purchased Vale's portion of the Joint Venture along with all rights and interests that Vale had in the Joint Venture.

4.     All Documents or Communications concerning any work undertaken by BSGR or You in Guinea pursuant to the Joint Venture and/or the Agreements.

11

All Documents and Communications concerning Plaintiffs' allegation that the Joint Venture spent in excess of $800 million related to the exploitation of the Joint Venture's mining rights in Guinea.

All Documents and Communications concerning Plaintiffs' allegation that Vale committed to spending an additional $10 billion on the exploitation of BSGR's or the Joint Venture's mining rights in Guinea and on Guinean infrastructure.

All Documents and Communications concerning expenditures by Vale relating to the exploitation of BSGR's or the Joint Venture's mining rights in Guinea.

5. All Documents or Communications concerning the Agreements, including, but not limited to, the Agreements, any amendments to the Agreements, any applications to Guinea submitted by BSGR or You concerning the Agreements, any Documents or Communications concerning the negotiation or procurement of the Agreements, and any Documents or Communications created or transmitted by BSGR or You pursuant to the terms of the Agreements.

6. All Documents or Communications concerning the BSGR's iron mining rights in Guinea.

7. All Documents or Communications concerning Guinea's examination, confirmation, ratification, review, or termination of the Agreements.

8. All Documents or Communications relating to the investigation or review of the Agreements undertaken by the Technical Committee.

9. All Documents or Communications concerning the facts or circumstances that formed the basis for Guinea's termination of BSGR's contract or mining rights in Guinea.

10.     All Documents or Communications concerning Communications or meetings between You, on the one hand, and (i) Beny Steinmetz, (ii) Roy Oron, (iii) Asher Avidan, (iv) BSGR, (v) Frédéric Cilins, (vi) Michael Noy, (vii) Avraham Lev Ran, (viii) Pentler Holdings, (ix) Dag Cramer, (x) Sandra Merloni-Horemans, (xi) Onyx Financial Advisors, (xii) Mamadie Touré or Matinda and Co. Limited, and (xiii) Mahmoud Thiam on the other hand.

11.     All Communications or Documents concerning Communications or meetings between or among Vale, BSGR, or the Joint Venture, on the one hand, and Guinea, on the other hand.

12.     All Documents or Communications concerning acts or allegations of corruption or bribery by BSGR in Guinea, including, but not limited to, any payments or gifts made to (i) secure meetings with Guinea, (ii) procure the Agreements, (iii) obtain mining rights in Guinea, and (iv) cause the destruction of evidence relevant to allegations that BSGR engaged in corruption or bribery in Guinea.

13.     All Documents or Communications concerning any payments, expenditures, investments, gifts, or bribes made, transmitted, or offered by BSGR, either directly or indirectly, to any entity or individual in connection with the Agreements or BSGR's dealings in Guinea.

14.     All Documents or Communications produced to or by Vale in connection with any governmental or non-governmental investigation of BSGR's conduct in Guinea, including, but not limited to, investigations by authorities in Guinea, Switzerland, Israel, and the United States.

15.     All Documents or Communications produced by Vale in *Rio Tinto PLC v. Vale S.A.*, et al., No. 14-CV-03042 (S.D.N.Y.).

13

*[handwritten: relevant to the claims or defenses in this case]*

16.    All Documents or Communications produced by Vale in the LCIA

Arbitration.

*[handwritten: relevant to the claims or defenses in this case]*

17.    All Documents submitted by Vale in the LCIA Arbitration, including, but

not limited to briefs, witness statements, expert reports, and transcripts of testimony.

14

# EXHIBIT 1

## CERTIFICATION OF BUSINESS RECORDS

The undersigned certifies that:

      1.    I am subject to criminal penalty under the laws of the Federative Republic of Brazil for an intentionally false declaration.

      2.    I am a duly authorized or qualified witness of the business records of _____ and have the authority to make the certification.

      3.    I further declare that the documents attached hereto were made at or near the time of the occurrence of the matters set forth therein, by (or from information transmitted by) a person with knowledge of those matters; were made and kept in the course of regularly conducted business activity; and, if not original records, are duplicates of original records.

      4.    The originals or duplicates of these records are maintained in the country of _____.


_____
Signature


_____
Print Name

Date of execution: _____

Place of execution: _____

COURTESY
COPY

UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK

---

BSG RESOURCES (GUINEA) LIMITED, BSG
RESOURCES (GUINEA) SÀRL, and BSG
RESOURCES LIMITED,

        Plaintiffs,

    v.

GEORGE SOROS, OPEN SOCIETY
FOUNDATIONS, OPEN SOCIETY INSTITUTE,
FOUNDATION TO PROMOTE OPEN
SOCIETY, OPEN SOCIETY FOUNDATION,
INC., ALLIANCE FOR OPEN SOCIETY
INTERNATIONAL, INC., OPEN SOCIETY
POLICY CENTER, and OPEN SOCIETY FUND,

        Defendants.

No. 1:17-cv-02726 (JFK) (AJP)

---

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' APPLICATION FOR THE ISSUANCE OF INTERNATIONAL JUDICAL ASSISTANCE (LETTERS ROGATORY) TO THE FEDERATIVE REPUBLIC OF BRAZIL RE VALE S.A.

        Plaintiffs submit this limited opposition to the version of the Vale letter of request submitted by Defendants. In particular, Plaintiffs object to the last two Requests to Vale as set forth in Exhibit B of the Application.

        The parties are attempting to cooperate in the issuance of letters rogatory. Plaintiffs received on Friday Defendants' comments to two such letters that Plaintiffs will be presenting to the Court once the parties have concluded their discussion. On the Vale Application, Plaintiffs submitted to Defendants several edits to the original draft of the Application. Defendants accepted many of the edits, but rejected others, including the ones that are the subject of this opposition.

We note that the numbering of the Requests Defendants submitted to the Court is incorrect, as six requests (found between the Requests numbered 2 and 5) do not have numbers. The Requests that are the subject of this opposition are the twenty-second and twenty-third requests, currently erroneously numbered Requests 16 & 17.

Those requests seek all documents Vale produced or submitted in the LCIA Arbitration. Putting aside the confidentiality issues that may bar such production, Plaintiffs advised Defendants that those requests should be limited to documents/communications "relevant to the claims or defenses in this case", as follows:

> [16].    All Documents or Communications <u>relevant to the claims or defenses in this case</u> produced by Vale in the LCIA Arbitration.

> [17].    All Documents <u>relevant to the claims or defenses in this case</u> submitted by Vale in the LCIA Arbitration, including, but not limited to briefs, witness statements, expert reports, and transcripts of testimony.

Defendants refused to add that limitation.

This Court limited Defendants' request to Plaintiffs for Plaintiffs' documents produced in the LCIA proceeding to "what you produced there that is otherwise relevant to their discovery" (9/1/17 Tr. at 32:19-21).  Thus, adding a relevance qualifier to the requests to third-parties such as Vale is warranted.

Accordingly, Plaintiffs respectfully request that the Application be modified prior to issuance to add the underlined language set forth above.  If not, Plaintiffs oppose the issuance of the letters rogatory.

Dated: November 1, 2017
New York, New York

GREENBERG TRAURIG, LLP

By: /s/ Louis M. Solomon
   Louis M. Solomon
200 Park Avenue
New York, New York 10166
(212) 801-9200

*Attorneys for Plaintiffs*
*BSG Resources (Guinea) Limited,*
*BSG Resources (Guinea) Sàrl and*
*BSG Resources Limited*

UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK

---

BSG RESOURCES (GUINEA) LIMITED, BSG
RESOURCES (GUINEA) SÀRL, and BSG
RESOURCES LIMITED,

        Plaintiffs,

    v.

GEORGE SOROS, OPEN SOCIETY
FOUNDATIONS, OPEN SOCIETY INSTITUTE,
FOUNDATION TO PROMOTE OPEN
SOCIETY, OPEN SOCIETY FOUNDATION,
INC., ALLIANCE FOR OPEN SOCIETY
INTERNATIONAL, INC., OPEN SOCIETY
POLICY CENTER, and OPEN SOCIETY FUND,

        Defendants.

No. 1:17-cv-02726 (JFK) (AJP)

---

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' APPLICATION FOR THE ISSUANCE
OF INTERNATIONAL JUDICAL ASSISTANCE (LETTERS ROGATORY) TO THE
FEDERATIVE REPUBLIC OF BRAZIL RE VALE S.A.**

Plaintiffs submit this limited opposition to the version of the Vale letter of request

submitted by Defendants.  In particular, Plaintiffs object to the last two Requests to Vale as set

forth in Exhibit B of the Application.

The parties are attempting to cooperate in the issuance of letters rogatory.  Plaintiffs

received on Friday Defendants' comments to two such letters that Plaintiffs will be presenting to

the Court once the parties have concluded their discussion.  On the Vale Application, Plaintiffs

submitted to Defendants several edits to the original draft of the Application.  Defendants

accepted many of the edits, but rejected others, including the ones that are the subject of this

opposition.

1

We note that the numbering of the Requests Defendants submitted to the Court is incorrect, as six requests (found between the Requests numbered 2 and 5) do not have numbers. The Requests that are the subject of this opposition are the twenty-second and twenty-third requests, currently erroneously numbered Requests 16 & 17.

Those requests seek all documents Vale produced or submitted in the LCIA Arbitration. Putting aside the confidentiality issues that may bar such production, Plaintiffs advised Defendants that those requests should be limited to documents/communications "relevant to the claims or defenses in this case", as follows:

> [16].   All Documents or Communications <u>relevant to the claims or defenses in this case</u> produced by Vale in the LCIA Arbitration.
>
> [17].   All Documents <u>relevant to the claims or defenses in this case</u> submitted by Vale in the LCIA Arbitration, including, but not limited to briefs, witness statements, expert reports, and transcripts of testimony.

Defendants refused to add that limitation.

This Court limited Defendants' request to Plaintiffs for Plaintiffs' documents produced in the LCIA proceeding to "what you produced there that is otherwise relevant to their discovery" (9/1/17 Tr. at 32:19-21).  Thus, adding a relevance qualifier to the requests to third-parties such as Vale is warranted.

Accordingly, Plaintiffs respectfully request that the Application be modified prior to issuance to add the underlined language set forth above.  If not, Plaintiffs oppose the issuance of the letters rogatory.

Dated: November 1, 2017
New York, New York

GREENBERG TRAURIG, LLP

By: /s/ Louis M. Solomon
      Louis M. Solomon
200 Park Avenue
New York, New York 10166
(212) 801-9200

*Attorneys for Plaintiffs*
*BSG Resources (Guinea) Limited,*
*BSG Resources (Guinea) Sàrl and*
*BSG Resources Limited*

3