UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| BSG RESOURCES (GUINEA) LIMITED, BSG RESOURCES (GUINEA) SÀRL, and BSG RESOURCES LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE SOROS, OPEN SOCIETY FOUNDATIONS, OPEN SOCIETY INSTITUTE, FOUNDATION TO PROMOTE OPEN SOCIETY, OPEN SOCIETY FOUNDATION, INC., ALLIANCE FOR OPEN SOCIETY INTERNATIONAL, INC., OPEN SOCIETY POLICY CENTER, and OPEN SOCIETY FUND,<br><br>Defendants. | No. 1:17-cv-02726 (JFK) (AJP) |

[~~PROPOSED~~] ORDER ISSUING A LETTER OF REQUEST (LETTER ROGATORY)
FOR THE PRODUCTION OF DOCUMENTS IN THE REPUBLIC OF FRANCE
PURSUANT TO THE HAGUE EVIDENCE CONVENTION

Upon consideration of the application (the "Application") of Defendants George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy Center, and Open Society Fund, requesting the issuance of a letter of request ("Letter Rogatory") pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, 847 U.N.T.S. 231 (the "Hague Evidence Convention") to which both the Republic of France and the United States are parties, 28 U.S.C. § 1781, and Rules 4(f) and 28 of the Federal Rules of Civil Procedure; and upon the record of these civil proceedings; and due and sufficient notice having been given under the circumstances; and it

appearing that no other or further notice need be given; and after due deliberation; and it appearing that good and sufficient cause exists;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Application is GRANTED.

2. This Court shall sign the Letter Rogatory attached to the Application as Exhibit B and affix the seal of the United States District Court for the Southern District of New York over said signature in the Letter Rogatory.

3. The Clerk of the Court is directed to return the original, signed Letter Rogatory to Joseph T. Baio of Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, so that said documents may be transmitted to the Ministère de la Justice acting as the Central Authority of the Republic of France.

4. Joseph T. Baio of Willkie Farr & Gallagher LLP is directed to transmit the original, signed Letter Rogatory to the Central Authority of the Republic of France.

5. The Court shall retain jurisdiction over any and all issues arising from or relating to the implementation and interpretation of this order.

Dated: Nov. 7, 2017
New York, New York

THE HONORABLE ANDREW J. PECK
UNITED STATES MAGISTRATE JUDGE

HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

2

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BSG RESOURCES (GUINEA) LIMITED, BSG RESOURCES (GUINEA) SÀRL, and BSG RESOURCES LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE SOROS, OPEN SOCIETY FOUNDATIONS, OPEN SOCIETY INSTITUTE, FOUNDATION TO PROMOTE OPEN SOCIETY, OPEN SOCIETY FOUNDATION, INC., ALLIANCE FOR OPEN SOCIETY INTERNATIONAL, INC., OPEN SOCIETY POLICY CENTER, and OPEN SOCIETY FUND,<br><br>Defendants. | No. 1:17-cv-02726 (JFK) (AJP) |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

The United States District Court for the Southern District of New York presents its compliments to the appropriate judicial authority of the Republic of France and requests international judicial assistance to obtain evidence to be used at trial in a civil proceeding before this Court in the above-captioned case. This Court has determined that it would further the interests of justice if by the proper and usual process of your Court, you summon Frédéric Cilins to produce copies of the documents in his possession, custody, or control that are identified in paragraph 11.

The applicants for this letter are George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy Center, and Open Society Fund

(collectively, "Defendants"). Joseph T. Baio of Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, USA, is counsel to Defendants and is available to answer any questions the Court may have.

This Request is made pursuant to, and in conformity with, the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, 847 U.N.T.S. 231 (the "Hague Evidence Convention") to which both the Republic of France and the United States are parties; 28 U.S.C. § 1781; and Rules 4(f) and 28 of the Federal Rules of Civil Procedure. The United States District Court for the Southern District of New York is a competent Court of law and equity that properly has jurisdiction over this proceeding and has the power to compel the production of documents.

The production of documents is intended for use at trial and, in the view of this Court, the evidence sought through the present Request is directly relevant to the issues in dispute, including whether, as Defendants contend, Plaintiffs obtained their mining rights in Guinea through bribery and corruption.

This Request is made with the understanding that it will not require any person to commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation were conducted in a French Court. The requesting Court is satisfied that the evidence sought to be obtained through this Letter Rogatory is relevant and necessary and cannot reasonably be obtained by other methods. Because this Court lacks authority to compel Mr. Cilins's participation and, such participation being necessary so that justice be served in the above-captioned case, this Court respectfully requests assistance from the appropriate judicial authority of the Republic of France.

# Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters

| | | |
|---|---|---|
| 1. | **Sender** | The Honorable Andrew J. Peck<br>United States District Court<br>Southern District of New York<br>500 Pearl Street, Courtroom 20D<br>New York, New York 10007 |
| 2. | **Central Authority of the Requested State** | Ministère de la Justice<br>Direction des Affaires Civiles et du Sceau<br>Bureau du droit de l'Union, du droit international privé et de l'entraide civile (BDIP)<br>13, Place Vendôme<br>75042 Paris Cedex 01 |
| 3. | **Person to whom the executed request is to be returned** | Joseph T. Baio<br>Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, New York 10019<br>USA<br><br>Copied to:<br><br>The Honorable Andrew J. Peck<br>United States District Court<br>Southern District of New York<br>500 Pearl Street, Courtroom 20D<br>New York, New York 10007 |

4. **Specification of the date by which the requesting authority requires receipt of the response to the Letter Rogatory**

| | |
|---|---|
| **Date** | Receipt of all documents responsive to the requests made in Schedule A attached hereto to occur by 15 November 2017. |
| **Reason for urgency** | Per the order of this Court, the parties must complete all document production by 1 December 2017 in anticipation of a trial on a date to be determined at which such factual evidence will be used. |

**IN CONFORMITY WITH ARTICLE 3 OF THE HAGUE EVIDENCE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:**

| | |
|---|---|
| 5. a. Requesting judicial authority | The Honorable Andrew J. Peck<br>United States District Court<br>Southern District of New York<br>500 Pearl Street, Courtroom 20D<br>New York, New York 10007 |
| 5. b. To the competent Authority | The Republic of France |
| 5. c. Name of the case and any identifying number | BSGR Resources (Guinea) Limited et al. v. George Soros et al., Case No. 1:17-cv-02726 (JFK) (AJP) |
| 6. Names and addresses of the parties and their representatives (including representatives in the requested State) | |
| a. Plaintiffs | **BSG Resources (Guinea) Limited**<br>West Wing, Frances House,<br>Sir William Place, St. Peter Port, Guernsey<br><br>**BSG Resources (Guinea) Sàrl**<br>Immeuble Bleu, 5ème étage Résidence 2000,<br>Moussoudougou-C/Matam, Conakry,<br>Republic of Guinea, Post Box 6389<br><br>**BSG Resources Limited**<br>West Wing, Frances House,<br>Sir William Place, St. Peter Port, Guernsey |
| Representatives | Louis M. Solomon<br>Michael Lazaroff<br>Greenberg Traurig, LLP<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: (212) 801-9200<br>Facsimile: (212) 805-5529 |
| b. Defendants | **George Soros**<br>250 West 55th St., Floor 27<br>New York, New York 10019 |

|  |  |
|---|---|
|  | **Open Society Foundations**<br>224 West 57th St.<br>New York, New York 10019 |
|  | **Open Society Institute**<br>224 West 57th St.<br>New York, New York 10019 |
|  | **Foundation to Promote Open Society**<br>224 West 57th St.<br>New York, New York 10019 |
|  | **Open Society Foundation, Inc.**<br>224 West 57th St.<br>New York, New York 10019 |
|  | **Alliance for Open Society International, Inc.**<br>224 West 57th St.<br>New York, New York 10019 |
|  | **Open Society Policy Center**<br>224 West 57th St.<br>New York, New York 10019 |
|  | **Open Society Fund**<br>224 West 57th St.<br>New York, New York 10019 |
| **Representatives** | Joseph T. Baio<br>Benjamin P. McCallen<br>James Fitzmaurice<br>Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>Telephone: (212) 728-8000<br>Facsimile: (212) 728-9657<br><br>Elizabeth J. Bower<br>Willkie Farr & Gallagher LLP<br>1875 K Street, N.W.<br>Washington, D.C. 20006<br>Telephone: (202) 303-1000<br>Facsimile: (202) 303-2000 |

|   |   |
|---|---|
| c. **Other Parties** | Not Applicable |
| **Representatives** | Not Applicable |

**7. a. Nature of the Proceedings**

       This action, captioned <u>BSG Resources (Guinea) Limited et al. v. George Soros et al.</u>, Case No. 1:17-cv-02726 (JFK) (AJP), is a civil litigation brought in the Southern District of New York (the "Case").

**7. b. Summary of Complaint**

       7.1    On June 30, 2017, Plaintiffs filed an amended complaint in this Court (the "Amended Complaint") against the Defendants. The Amended Complaint alleges, among other things, that Defendants caused the termination of Plaintiffs' iron ore mining rights in the Republic of Guinea ("Guinea") on the basis of allegedly false allegations that Plaintiffs engaged in bribery and corruption to procure those rights. (*See, e.g., id.* at ¶¶ 84, 181-84.) Plaintiffs have asserted claims against all of the Defendants for tortious interference with contract, conspiracy to commit tortious interference with contract, and commercial defamation, as well as claims for fraud, conspiracy to commit fraud, and prima facie tort against Mr. Soros. (*Id.*)

       7.2    In response to the Amended Complaint, on July 28, 2017, Defendants filed a motion to dismiss or, in the alternative, a motion to stay in favor of a pending arbitration between Guinea and Plaintiffs before the International Centre for the Settlement of Investment Disputes (the "Motion").

       7.3    Through this Application and pursuant to the Hague Evidence Convention, Defendants now seek documents to test Plaintiffs' assertion, upon which all of Plaintiffs' claims rely, that Plaintiffs did not obtain their mining rights in Guinea through bribery and corruption,

6

which allegations Plaintiffs dispute. In particular, Defendants seek discovery from Frédéric Cilins. Defendants believe that Mr. Cilins was instrumental in effecting the bribery at issue in this case, which has led to multiple criminal convictions, including the conviction of Mr. Cilins in the Southern District of New York.

7.4   Mr. Cilins has been described in the press as a representative or intermediary for BSGR in Guinea. He served as a director of Pentler Holdings, a company incorporated in the British Virgin Islands by Onyx Financial Advisors Limited ("Onyx"), Plaintiffs' financial and administration services company. During at least part of the relevant period, Pentler was a BSGR shareholder with a stake in Plaintiffs' operations in Guinea.

7.5   Defendants contend that Mr. Cilins, through Pentler, has been linked to Plaintiffs' alleged corruption and bribery scheme in Guinea. Relevant here, among other things, the investigation into Plaintiffs conducted by the Guinean Technical Committee, a subcommittee of the National Mining Commission, that ultimately led to a determination that Plaintiffs used bribery and corruption to procure their mining rights, revealed, among other things, a Memorandum of Understanding allegedly executed on February 20, 2006, between Pentler and Mamadie Touré, the former wife of Lansana Conté, deceased President of Guinea, and various letters of commitment allegedly legalized on and/or dated July 21, 2006, July 8, 2010, and August 3, 2010 between Pentler and Madamie Touré (or Matinda & Co. Ltd.).

7.6   Defendants contend that these documents suggest that, through Mr. Cilins and Pentler, Plaintiffs did in fact use bribery and corruption to procure their mining rights in Guinea. Indeed, Mr. Cilins pled guilty, in the Southern District of New York, to obstructing a criminal investigation by attempting to destroy contracts purportedly memorializing bribes made

7

to Mamadie Touré. Plaintiffs dispute any and all allegations of bribery or corruption and dispute the validity of the supposed documents referenced herein.

### 8. a. Evidence to be Obtained or Other Judicial Act to Be Performed

This Court, therefore, respectfully requests, for the purpose of justice and for due determination of the matters in dispute between the parties, the proper judicial authority of the Republic of France's assistance in collecting the documents set forth in Schedule A believed to be in the possession, custody, or control of Mr. Cilins for use at trial in this Case.

### 8. b. Purpose of the Evidence Sought

The documents sought from Mr. Cilins are intended for use in the trial of this Case. For the reasons set forth above, the Court believes that the documents will serve as evidence directly relevant to the principal dispute in the Case, without which the ends of justice could not be properly met. It is therefore requested that a competent judicial authority of the Republic of France compel Mr. Cilins to produce the documents that are identified in Schedule A.

### 9. Identity and Address of Any Person to Be Examined

Not applicable.

### 10. Questions to Be Put to the Persons to Be Examined or Statement of the Subject-Matter About Which They Are to Be Examined

Not applicable.

### 11. Documents or Other Property to Be Inspected

This Request seeks documents from:

Frédéric Cilins
238 Chemin des Pertuades
06220 Vallauris
France

It is requested that Mr. Cilins be required to produce the documents described in the attached Schedule A believed to be in his possession, custody, or control. Such documents are necessary for the purposes of justice and for the due determination of the matters in dispute between the parties.

**12. Any Requirement that the Evidence Be Given Under Oath or Affirmation and Any Special Form to be Used**

Not applicable.

**13. Special Methods or Procedure to Be Followed (*e.g.*, Oral or in Writing, Verbatim, Transcript or Summary, Cross-Examination, Etc.)**

Not applicable.

**14. Request for Notification of the Time and Place for the Execution of the Request and Identity and Address of Any Person to Be Notified**

Notice of the time and place where the documents will be produced shall be sent directly to the following:

WILLKIE FARR & GALLAGHER LLP
ATTN: Joseph T. Baio

787 Seventh Avenue
New York, New York 10019
USA
Telephone: (212) 728-8000
Facsimile: (212) 728-8111


GREENBERG TRAURIG, LLP
ATTN: Louis M. Solomon
　　　　Michael Lazaroff

200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 805-5529

9

### 15. Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin

Under the laws of the United States, a party has a privilege to refuse to produce evidence if the evidence discloses a confidential communication between that party and an attorney for that party if the predominant purpose of the communication was to request or obtain legal advice. Parties are also permitted to withhold documents under the attorney work product doctrine if the document consists of or reflects an attorney's work product that was created during or in anticipation of litigation. United States law also recognizes a privilege against self-incrimination.

### 16. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:

George Soros and Open Society Institute
c/o
WILLKIE FARR & GALLAGHER LLP
Joseph T. Baio
787 Seventh Avenue
New York, New York 10019
USA
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111

Date of Request: _____Nov. 7_____, 2017

The Honorable Magistrate Judge Andrew J. Peck

Requesting Authority
HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

(Seal of Court)

## Schedule A

### <u>DEFINITIONS</u>

1. The term "Amended Complaint" means the first amended complaint, dated June 30, 2017, or any amendments thereto, filed in this Action. For ease of reference, the Amended Complaint is attached hereto as Exhibit 1.

2. The term "Agreements" (capitalized) means (i) Plaintiffs' (defined below) prospecting permits in the Guinean regions of Beyla, Macenta, Nzérékoré, and Yomou ("Simandou South") and the Guinean region of Kérouané ("Simandou North"), referenced in paragraph 22 of the Amended Complaint (annexed to this Schedule A); (ii) Plaintiffs' memorandum of understanding with Guinea, referenced in paragraph 23 of the Amended Complaint; (iii) Plaintiffs' prospecting permits in Simandou Blocks 1 and 2, referenced in paragraph 26 of the Amended Complaint; (iv) the Basic Convention Agreement, referenced in paragraph 30 of the Amended Complaint; (v) Plaintiffs' mining concession for the Zogota deposit in Simandou South, referenced in paragraph 36 of the Amended Complaint; or (vi) any other documents evidencing Plaintiffs' mining rights in Guinea.

3. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "Guinea" means the country in West Africa with the capital city of Conakry and, for the purposes of these Requests, shall also mean the country's government, officials, committees, commissions, affiliates, divisions, agents, members, employees, attorneys, consultants, and representatives, past, present, or future, in their individual or representative capacities.

7. The term "Matinda and Co. Limited" means any company with "Matinda" in its name, including, but not limited to, Matinda and Co. Limited, Matinda Partners and Co. Ltd., Matinda and Co. Ltd. Sàrl, and Matinda & Co. Ltd, and its principals, parents, subsidiaries, partners, and affiliates.

8. The term "Onyx" means Onyx Financial Advisors Limited and its principals, subsidiaries, partners, and affiliates, including, but not limited to Onyx Financial Advisors (UK) Limited, which was initially incorporated as BSG Management Services (London) and has provided Plaintiffs with financial management services.

9. The term "Pentler" means Pentler Holdings Ltd. and refers to the company established by Mossack Fonseca & Ass. SA for Onyx, which Onyx sold to Frédéric Cilins, Michael Noy, and Avraham Lev Ran thereafter.

10. "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

11. The terms "Plaintiffs" or "BSGR" mean BSG Resources (Guinea) Limited, including Beny Steinmetz and its officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates (including any existing or defunct entity by that name that is or was registered or organized under the laws of Guernsey or the British Virgin Islands, BSG Resources (Guinea) Sàrl, BSG Resources Limited, and BSGR Guinea BVI).

12. "You" or "Your" shall mean and refer to Frédéric Cilins.

13. The use of the singular form of any word includes the plural and vice versa.



## PRELIMINARY REMARKS

The judicial authority of the Republic of France is kindly requested to instruct Mr. Cilins to keep all documents segregated by the file in which the documents are contained in the normal course of business and to indicate the name or subject of the file in which the documents are contained, or, alternatively, to organize and label the documents to correspond with the categories in this document request.

## DOCUMENTS TO BE PRODUCED

**Document Request No. 1**

Documents sufficient to demonstrate the corporate structure of Pentler Holdings and its principals, parents, subsidiaries, partners, and affiliates, including any organizational charts.

**Document Request No. 2**

All Documents or Communications concerning Pentler Holdings, including, but not limited to, Documents or Communications concerning the creation of Pentler Holdings, services provided by Pentler Holdings related to Guinea or BSGR, and any payments made to, by, or through Pentler Holdings, directly or indirectly, related to the Agreements or BSGR's dealings in Guinea.

**Document Request No. 3**

Documents sufficient to demonstrate any business relationships between Pentler Holdings, on the one hand, and BSGR or Beny Steinmetz, on the other hand, during the relevant time period, including but not limited to any principal-agent relationships, parent-subsidiary relationships, relationships arising from stock ownership, or other business affiliations.

**Document Request No. 4**



All Documents or Communications concerning any contracts or agreements, whether written or oral, entered into by ~~You~~ Cilins or Pentler Holdings related to the Agreements or BSGR's dealings in Guinea.

**Document Request No. 5**



All Communications or Documents concerning Communications or meetings between ~~You~~ Cilins and Mamadie Touré relating to BSGR, including, but not limited to, the Agreements and BSGR's dealings in Guinea.

14

**Document Request No. 6**

All Documents or Communications concerning Matinda and Co. Limited.

**Document Request No. 7**

All Documents or Communications concerning Communications or meetings between ~~You~~ Ci/ms, on the one hand, and (i) Beny Steinmetz, (ii) Roy Oron, (iii) Asher Avidan, (iv) BSGR, (v) Michael Noy, (vi) Avraham Lev Ran, (vii) Dag Cramer, (viii) Onyx Financial Advisors, (ix) Lounceny Nabé, and (x) Mahmoud Thiam on the other hand.

**Document Request No. 8**

Any contract or agreement (whether written or oral) entered into or allegedly entered into between Plaintiffs or Pentler Holdings, on the one hand, and (i) Mamadie Touré or Matinda and Co. Limited, (ii) Ibrahima Sory Touré, (iii) Ibrahima Fofana Kassory, (iv) Adama Sidibe, (v) Aboubacar Bah, (vi) Ismaila Daou, (viii) Samuel Mebiame, (viii) Lounceny Nabé, and (ix) Ghasson Boutros on the other hand.

**Document Request No. 9**

All Documents or Communications concerning any contract or agreement (whether written or oral) entered into or allegedly entered into between BSGR or Pentler Holdings, on the one hand, and (i) Mamadie Touré or Matinda and Co. Limited, (ii) Ibrahima Sory Touré, (iii) Ibrahima Fofana Kassory, (iv) Adama Sidibe, (v) Aboubacar Bah, (vi) Ismaila Daou, or (viii) Samuel Mebiame, (viii) Lounceny Nabé, and (ix) Ghasson Boutros, on the other hand.

**Document Request No. 10**

All Documents or Communications concerning (i) Ibrahima Sory Touré, (ii) Ibrahima Fofana Kassory, (iii) Adama Sidibe, (iv) Aboubacar Bah, (v) Ismaila Daou, (vi) Samuel Mebiame, (vii) Lounceny Nabé, or (viii) Ghasson Boutros.

**Document Request No. 11** /Ci lms

All Documents of Communications concerning any payments, gifts, or bribes made, transmitted, or offered by ~~You~~ or BSGR, either directly or indirectly, to President Conté, Lounceny Nabé, Mahmoud Thiam, Mamadie Touré, or any other official of the Guinean government.

**Document Request No. 12**

All Documents or Communications concerning ~~Your~~ Ci/ms' meeting with Beny Steinmetz the week before Your meeting with Mamadie Touré in Jacksonville that led to Your arrest, during which You "assured Steinmetz that [Mamadie] Touré would 'never betray' him, and would 'never give away any documents whatsoever,'" as reported in the article written by Patrick Radden Keefe,

15

Buried Secrets, in The New Yorker, dated July 8, 2013 and cited in paragraph 99 of the Amended Complaint. For ease of reference, the article is attached hereto as Exhibit 2.

**Document Request No. 13**

All Documents or Communications concerning the destruction of, or attempt to destroy, evidence relating to any contract or agreement (whether written or oral) entered into or allegedly entered into by BSGR, Pentler Holdings, or Onyx, on the one hand, and (i) Mamadie Touré or Matinda and Co. Limited, (ii) Ibrahima Sory Touré, (iii) Ibrahima Fofana Kassory, (iv) Adama Sidibe, (v) Aboubacar Bah, (vi) Ismaila Daou, (vii) Samuel Mebiame, (viii) Lounceny Nabé, and (ix) Ghasson Boutros on the other hand.

**Document Request No. 14**

NP All Documents or Communications produced to or by ~~You~~ Cilins in any grand jury or other investigation by the United States government relating to BSGR, including, but not limited to, NP investigations of ~~You~~ Cilins, Mahmoud Thiam, and Mamadie Touré.

**Document Request No. 15**

All Documents or Communications produced to or by ~~You~~ Cilins in *United States v. Cilins*, No. 1:13-cr-00315 (KMW) in the United States District Court for the Southern District of New York.

16