**GT GreenbergTraurig**

November 22, 2017

> MEMO ENDORSED 11/22/17
> THE COURT CANNOT HEAR CASES OR ISSUES INVOLVING DLA, SO IF YOU CAN'T RESOLVE IT YOU WILL NEED TO RAISE THE ISSUE WITH JUDGE KEENAN.
> SO ORDERED:
> Hon. Andrew Jay Peck
> United States Magistrate Judge
> COPIES BY ECF TO ALL COUNSEL

Honorable Andrew J. Peck
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: *BSGR v. Soros, et al.*, Civil Action No. 1:17-cv-02726 (JFK) (AJP)

Dear Judge Peck:

Plaintiffs to the above-referenced action hereby respectfully request that the Court schedule a discovery conference as soon as is convenient to the Court in order to address the objections of DLA Piper, LLP, Scott Horton (a DLA Piper consultant) (the "DLA Piper entities"), Veracity Worldwide, and its CEO Steven Fox's (the "Veracity entities", together, the "subpoenaed parties") to producing documents pursuant to FRCP Rule 45 document subpoenas. The principal objections that we wish to address are objections based on purported sovereign immunity and investigative privileges. This is the Plaintiffs' first request for a conference to discuss third party document discovery and is intended to expedite the discovery process with regard to third party productions, which to date have been extremely limited in scope.

The DLA Piper entities have asserted a "common law conduct-based sovereign immunity" privilege based on their alleged engagement by the Guinean government to investigate "the Simandou concession," including BSGR's mining agreements. (*See* Oct. 11 Letter from Vukelj to Reddy, Ex. A hereto). They claim that the Republic of Guinea "delegated to" Mr. Horton the responsibilities of certain governmental functions, such as the investigation of the Simandou concession, and that he (and DLA Piper) cannot be compelled to respond to the subpoena to the extent that it seeks documents concerning acts allegedly performed during the scope of that investigation. *See id.* at 2. Similarly, Mr. Horton asserts a "law investigative" privilege which, the DLA Piper entities claim, protects him from disclosing documents or communications shared with government entities. *See id.* at 3. The Veracity entities' position is derivative of the DLA Piper entities', *i.e.* they say they will not produce documents gathered or generated by Veracity "in the course of work done at the behest of counsel for Guinea [DLA Piper] in the course of a governmental investigation" based on their understanding of DLA Piper's position with respect to the asserted privileges.

As set forth in its November 17, 2017 letters (attached hereto as Exs. B and C), Plaintiffs dispute that the sovereign immunity and law enforcement privileges afford the subpoenaed entities the protections they have claimed in this instance. First, we have found no authority—and the subpoenaed entities have cited none—for the proposition that "common law conduct-based sovereign immunity", to the extent it is recognized in these circumstances at all, extends to document subpoenas. *See* Ex. B at 1. The authorities cited by the DLA Piper entities apply this immunity in the context of efforts to compel oral testimony from a foreign state's agent, which is

November 22, 2017
Page 2

far afield from Plaintiffs' efforts to obtain documents pursuant to FRCP Rule 45 subpoena. Further, and notwithstanding that the DLA Piper entities have neither obtained not attempted to obtain a "suggestion of immunity" from the State department, a number of exceptions to this privilege would remove the subpoenaed entities from its reach. For one, their conduct goes far beyond carrying out "delegated," non-discretionary tasks, and instead unequivocally involves independent decision making. *Id.* at 2. Nor may the subpoenaed entities be immunized for their own tortious conduct, and such independent tortious conduct is specifically and in detail alleged in the Amended Complaint. *Id.*

Second, as set forth in the case law cited in our November 17 letter to the DLA Piper entities, the law enforcement privilege requires a formal claim of privilege by the head of the body controlling the requested information (*i.e.* the FBI), submitted by a governmental affidavit or an affidavit from "an official in the affected agency." *See id.* at 4. The DLA Piper entities' speculation as to what such agency "might" do is patently insufficient to assert such a privilege. *Id.*

Plaintiffs request the conference with the objective that a scheduled appearance before Your Honor would act as a control date while Plaintiffs and the subpoenaed parties continue to try to resolve their differences. We have found that Your Honor's control dates have been indispensable to achieving timely and efficient resolution of discovery issues. Should Plaintiffs and the subpoenaed parties be able to resolve their current impasse, we will inform the Court thereof within the two-day window previously ordered by Your Honor. Our efforts to find common dates that the parties are available have not been successful.

Respectfully,

*/s/ Louis M. Solomon*

Louis M. Solomon

cc. Counsel of Record
    John Vukelj, Esq., counsel for the DLA Piper entities (via email)
    Mitchell Berns, Esq., counsel for the Veracity entities (via email)