MEMO ENDORSED ORDER, 17 CIV. 2726

The outstanding Letters Rogatory, i.e., those issued by the Court before Judge Keenan's stay order, will go forward and are unaffected by the stay. Any new Letters Rogatory will have to wait until after the discovery stay is lifted by Judge Keenan.

Dated: New York, New York
December 7, 2017

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

Copy ECF: All Counsel
Judge Keenan

BY ECF

# WILLKIE FARR & GALLAGHER LLP

1875 K St., N.W.
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000

December 6, 2017

**VIA ECF**


MEMO ENDORSED
- ATTACHED

Honorable Andrew J. Peck
United States Magistrate Judge
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: *BSG Resources (Guinea) Limited, et al. v. Soros, et al.*, No. 1:17-cv-02726 (JFK) (AJP) (the "Action")

Dear Judge Peck:

We represent Defendants in the Action. We write in response to the Court's order, dated December 1, 2017, in which the Court directed counsel to provide their position as to the outstanding letters rogatory, (Dkt. No. 138, at 1), in light of Judge Keenan's order staying the action. (Dkt. No. 136.) At issue are three letters rogatory by which Defendants seek the production of relevant documents from the following parties: Pentler Holdings, Ltd., located in the British Virgin Islands (*see* Dkt. No. 123); Vale, S.A., located in Brazil (*see* Dkt. No. 124); and Frédéric Cilins, located in France. (*See* Dkt. No. 125.) We note that Plaintiffs had not filed any letters rogatory with the Court prior to Judge Keenan's November 29th decision to stay proceedings.

Defendants respectfully submit that the outstanding letters rogatory should not proceed during the stay, and no new discovery should be set in motion as Plaintiffs request. The evidence sought by the letters rogatory may be unnecessary after a decision is rendered in the ongoing arbitration between Plaintiffs and the Republic of Guinea, which decision may significantly narrow or dispose of the claims or factual issues in the Action. Each of the letters rogatory seek evidence regarding, among other things, the bribery and corruption that Plaintiffs allegedly used to procure the contracts and mining rights at issue in the Action. As Judge Keenan noted in his stay order, "whether the Convention and BSGR's mining rights were procured through corruption" is a "core issue underlying Plaintiffs' claims" and one of the "common issues between this action and those to be decided in the Arbitration." (Dkt. No. 136, at 9-10.) Judge Keenan further noted that "[t]he resolution of these issues in the Arbitration proceeding will 'likely provide significant insight into, if not actually resolve, the claims asserted in this action.'" (*Id.* at 10.)

Given the high degree of uncertainty as to the eventual posture of the Action and the viability of Plaintiffs' claims after the resolution of the arbitration, Defendants do not believe that they should be required to undertake the significant expenditure of time and resources that is likely to result from the enforcement of letters rogatory directed to entities located in jurisdictions throughout the world. Such an undertaking would be inconsistent with Judge Keenan's consideration of the "judicial economy" that "weighs in favor of a stay." (*Id.* at 12.)

Finally, the Court should deny Plaintiffs' thinly veiled attempt to relitigate Judge Keenan's stay order submitted earlier this afternoon. (Dkt. No. 139.) As an initial matter, this is a complete about-face from Plaintiffs' stated position that adjournment of all discovery is "inherent in Judge Keenan's order." (Dkt. No. 137.) In any event, Plaintiffs offer no support for the proposition that this Court should compel Defendants to pursue letters rogatory—sought solely by Defendants to defend against Plaintiffs' claims—after Defendants secured a stay of the action. Nor should Plaintiffs be permitted to move the Court for the issuance of *additional* letters rogatory during the pendency of the stay. Plaintiffs' request flies in the face of both Judge Keenan's stay order staying the action and this Court's order, which sought counsel's views only on the disposition of "the *outstanding* letters rogatory." (*See* Dkt. No. 138 (emphasis added).)[1]

Nor does Plaintiffs' claim that they had "drafts of letters rogatory" "mid-process" carry water. (Dkt. No 139.) Defendants advised that they would not join Plaintiffs' proposed letters rogatory nearly two weeks before the stay order issued, but Plaintiffs sat on their hands and never filed those discovery requests with the Court. Moreover, nothing in Judge Keenan's order contemplates the continuation of any proceedings at any stage of process, but there is certainly no support for launching new discovery or pleadings at this time.

Defendants respectfully submit that the letters rogatory should not proceed during the stay.

Respectfully submitted,

s/ Elizabeth J. Bower

Elizabeth J. Bower

cc:   Louis M. Solomon

---

[1] *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 85 (W.D.N.Y. 2011), is inapposite. Unlike here, defendant there did not oppose plaintiff's request that it be allowed during the stay to apply for the issuance of letters rogatory to take depositions. The court permitted plaintiff to proceed with the applications, but ordered that no depositions take place during the stay. Here, in contrast, both the outstanding letters rogatory and those proposed by Plaintiffs seek the production of documents, which will likely result in the imposition of significant burdens on both the parties and non-parties during the stay, in the form of the negotiations, meet-and-confers, document collection, review and production, and litigation attendant to document discovery. There is no reason for the parties to engage in such an undertaking during the pendency of the stay, especially in light of Judge Keenan's observation that "there is little risk that the evidence supporting [Plaintiffs'] case may grow stale, become unavailable, or be lost" "because many, if it not all, of the issues in the action will be touched on in the arbitration." (Dkt. No. 136, at 14.)