UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BSG RESOURCES (GUINEA) LIMITED, BSG RESOURCES (GUINEA) SÀRL, and BSG RESOURCES LIMITED,<br><br>        Plaintiffs,<br><br>    v.<br><br>GEORGE SOROS, OPEN SOCIETY FOUNDATIONS, OPEN SOCIETY INSTITUTE, FOUNDATION TO PROMOTE OPEN SOCIETY, OPEN SOCIETY FOUNDATION, INC., ALLIANCE FOR OPEN SOCIETY INTERNATIONAL INC., OPEN SOCIETY POLICY CENTER, and OPEN SOCIETY FUND,<br><br>        Defendants. | No. 1:17-cv-02726 (JFK) (AJP)<br><br>**Oral Argument Requested** |

## DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDER

Willkie Farr & Gallagher LLP

787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000 (telephone)

1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000 (telephone)

*Attorneys for Defendants*

## TABLE OF CONTENTS

**Page**

I.    BACKGROUND RELEVANT TO THE STAY AND THE INTERNATIONAL
      DISCOVERY AT ISSUE ................................................................................- 1 -

II.   DEFENDANTS SHOULD NOT BE COMPELLED TO PURSUE THE
      OUTSTANDING LETTERS ROGATORY DURING THE STAY ...........................- 4 -

CONCLUSION...................................................................................................- 6 -

Pursuant to Fed. R. Civ. Procedure 72(a), Defendants[1] respectfully submit this Objection to United States Magistrate Judge Andrew J. Peck's Order, dated December 7, 2017 (the "December 7 Order").

In spite of this Court's recent Order staying the action pending the resolution of a related arbitration proceeding, the Magistrate Judge has ordered that international discovery requests previously issued by Defendants must proceed during the stay. The Magistrate Judge's December 7 Order directly undercuts this Court's Order staying this action, which was based in part on the determination that the scope of this action (including relevant discovery) may be significantly narrowed, if not foreclosed, by the outcome of the arbitration and the findings of the arbitration panel. Defendants should not be required to pursue potentially time consuming and costly discovery in foreign jurisdictions concerning issues that may never be adjudicated in this Court. Accordingly, the December 7 Order should be vacated and Defendants' applications for international discovery should be stayed until such time as the Court, if ever, deems it appropriate to lift its order staying this action.

# I.   BACKGROUND RELEVANT TO THE STAY AND THE INTERNATIONAL DISCOVERY AT ISSUE

Plaintiffs[2] allege in this action that Defendants induced the Republic of Guinea to terminate Plaintiffs' purported rights to mine certain iron ore deposits in that country. (Am. Compl., Dkt. No. 22 ¶¶ 176-215.). However, in an arbitration commenced against Guinea three years earlier before the International Centre for the Settlement of Investment Disputes, Plaintiffs have sought the reinstatement of those rights, among other relief (the "ICSID Arbitration").

---

[1] Defendants are George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International Inc., Open Society Policy Center, and Open Society Fund.

[2] Plaintiffs are BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG Resources Limited (collectively "BSGR").

1

Guinea has opposed BSGR's claims in the ICSID Arbitration, asserting that it lawfully terminated BSGR's purported mining rights on the grounds that BSGR procured those rights through bribery and corruption.  (*See* Claimant's Memorial, ICSID Case No. ARB/14/22, Dkt. No. 57-3, ¶ 345.)  On July 28, 2017, Defendants moved to stay this action, on the ground that, among other things, the resolution of common issues in the ICSID Arbitration—including whether Plaintiffs engaged in bribery and corruption in Guinea—could dispose of all of Plaintiffs' claims against Defendants in this action, or at the very least significantly narrow those claims and the scope of necessary discovery.  (*See* Mem. of Law in Supp. of Defs.' Mot. to Dismiss Pls.' Am. Compl. or, in the Alternative, to Stay the Action, Dkt. No. 56, at 27-30.)

While the motion to stay was pending, the parties commenced document discovery pursuant to an order of the Court (Order, dated July 7, 2017, Dkt. No. 30), including applications for the issuance of letters rogatory by Defendants to three entities that possess documents relevant to BSGR's alleged bribery and corruption in Guinea.[3]  Magistrate Judge Peck subsequently granted those applications.[4]  On November 29, 2017, this Court issued an order granting Defendants' motion for a stay (the "Stay Order").  (Stay Order, Dkt. No. 136 (Exhibit A).)[5]  In doing so, this Court recognized the overlapping issues in the two proceedings, and the potential for resolution of certain issues in the ICSID Arbitration that could significantly narrow or entirely dispose of issues raised in this action.  Specifically, this Court held that

---

[3] Those entities are Pentler Holdings, Ltd., located in the British Virgin Islands (*see* Order Issuing A Letter Of Request (Letter Rogatory) For The Production Of Documents In The British Virgin Islands Pursuant To The Hague Convention, Dkt. No. 123); Vale, S.A., located in Brazil (*see* Order Issuing A Letter Rogatory For The Production of Documents In The Federative Republic of Brazil, Dkt. No. 124); and Frédéric Cilins, located in France.  (*See* Order Issuing A Letter Of Request (Letter Rogatory) For The Production Of Documents In The Republic of France Pursuant To The Hague Convention, Dkt. No. 125.)

[4] On November 2, 2017, Judge Peck granted Defendants' application for the issuance of letters rogatory to Pentler and Vale.  (Dkt. Nos. 123 and 124.)  Judge Peck granted Defendants' application for the issuance of a letter rogatory to Cilins on November 7, 2017.  (Dkt. No. 125.)

[5] References to Exhibits are as attached to the Declaration of James Fitzmaurice filed herewith.

2

"whether the Convention and BSGR's mining rights were procured through corruption" is a "core issue underlying Plaintiffs' claims" and one of the "common issues between this action and those to be decided in the Arbitration." (*Id.* at 9-10.) "The resolution of these issues in the Arbitration proceeding will 'likely provide significant insight into, if not actually resolve, the claims asserted in this action.'" (*Id.* at 10.) The Stay Order stayed this action in its entirety, directing the Clerk of Court to "stay this case." (*Id.* at 14.)

On December 1, 2017, Defendants filed a letter, with Plaintiffs' agreement, asking Judge Peck to issue an order adjourning all discovery deadlines on the basis of the Stay Order. (Letter from E. Bower to Magistrate Judge Peck, dated December 1, 2017, Dkt. No. 137 (Exhibit B).) Later that day, Judge Peck issued an order approving the requested adjournments, subject to his direction that the parties provide their positions as to whether "the outstanding letters rogatory" should "go forward." (Order, dated December 1, 2017, Dkt. No. 138 (Exhibit C).) Judge Peck further stated that his "inclination is to have them go forward." (*Id.*)

On December 6, 2017, Plaintiffs filed their letter response to Judge Peck's request, which stated that Plaintiffs agree "[i]n principle" that the outstanding letters rogatory should proceed, but requested that Plaintiffs be permitted to pursue during the stay contemplated letters rogatory that Plaintiffs had not yet requested from Judge Peck. (Letter from L. Solomon to Magistrate Judge Peck, dated December 6, 2017, Dkt. No. 139 (Exhibit D).) Defendants submitted that no letters rogatory should proceed during the stay, citing this Court's order and the potential that international discovery could be obviated by final adjudication of the ICSID proceeding. (Letter from E. Bower to Magistrate Judge Peck, dated December 6, 2017, Dkt. No. 140 (Exhibit E).) Judge Peck's December 7 Order denied Plaintiffs' request to pursue new letters rogatory, but also ordered that the "outstanding Letters Rogatory . . . will go forward."

3

(December 7 Order, Dkt. No. 141 (Exhibit F), at 1.)  Although Judge Peck acknowledged the discovery stay ordered by this Court, Judge Peck held that the outstanding letters rogatory "are unaffected by the stay." (*Id.*)

Defendants submit this objection to that portion of the December 7 Order that compels Defendants to pursue the outstanding letters rogatory, and requests that this discovery—like all other discovery in this action—be stayed consistent with this Court's Stay Order.

## II.   DEFENDANTS SHOULD NOT BE COMPELLED TO PURSUE THE OUTSTANDING LETTERS ROGATORY DURING THE STAY

Pursuant to Fed. R. Civ. Procedure 72(a), non-dispositive matters decided by a Magistrate Judge are reviewed under a "clearly erroneous or contrary to law standard." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 941 F. Supp. 2d 513, 518-19 (D.N.J. 2005) (quotation marks omitted).  A "finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (citation omitted).  Magistrate Judge Peck's order that Defendants pursue international discovery is clearly erroneous and contrary to this Court's Stay Order for at least three reasons.

*First*, the Stay Order stayed all aspects of this action, including discovery, without limitation.  This Court granted the stay in part because "there is little risk that the evidence supporting [Plaintiffs'] case may grow stale, become unavailable, or be lost," given that "many, if it not all, of the issues in the action will be touched on in the arbitration." (Stay Order, Dkt. No. 136 (Exhibit A), at 14.)  That rationale applies equally to the foreign discovery requests at issue here.  Indeed, the breadth of the Stay Order was acknowledged by Plaintiffs, who initially agreed that the adjournment of all discovery in this case "is inherent in Judge Keenan's order," only to reverse that position once Judge Peck stated his "inclination" to have international

4

discovery proceed.  (*See* Letter from E. Bower to Magistrate Judge Peck, dated December 1, 2017, Dkt. No. 137 (Exhibit B).)

   *Second*, it makes no sense to compel Defendants to pursue the letters rogatory because the evidence sought may be rendered unnecessary, overbroad, or incomplete by the resolution of the ICSID Arbitration.  Each of the outstanding letters rogatory seeks documents regarding, among other things, the bribery and corruption that Plaintiffs allegedly used to procure the contracts and mining rights at issue in the action.  As the Court noted in the Stay Order, "whether the Convention and BSGR's mining rights were procured through corruption" is a "core issue underlying Plaintiffs' claims" and one of the "common issues between this action and those to be decided in the Arbitration."  (Stay Order, Dkt. No. 136 (Exhibit A), at 9-10.)  The Court further noted that "[t]he resolution of these issues in the Arbitration proceeding will 'likely provide significant insight into, if not actually resolve, the claims asserted in this action.'"  (*Id*. at 10.)  Given the high degree of uncertainty as to the viability of Plaintiffs' claims, the necessity or scope of the letters rogatory after the resolution of the ICSID Arbitration, and whether this action will proceed at all, the outstanding letters rogatory should not proceed during the stay.

   *Third*, given the foregoing, Defendants should not be compelled to undertake the burden and expense likely to result from the pursuit of the outstanding letters rogatory.  The letters rogatory seek the production of documents from three different entities, meaning that Defendants would likely have to engage in three sets of negotiations and, potentially, enforcement of discovery.  On top of that, because each of the third parties targeted by the letters rogatory are located in separate foreign countries, Defendants would likely be forced to hire counsel in each of those jurisdictions to assist in enforcement.  To compel Defendants to

undertake these burdens for evidence that may become unnecessary would be inconsistent with this Court's concern for "judicial economy." (*Id.* at 12.)

## CONCLUSION

For the foregoing reasons, the December 7 Order should be vacated and Defendants' applications for international discovery should be stayed until such time as the Court, if ever, deems it appropriate to lift the Stay Order.

Dated: December 21, 2017
New York, New York

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

By: /s/ Elizabeth J. Bower_____

    Joseph T. Baio
    Benjamin P. McCallen
    James Fitzmaurice

787 Seventh Avenue
New York, NY 10019
(212) 728-8000 (telephone)
jbaio@willkie.com

    Elizabeth J. Bower

1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000 (telephone)
ebower@willkie.com

*Attorneys for Defendants*