# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

June 15, 2018

Honorable John F. Keenan
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *BSG Resources (Guinea) Limited, et al. v. George Soros, et al.*, No. 1:17-cv-02726 (JFK)

Dear Judge Keenan:

We represent Defendants in the above-referenced action (the "Action"). We write pursuant to the Court's order, dated November 29, 2017 (the "Stay Order"), which stayed the Action pending a foreign arbitration and ordered the parties "to advise the Court no later than June 15, 2018 as to the status of the Arbitration . . . ." (Dkt. No. 136, at 14.) Contrary to the letter that Plaintiffs submitted yesterday (Dkt. No. 147) ("Plaintiffs' Letter"), the current status of the arbitration is that it is rapidly nearing completion. The parties will complete post-hearing briefing in less than a month, on July 2, 2018, and submit statements of costs in September 2018. After that, the arbitration tribunal will deliberate and issue a final award. Accordingly, the stay of this Action should remain in place pending the outcome of the arbitration.

**Background – Defendants' Motion and the Stay**

On June 30, 2017, Plaintiffs filed their Amended Complaint, which alleged that Defendants unlawfully caused the nation of Guinea to revoke Plaintiffs' mining rights in that country. (Dkt. No. 22.) On July 28, 2017, Defendants filed their Motion to Dismiss Plaintiffs' Amended Complaint Or, In The Alternative, To Stay The Action (the "Motion"). (Dkt. No. 55.) Defendants requested a stay because Plaintiffs had years ago commenced an arbitration against Guinea before the International Centre for the Settlement of Investment Disputes (the "ICSID Arbitration") that challenged the revocation of the same mining rights, and was likely to determine issues dispositive of Plaintiffs' claims in this action. (*See id.* at 27-30.)

On November 29, 2017, the Court granted "Defendants' motion to stay this action pending the outcome of the Arbitration between Plaintiffs and Guinea . . . ." (Stay Order, Dkt. No. 136, at 14.) The Court reasoned that a stay was appropriate because, among other things, "the determination of key issues in the Arbitration . . . will have some bearing on all of Plaintiffs'

Honorable John F. Keenan
Page 2

claims in this action" and "the Arbitration is substantially further along than this action." (*Id.* at 11-13.)

**The Progress of the ICSID Arbitration**

The ICSID Arbitration has been proceeding expeditiously and Plaintiffs' dire warnings of undue delay have proven to be false. In opposition to the stay request, Plaintiffs submitted a declaration from BSGR's counsel in the ICSID Arbitration, which asserted that several purported procedural hurdles meant that "it could take years before a final and nonappealable award is made" in the arbitration. (Decl. of James Libson, dated August 17, 2017 (the "Libson Declaration"), Dkt. No. 70, ¶ 11.) Each of these purported roadblocks have been completed or will be completed soon:

- Mr. Libson stated that the tribunal in the ICSID Arbitration "has appointed two independent forensic experts" who would "need to coordinate schedules and access to the documents." (Libson Declaration, Dkt. No. 70, ¶ 9.) That expert inspection took only four days, and was completed on November 3, 2017. (ICSID Arbitration, Procedural Order No. 14 (attached hereto as Exhibit 1), ¶ 22.)

- Mr. Libson stated that the "the forensic experts will report back to the Tribunal by way of draft report(s) subject to a comment period, followed by the submissions of final reports." (Libson Declaration, Dkt. No. 70, ¶ 9.) Those expert submissions were completed on or around February 12, 2018. (ICSID Arbitration, Tr. of Hearing on Forensic Expert Evidence, dated March 26, 2018 (excerpts attached hereto as Exhibit 2), at 32:5-20.)

- The hearing "concerning the forensic analyses," (Libson Declaration, Dkt. No. 70, ¶ 9), was completed on March 27, 2018. (*See* ICSID Arbitration, Procedural Order No. 14 (attached hereto as Exhibit 1), ¶ 7.)

- Mr. Libson stated that the parties would offer "post-hearing submissions" after the hearing. (Libson Declaration, Dkt. No. 70, ¶ 10.) The parties are nearing completion of this process as well. The parties submitted opening post-hearing briefs on the merits on June 4, 2018, and are scheduled to submit reply briefs on July 2, 2018. (ICSID Arbitration, Procedural Order No. 18 (attached hereto as Exhibit 3), ¶¶ 11-12.) Statements of costs are due by September 14, 2018, with replies due on September 18, 2018. (*Id.*, ¶ 14.)

All of the foregoing has borne out the Court's observation that "there is no indication that . . . the Arbitration will not proceed in a reasonable time." (Stay Order, Dkt. 136, at 13.) Plaintiffs' Letter offers no new facts or developments to contradict the Court's conclusion, and its speculative argument that "it could take years before a final and nonappealable award is made" (Dkt. No 147, at 1), has already been rejected by the Court. (Stay Order, Dkt. No. 136, at 13.)

**The Stay Should Remain in Place and Plaintiffs' Requests Should Be Denied**

Plaintiffs' Letter requests that, notwithstanding the stay, Plaintiffs be permitted to "notice (even if not pursue) discovery here and abroad" and depose Mr. Soros. (Dkt. No. 147, at 2.) Alternatively, Plaintiffs request that the Court lift the stay effective September 30, 2018, even if the ICSID Arbitration has not been resolved by that date. (*Id.*) As an initial matter, Plaintiffs

Honorable John F. Keenan
Page 3

fail to address that their request to depose Mr. Soros would not only require the Court to partially lift the stay, but also reverse its prior order that "no depositions in this action shall proceed until the *later* of the Court's decision on Defendants' motion to dismiss or request for a stay." (Order, dated July 7, 2017, Dkt. No 30 (emphasis added).) The Court's prior order would dictate that the motions to dismiss be decided before allowing the parties to depose any witnesses, including Mr. Soros.

Plaintiffs also have failed to provide the Court with any new reason why the stay should be lifted—instead advancing the very same arguments about Mr. Soros's age and the potential for evidence to become unavailable that the Court already rejected. (*Compare*, Plaintiffs' Opp'n to the Motion, Dkt. No 68, at 30 (referencing "Soros's age" and "danger that evidence may grow stale or become unavailable"), *with* Plaintiffs' Letter, Dkt. No. 147, at 1 ("Mr. Soros will turn 88 in August, and memories (not just his) inevitably become less sharp as more time passes – as does the risk of destruction of documents . . . .").)

Given the progress of the ICSID Arbitration, the "common issues between this action and those to be decided in the Arbitration," and Plaintiffs' failure to provide any new justification for lifting the stay, it remains the case that "judicial economy weighs in favor of a stay to allow for resolution of these underlying issues and to avoid inconsistent results." (*Id.* at 10, 12.) Accordingly, the stay should remain in place pending the outcome of the ICSID Arbitration.

Respectfully submitted,

s/ Joseph T. Baio

Joseph T. Baio

cc:     Louis M. Solomon (via ECF)