**WILLKIE FARR & GALLAGHER LLP**

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

July 14, 2020

Honorable John F. Keenan
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *BSG Resources (Guinea) Limited, et al. v. George Soros, et al.*, No. 1:17-cv-02726 (JFK)

Dear Judge Keenan:

  We represent Defendants in this action, which has been stayed in favor of an arbitration between Plaintiffs and the Republic of Guinea ("Guinea") before the International Centre for Settlement of Investment Disputes (the "ICSID Arbitration"). In advance of the status conference with the Court set for July 28, 2020, we write to explain why three developments since we were last before this Court warrant continuation of the stay or, in the alternative, dismissal of this action entirely.

  *First*, the parties to the ICSID Arbitration reportedly reached a settlement in principle and agreed more than a year ago to stay that action. If the ICSID Arbitration ultimately settles, public reports indicate that Beny Steinmetz, the principal of Plaintiffs, will gain mining rights that Plaintiffs claim they were deprived in this action, thus obviating the need for further proceedings or at least significantly narrowing their scope. If the ICSID Arbitration does not settle, then it will proceed to judgment, and BSGR should not be rewarded for circumventing this Court's stay by pausing the ICSID Arbitration for over a year. Either way, this action should not proceed until it becomes clear what, if anything, is left of it after the arbitration settlement.

  *Second*, one of the key reasons for a stay in the first instance was the potential *res judicata* impact of an adverse judgment against Plaintiffs from the ICSID Arbitration. But the Court no longer needs to look to the ICSID Arbitration to conclude that Plaintiffs' claims are barred. Since the initiation of the stay in this action, a separate, previously confidential arbitration before the London Court of International Arbitration (the "LCIA Arbitration") resulted in an award against Plaintiff BSG Resources Limited ("BSGRL") finding that it engaged in bribery and corruption to procure Plaintiffs' mining rights in Guinea – *i.e.*, the exact same questions at issue in this case and the ICSID Arbitration. The findings of bribery and corruption in the LCIA Arbitration collaterally estop Plaintiffs from

July 14, 2020
Honorable John F. Keenan
Page 2

pursuing their claims and require dismissal of this action. The Court should hear that legal issue before allowing Plaintiffs' claims to proceed.

Beyond the LCIA Arbitration, the evidence of Plaintiffs' criminal conduct continues to mount. On August 13, 2019, prosecutors in Switzerland indicted Beny Steinmetz, the founder and controller of Plaintiffs, for bribery and corruption related to the same conduct (procuring mining rights in Guinea). (*See* Ex. 1.) Swiss prosecutors arrested Steinmetz and two co-defendants on the grounds that they paid $10 million in bribes to one of the wives of former Guinean president Lansana Conté to secure the mining rights at issue in this case, and then concealed those bribes.[1] (*Id.*)

*Third*, Plaintiff BSGRL filed a Chapter 15 petition in the Bankruptcy Court for the Southern District of New York, which counsel for Plaintiffs told this Court "could have a material bearing on whether and how this case proceeds." (Letter from L. Solomon to Judge Keenan, dated June 20, 2019, ECF No. 153.) If BSGRL is unable to succeed in its Chapter 15 case, this action may be dismissed entirely, further weighing in favor of retaining the stay to avoid unnecessary and wasteful litigation.

**I.    Recent Developments**

**A.    ICSID Arbitration**

By July 9, 2018, all argument and evidence was submitted in the ICSID Arbitration, and all that remained was for the tribunal to issue an award. (*See* ECF No. 151.) Before the tribunal was able to do so, however, Plaintiffs and Guinea announced that they had reached an agreement in principle to settle the ICSID Arbitration. (Ex. 2.) The parties subsequently requested that the ICSID tribunal stay the proceeding to give the parties an opportunity to finalize the settlement, which the tribunal granted on April 30, 2019.[2] (*See* Ex. 3.) Since then, the ICSID Arbitration has remained stayed. Public reports state that the settlement provides for Beny Steinmetz, the principal of Plaintiffs, to gain rights to certain mining deposits that Plaintiffs claim they were deprived, and which form the basis for their claimed damages in this action. (Ex. 2.) It is also reported that a term of the settlement is that Plaintiffs will terminate this action. (Ex. 4.) Plaintiffs have not provided any documentation reflecting the terms of the settlement.

**B.    LCIA Arbitration**

At the time motions to dismiss were briefed in this action, the terms of an arbitration before the LCIA between BSGRL and Vale S.A. ("Vale") had been confidential. However, after receiving a judgment by the arbitration tribunal against BSGRL, on April 4, 2019, Vale filed an enforcement

---

[1]  One of these co-defendants, Frédéric Cilins, an agent of Plaintiffs, was previously convicted of obstruction of justice in the Southern District of New York in 2014 after he attempted to bribe Lansana Conté's former wife into destroying documents evidencing Plaintiffs' bribery scheme. *See* Tr. of Proceedings at 4:7-10, *United States v. Cilins*, No. 1:13-cr-00315 (S.D.N.Y. Mar. 10, 2014), ECF No. 62; Judgment, *United States v. Cilins*, No. 1:13-cr-00315 (S.D.N.Y. Jul. 29, 2014), ECF No. 71.

[2]  *See BSG Resources Limited (in administration), BSG Resources (Guinea) Limited and BSG Resources (Guinea) SÀRL v. Republic of Guinea (ICSID Case No. ARB/14/22)*, Case Details, https://icsid.worldbank.org/en/Pages/cases/casedetail.aspx?CaseNo=ARB/14/22 (last visited July 13, 2020.)

July 14, 2020
Honorable John F. Keenan
Page 3

proceeding in this Court, which attached the LCIA award as an exhibit. The LCIA tribunal made findings of bribery and corruption by BSGRL that collaterally estop Plaintiffs from pursuing their bribery-based claims in this action.

The LCIA Arbitration arises from joint venture agreements executed by BSGRL and Vale, a mining company. (*See* Mem. at 4, *Vale S.A. v. BSG Resources Limited*, No. 19-cv-03619 (S.D.N.Y. Apr. 24, 2019), ECF No. 5 ("Vale Mem.").) The purpose of the joint venture was to capitalize on Plaintiffs' mining rights in Guinea. Vale claims it made significant investments in the joint venture before Plaintiffs' mining rights were rescinded by Guinea on the grounds that the rights had been acquired through bribery and corruption. (Am. Compl. ¶¶ 156-59.) Vale then commenced the LCIA Arbitration, asserting that BSGRL breached representations and warranties in the joint venture agreements and fraudulently induced Vale to invest more than $1 billion in the mining concession. (Vale Mem. at 5.)

The LCIA tribunal unanimously found that BSGRL had induced Vale to enter into the joint venture agreements through false statements, representations, and warranties that BSGRL procured Plaintiffs' mining rights legitimately. (*Id.* at 2.) **With respect to the allegations of bribery and corruption, the tribunal found that BSGRL obtained Plaintiffs' mining rights by bribing Mamadie Touré ("Mme. Touré"), the fourth wife of the former President Lansana Conté, both directly and through intermediaries, including Pentler Holdings Limited ("Pentler"), an affiliate of BSGRL, and Frédéric Cilins, a principal of Pentler.** (*See* LCIA Award ¶¶ 642, 676.10, *Vale S.A. v. BSG Resources Ltd.*, No. 19-cv-3619-VSB (S.D.N.Y. Mar. 5, 2020), ECF No. 4-1.) BSGRL bribed Mme. Touré to influence President Conté to revoke Rio Tinto's rights over Simandou iron ore mine and grant those rights to BSGRL instead. (*Id.*) Specifically, the tribunal determined that:

- BSGRL **obtained its mining rights "corruptly" by "engag[ing] in bribery or corruption in relation to benefits granted to Mme. Touré."** (*Id.* ¶¶ 642, 676.10.)

- BSGRL "interposed an intermediary (Pentler) between itself and Mme. Touré so that Pentler could be used to grant shares in [BSG Resources (Guinea) Limited] to Mme. Touré" through **a memorandum of understanding "executed to secure Mme. Touré's assistance in influencing President Conté," the President of Guinea** at the time that BSGRL procured the mining rights. (*Id.* ¶¶ 595, 635.)

- "**Mme. Touré did in fact exercise influence on President Conté in his decision-making in relation to Simandou**," (*id.* ¶ 634), as she assisted in influencing President Conté's decision to revoke Rio Tinto's [mining] rights and give them to [BSGRL]," (*id.* ¶ 631); and

- "**[BSGRL] knew that the offer of shares** [to Mme. Touré] . . . **was for the purpose of securing [her] assistance in influencing President Conté**." (*Id.* ¶ 637 (emphasis added).)

July 14, 2020
Honorable John F. Keenan
Page 4

Based on these findings, the tribunal awarded Vale $1.246 billion in damages, plus pre- and post-award interest and costs, totaling more than $2 billion.

Vale subsequently filed a proceeding in the High Court of Justice, Business and Property Courts of England and Wales, Commercial Court (QBD) (the "High Court") under the UK Arbitration Act for recognition and enforcement of the LCIA Award, which it granted on May 9, 2019. On September 20, 2019, the High Court rejected BSGRL's application to set aside or stay enforcement of the LCIA Award, and, on November 29, 2019, it denied BSGRL's procedural challenge to the LCIA Award. This is a final judgment and not subject to appeal.

Vale also filed a petition in this Court for recognition and enforcement of LCIA Award under the Federal Arbitration Act. On March 5, 2020, Judge Broderick granted Vale's petition, and issued a $2,172,833,761.15 judgment in Vale's favor. (Judgment, *Vale S.A. v. BSG Resources Ltd.*, No. 19-cv-3619-VSB (S.D.N.Y. Mar. 5, 2020), ECF No. 51.)

  C. **Chapter 15 Petition**

On June 3, 2019, in an attempt to forestall Vale's enforcement petition, BSGRL, which had previously filed for bankruptcy protection in Guernsey, filed a Chapter 15 petition in the Bankruptcy Court for the Southern District of New York. (*See* Verified Chapter 15 Petition ¶¶ 1, 24, *BSG Resources Limited*, No. 19-11845, ECF No. 5.) In the more than twelve months since it filed the petition, BSGRL has kept the proceedings mired in discovery that remains incomplete, with Judge Lane of the Bankruptcy Court noting the "woeful lack of progress as to discovery in this case." (*See* Discovery Order ¶¶ 2-11, *BSG Resources Limited*, No. 19-11845, ECF No. 69.) On February 13, 2020, Vale petitioned Judge Lane for the issuance of international letters of request seeking a deposition and production of documents from Beny Steinmetz, among others, citing BSGRL's failure to sufficiently respond to Vale's request for documents from Mr. Steinmetz in discovery. (*See* Letter from L. Schweitzer to Judge Lane, at 1-2, No. 19-11845, ECF No. 83.) Judge Lane approved the issuance of the letters of request. (*See* Order, No. 19-11845, ECF No. 87.)

Substantively, the Chapter 15 petition seeks recognition of BSGRL's insolvency procedure in Guernsey (the "Guernsey Administration"). (Verified Chapter 15 Petition ¶ 2.) BSGRL says that it commenced the Chapter 15 petition to protect its interest in this action, purportedly its only asset in the United States. (*Id.* ¶ 25.) However, BSGRL's interest in this action has been pledged as collateral to secure BSGRL's obligations under a Litigation Funding Agreement, which was put into place to fund this action. (*Id.* ¶ 29.) Counsel for BSGRL in the Chapter 15 petition, as well as counsel for Plaintiffs in this action, have acknowledged that the outcome of the Chapter 15 petition may have a material effect on whether BSGRL continues to pursue the action. (*See* Ex Parte Application for TRO ¶¶ 48-49, *BSG Resources Limited*, No. 19-11845, ECF No. 7; Letter from L. Solomon to Judge Keenan, dated June 20, 2019, ECF No. 153.) If it turns out that Plaintiffs' "litigation funder" loses the ability to control this action, it is likely to be dismissed entirely.

**II.     The Stay Should Remain in Place, Or In The Alternative, The Court Should Dismiss This action.**

For the reasons set forth above, considerations of judicial economy and conservation of resources counsel in favor maintaining the stay.  The ICSID Arbitration will either finally settle or be resolved, but in either event it will likely dispose of or significantly narrow the issues in this action.  If the settlement is finalized, this action may be dismissed as a condition of the agreement or result in the reinstatement of mining interests to Plaintiffs, which would obviate the remedies they seek in this action.  On the other hand, if the parties fail to finalize a settlement, the ICSID Arbitration is likely to reach an expeditious resolution, as all that remains is for the tribunal to issue a final award.  The ICSID Arbitration has been stayed for over a year at BSGR's request, even though BSGR knew that this Court's stay was based on the expectation that the ICSID Arbitration would move toward judgment as expeditiously as possible.  BSGR should not be able to run out the clock on this Court's stay order by delaying adjudication in the ICSID Arbitration.  Similarly, resolution of BSGR's Chapter 15 proceeding may also result in dismissal of this action if the litigation funder loses its interest in the action, which further counsels in favor of maintenance of the stay.

If the Court decides to lift the stay, discovery should not commence until certain dispositive legal issues are resolved.  First, Defendants' pending motion to dismiss has yet to be decided by this Court.  As set forth in that motion, the Amended Complaint should be dismissed in its entirety because Plaintiffs' claims are barred by the act of state doctrine, among other grounds.

Second, the Amended Complaint is now subject to dismissal on the ground that Plaintiffs are collaterally estopped by the LCIA Award because it "conclusively resolves the same set of facts" at issue in this action.  *Wright v. Coughlin*, No. 85-cv-0624, 1987 WL 19633, at *2 (S.D.N.Y. Nov. 5, 1987), *aff'd*, 868 F.2d 1268 (2d Cir. 1988).  "[T]he core issue underlying Plaintiffs' claims is whether Guinea, induced by Defendants, breached a valid contract with BSGR, or whether the Convention and BSGR's mining rights were procured through corruption," the very same factual issues decided in the LCIA Award.  (Stay Order, ECF No. 136 at 9.)  Therefore, the LCIA tribunal's finding that Plaintiffs engaged in bribery and corruption to obtain mining rights in Guinea is dispositive of each of the claims at issue here and warrants the application of collateral estoppel.  *See CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 77 (2d Cir. 2017) ("It is settled law that the doctrine of issue preclusion is applicable to issues resolved by an earlier arbitration.").  Each of Plaintiffs' claims in this action rely on the premise that Guinea, at the direction of Defendants, made false findings that Plaintiffs corruptly secured their mining rights.   Accordingly, in light of the LCIA tribunal's determination that BSGRL did, in fact, engage in bribery and corruption to procure Plaintiffs' mining rights in Guinea, Plaintiffs are estopped from arguing the opposite here.  Defendants should be permitted to brief this dispositive issue before discovery on issues that will be rendered moot.

Respectfully submitted,

/s/ Benjamin P. McCallen

Benjamin P. McCallen