# EXHIBIT 13

COUR D'APPEL DE CONAKRY

----------

TRIBUNAL DE PREMIERE INSTANCE DE KALOUM

----------

**Affaire RP N°104/2013**

Ministère public et l'Agent Judiciaire de l'Etat (AJE)

Contre

Les nommés Mamadie Touré Ibrahima Sory Touré IST, Lieutenant Issiaga Bangoura, Aboubacar Bah, Ismaël Daou et Mahmoud Thiam ;

**Nature de l'infraction :** Corruption trafic d'influence et complicité ;

---------

**Décision :** (voir dispositif)

REPUBLIQUE DE GUINEE

*Travail – Justice - Solidarité*

AU NOM DU PEUPLE DE GUINEE

JUGEMENT CORRECTIONNEL N° 046 du 30 Mars 2020

Le Tribunal de Première Instance de Kaloum à Conakry, statuant en son audience correctionnelle du premier Avril deux mille vingt à laquelle siégeait Hadja Mariama DOUMBOUYA, Présidente, en présence de Monsieur Alpha Sény Camara, Procureur de la République, avec l'assistance de Maitre Kémoko Soumaoro, chef du greffe a rendu le jugement dont la teneur suit :

Dans la cause,

Entre le Ministère Public, partie poursuivante et l'Agent Judiciaire de l'Etat ;

D'une part ;

Et les nommés 1- **Mamadie Touré** : née le 1er Janvier 1982 à Dubréka, de Mamadouba et de Hadja Djénaba Keita, femme d'affaires, domiciliée à Jacsonville dans l'Etat de Floride aux Etats-Unis d'Amérique ;

Mandat d'arrêt International en date du 09 Juin 2017;

2- **Ibrahima Sory Touré IST** : né en 1972 à Conakry, de Elhadj Mamadouba et de Hadja Fatoumata Conté, Journaliste, domicilié au quartier Camayenne, commune de Dixinn, marié, père d'un enfant ;

Mandat de dépôt en date du 06 Mai 2013

OCJ du 23 Juillet 2013 ;

3- **Lieutenant Issiaga Bangoura** : né le 02 Janvier 1975 à Forécariah, de Ibrahima et de Makoya Camara, militaire, domicilié au quartier Almamya, commune de Kaloum, marié, père de trois (3) enfants, (sans autres renseignements) ;

Mandat de dépôt du 09 Mai 2013

OCJ du 23 Juillet 2013 ;

4- **Mahmoud Thiam** : né le 04 Octobre 1966 à Conakry, domicilié aux Etats-Unis d'Amérique (en fuite, sans autres renseignements) ;

Mandat d'arrêt International du 09 Juin 2017 ;

5- **Aboubacar Bah** : Homme d'affaires, Président Directeur Général du Groupe Fouta Mondial Corporation, domicilié au

1

quartier Lambanyi, commune de Ratoma, Conakry, (en fuite, sans autres renseignements) ;

Mandat d'arrêt international du 26 Janvier 2017 ;

6- **Ismaël Daou** : Homme d'affaires Malien (en fuite, sans autres renseignements) ;

D'autre part ;

**Débats** : Le présent jugement est rendu après débats aux audiences des 10 février 2020, 24 février 2020 et mis en délibéré pour décision être rendue à ce jour conformément à la loi ;

**Jugement** : Ayant la qualification de défaut en matière correctionnelle et en premier ressort ;

### LE TRIBUNAL

Vu les pièces du dossier ;

Nul pour les prévenus défaillants ;

Oui la partie civile en son audition ;

Oui le Ministère public en ses réquisitions !

Attendu que suivant ordonnance en date du 28 Juillet 2018 de Monsieur le juge d'instruction, les nommés Mamadie Touré, Ibrahima Sory IST, Issiaga Bangoura, Mahmoud Thiam, Aboubacar Bah, Ismaël Daou ont été renvoyés devant le tribunal sous la prévention d'avoir à Conakry courant année 2006 à 2010, en tout cas depuis temps non couvert par la prescription de l'action publique, cédé à des offres, promesses, dons, présents et autres avantages proposés directement ou indirectement pour eux-mêmes ou pour autrui en abusant de leurs influences réelle ou supposée en vue de faire obtenir du Président de la République, du Gouvernement Guinéen et de l'Administration publique des décisions favorables pour l'obtention des concessions minières de Simandou et de Zogota, d'avoir accepté de recevoir une somme qui n'était pas due à la suite d'une mission, d'avoir agréé sans droit à tout moment et dans l'exercice de sa fonction, directement ou indirectement reçu des dons, promesses et avantages pour accomplir des actes de sa fonction ou faciliter l'accomplissement de ces actes par sa fonction et d'avoir aidé à la réalisation de ces faits ;

Faits prévu et punis par les articles 771, 772, 774 et 19 du code pénal;

Que courant année 2012, en application du nouveau code minier, un programme de revue des titres et conventions miniers a été mis en place par décret ;

2

Qu'en exécution de ce programme, une commission chargée de mener une procédure administrative consistant en l'analyse des titres et conventions miniers et en l'émission d'avis motivés aux autorités compétentes en vue du maintien, du retrait ou du réaménagement desdits titres et conventions ;

Que pour les besoins de cette mission, deux organes administratifs ont été créés au sein de la commission, à savoir le comité technique et le comité stratégique ;

Que le comité technique agissait en tant qu'organe opérationnel devant conduire les procédures de revue avec les parties faisant l'objet de procédures de revue, de rédiger des rapports, de consulter le cas échéant des experts externes (cabinet d'avocats, conseil financiers et techniques), de formuler des recommandations à l'attention du comité stratégique et de conduire d'éventuelles négociations avec les titulaires des conventions minières ;

Que le comité stratégique quant à lui était l'organe politique qui envisageait les considérations de stratégie et émettait les avis au nom de la commission et sur le fondement des recommandations du comité technique quant à l'opportunité de maintenir, aménager ou retirer les titres et conventions miniers soumis à son examen ;

Qu'au terme de ses travaux, la commission technique a constaté des manquements dans l'attribution des permis miniers à la Société BSGR dans la zone de Zogota ;

Que ce comité a ainsi fait des recommandations soutenues par des preuves au comité stratégique après avoir communiqué toutes les preuves obtenues au cours de la procédure à la Société BSGR ;

Que des différentes preuves, il est ressorti que les titres miniers et la convention minière concernés ont été octroyés, à l'époque des faits, à la suite de pratiques de corruption menées par la société BSGR auprès des autorités Guinéennes en place à cette époque ;

Que confrontant les preuves dont il disposait aux arguments avancés par BSGR qui avait contesté les faits de corruption, le comité a alors constaté que cette société n'a apporté aucun élément de nature à mettre en doute l'authenticité des preuves ou la concordance entre les différentes preuves ;

Que le comité technique a ainsi recommandé au comité stratégique le retrait du permis de recherche des blocs 1 et 2 et la concession de Zogota, ainsi que la résiliation de la convention de base de cette zone ;

Qu'à la suite de tous ces éléments, une procédure judiciaire a été ouverte autour de cette affaire de corruption qui a entraîné l'interpellation de certains prévenus présents sur le territoire

3

Scanné avec CamScanner

Guinéen, notamment Ibrahima Sory Touré IST, Lieutenant Issiaga Bangoura ;

Qu'au cours de l'information ouverte, les susnommés ont bénéficié d'une mesure de contrôle judiciaire à laquelle ils se soustraits ;

Que les nommés Aboubacar Bah, Ismaël Daou, Mahmoud Thiam ayant été considérés comme étant en fuite, un mandat d'arrêt international a été décerné contre chacun d'eux ;

Que la prévenue Mamadie Touré a été quant à elle interrogée en qualité de témoin, avant d'être inculpée par Monsieur le juge d'instruction ;

Attendu qu'à l'ouverture des débats à l'audience, aucun des prévenus n'a comparu devant le tribunal ;

Que cependant dans sa plaidoirie, la partie civile, à travers son conseil, s'est désistée de son action pour cause d'arrangement intervenu entre elle et les prévenus ;

Que le ministère public, principal poursuivant a également abandonné les poursuites engagés contre les prévenus ;

Que cet abandon implique que suite aux enquêtes menées autour de l'affaire portée devant le tribunal, le ministère public ne dispose d'aucun élément de preuve pouvant amener celui-ci à entrer en condamnation contre les prévenus;

Qu'aux termes de l'article 544 du code de procédure civile, économique et administrative, « si le tribunal estime que le fait poursuivi ne constitue aucune infraction à la loi pénale ou que le fait poursuivi n'est pas établi ou qu'il n'est pas imputable au prévenu, il renvoie celui-ci des fins de la poursuite » ;

Qu'en vertu de ce qui précède et en application de la disposition sus énoncée, il convient de renvoyer les prévenus des fins de la poursuite pour délit non établi à leur encontre ;

### PAR CES MOTIFS

Statuant publiquement par défaut en matière correctionnelle et en premier ressort ;

### Après en avoir délibéré

Constate l'abandon par le ministère public de la poursuite engagée contre les prévenus Mamadie Touré, Ibrahima Sory Touré IST, Mahmoud Thiam, Aboubacar Bah, Lieutenant Issiaga Bangoura et Ismaël Daou ;

Par conséquent, déclare les susnommés non coupables des faits qui leur sont reprochés et les renvoie des fins de la poursuite pour fait non établi à leur encontre ;

4

Scanné avec CamScanner

Met les dépens à la charge du trésor public ;

En application des dispositions de l'article 544 du code de procédure pénale ;

Ainsi fait, jugé et prononcé les jour, mois et an que dessus ;

Et ont signé la présidente et le greffier..



5

Scanné avec CamScanner



| | |
|---|---|
| **COURT OF APPEAL OF CONAKRY** | **REPUBLIC OF GUINEA** |
| **COURT OF FIRST INSTANCE OF KALOUM** | *Work - Justice - Solidarity* |

**Case RP No. 104/2013**

Public Prosecutor and State Judicial Officer (AJE)

Against the following:

Mamadie Touré
Ibrahima Sory Touré (IST) Lieutenant Issiaga Bargoura;
Aboubacar Bah, Ismaël Daou and Mahmoud Thiam;

Nature of the offense; Bribery, traffic of influence peddling and complicity;

**Decision:** (see document)

**IN THE NAME OF THE OF PEOPLE OF GUINEA**

<u>CRIMINAL COURT JUDGMENT No. [hw:]</u> *046* **of March 30, 2020**

The Court of First Instance of Kaloum in Conakry, ruling in its criminal hearing of April first, two thousand and twenty, presided by Hadja Manama Doumbouya, Presiding Judge, in the presence of Mr. Alpha Sény Camara, State Public Prosecutor, with the assistance of Mr. Kémoko Soumaoro, Chief Registrar, has rendered the following judgment:

**In the case,**

Between the Public Prosecutor, the prosecuting party, and the State Judicial Officer:

**PARTY OF THE FIRST PART;**

And the following persons: <u>1-</u> **Mamadie Touré:** born on January 1, 1982, in Dubréka, to Mamadouba and Hadja Djénaba Keita, businesswoman, domiciled in Jacksonville, State of Florida, in the United States of America;

International arrest warrant dated June 9, 2017;

**Ibrahima Sory Touré (IST):** born in 1972 in Conakry, to Elhadj Mamadouba and Hadja Fatoumata Conté, journalist, domiciled in the Camayenne district, commune of Dixinn, married, father of one child;

Warrant of committal dated May 6, 2013

Judicial control order (OCJ) of July 23, 2013;

**Lieutenant Issiaga Bangoura:** born on January 2,1975, in Forécariah, to Ibrahima and Makoya Camara, army officer, domiciled in the Almamya district, commune of Kaloum, married, father of three (3) children (no further information);

Warrant of committal dated May 9, 2013

OCJ of July 23, 2013;

**Mahmoud Thiam:** born on October 4,1966, in Conakry, domiciled in the United States (fugitive, no further information);

International arrest warrant dated June 9, 2017;

**Aboubacar Bah:** businessman, president and CEO of the Fouta Corporation world group, domiciled in the Lambanyi district, commune of Ratoma,

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE



Conakry (fugitive, no further information);

International arrest warrant dated 26 January 2017;

6- **Ismaël Daou:** Malian businessman (fugitive, no further information);

### PARTY OF THE SECOND PART;

**Debate:** This judgment has been rendered after debate at the hearings of February 10 and February 24, 2020, and adjourned for deliberation prior to decision to be rendered today in accordance with the law;

**Ruling:** Having the legal competence for judgment in absentia in criminal matters and in the first instance;

### THE COURT

Having regard to the documents in the case;

None for the defaulting defendants;

Having heard the plaintiff in its hearing;

Having heard the Public Prosecutor in its requisitions!

Whereas, pursuant to the Investigating Judge's order of July 28, 2018, the named persons Mamadie Touré, Ibrahima Sory IST, Issiaga Bangoura, Mahmoud Thiam, Aboubacar Bah and Ismaël Daou have been referred to the Court under the written charge of having yielded to, in Conakry, in the period from 2006 to 2010, and in any event within a period not covered by the statute of limitations for public prosecution, offers, promises, donations, gifts and other advantages, offered directly or indirectly, whether for themselves or for others, by abusing their actual or supposed influence with a view to obtaining from the President of the Republic, the Guinean Government and the Public Administration decisions that were favorable for obtaining the Simandou and Zogota mining concessions; for having accepted and received an unwarranted sum after a mission; for having approved, without having the right to do so, at any time and in the exercise of their office, whether directly or indirectly, receipt of gifts, promises and advantages to carry out acts that were part of their duties, or facilitated the performance of such acts through their position and for having assisted in the performance of such acts.

Offenses provided for and punishable under Articles 771, 772, 774 and 19 of the Criminal Code;

Whereas, in 2012, in application of the new mining code, a program to review mining titles and agreements was established by decree;

2

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE



LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE



Whereas, in implementing this program, a commission was set up to conduct an administrative procedure consisting of an analysis of mining titles and agreements and the delivery of substantiated opinions to the competent authorities on whether to maintain, withdraw or restructure the said titles and agreements;

Whereas, for the purposes of this mission, two administrative bodies were created within the commission, namely a technical committee and a strategic committee;

Whereas, the technical committee acted as an operational body responsible for conducting the review procedures with the parties involved in the review procedures, drafting reports, consulting external experts (law firms, financial and technical consultants, etc.), as necessary, making recommendations to the strategic committee and conducting negotiations with the holders of the mining agreements, as relevant;

Whereas, the strategic committee was intended as a political body to address strategic considerations and issue opinions on behalf of the commission based on the recommendations of the technical committee on whether to maintain, restructure or withdraw the titles and agreements submitted for its scrutiny;

Whereas, after completing its work, the technical committee found shortcomings in the manner in which mining permits were granted to BSGR for the Zogota zone;

Whereas, this committee therefore issued recommendations supported by evidence to the strategic committee after communicating all the evidence obtained in the procedure to BSGR;

Whereas, based on the various pieces of evidence, it emerged that the relevant mining titles and mining agreement were granted, at the time of the events, as a result of bribery practices carried out by BSGR with the Guinean authorities in office at the time;

Whereas, by comparing the evidence in its possession with the arguments put forward by BSGR, which had denied the acts of bribery, the committee then noted that the company had not provided any evidence that would cast doubt on the authenticity of the evidence or on the consistency between the various pieces of evidence;

Whereas, the technical committee therefore recommended to the strategic committee withdrawing the exploration permit for blocks 1 and 2 and the Zogota concession, as well as termination of the framework agreement on this zone;

Whereas, following all these events, judicial proceedings were opened in connection with this case of bribery, leading to the interrogation of some of the defendants present on the Guinean territory, including Ibrahima Sory Touré IST and Lieutenant Issiaga Bangoura;

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE



Whereas, during the opened investigation, the aforementioned were granted a certain judicial control, which they evaded;

Whereas, as the said Aboubacar Bah, Ismaël Daou and Mahmoud Thiam, were deemed to be fugitives, an international arrest warrant was issued for each of them;

Whereas, the defendant Mamadie Touré, who was questioned as a witness, was herself indicted by the investigating judge;

Whereas, at the opening of the proceedings, none of the defendants appeared in court;

Whereas, however, in its statement, the plaintiff, through its counsel, withdrew the lawsuit on account of a settlement reached between it and the defendants;

Whereas, the Public Prosecutor, the primary prosecutor, also dropped the charges against the defendants;

Whereas, this withdrawal implies that, following the investigations into the case brought before the court, the Public Prosecutor has no evidence that could lead the court to convict the defendants;

Whereas, Article 544 of the Code of Civil, Economic and Administrative Procedure provides that "if the Court considers that the act being prosecuted does not constitute an offense under criminal law or that the act being prosecuted has not been established or is not attributable to the accused, it shall discharge the accused from the proceedings";

Whereas, by virtue of the foregoing and in implementation of the above provision, the accused should be non-suited in the proceeding on the grounds that their offense has not been established;

## FOR THESE REASONS

Ruling publicly in absentia on criminal matters and in the first instance;

### After deliberation

Notes the withdrawal of the proceedings against defendants Mamadie Touré, Ibrahima Sory Touré IST, Mahmoud Thiam, Aboubacar Bah, Lieutenant Issiaga Bangoura and Ismaël Daou by the Public Prosecutor;

Consequently, declares that the aforementioned are not guilty of the acts with which they have been charged and non-suits them in the proceedings on the grounds that their offense has not been established;

5

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE



Charges the court expenses to the Public Treasury;

By virtue of the provisions of Article 544 of the Code of Criminal Procedure;

Thus made, adjudged and pronounced, on the aforementioned day, month and year;

**Signed by the President and the Court Registrar.**


[stamp:] [illegible]

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM

OFFICES IN 90 CITIES WORLDWIDE