UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
BSG RESOURCES (GUINEA) LIMITED, :
BSG RESOURCES (GUINEA) SÀRL,    :
and BSG RESOURCES LIMITED,      :
                                :
              Plaintiffs,       :
                                :
     -against-                  :
                                :
GEORGE SOROS, OPEN SOCIETY      :   No. 17 Civ. 2726 (JFK)
FOUNDATIONS, OPEN SOCIETY       :
INSTITUTE, FOUNDATION TO        :        **ORDER**
PROMOTE OPEN SOCIETY, OPEN      :
SOCIETY FOUNDATION, INC.,       :
ALLIANCE FOR OPEN SOCIETY       :
INTERNATIONAL, INC., OPEN       :
SOCIETY POLICY CENTER, and OPEN :
SOCIETY FUND,                   :
                                :
              Defendants.       :
------------------------------ X

**JOHN F. KEENAN, United States District Judge:**

 Plaintiffs BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG Resources Limited (collectively, "BSGR" or "Plaintiffs") bring suit against Defendants George Soros and certain organizations that he allegedly controls (collectively, "Defendants") for damages Plaintiffs suffered when the African nation of Guinea terminated an agreement that it had entered with Plaintiffs related to certain lucrative mining rights in Guinea. (Am. Compl., ECF No. 22.) Currently before the Court is Defendants' renewed motion to dismiss on the grounds of collateral estoppel, the act of state doctrine, and failure to state a claim upon which relief may be granted. Defendants'

motion includes documentation extrinsic to the Amended Complaint that the Court construes to be in support of Defendants' argument that Plaintiffs cannot prove any of their claims in this action if, in fact, Plaintiffs procured their mining rights through bribery and corruption. (See Reply at 5, ECF No. 185 (explaining that Mamadie Touré has admitted to taking bribes from BSGR).)

In considering a motion to dismiss, a court is generally "limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). "[W]here matter outside the pleadings is offered and not excluded by the trial court, the motion to dismiss should be converted to a motion for summary judgment" in accordance with Federal Rule of Civil Procedure 12(d). Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 202 (2d Cir. 2013). Pursuant to Rule 12(d), "[w]hen a district court converts a motion to dismiss into one for summary judgment, '[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.'" Sahu v. Union Carbide Corp., 548 F.3d 59, 67 (2d Cir. 2008) (quoting Fed. R. Civ. P. 12(d)).

With this order, the Court is notifying all parties that it may convert, in part, Defendants' motion to dismiss into one for summary judgment, in part, pursuant to Federal Rule of Civil Procedure 56, on the issue of whether Plaintiffs may be estopped from arguing that BSGR did not procure certain of its mining rights through bribes paid to Mamadie Touré.  Accordingly, the parties are directed to be prepared to discuss this issue during oral argument on Defendants' motion to dismiss, which is currently scheduled for November 24, 2020.

**SO ORDERED.**

Dated:   New York, New York
         November 18, 2020

                                                John F. Keenan
                                      United States District Court