# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

January 24, 2021

Honorable John F. Keenan
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *BSG Resources (Guinea) Limited, et al. v. George Soros, et al.*, No. 1:17-cv-02726 (JFK)

Dear Judge Keenan:

We write on behalf of Defendants in the above-referenced action regarding the conviction on Friday of Beny Steinmetz in a Swiss court for the same conduct at issue in this proceeding and that serves as the basis for Defendants' motion to dismiss: bribery of foreign officials to obtain BSGR's mining rights in Guinea. This criminal conviction further supports Defendants' pending motion to dismiss based on collateral estoppel.

## Background Regarding Swiss Criminal Case

Defendants previously informed this Court that, on August 12, 2019, Beny Steinmetz was indicted in Switzerland. (*See* Docket No. 164 at 2; *see also* Ex. 1.) It was not announced until December, after oral argument on Defendants' motion to dismiss in this matter, that the trial would go forward. Trial began on January 11, 2021, and a verdict was issued on Friday, January 22.

The allegations in the criminal case in Switzerland track both the factual findings of the LCIA tribunal in Vale's arbitration with BSGRL and the defenses that Defendants intend to raise in this action. Specifically, Mr. Steinmetz was indicted on the grounds that, between 2005 and 2010, he paid, or caused to be paid, approximately $10 million in bribes to Mamadie Touré, one of the wives of former Guinean president Lansana Conté, to obtain Plaintiffs' mining rights in Guinea. (Exs. 1, 2; LCIA Award ¶¶ 574.2, 595, 642; Defendants' Motion to Dismiss (Docket No. 171) at 9, 11-12.) Mr. Steinmetz was charged with bribery of foreign public officials and forgery of documents in connection with the bribery scheme in Guinea. (Ex. 1.) Prosecutors had alleged that as a result of the bribery scheme perpetrated by Mr. Steinmetz and his two co-defendants, mining rights to Simandou Blocks 1 and 2 were revoked from Rio Tinto in December 2008 and granted to Plaintiffs instead. (Exs. 1, 2; LCIA Award ¶¶ 560-69, 631-37; Defendant's Motion to Dismiss at 9.)

January 24, 2021
Honorable John F. Keenan
Page 2

In addition to Mr. Steinmetz, Swiss prosecutors also charged two individuals who likewise figure prominently in the decision of the LCIA tribunal, a French man, Frédéric Cilins, and a Belgian woman, Sandra Merloni-Horemans.  (Ex. 3.)  Ms. Merloni-Horemans was Director of Onyx Financial Advisors S.A. ("Onyx"), BSGR's financial and administrator services company, and a non-executive director of various BSGR companies.  (LCIA Award ¶¶ 12, 195-97, 604.)  Mr. Cilins was a principal of Pentler Holdings Ltd., a British Virgin Islands company incorporated by Onyx, through which the bribes to Ms. Touré were paid.  (LCIA Award ¶¶ 11, 595, 635.)

On January 22, 2021, Mr. Steinmetz was convicted of bribery by a panel of three judges and sentenced to five years in jail and fined 50 million Swiss francs ($56.48 million).  (Ex. 3.)  Mr. Cilins and Ms. Merloni-Horemans were also convicted.  (*Id.*)  The court found that "[i]t is clear from what has been presented...that the [mining] rights were obtained through corruption and that Steinmetz cooperated with others" to obtain those mining rights.  (Ex. 4.)  The Swiss Court also concluded that Mr. Steinmetz was "the main beneficiary of the crime" (*see id.*) and that "Steinmetz had his hand on the payments and was able to oversee the bribery process."  (Ex. 2.)

### Relevance of Criminal Conviction To This Action

Mr. Steinmetz's conviction has the same preclusive effect as the LCIA Award.  *Vavolizza v. Krieger*, 39 A.D.2d 446, 448 (1st Dep't 1972), *aff'd*, 33 N.Y.2d 351 (1974) (holding criminal conviction estopped plaintiff's civil case).  Like the LCIA Award, the central question underlying the Swiss criminal charges against Mr. Steinmetz was whether Mamadie Touré was bribed to obtain Plaintiffs' mining rights in Guinea.  This is identical to a dispositive issue in this action – whether BSGR committed bribery and corruption in connection with its acquisition of mining rights in Guinea – because each of Plaintiffs' claims depends on proving the allegation that they procured their mining rights legitimately.  *Wright v. Coughlin*, No. 85-cv-0624, 1987 WL 19633, at *2 (S.D.N.Y. Nov. 5, 1987), *aff'd*, 868 F.2d 1268 (2d Cir. 1988) (collateral estoppel applies where the prior judgment "conclusively resolve[s] the same set of facts").  Mr. Steinmetz's conviction, like the LCIA tribunal's Award previously, establishes that those rights were obtained through illegitimate means.

The fact that Mr. Steinmetz is not a plaintiff in this action does not bar the application of collateral estoppel to Plaintiffs because Mr. Steinmetz was their agent.  Courts in New York have held that "an agency relationship is sufficient to establish privity for the purposes of *res judicata*."  *John St. Leasehold, LLC v. Capital Mgmt. Res., L.P.*, 154 F. Supp. 2d 527, 542 (S.D.N.Y. 2001), *aff'd*, 283 F.3d 73 (2d Cir. 2002).  Thus, collateral estoppel will apply where "the agent is discharging the agent's duties to its principal, no matter how irregularly, or with what disregard of instructions."  *Id.*

Mr. Steinmetz was clearly an agent of Plaintiffs, and the bribery scheme to obtain mining rights in Guinea that he participated in on behalf of Plaintiffs was clearly within the scope of that agency relationship.  Mr. Steinmetz is the founder and namesake of Plaintiffs and the ultimate beneficial owner.  (*See* LCIA Award ¶¶ 13, 175.)  He has also held himself out as an agent of Plaintiffs by, among other things, negotiating transactions on behalf of Plaintiffs.  (*See id.* ¶¶ 268, 270.7 (noting Mr. Steinmetz's involvement in negotiations regarding the joint venture with Vale and made representations on behalf of BSGR); *id.* ¶¶ 233-36, 239-41 (noting Mr. Steinmetz met with former

January 24, 2021
Honorable John F. Keenan
Page 3

President Conte regarding mining rights to Simandou Blocks 1 and 2).  Moreover, courts that have addressed the issue of whether Mr. Steinmetz is an agent of BSGR have consistently answered that question in the affirmative.  *See e.g.*, LCIA Award ¶ 700 (holding BSGRL liable for statements made by Mr. Steinmetz); Discovery Order at 2, *In re BSG Resources Ltd.*, No. 19-11845 (SHL) (Bankr. S.D.N.Y. Oct. 21, 2019), Docket No. 69 (finding Mr. Steinmetz "holds a financial interest in BSGR" and "has acted on behalf of BSGR and continues to hold himself out as BSGR in connection with settlement negotiations with the Government of Guinea"); Ex. 3 (Swiss court concluded Mr. Steinmetz "is the effective head of the [BSGR] group").

For these reasons, along with those set forth in their motion papers, Defendants request that the Court grant Defendants' pending motion to dismiss Plaintiffs' Amended Complaint in its entirety on the ground of collateral estoppel, or on the other grounds set forth in Defendants' motion.

Respectfully submitted,

/s/ Benjamin P. McCallen

Benjamin P. McCallen