# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

February 3, 2021

**VIA ECF**

Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *BSG Resources Guinea Limited et al. v. George Soros et al.*, No. 1:17-cv-02726 (JFK) (OTW)

Dear Judge Wang:

      This letter is submitted on behalf of all counsel in the above-referenced case pursuant to this Court's Scheduling Order entered on January 27, 2021 directing the parties to submit a joint status letter regarding discovery. Plaintiffs' and Defendants' respective positions are set forth below.

Respectfully submitted,

/s/ Benjamin P. McCallen

Benjamin P. McCallen


Enclosures

cc: All Counsel of Record

## Plaintiffs' Position

**Background:**  Plaintiffs' allegations, detailed in the Amended Complaint, assert that Defendants improperly caused the Guinean government to terminate BSGR's valuable mining rights.  Judge Keenan explained: "Plaintiffs seek to hold Defendants liable for their antecedent and allegedly deliberate acts which, Plaintiffs assert, **improperly procured official action by the Guinean government**—here, breach of the terms of the Convention and termination of Plaintiffs' mining rights under false pretenses—which caused Plaintiffs' damages." (Order at 20).  Defendants have continually tried to avoid discovery and liability by hiding behind other proceedings – including ICSID (not yet decided); dicta from an LCIA arbitral decision with different parties about different issues; and newspaper articles (not an actual judgment) about a conviction (on appeal) of Beny Steinmetz (not BSGR) in Switzerland – while ignoring the 2020 Guinean Court order exonerating Mamadie Touré (and others) from charges of bribery/corruption.  None of these proceedings (or estoppel) is included in Judge Keenan's articulation of upcoming discovery.

In the Order, Judge Keenan denied Defendants' principal Act of State defense, holding that Plaintiffs can pursue their claims including that the Guinean government "engaged in a fraudulent process" to terminate BSGR's rights (Order at 19).  Judge Keenan did not dismiss based on estoppel (LCIA) or on the pleadings. Rather, the Court converted to summary judgment on three substantive issues that embrace all and exactly the issues covered by the Order.

**Prior Discovery:**  Prior to the November 2017 stay order, there had been limited document discovery.  An electronic discovery order (Dkt. 80) and a protective order (Dkt. 81) had been entered.  Initial disclosures, initial document requests, and initial limited document productions had been exchanged.  A number of third party subpoenas including via letters rogatory issued.

**The Very Clear Scope of Limited Discovery Now:**  Twice, Judge Keenan identically articulated the scope of discovery in the next phase of the case (Order at 25, 26).  The issues are:

> "(1) whether Plaintiffs bribed Mamadie Touré; (2) whether that bribery was connected to Plaintiffs' acquisition of mining rights included in the Convention; and (3) whether the Guinean government was permitted to, and did, terminate Plaintiffs' mining rights because of Plaintiffs' bribery of Mamadie Touré."

The Court did not in any respect limit discovery concerning these three issues.  Discovery tending to ***prove or disprove*** these substantive issues is the order of the day.  The underlying factual issues to be discovered can be grouped into four categories:  specific bribery; causation between that alleged bribery and the mining Convention; the process of terminating Plaintiffs' rights; and the causal connection between the alleged bribery and the termination of Plaintiffs' mining rights.  Judge Keenan wants discovery of facts that up until now Defendants have asserted but have never proven – *was there* in fact bribery of Mamadie Touré; *was that* bribery in fact connected to the subsequent acquisition of Convention mining rights (as alleged, the Convention and its components were entered into and/or ratified by successor governments in which Mamadie Touré had no influence); *was the* Guinean government in fact *permitted to* terminate the mining rights *because of* the alleged bribery; and *did it actually* terminate the mining rights *because of* that bribery (or for another reason).  Understanding the clarity of Judge Keenan's Order requires rejecting each of the one-sided interpretations Defendants now offer:

***First***, Defendants claim that "most of the documents" about questions (1) and (2) were produced in ICSID, LCIA, and the Steinmetz trial and wrongly suggest that Plaintiffs should produce ***all***

documents from those proceedings without reference to the three issues. The ICSID and the LCIA proceedings were far broader than the three issues and included many defenses not raised here. That discovery, like *all* discovery, should be limited to the three issues. BSGR does not control the documents from the Steinmetz trial. At the same time, Defendants do have documents/information about the issues and should do a full search and produce such documents.

**Second,** Defendants claim that the third issue should be resolved by looking at the "report" issued by the Guinean government and some additional information from Guinean officials. Defendants corrupted that "report"; that's one of the very issues in need of discovery. The third issue includes what actually caused the termination of BSGR's mining rights. Was it Defendants' misconduct (detailed in the Complaint) with claims of bribery being a "false pretense". Discovery from Defendants is critical and was clearly intended.

**Third,** the "limited" nature of this discovery in no way excludes discovery from Defendants and their agents. They absolutely do have evidence on the relevant issues. At the same time, the discovery ordered excludes substantial issues such as damages, commercial defamation, and many other parts of the Amended Complaint. The parties just need to adhere to the Order.

**Time Frame For Limited Discovery:** After years of motion practice, this discovery requires active judicial oversight. The Court rejected Defendants' principal legal defense (Act of State) and wants a speedy case management order. This phase of three-issue discovery should last no longer than four months for documents and depositions and at most another month for experts, if any. If there are specific cases of international discovery that cannot be completed within five months, then either party should be permitted to show cause for brief and specific extensions.

### Defendants' Position

In 2014, the newly-elected democratic government of the Republic of Guinea revoked certain iron ore mining rights that Plaintiffs held in that country after determining those rights had been obtained from the prior military regime via bribery. Specifically, the Guinean government found that Plaintiffs procured their mining rights by bribing Mamadie Touré, the fourth wife of the former Guinean president, to influence him to strip the rights from another company and award them to Plaintiffs. Two courts have since reached the same conclusion. In April 2019, the London Court of International Arbitration found that Plaintiff BSGRL procured its mining rights through bribery and corruption, and awarded its former business partner, Vale S.A., $2 billion in damages. On January 22, 2021, Mr. Beny Steinmetz, the beneficial owner of Plaintiffs, along with two BSGR agents, were convicted by a Swiss court of bribing Ms. Touré to obtain the Guinean mining rights. (ECF 192.) These same bribery issues have also been the subject of an arbitration (the "ICSID Arbitration") between Plaintiffs and Guinea, which was stayed by consent of those parties after trial. In addition, Ms. Touré admitted in a civil forfeiture proceeding in Florida to accepting bribes from BSGR and Frédéric Cilins (one of the parties convicted in Switzerland) pled guilty in this Court for attempting to bribe Ms. Touré to destroy evidence relating to that bribery. (ECF 185 at 4-5; ECF No. 164 at 2 n.1.)

This action, which seeks to blame Defendants for the revocation of Plaintiffs' mining rights, was stayed by Judge Keenan in 2017 in favor of the ICSID Arbitration. (ECF 136.) In August 2020, Defendants moved to dismiss arguing, among other things, that Plaintiffs were collaterally estopped by the LCIA tribunal's finding of bribery, as each of the claims in this action requires Plaintiffs to prove that Guinea made false findings that Plaintiffs corruptly

secured their mining rights. On January 25, 2021, Judge Keenan issued an order converting Defendants' motion to a motion for summary judgment and lifted the stay to allow "limited discovery" on three issues: "(1) whether Plaintiffs bribed Mamadie Touré; (2) whether that bribery was connected to Plaintiffs acquisition of mining rights included in the Convention; and (3) whether the Guinean government was permitted to, and did, terminate Plaintiffs' mining rights because of Plaintiffs' bribery of Mamadie Touré." (ECF 193 at 25.)

### *Status, Scope and Timing of Discovery*

Prior to the 2017 stay of this action, the parties had served discovery requests and objections, and certain nonparty domestic and international discovery. However, no significant productions (or any depositions) occurred. The scope of appropriate discovery now has been narrowed by the Court. Defendants believe that most of the documents relevant to issues (1) and (2) have been produced or submitted in the LCIA Arbitration, the ICSID Arbitration and the Swiss criminal prosecution of Beny Steinmetz. Plaintiffs should be able to easily produce all of the documents produced in those proceedings, including all declarations, transcripts, depositions and expert reports. Additional information on issues (1) and (2) resides with various non-parties, including individuals and entities affiliated with Plaintiffs and the Guinean government.

The report issued by the Guinean government when it terminated Plaintiffs' mining rights, which found that the rights had been obtained via bribery, directly addresses issue (3) – "whether the Guinean government was permitted to, and did, terminate Plaintiffs' mining rights because of Plaintiffs' bribery of Mamadie Touré." Defendants believe Guinea possesses additional information regarding their findings, and intend to seek it. In addition, if Plaintiffs actually dispute that the Guinean government had the authority to terminate Plaintiffs' mining rights, expert testimony on that legal issue may be required.

Plaintiffs contend that the narrow discovery topics set forth in Judge Keenan's order entitle them to discovery of Defendants of the theories put forth in their complaint – namely, that Defendants are responsible for Guinea's decision to terminate their mining rights. This is inconsistent with the "limited discovery" ordered by Judge Keenan. The Court's order specifically identified the scope of relevant discovery. Defendants have no information related to Plaintiffs' bribery of Mamadie Touré, the scope of Guinea's legal authority to terminate the mining rights, or whether Guinea "terminate[d] Plaintiffs' mining rights because of Plaintiffs' bribery of Mamadie Touré." That information resides with Guinean officials. If Plaintiffs have their way, these limited proceedings will be significantly expanded and converted into full merits discovery of Plaintiffs' claims against Defendants. That is flatly inconsistent with Judge Keenan's order.

Defendants will not know the full scope of necessary depositions until Plaintiffs produce the information in their possession, but Defendants understand that declarations or testimony of more than fifteen witnesses were offered in the LCIA, ICSID or Swiss proceedings. Once Plaintiffs produce documents (many of which we anticipate will be in French), Defendants believe it will take several months for the parties to schedule and complete depositions of the relevant witnesses, most of whom are located internationally, and another two months to complete expert reports and depositions. Defendants believe international discovery of nonparties can be pursued in parallel with fact and expert discovery.