

**Driving progress
through partnership**

**Louis M. Solomon**
Direct Phone:  +1 212 549 0400
Email:  lsolomon@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

March 24, 2021

<u>**Via ECF**</u>

Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *BSG Resources Guinea Limited et al. v. George Soros et al.*, No. 1:17-cv-02726 (JFK) (OTW)

Dear Judge Wang:

This letter is submitted on behalf of all counsel in the above-referenced case pursuant to this Court's February 18 Scheduling Order directing the parties to submit a joint status letter.  Plaintiffs' and Defendants' respective positions are set forth below.

Respectfully,

Louis M. Solomon

LMS:sl

Attachment

cc:  Counsel of record (via ECF)

## Plaintiffs' Report

The parties have exchanged (a) supplemental initial disclosures; (b) new requests for production ("RFP"s); (c) objections and responses to the RFPs; and (d) numerous letters and emails. We met and conferred by telephone on March 19 and exchanged additional communications trying to resolve issues. Below we highlight two issues we raised that cannot be resolved. We also respond to issues we think Defendants will raise. Defendants refused to exchange drafts of the parties' sections, and only specified a general list of issues to us at 9:25 pm yesterday. We believe this approach diminishes the usefulness of this process to the Court. In light of this, we respectfully request that the Court allow us to address more fully any issue prior to any ruling.

***Zero Production from Defendants.*** Defendants have refused to provide any discovery at all, stating in response to each RFP that they "do not intend to produce any documents in response to this Request." They claim that (a) Judge Keenan's order did not require Defendants to provide any discovery; (b) Defendants had "no involvement" with the alleged bribery of Mamadie Touré; (c) Defendants do not have to produce documents collected from public sources (which they acknowledge they have); (d) it is unduly burdensome and costly for them to search their files; and (e) Plaintiffs can collect documents from "third parties such as Guinea". Defendants are incorrect. Judge Keenan limited discovery about Defendants' alleged wrongdoing as these allegations will be presumed true (Dkt. 204 at 6), but Plaintiffs' RFPs do not seek such discovery. Plaintiffs seek documents in Defendants' custody, control, or possession about the three discovery issues. Your Honor also directed that both "Parties" serve discovery (Dkt. 205). Defendants' interest in alleged corruption in Guinea and specifically BSGR indicate that they likely have documents (*e.g.,* Amended Cmplt. ¶¶ 72, 83, 99). Plaintiffs should not have to guess what documents Defendants have. A party has to produce documents even if a third party may have them; that is all the more true when the "third party" is a foreign entity from whom discovery is difficult to obtain. Nor have Defendants substantiated any claims of undue burden.

***Relevant Time Period.*** Plaintiffs believe that the relevant time period for documents – January 1, 2005 to the present – should be the same for both parties. Defendants apply this to Plaintiffs, but claim their end date for any production should be April 14, 2017 (when this case was filed). There is no basis for such disparate treatment. The time period is either relevant or not. Since Defendants believe the LCIA opinion (April 2019) and the Swiss criminal proceedings against Beny Steinmetz (2021) are relevant, the time period should be mutual and continue to date.

***Scope of Defendants' RFP.*** Defendants' RFPs seek documents that Plaintiffs believe are beyond the three issues Judge Keenan set for discovery. Specifically, Defendants claim in a letter they are entitled to discovery of information concerning any and all allegations of BSGR bribery – **even of "individuals or entities other than Mamadie Touré".** Defendants are wrong. Judge Keenan repeatedly limited discovery to issues involving the "bribery of Mamadie Touré" (Dkt. 193 at 25-26). Judge Keenan expressly tied discovery to Defendants' claim of estoppel from the bribery found by the LCIA Arbitration (Dkt. 204 at 4). The only bribery the LCIA found was that of Mamadie Touré; the LCIA rejected allegations of bribery of others (*e.g.,* former minister of mines, Mahmoud Thiam - LCIA ¶¶ 299.2, 669). Other proceedings and investigations covered issues broader than alleged bribery of Mamadie Touré. Thus, RFPs such as all "communications with Guinea regarding Plaintiffs' mining rights" or all "Communications concerning acts or allegations of corruption or bribery by BSGR in Guinea" or all "Documents

or Communications concerning Pentler Holdings" are improper.  They should be limited to documents concerning the bribery of Mamadie Touré or the other two issues.  Defendants refuse to limit their requests.  Defendants also object to the normal process of Plaintiffs determining relevancy/responsiveness of the documents to be produced.  This too should be rejected.

***Logging re Confidentiality Orders.***  Plaintiffs have objected to producing documents from other proceedings where production is prohibited by an existing order, rule, or legal authority.  Plaintiffs have agreed to provide any such orders, rule, or authorities that they possess.  Defendants are demanding a log of documents withheld because of this issue.  There is no basis in the Federal Rules for any such log.  It is an unduly burdensome and unnecessary request.

***Depositions of Persons Not Under Plaintiffs' Control.***  Defendants prematurely seek to try to raise issues related to potential depositions of various individuals (including Mr. Steinmetz) who are not officers, directors, employees, or managing agents of Plaintiffs and over whom Plaintiffs have no control.  No depositions have been noticed; no issue is ripe for this Court.  The only identified individual with a current relationship with BSGR is Mr. Cramer, whom we are told is technically registered as an officer of plaintiff BSGR in administration.  But, under Guernsey law, he has no power or authority to do anything since BSGR is in administration; BSGR has no control over him.  Defendants also demand that Plaintiffs identify now, as discovery is just starting, which witnesses it will use in opposition to their renewed motion to dismiss (while refusing to identify such witnesses for Plaintiffs).  There is no basis for any such demand.

## Defendants' Report

**Defendants' Position**: Following extensive conferring among counsel for the parties, Defendants have identified the following disputes among the parties.  We seek the opportunity to brief these issues for Your Honor via motion or present the issues at a status conference.

1.     **Defendants' RFPs**:  Judge Keenan ordered discovery into, among other issues, whether Plaintiffs bribed Mamadie Touré.  To obtain discovery on these topics, Defendants propounded requests for various specific categories of information, including communications among and about various intermediaries and agents through which Plaintiffs are accused of having bribed Ms. Touré.  The requests are targeted to entities and individuals whose primary, if not sole, role on behalf of BSGR was to facilitate the alleged bribery.  Nevertheless, Plaintiffs only agree to produce documents responsive to these requests to the extent they relate to "the bribery of Mamadie Touré."  This limitation arguably gives Plaintiffs inappropriate discretion to withhold documents that they deem to be not probative of bribery – particularly where, as here, they repeatedly have taken the position that bribery did not occur.  Defendants request the opportunity to file a motion and present the specific requests, and objections, to the Court.  In addition, Plaintiffs take the remarkable position that even if there is evidence that they bribed additional Guinean officials to obtain their mining rights, they do not have to produce that evidence unless it specifically relates to the "bribery of Mamadie Touré."  That is an overly rigid interpretation of Judge Keenan's orders.  If Plaintiffs bribed other Guinean officials to obtain their mining rights, that is probative of whether they bribed Mamadie Touré, and the information should be produced – particularly if it was presented to the LCIA panel.

2.     **Log:**  Plaintiffs have objected to the production of documents to the extent barred by

court order, agreement or law.  Plaintiffs have agreed to provide a copy of any such orders or agreements and to identify any such laws, but refuse to provide a log of documents withheld. Defendants do not agree that any such documents are immune from production, but in any event must understand what is being withheld in order to evaluate any such claim.

**3.     BSGR's Witnesses**:  In the ICSID and LCIA arbitrations, BSGR submitted witness statements related to the bribery issue from at least seven witnesses employed, or formerly employed by, BSGR.  Plaintiffs also attempted to proffer various of these statements, including one by Beny Steinmetz, before Judge Keenan in this action.  However, in their initial disclosures served on February 22, 2021, Plaintiffs now claim to represent or control **zero** witnesses with relevant information.  When we asked if they intend to offer testimony from any of these witnesses on summary judgment, Plaintiffs refused to give us a straight answer.  If Plaintiffs intend to offer testimony from these individuals in this action, they must be made available for depositions and trial – Plaintiffs cannot argue they do not "control" these parties (all of whom are located internationally), and then spring declarations on Defendants at the end of discovery. Defendants request that the Court order Plaintiffs to state now whose testimony they intend to rely on and whether those parties will be available for depositions and trial, so that the parties can consider the scope of appropriate discovery – all of which was the purpose of serving updated initial disclosures a month ago.  In addition, Defendants dispute that no witnesses are under BSGR's control.  Plaintiffs have refused to state whether Beny Steinmetz will testify at trial, provide a declaration, or be made available for a deposition, and claim that Defendants must contact him through his counsel in Israel.  But Mr. Steinmetz is clearly a "managing agent" of BSGR and thus subject to deposition under FRCP 30(b)(1).  Similarly, Plaintiffs stated in their initial disclosures that they do not represent Mr. Dag Cramer, and that he must be contacted through BSGR's Joint Administrators; when we contacted the Joint Administrator's counsel, they referred us back to BSGR's counsel.  After weeks of chasing our own tail, Plaintiffs finally informed us this morning that although Mr. Cramer is "technically" an officer of BSGR in administration, under Guernsey law they have no control over him.  Plaintiffs are not pursuing their claims in Guernsey, but in this jurisdiction.  They need to make him available if he has relevant information.  Defendants request the right to raise these issues via motion.

**4.     Plaintiffs' RFPs to Defendants**:  Even though Judge Keenan has twice made clear the scope of relevant discovery, Plaintiffs nevertheless served extensive discovery requests on Defendants. Without waiver of any additional objections, these requests are inappropriate for two principal reasons.  First, many of the requests seek discovery related to the same allegations that Judge Keenan has twice said Plaintiffs are not entitled to discovery into.  For example, Plaintiffs allege in their complaint that Defendants "funded" various organizations to "carry out [their] scheme to breach BSGR's contract," (¶¶ 76, 99, 109), and their requests similarly seek discovery of "funding or payments" by Defendants to various parties.  Judge Keenan has clearly prohibited discovery into these areas, and Plaintiffs continued pursuit of these issues is sanctionable. Second, Plaintiffs' requests for documents about the bribery of Ms. Touré and the Guinean government's termination of BSGR's rights – topics which involved other parties, but not Defendants – appear designed solely to harass Defendants.  The limited discovery here is about what Guinea did and what Plaintiffs did, which formed the basis for a prior decision by the LCIA panel that serves as collateral estoppel.  Plaintiffs' request that Defendants collect and review 16 years of emails under an illusion of "reciprocity" should be rejected.