UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BSG RESOURCES (GUINEA) LIMITED, BSG
RESOURCES (GUINEA) SÀRL, and BSG
RESOURCES LIMITED,

                Plaintiffs,

       v.                                   No. 1:17-cv-02726 (JFK) (OTW)

GEORGE SOROS, OPEN SOCIETY
FOUNDATIONS, OPEN SOCIETY
INSTITUTE, FOUNDATION TO PROMOTE
OPEN SOCIETY, OPEN SOCIETY
FOUNDATION, INC., ALLIANCE FOR OPEN
SOCIETY INTERNATIONAL, INC., OPEN
SOCIETY POLICY CENTER, and OPEN
SOCIETY FUND,

                Defendants.

## APPLICATION FOR THE ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY) PURSUANT TO THE HAGUE EVIDENCE CONVENTION

Defendants George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy Center, and Open Society Fund (collectively, "Defendants"), respectfully apply pursuant to the provisions of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, 847 U.N.T.S. 231, 28 U.S.C. § 1781 (the "Hague Evidence Convention") for the issuance of an Order by the Clerk of this Court (attached as Exhibit A) for a letter of request (the "Letter Rogatory") in the form attached as Exhibit B, directed to the Ministère de la Justice, acting as the Competent Judicial Authority of the Republic of France requesting that these competent judicial authorities cause the Letter Rogatory to be served upon the designated recipient to produce documents within his possession, custody or control, and provide requested oral testimony.

In support of this application, Defendants respectfully represent as follows:

## BACKGROUND

1.　　On June 30, 2017, Plaintiffs filed an amended complaint in this Court (the "Amended Complaint") against the Defendants.  (ECF No. 22.)  The Amended Complaint alleges, among other things, that Defendants caused the termination of Plaintiffs' iron ore mining rights in the Republic of Guinea ("Guinea") on the basis of allegedly false allegations that Plaintiffs engaged in bribery and corruption to procure those rights.  (*See, e.g.*, *id.* ¶¶ 84, 181-84.)  Plaintiffs have asserted claims against all of the Defendants for tortious interference with contract, conspiracy to commit tortious interference with contract, and commercial defamation, as well as claims for fraud, conspiracy to commit fraud, and prima facie tort against Mr. Soros.  (*Id.*)

2.　　On July 28, 2017, Defendants filed a motion to dismiss the Amended Complaint or, in the alternative, to stay the action in favor of a pending arbitration between Guinea and Plaintiffs before the International Centre for the Settlement of Investment Disputes (the "ICSID Arbitration").  (ECF No. 56.)

3.　　On November 1, 2017, Defendants filed an application for the issuance of a Letter of Request for the Production of Documents in the Republic of France Pursuant to the Hague Evidence Convention, seeking the production of documents from Frédéric Cilins (the "2017 Letter of Request").  (ECF No. 122-1.)  Defendants did not seek oral testimony from Mr. Cilins because depositions were stayed pursuant to the Court's July 7, 2017 order.  (ECF No. 30.)  Defendants' application for the 2017 Letter of Request was granted on November 7, 2017.  (ECF No. 125.)

4.　　On November 29, 2017, the Court granted Defendants' alternate request for a stay pending the outcome of the ICSID Arbitration.  *See BSG Res. (Guinea) Ltd. v. Soros*, No. 17 Civ. 2726 (JFK), 2017 WL 5897450, at *5 (S.D.N.Y. Nov. 29, 2017).  At the time of the

order, Defendants had not yet transmitted the 2017 Letter of Request to France and, in light of the stay, did not do so.

5.      On August 28, 2020, Defendants filed a renewed motion to dismiss the Amended Complaint arguing, among other things, that Plaintiffs are collaterally estopped from pursuing their claims by the April 4, 2019 award of the London Court of International Arbitration ("LCIA"), which found Plaintiff BSG Resources Limited ("BSGRL") engaged in bribery and corruption in connection with procuring mining rights in Guinea. (ECF No. 171.)  The LCIA tribunal unanimously found that BSGRL had induced its business partner, Vale S.A., to enter into joint venture agreements through false statements, representations, and warranties including the representation that BSGRL procured Plaintiffs' mining rights legitimately.  Specifically, among other findings, the tribunal found that BSGRL obtained mining rights in connection with bribing Mamadie Touré (who is alleged to have been the fourth wife of the former President Lansana Conté) both directly and through intermediaries, including Pentler Holdings Limited ("Pentler"). (*See* LCIA Award ¶¶ 642, 676.10, ECF No. 172.)  Plaintiffs maintain that the entire LCIA finding was mistaken and dispute any and all of Defendants' allegations concerning bribery and corruption.    On October 26, 2020, Plaintiffs opposed the motion, including Defendants' characterization of the LCIA's findings and the application of collateral estoppel. (ECF. No. 181.)  Oral argument on the motion was held on November 24, 2020.

6.      On January 22, 2021, Israeli businessman Beny Steinmetz (who Defendants claim, and Plaintiffs dispute, was the beneficial owner and namesake of Plaintiffs), Frédéric Cilins, and Sandra Merloni-Horemans (two alleged agents of Plaintiffs) were convicted by a criminal court in Switzerland on charges of bribery of foreign public officials and forgery of documents. (ECF No. 192.)  The convictions stemmed from alleged bribes paid to Mamadie Touré

contemporaneously with Plaintiffs' bid to obtain mining rights in the Simandou region of Guinea. Defendants believe that the conviction of Mr. Steinmetz, Mr. Cilins, and Ms. Merloni-Horemans further supports Defendants' motion to dismiss based on collateral estoppel. Plaintiffs dispute the finding of the Swiss Court as well as any relevance to Defendants' motion.

7.        On January 25, 2021, the Court issued an order lifting the stay to allow the parties to conduct limited discovery into three issues:  (1) whether Plaintiffs bribed Mamadie Touré; (2) whether that bribery was connected to Plaintiffs' acquisition of mining rights included in the Convention; and (3) whether the Guinean government was permitted to, and did, terminate Plaintiffs' mining rights because of Plaintiffs' bribery of Mamadie Touré.  (ECF No. 193.)

8.        Defendants here seek discovery from a particular third party:  Frédéric Cilins.  Mr. Cilins has been described in certain press articles as a representative or intermediary for BSGR in Guinea.  *See* James Wilson and Cynthia O'Murchu, *Swiss Police Seize BSGR Documents from Onyx*, Financial Times, Aug. 31, 2013 (attached as Exhibit C); Patrick Radden Keefe, *Buried Secrets*, The New Yorker, July 8, 2013 (attached as Exhibit D).  Mr. Cilins served as a director of Pentler Holdings ("Pentler"), a company incorporated in the British Virgin Islands by Onyx Financial Advisors Limited ("Onyx"), which was a company BSGRL claims to have engaged to provide financial and administration services.  *See* Plaintiffs' Responses and Objections to Defendants' First Request for the Production of Documents, General Objection No. 6, Aug. 23, 2017 (attached as Exhibit E).  During at least some portion of the relevant period, Pentler was a BSGR shareholder with a stake in Plaintiffs' operations in Guinea.

9.        Defendants' position, which Plaintiffs contest, is that Mr. Cilins, through Pentler, has been linked to Plaintiffs' alleged acts of corruption and bribery in Guinea.  Among other facts, an investigation conducted by the Guinean Technical Committee, a subcommittee of

the National Mining Commission, revealed alleged agreements and letters of commitment between Pentler and Mamadie Touré (or Matinda & Co. Ltd.), executed between 2006 and 2010.  (*See* ECF No. 118-6 to 118-13 (Technical Committee for the Review of Mining Titles and Agreements, Recommendation Concerning the Titles and Mining Agreement Held by the Company VBG, Mar. 21, 2014 at Ex. 10).)

10.     Defendants contend that these documents suggest that, through Mr. Cilins and Pentler, Plaintiffs did in fact bribe Mamadie Touré to procure their mining rights in Guinea.  Indeed, Mr. Cilins has been convicted by two courts in connection with Plaintiffs' alleged acts of bribery.  First, in 2014, Mr. Cilins pled guilty, in the Southern District of New York, to obstructing a criminal investigation by attempting to destroy contracts, signed by Plaintiffs and Pentler, purportedly memorializing bribes to Mamadie Touré.  *See* Mem. & Order at 1, *United States v. Cilins*, No. 1:13-cr-00315 (S.D.N.Y. Jan. 15, 2014) (Pauley, J.) ECF No. 50 ("Cilins attempted to bribe [Mamadie] Touré to destroy documents purportedly granting Simandou mining concessions to Beny Steinmetz Group Resources ('BSGR').") (attached as Exhibit G); Judgment, *United States v. Cilins*, No. 1:13-cr-00315 (S.D.N.Y. Jul. 29, 2014) ECF No. 71.  Second, on January 22, 2021, it has been reported that a Swiss criminal court convicted Mr. Cilins of bribing Mamadie Touré in connection with Plaintiffs' mining rights in Guinea.  (ECF No. 192.).  Plaintiffs dispute any and all allegations relating to bribery and corruption and dispute the validity of the alleged documents referenced herein.

11.     Given the foregoing allegations, Defendants believe that Mr. Cilins is intricately connected to the three issues identified in Judge Keenan's January 25, 2021 order, and that Mr. Cilins possesses information relevant to those issues.  Defendants' need for this information is particularly compelling here.  Plaintiffs have represented that they do not control

and have no authority to produce documents or testimony from Pentler or any of its principals, including Mr. Cilins, nor to accept service of a subpoena to Mr. Cilins. *See* Plaintiffs' Responses and Objections to Defendants' First Request for the Production of Documents, General Objection No. 6, Aug. 23, 2017 (attached as Exhibit E); Letter from L. Solomon to E. Bower, Aug. 21, 2017 (attached as Exhibit H). Plaintiffs also contend that they have no documents or communications concerning payments, gifts, or bribes to obtain their mining rights in Guinea. *See, e.g.*, Plaintiffs' Responses and Objections to Defendants' First Request for the Production of Documents, Responses to Request No. 18-19, 22, Aug. 23, 2017 (attached as Exhibit E). As a result, Defendants believe that compelling Mr. Cilins to sit for a deposition in this matter is essential.

12.     The parties have conferred and Defendants have agreed that any documents produced in response hereto will be produced to all parties to the litigation. Plaintiffs take no position with regard to the allegations in this request, other than to deny the allegations concerning any supposed corruption and bribery relating to Plaintiffs or to BSGR's procurement of its mining rights.

13.     Therefore, Defendants request that the Court withdraw the 2017 Letter of Request and issue the Letter Rogatory attached hereto as Exhibit B seeking the assistance of the appropriate judicial authority of the Republic of France in compelling oral testimony and the production of documents from Mr. Cilins.

## RELIEF REQUESTED

14.     Accordingly, Defendants respectfully request, for the purpose of justice and due determination of the matters in dispute between the parties, this Court's assistance in compelling testimony and the production of documents as set forth in Schedule A of the Letter Rogatory from Mr. Cilins in the Republic of France for use at trial in the above-captioned action.

15.     The individual from whom evidence is sought by the Letter Rogatory is Frédéric Cilins.

16.     The documents and testimony sought are material to Defendants' defenses and within the scope of Judge Keenan's January 25, 2021 Order.

17.     Defendants have considered the requirements of the Courts of the Republic of France with respect to Letters Rogatory, including the form in which the Letter Rogatory should be presented to the French Court and its permissible content. Defendants believe that this Letter Rogatory is consistent with those requirements.

WHEREFORE, Defendants respectfully request that the Court enter the attached form of order (i) providing for this Court to sign the Letter Rogatory attached to the Application as Exhibit B and affix the seal of the United States District Court for the Southern District of New York over said signature in the Letter Rogatory; (ii) directing that the Clerk of the Court return the original, signed Letter Rogatory to counsel for Defendants, so that said documents may be transmitted to the Administration of Courts of the Republic of France; (iii) directing counsel for Defendants to cause the transmittal of the original, signed Letter Rogatory to the Ministère de la Justice of the Republic of France; and (iv) granting such other relief as the Court deems just and proper.

Dated: April 14, 2021                        Respectfully submitted,
New York, New York

                                             WILLKIE FARR & GALLAGHER LLP


                                             By: /s/ Benjamin P. McCallen
                                                 Joseph T. Baio
                                                 Benjamin P. McCallen

James Fitzmaurice

787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
bmccallen@willkie.com

Elizabeth J. Bower

1875 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 303-1000
ebower@willkie.com

*Attorneys for Defendants*