UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BSG RESOURCES (GUINEA) LIMITED, BSG
RESOURCES (GUINEA) SÀRL, and BSG
RESOURCES LIMITED,

             Plaintiffs,

      v.

GEORGE SOROS, OPEN SOCIETY
FOUNDATIONS, OPEN SOCIETY
INSTITUTE, FOUNDATION TO PROMOTE
OPEN SOCIETY, OPEN SOCIETY
FOUNDATION, INC., ALLIANCE FOR OPEN
SOCIETY INTERNATIONAL, INC., OPEN
SOCIETY POLICY CENTER, and OPEN
SOCIETY FUND,

             Defendants.

No. 1:17-cv-02726 (JFK) (OTW)

## APPLICATION FOR THE ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY) PURSUANT TO THE HAGUE EVIDENCE CONVENTION

Defendants George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy Center, and Open Society Fund (collectively, "Defendants"), respectfully apply pursuant to the provisions of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, 847 U.N.T.S. 231, 28 U.S.C. § 1781 (the "Hague Evidence Convention") for the issuance of an Order by the Clerk of this Court (attached as Exhibit A) for a letter of request (the "Letter Rogatory") in the form attached as Exhibit B, directed to the Administration of Courts, acting as the Competent Judicial Authority of the State of Israel, requesting that these competent judicial authorities cause the Letter Rogatory to be served upon the designated recipient to provide requested documents within their possession, custody or control, and oral testimony.

In support of this application, Defendants respectfully represent as follows:

## BACKGROUND

1.      On June 30, 2017, Plaintiffs filed an amended complaint in this Court (the "Amended Complaint") against the Defendants.  (ECF No. 22.)  The Amended Complaint alleges, among other things, that Defendants caused the termination of Plaintiffs' iron ore mining rights in the Republic of Guinea ("Guinea") on the basis of allegedly false allegations that Plaintiffs engaged in bribery and corruption to procure those rights.  (*See, e.g., id.* at ¶¶ 84, 181-84.) Plaintiffs have asserted claims against all of the Defendants for tortious interference with contract, conspiracy to commit tortious interference with contract, and commercial defamation, as well as claims for fraud, conspiracy to commit fraud, and prima facie tort against Mr. Soros.  (*Id.*)

2.      On July 28, 2017, Defendants filed a motion to dismiss the Amended Complaint or, in the alternative, to stay the action in favor of a pending arbitration between Guinea and Plaintiffs before the International Centre for the Settlement of Investment Disputes (the "ICSID Arbitration").  (ECF No. 56.)  On November 29, 2017, the Court granted Defendants' alternate request for a stay pending the outcome of the ICSID Arbitration.  *See BSG Res. (Guinea) Ltd. V. Soros*, No. 17 Civ. 2726 (JFK), 2017 WL 5897450, at *5 (S.D.N.Y. Nov. 29, 2017).

3.      On August 28, 2020, Defendants filed a renewed motion to dismiss the Amended Complaint arguing, among other things, that Plaintiffs are collaterally estopped from pursuing their claims by the April 4, 2019 award of the London Court of International Arbitration ("LCIA"), which found, among other findings, that Plaintiff BSG Resources Limited ("BSGRL") engaged in bribery and corruption in connection with procuring mining rights in Guinea.  (ECF No. 171.)  The LCIA tribunal unanimously found that BSGRL had induced its business partner, Vale S.A., to enter into joint venture agreements through false statements, representations, and

warranties that included the representation that BSGRL procured Plaintiffs' mining rights legitimately. Specifically, among other findings, the tribunal found that BSGRL obtained mining rights in connection with bribing Mamadie Touré (who is alleged to have been the fourth wife of the former President Lansana Conté) both directly and through intermediaries, including Pentler Holdings Limited ("Pentler"). (*See* ECF No. 172 (LCIA Award) ¶¶ 642, 676.10.) Plaintiffs maintain that the entire LCIA finding was mistaken and dispute any and all of Defendants' allegations concerning bribery and corruption. On October 26, 2020, Plaintiffs opposed the motion, including Defendants' characterization of the LCIA's findings and the application of collateral estoppel. (ECF. No. 181.) Oral argument on the motion was held on November 24, 2020.

4.      On January 22, 2021, Israeli businessman Beny Steinmetz (who Defendants claim, and Plaintiffs dispute, was the beneficial owner and namesake of Plaintiffs), along with two alleged agents of BSGR, were convicted by a criminal court in Switzerland on charges of corrupting foreign public officials and forging documents. (ECF No. 192.) Mr. Steinmetz's conviction stemmed from alleged bribes he paid to Mamadie Touré contemporaneous with BSGR's bid to obtain mining rights in the Simandou region of Guinea. He was sentenced to five years in prison and ordered to pay a $56.5 million fine. Defendants believe that the conviction of Mr. Steinmetz and the alleged two BSGR agents further supports Defendants' motion to dismiss based on collateral estoppel. Plaintiffs dispute the finding of the Swiss Court as well as any relevance to Defendants' motion.

5.      On January 25, 2021, the Court issued an order lifting the stay to allow the parties to conduct limited discovery into three issues: (1) whether Plaintiffs bribed Mamadie Touré; (2) whether that bribery was connected to Plaintiffs' acquisition of mining rights included

in the Convention; and (3) whether the Guinean government was permitted to, and did, terminate Plaintiffs' mining rights because of Plaintiffs' bribery of Mamadie Touré.  (ECF No. 193.)

6.      Defendants now seek discovery from a particular third party: Ofer Kerzner.  Mr. Kerzner is an Israeli-Ukrainian citizen and property investor who is reported to have appeared as a witness against Mr. Steinmetz in the Swiss prosecution.  Specifically, it is reported that Mr. Kerzner "testified that he served as Steinmetz's front man in various payments, including fictitious deals meant to hide his role in various payments."  (Gur Meggido, *Israeli Tycoon Steinmetz Told Me to Pay for Dirt on Soros*, Haaretz, Feb. 17, 2021 (attached hereto as Exhibit C).)  Mr. Kerzner is further reported to have testified that "some of the money [given to him by Steinmetz] covered a bribe of Mamadie Touré, the wife of the late Guinean President Lansana Conté – for which Steinmetz was convicted – in exchange for mining rights."  (*Id.*)

7.      Based on the foregoing, Defendants believe that Mr. Kerzner possesses information and documents relevant to issues (1) and (2) identified in Judge Keenan's order.  Specifically, Defendants seek documents concerning the alleged bribery of Mamadie Touré by Plaintiffs or their affiliates or Beny Steinmetz.

8.      The parties have conferred and Defendants have agreed that any documents produced in response hereto will be produced to all parties to the litigation.  Plaintiffs take no position with regard to the merits of the allegations in the request, other than to deny the allegations concerning any supposed corruption and bribery relating to Plaintiffs' procurement of mining rights.

9.      Therefore, Defendants request that the Court issue the attached Letter Rogatory seeking the assistance of the appropriate judicial authority of the State of Israel in collecting documents located in the State of Israel as set forth in Schedule A of the Letter Rogatory

that are in the possession, custody or control of Mr. Kerzner, and that can only be obtained through a request for international judicial assistance.

## RELIEF REQUESTED

10.      Accordingly, Defendants respectfully request, for the purpose of justice and due determination of the matters in dispute between the parties, this Court's assistance in collecting documents located in the State of Israel as set forth in Schedule A of the Letter Rogatory for use at trial in the above-captioned action.

11.      The person from whom evidence is sought by the Letter Rogatory is Ofer Kerzner.

12.      The documents and testimony sought are material to Defendants' defenses within the scope of Judge Keenan's January 25, 2021 Order.

13.      Defendants have considered the requirements of the Courts of the State of Israel with respect to Letters Rogatory, including the form in which the Letter Rogatory should be presented to the Israeli Court and its permissible content.  Defendants believe that this Letter Rogatory is consistent with those requirements.

WHEREFORE, Defendants respectfully request that the Court enter the attached order (i) providing for this Court to sign the Letter Rogatory attached to the Application as Exhibit B and affix the seal of the United States District Court for the Southern District of New York over said signature in the Letter Rogatory; (ii) directing that the Clerk of the Court return the original, signed Letter Rogatory to counsel for Defendants, so that said documents may be transmitted to the Administration of Courts of the State of Israel; (iii) directing counsel for Defendants to cause the transmittal of the original, signed Letter Rogatory to the Administration of Courts of the State of Israel; and (iv) granting such other relief as the Court deems just and proper.

Dated: April 14, 2021                    Respectfully submitted,
New York, New York


WILLKIE FARR & GALLAGHER LLP



By: /s/ Benjamin P. McCallen_____
    Joseph T. Baio
    Benjamin P. McCallen
    James Fitzmaurice

787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
bmccallen@willkie.com

    Elizabeth J. Bower

1875 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 303-1000
ebower@willkie.com

*Attorneys for Defendants*