UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BSG RESOURCES (GUINEA) LIMITED, BSG RESOURCES (GUINEA) SÀRL, and BSG RESOURCES LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE SOROS, OPEN SOCIETY FOUNDATIONS, OPEN SOCIETY INSTITUTE, FOUNDATION TO PROMOTE OPEN SOCIETY, OPEN SOCIETY FOUNDATION, INC., ALLIANCE FOR OPEN SOCIETY INTERNATIONAL, INC., OPEN SOCIETY POLICY CENTER, and OPEN SOCIETY FUND,<br><br>Defendants. | No. 1:17-cv-02726 (JFK) (OTW) |

**APPLICATION FOR THE ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY) PURSUANT TO THE HAGUE EVIDENCE CONVENTION**

Defendants George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy Center, and Open Society Fund (collectively, "Defendants"), respectfully apply pursuant to the provisions of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, 847 U.N.T.S. 231, 28 U.S.C. § 1781 (the "Hague Evidence Convention") for the issuance of an Order by the Clerk of this Court (attached as Exhibit A) for a letter of request (the "Letter Rogatory") in the form attached as Exhibit B, directed to the Registrar of the Supreme Court, acting as the Competent Judicial Authority of the British Virgin Islands, requesting that these competent judicial authorities cause the Letter Rogatory to be served upon the designated recipient to provide requested documents within their possession, custody or control, and oral testimony.

In support of this application, Defendants respectfully represent as follows:

## BACKGROUND

1. On June 30, 2017, Plaintiffs filed an amended complaint in this Court (the "Amended Complaint") against the Defendants. (ECF No. 22.) The Amended Complaint alleges, among other things, that Defendants caused the termination of Plaintiffs' iron ore mining rights in the Republic of Guinea ("Guinea") on the basis of allegedly false allegations that Plaintiffs engaged in bribery and corruption to procure those rights. (*See, e.g.*, *id.* ¶¶ 84, 181-84.) Plaintiffs have asserted claims against all of the Defendants for tortious interference with contract, conspiracy to commit tortious interference with contract, and commercial defamation, as well as claims for fraud, conspiracy to commit fraud, and prima facie tort against Mr. Soros. (*Id.*)

2. On July 28, 2017, Defendants filed a motion to dismiss the Amended Complaint or, in the alternative, to stay the action in favor of a pending arbitration between Guinea and Plaintiffs before the International Centre for the Settlement of Investment Disputes (the "ICSID Arbitration"). (ECF No. 56.) On November 29, 2017, the Court granted Defendants' alternate request for a stay pending the outcome of the ICSID Arbitration. *See BSG Res. (Guinea) Ltd. v. Soros*, No. 17 Civ. 2726 (JFK), 2017 WL 5897450, at *5 (S.D.N.Y. Nov. 29, 2017).

3. On August 28, 2020, Defendants filed a renewed motion to dismiss the Amended Complaint arguing, among other things, that Plaintiffs are collaterally estopped from pursuing their claims by the April 4, 2019 award of the London Court of International Arbitration ("LCIA"), which found Plaintiff BSG Resources Limited ("BSGRL") engaged in bribery and corruption in connection with procuring mining rights in Guinea. (ECF No. 171.) The LCIA tribunal unanimously found that BSGRL had induced its business partner, Vale S.A., to enter into joint venture agreements through false statements, representations, and warranties including a representation that BSGRL procured Plaintiffs' mining rights legitimately. Specifically, among

other findings, the tribunal found that BSGRL obtained Plaintiffs' mining rights in connection with bribing Mamadie Touré (who is alleged to have been the fourth wife of the former President Lansana Conté) both directly and through intermediaries, including Pentler Holdings Limited ("Pentler"). (*See* ECF No. 172 (LCIA Award) ¶¶ 642, 676.10.) Plaintiffs maintain that the entire LCIA finding was mistaken and dispute any and all of Defendants' allegations concerning bribery and corruption. On October 26, 2020, Plaintiffs opposed the motion, including Defendants' characterization of the LCIA's findings and the application of collateral estoppel. (ECF. No. 181.) Oral argument on the motion was held on November 24, 2020.

4. On January 25, 2021, the Court issued an order lifting the stay to allow the parties to conduct limited discovery into three issues: (1) whether Plaintiffs bribed Mamadie Touré; (2) whether that bribery was connected to Plaintiffs' acquisition of mining rights included in the Convention; and (3) whether the Guinean government was permitted to, and did, terminate Plaintiffs' mining rights because of Plaintiffs' bribery of Mamadie Touré. (ECF No. 193.)

5. Defendants here seek discovery from a particular third party: Pentler Holdings Ltd. ("Pentler"). Pentler was incorporated in BVI by Onyx Financial Advisors Limited ("Onyx"). Onyx was a company BSGRL claims to have engaged to provide financial and administration services. *See* Plaintiffs' Responses and Objections to Defendants' First Request for the Production of Documents, General Objection No. 6, Aug. 23, 2017 (attached as Exhibit C). Thereafter, Pentler was sold to Frédéric Cilins, Avraham Lev Ran, and Michael Noy. *Id.* During at least some portion of the relevant time frame, Pentler was a BSGR shareholder with a stake in Plaintiffs' operations in Guinea. *See* Panama Papers, Steinmetz's Guinea Iron Ore Mining Deal Prised Open ("[L]eaked documents . . . identify a timeline indicating the inherent improbability of Pentler being independent and separate from BSGR, as was claimed by the company.") (attached

as Exhibit D).

6. Defendants' position is that Pentler has been linked to Plaintiffs' alleged acts of corruption and bribery in Guinea. Among other facts, an investigation conducted by the Guinean Technical Committee, a subcommittee of the National Mining Commission, revealed alleged agreements and letters of commitment between Pentler and Mamadie Touré (or Matinda & Co. Ltd.), executed between 2006 and 2010. (*See* ECF No. 118-6 to 118-13 (Technical Committee for the Review of Mining Titles and Agreements, Recommendation Concerning the Titles and Mining Agreement Held by the Company VBG, Mar. 21, 2014 at Ex. 10).) Defendants contend that these executed documents suggest that, through Pentler, Plaintiffs did in fact use bribery and corruption to procure their mining rights in Guinea. Plaintiffs dispute any and all allegations relating to bribery and corruption and dispute the validity of the alleged documents referenced herein.

7. Mr. Cilins, one of the principals of Pentler, has been convicted by two courts in connection with Plaintiffs' alleged acts of bribery. First, in 2014, Mr. Cilins pled guilty, in the Southern District of New York, to obstructing a criminal investigation by attempting to destroy contracts allegedly signed by Plaintiffs and Pentler purportedly memorializing bribes to Mamadie Touré. *See* Mem. & Order at 1, *United States v. Cilins*, No. 1:13-cr-00315 (S.D.N.Y. Jan. 15, 2014) (Pauley, J.) ECF No. 50 ("Cilins attempted to bribe [Mamadie] Touré to destroy documents purportedly granting Simandou mining concessions to Beny Steinmetz Group Resources ('BSGR').") (attached as Exhibit E); Judgment, *United States v. Cilins*, No. 1:13-cr-00315 (S.D.N.Y. Jul. 29, 2014) ECF No. 71. Second, on January 22, 2021, it has been reported that a Swiss criminal court convicted Mr. Cilins of bribing Mamadie Touré in connection with Plaintiffs' mining rights in Guinea. (ECF No. 192.). Plaintiffs dispute any and all allegations

relating to bribery and corruption and dispute the validity of the alleged documents referenced herein.

8.  Given the foregoing allegations, Defendants believe that Pentler and its principals are not only closely affiliated with Plaintiffs, but are involved in the events underlying Plaintiffs' claims, and that Pentler and its principals possess information relevant to the question of whether Plaintiffs bribed Mamadie Touré. Defendants' need for testimony by Pentler is particularly compelling here. Plaintiffs have represented that they do not control Pentler, have no authority to produce the principals of Pentler to provide testimony, and have no authority to accept service of subpoenas to Pentler. *See* Plaintiffs' Responses and Objections to Defendants' First Request for the Production of Documents, General Objection No. 6, Aug. 23, 2017 (attached as Exhibit C); Letter from L. Solomon to E. Bower, Aug. 21, 2017 (attached as Exhibit F). Plaintiffs also contend that they have no documents or communications concerning alleged payments, gifts, or bribes to obtain their mining rights in Guinea, despite Mr. Cilins' conviction to the contrary. *See, e.g.*, Plaintiffs' Responses and Objections to Defendants' First Request for the Production of Documents, Responses to Request No. 18-19, 22, Aug. 23, 2017 (attached as Exhibit C). Thus, Defendants believe that compelling testimony from a representative of Pentler is essential.

9.  The parties have conferred and Defendants have agreed that any documents produced in response hereto will be produced to all parties to the litigation. Plaintiffs take no position with regard to the allegations in this request, other than to deny the allegations concerning any supposed corruption and bribery relating to Plaintiffs or to BSGR's procurement of its mining rights.

10. Defendants hereby request that the Court issue the attached Letter Rogatory pursuant to the Hague Evidence Convention.

**RELIEF REQUESTED**

11. Accordingly, Defendants respectfully request, for the purpose of justice and due determination of the matters in dispute between the parties, this Court's assistance in collecting documents located in the British Virgin Islands as set forth in Schedule A of the Letter Rogatory for use at trial in the above-captioned action.

12. The entity from whom evidence is sought by the Letter Rogatory is Pentler.

13. The documents and testimony sought are material to Defendants' defenses.

14. Defendants have considered the requirements of the Courts of the British Virgin Islands with respect to Letters Rogatory, including the form in which the Letter Rogatory should be presented to the British Virgin Islands Court and its permissible content. Defendants believe that this Letter Rogatory is consistent with those requirements.

WHEREFORE, Defendants respectfully request that the Court enter the attached form of order (i) providing for this Court to sign the Letter Rogatory attached to the Application as Exhibit B and affix the seal of the United States District Court for the Southern District of New York over said signature in the Letter Rogatory; (ii) directing that the Clerk of the Court return the original, signed Letter Rogatory to counsel for Defendants, so that said documents may be transmitted to the Registrar of the Supreme Court of the British Virgin Islands; (iii) directing counsel for Defendants to cause the transmittal of the original, signed Letter Rogatory to the Registrar of the Supreme Court of the British Virgin Islands; and (iv) granting such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated: April 14, 2021<br>New York, New York | Respectfully submitted,<br><br>WILLKIE FARR & GALLAGHER LLP<br><br><br>By: /s/ Benjamin P. McCallen\_\_<br>    Joseph T. Baio<br>    Benjamin P. McCallen<br>    James Fitzmaurice<br><br>787 Seventh Avenue<br>New York, NY 10019<br>Telephone: (212) 728-8000<br>bmccallen@willkie.com<br><br>    Elizabeth J. Bower<br><br>1875 K Street, N.W.<br>Washington, D.C. 20006<br>Telephone: (202) 303-1000<br>ebower@willkie.com<br><br>*Attorneys for Defendants* |