# EXHIBIT B

From: Solomon, Louis M. <LSolomon@reedsmith.com>
Sent: 24 April 2020 23:37
To: George Jacobs <george.jacobs@bdo.co.uk>; Nat Butcher <Nat.Butcher@bdo.co.uk>
Cc: Lazaroff, Michael S. <MLazaroff@reedsmith.com>
Subject: RE: Confidentiality over LCIA documents [BDO-UK.FID5720911]

Attention: This email originated outside BDO LLP. Please be extra vigilant when opening attachments or clicking links.

George, it may be too late for Michael to dispatch his analysis, which I agree with, as follows:

You asked us to consider whether nine specific documents should be treated as confidential in the Chapter 15 bankruptcy proceedings and whether they would "cause harm" if they were not treated as confidential. You told us that these documents have already been produced but Cleary/Vale is challenging their designation as confidential. You also told us that the definition of confidential in the stipulation in the Chapter 15 bankruptcy under which they were produced is:

"Discovery Material that the Designating Party believes in good faith as of the date of production contains or constitutes: (i) non-public information that is commercially sensitive, including, without limitation, research, business development or financial analysis, confidential technical information and data, or trade secrets; or (ii) information protected from disclosure under federal, state, or other applicable law, regulation, or court order"

After a quick review, we believe that you should maintain confidentiality over all nine documents.

**First**, all nine documents are from the LCIA proceedings. All documents involved in the LCIA proceedings are confidential pursuant to both a specific order of the Tribunal as well as the general rules of the LCIA. In paragraph 15 of Procedural Order number 2 in the Vale/BSGR LCIA arbitration (attached hereto), the Tribunal directed that
"[t]he entire arbitration proceedings are considered confidential, **subject to any Party applying for an exception and the Tribunal granting such application**." In addition, Article 30 of the LCIA rules
(http://www.lcia.org/dispute_resolution_services/lcia_arbitration_rules.aspx#article30) provide as follows:

> Article 30    Confidentiality
>
> 30.1    Unless the parties expressly agree in writing to the contrary, the parties undertake as a general principle to keep confidential all awards in their arbitration, together with all materials in the proceedings created for the purpose of the arbitration and all other documents produced by another party in the proceedings not otherwise in the public domain - save and to the extent that disclosure may be required of a party by legal duty, to protect or pursue a legal right or to enforce or challenge an award in bona fide legal proceedings before a state court or other judicial authority.
>
> 30.2    The deliberations of the Arbitral Tribunal are likewise confidential to its members, save and to the extent that disclosure of an arbitrator's refusal to participate in the arbitration is required of the other members of the Arbitral Tribunal under Articles 10, 12 and 26.
>
> 30.3    The LCIA Court does not publish any award or any part of an award without the prior written consent of all parties and the Arbitral Tribunal.

Thus, all these documents are confidential under the second prong of the confidentiality stipulation in the Chapter 15 Bankruptcy because of the order of the Tribunal. Moreover, Vale would need to petition the LCIA to remove the confidentiality from any proceeding document.

**Second**, we believe the following six documents would clearly be harmful both to the Soros Litigation and more generally because they reveal various features of the internal dealings and structure as well as business arrangements of BSGR and/or they repeat and assert what we believe to be unfounded negative claims: (a) Award (JA0107056); (b) Statement of Reply (JA0056289); (c) Revised Statement of Reply (JA0062469); (d) Expert Report of Dr. Min Shi (JA0056847); (e) Vale's Statement of Reply Appendices (JA0057455); and (f) Claimant's Consolidated Index of Fact Exhibits (JA0056794).   Less clearly harmful but still harmful are the two Claimant (Cleary) letters (the 5/30/2019 letter (JA0020409) and the March 24, 2016 letter (JA0056284)) that also repeat details about the arbitration proceedings and negative claims about BSGR.  Finally, the consolidated index of legal authorities (JA0056839) is not harmful (but should still be confidential because it is part of the LCIA proceedings).

Please let us know if you want to discuss.


**Louis M. Solomon** (bio)
Direct Tel.: +1.212.549.0400
E-Mail: Lsolomon@reedsmith.com
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022