# EXHIBIT J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BSG RESOURCES (GUINEA) LIMITED,
BSG RESOURCES (GUINEA) SÀRL, and
BSG  RESOURCES LIMITED,

                  Plaintiffs,

v.

GEORGE SOROS, OPEN SOCIETY
FOUNDATIONS, OPEN SOCIETY
INSTITUTE, FOUNDATION TO
PROMOTE OPEN SOCIETY, OPEN
SOCIETY FOUNDATION, INC.,
ALLIANCE FOR OPEN SOCIETY
INTERNATIONAL, INC., OPEN SOCIETY
POLICY CENTER, and OPEN SOCIETY
FUND,

                  Defendants.

No. 1:17-cv-02726 (JFK) (OTW)

---

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' THIRD REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 26 and Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Rules"), Plaintiffs BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG Resources Limited (collectively "BSGR" or "Plaintiffs"), by and through their undersigned counsel, hereby respond and object to Defendants' Third Request for Production of Documents (the "Requests"). Subject to the other objections herein and the agreement of the parties, a privilege log of any documents withheld from production will be produced in accordance with the Rules.

## REQUESTS FOR PRODUCTION

**Request No. 1**: All Documents or Communications concerning whether BSGR bribed Mamadie Touré, including, without limitation:

**Response**:  Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control and can be located after a reasonable search. At this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, subject to the privilege, confidentiality, scope and definitional objections set forth in General Objections 1-7 below, which are hereby incorporated as if set forth in full in this response. Plaintiffs also incorporate herein their Responses to Requests 1(a)-(k), *infra*.

**Request No. 1(a)**: All Documents or Communications concerning, evidencing or any way relating to any payments, gifts, or bribes made, transmitted, or offered by BSGR, either directly or indirectly, to any entity or individual in connection with the Agreements or BSGR's mining operations in Guinea, including without limitation Mamadie Touré.

**Response**:  Plaintiffs object to this Request to the extent that "concerning, evidencing or any way relating to" exceeds or is inconsistent with the definition of "concerning" set forth in Local Rule 26.3(c)(7).  Plaintiffs further object to this Request on the grounds that it seeks information beyond whether BSGR bribed Mamadie Touré, and thus exceeds the permissible scope of discovery set by the Court's January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order. Plaintiffs will interpret this request as limited to information concerning any bribery by BSGR of Mamadie Touré.

Subject to and without waiving the foregoing objections, Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control and can be located after a reasonable search.  At this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, as limited above, subject to the privilege, confidentiality, scope and definitional objections set forth in General Objections 1-8 below, which are hereby incorporated as if set forth in full in this response.

**Request No. 1(b)**: All Documents and Communications from the ICSID Arbitration, the LCIA Arbitration, or the Rio Tinto Litigation concerning whether BSGR bribed Mamadie Touré including, without limitation, (i) any Documents or Communications produced to, or by, BSGR in

these proceedings; (ii) any Documents or Communications submitted by BSGR, Vale S.A., Guinea, Rio Tinto or any third party in those proceedings (including, without limitation, any pleadings, motion papers, briefs, witness statements, expert reports, or other filings); (iii) Documents or Communications exchanged between or among the parties and/or the tribunal in those proceedings; and (iv) copies of all videos and/or transcripts of any testimony and/or proceedings.

**Response**:  Plaintiffs object to this Request to the extent that subsections (i)-(iv) seek information beyond whether BSGR bribed Mamadie Touré, and thus exceed the permissible scope of discovery set by the Court's January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order. Plaintiffs will interpret this request as limited to information concerning whether BSGR bribed Mamadie Touré.

Subject to and without waiving the foregoing objection, Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control and can be located after a reasonable search.  At this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, as limited above, subject to the privilege, confidentiality, scope, and definitional objections set forth in General Objections 1-8 below, which are hereby incorporated as if set forth in full in this response.

**Request No. 1(c)**: All Documents and Communications concerning the Investigations, including, without limitation, any Documents and Communications on this subject produced to, or by, BSGR in connection with the Investigations.

**Response**:  Plaintiffs object to this Request to the extent it seeks information beyond whether BSGR bribed Mamadie Touré, and thus exceeds the permissible scope of discovery set by the Court's January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order.  Plaintiffs will interpret this request as limited to information concerning whether BSGR bribed Mamadie Touré.

Subject to and without waiving the foregoing objections, Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and

control and can be located after a reasonable search.  At this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, as limited above, subject to the privilege, confidentiality, scope and definitional objections set forth in General Objections 1-7 & 9 below, which are hereby incorporated as if set forth in full in this response.

**Request No. 1(d)**: All Documents or Communications concerning acts or allegations of corruption or bribery by BSGR in Guinea, including, without limitation, Documents or Communications concerning any payments or gifts made to (i) secure meetings with Guinea, (ii) procure the Agreements, (iii) obtain mining rights in Guinea, or (iv) cause the destruction of evidence relevant to allegations that BSGR engaged in corruption or bribery in Guinea, including any agreements with Mamadie Touré.

**Response**: Plaintiffs object to this Request on the grounds that it seeks information beyond whether BSGR bribed Mamadie Touré, and thus exceeds the permissible scope of discovery set by the Court's January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order. Plaintiffs will interpret this request as limited to information concerning whether BSGR bribed Mamadie Touré.

Subject to and without waiving the foregoing objection, Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control and can be located after a reasonable search.  At this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, as limited above, subject to the privilege, confidentiality, scope and definitional objections set forth in General Objections 1-8 below, which are hereby incorporated as if set forth in full in this response.

**Request No. 1(e)**: All Documents or Communications concerning the destruction of, or attempt to destroy, evidence relevant to allegations that BSGR engaged in corruption or bribery in Guinea, including any actual or contemplated contract or agreement (whether written or oral) between Pentler Holdings, on the one hand, and (i) Mamadie Touré, (ii) Ibrahima Sory Touré, (iii) Ibrahima Kassory Fofana, (iv) Adama Sidibe, (v) Aboubacar Bah, (vi) Ismaila Daou, or (vii) Ghasson Boutros on the other hand, including, without limitation, the contracts referenced in paragraph 2 of Procedural Order No. 11 in the ICSID Arbitration.

**Response**:   Plaintiffs object to this Request on the grounds that it seeks information beyond whether BSGR bribed Mamadie Touré, and thus exceeds the permissible scope of discovery set by the Court's January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order. Plaintiffs will interpret this request as limited to information concerning whether BSGR bribed Mamadie Touré.

Subject to and without waiving the foregoing objections, Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control and can be located after a reasonable search.   At this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, as limited above, subject to the privilege, confidentiality, scope and definitional objections set forth in General Objections 1-8 & 10 below, which are hereby incorporated as if set forth in full in this response.

**Request No. 1(f)**: All Documents or Communications concerning the National Mining Commission, Technical Committee, or Strategic Committee, including, without limitation, Documents or Communications relating to the investigation or review of the Agreements undertaken by the Technical Committee.

**Response**: Plaintiffs object to this Request to the extent that it seeks documents already in the possession, custody, and/or control of Defendants.  Plaintiffs further object to this Request on the grounds that it seeks information beyond whether BSGR bribed Mamadie Touré, and thus exceeds the permissible scope of discovery set by the Court's January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order.  Plaintiffs will interpret this request as limited to information concerning whether BSGR bribed Mamadie Touré.  Plaintiffs further object to this request to the extent it seeks information that is publicly available and/or readily obtainable from sources other than Plaintiffs that are more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the foregoing objections, Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and

control and can be located after a reasonable search.  At this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, as limited above, subject to the privilege, confidentiality, scope and definitional objections set forth in General Objections 1-6 & 9 below, which are hereby incorporated as if set forth in full in this response.

**Request No. 1(g)**: All Documents or Communications concerning the negotiation, procurement, cancellation, or termination of the Agreements.

**Response**:   Plaintiffs object to this Request on the grounds that it seeks information beyond whether BSGR bribed Mamadie Touré, and thus exceeds the permissible scope of discovery set by the Court's January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order. Plaintiffs will interpret this request as limited to information concerning whether BSGR bribed Mamadie Touré.  Plaintiffs further object to this request to the extent it seeks information that is publicly available and/or readily obtainable from sources other than Plaintiffs that are more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the foregoing objections, Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control and can be located after a reasonable search.  At this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, as limited above, subject to the privilege, confidentiality, scope and definitional objections set forth in General Objections 1-6 below, which are hereby incorporated as if set forth in full in this response.

**Request No. 1(h)**: All Documents or Communications concerning any actual or contemplated contract or agreement (whether written or oral) between BSGR or Pentler Holdings, on the one hand, and (i) Mamadie Touré, (ii) Ibrahima Sory Touré, (iii) Ibrahima Kassory Fofana, (iv) Adama Sidibe, (v) Aboubacar Bah, (vi) Ismaila Daou, or (vii) Ghasson Boutros, on the other hand, including, without limitation, the contracts referenced in Paragraph 2 of Procedural Order No. 11 in the ICSID Arbitration.

**Response**: Plaintiffs object to this Request on the grounds that it seeks information beyond whether BSGR bribed Mamadie Touré, and thus exceeds the permissible scope of discovery set

by the Court's January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order. Plaintiffs will interpret this request as limited to information concerning whether BSGR bribed Mamadie Touré.

Subject to and without waiving the foregoing objections, Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control and can be located after a reasonable search.  At this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, as limited above, subject to the privilege, confidentiality, scope and definitional objections set forth in General Objections 1-7 & 10 below, which are hereby incorporated as if set forth in full in this response.

**Request No. 1(i)**: All Documents or Communications concerning Pentler Holdings, including, without limitation, Documents or Communications concerning the creation of Pentler Holdings, services provided by Pentler Holdings related to Guinea or BSGR, any payments made to, by, or through Pentler Holdings, directly or indirectly, related to the Agreements or BSGR's mining operations in Guinea, and all Communications to, from, between or among Frédéric Cilins, Michael Noy, or Avhraham Lev Ran.

**Response**:  Plaintiffs object to this Request on the grounds that it seeks information beyond whether BSGR bribed Mamadie Touré, and thus exceeds the permissible scope of discovery set by the Court's January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order. Plaintiffs will interpret this request as limited to information concerning whether BSGR bribed Mamadie Touré.

Subject to and without waiving the foregoing objections, Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control and can be located after a reasonable search.  At this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, as limited above, subject to the privilege, confidentiality, scope and definitional objections set forth in General Objections 1-8 & 10 below, which are hereby incorporated as if set forth in full in this response.

**Request No. 1(j)**: All Documents or Communications concerning any services provided by (i) Mamadie Touré, (ii) Ibrahima Sory Touré, (iii) Ibrahima Kassory Fofana, (iv) Adama Sidibe, (v) Aboubacar Bah, (vi) Ismaila Daou, or (vii) Ghasson Boutros, related to BSGR, including any payments, gifts, or bribes made, transmitted, or offered to any of these individuals in connection with BSGR's mining operations in Guinea.

**Response**: Plaintiffs object to this Request on the grounds that it seeks information beyond whether BSGR bribed Mamadie Touré, and thus exceeds the permissible scope of discovery set by the Court's January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order. Plaintiffs will interpret this request as limited to information concerning whether BSGR bribed Mamadie Touré.

Subject to and without waiving the foregoing objections, Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control and can be located after a reasonable search.  At this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, as limited above, subject to the privilege, confidentiality, scope and definitional objections set forth in General Objections 1-8 below, which are hereby incorporated as if set forth in full in this response.

**Request No. 1(k)**: All Documents or Communications concerning Matinda Partners and Co. Ltd., Matinda and Co. Ltd. Sàrl, and Matinda & Co. Ltd., or any company that contains "Matinda" in its name.

**Response**:  Plaintiffs object to this Request on the grounds that it seeks information beyond whether BSGR bribed Mamadie Touré, and thus exceeds the permissible scope of discovery set by the Court's January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order. Plaintiffs will interpret this request as limited to information concerning whether BSGR bribed Mamadie Touré.  Plaintiffs further object to this request to the extent it seeks information that is publicly available and/or readily obtainable from sources other than Plaintiffs that are more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the foregoing objections, Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control and can be located after a reasonable search.  At this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, as limited above, subject to the privilege, confidentiality, scope and definitional objections set forth in General Objections 1-7 below, which are hereby incorporated as if set forth in full in this response.

**Request No. 2**: To the extent not produced in response to Request 1(a)-1(k), all Documents and Communication concerning whether the bribery referred to in Request No. 1 was related to BSGR's acquisition of mining rights included in the Convention.

**Response**:  Plaintiffs object to this Request to the extent that "the bribery referred to in Request No. 1" is intended to encompass anything other than the issue of "whether BSGR bribed Mamadie Touré".  Plaintiffs will interpret this request as limited to information concerning whether BSGR bribed Mamadie Touré and whether that bribery was connected to Plaintiffs' acquisition of mining rights included in the Convention.

Subject to and without waiving the foregoing objection, Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control and can be located after a reasonable search.  At this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, as limited above, subject to the privilege, confidentiality, scope and definitional objections set forth in General Objections 1-7 below, which are hereby incorporated as if set forth in full in this response.

**Request No. 3**: All Documents and Communications concerning whether the Guinean government was permitted to, and did, terminate Plaintiffs' mining rights because of Plaintiffs' bribery of Mamadie Touré, including, without limitation:

**Response:**  Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control and can be located after a reasonable search. At this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this

Request, subject to the privilege, confidentiality, scope and definitional objections set forth in General Objections 1-8 below, which are hereby incorporated as if set forth in full in this response. Plaintiffs also incorporate herein their Responses to Requests 3(a)-(e), *infra*.

**Request No. 3(a)**: All Documents or Communications concerning Guinea's examination, confirmation, ratification, review, cancellation, or termination of the Agreements, including without limitation (i) all Communications between or among BSGR or the Joint Venture, on the one hand, and Guinea, on the other hand, and (ii) any meetings between or among BSGR or the Joint Venture, on the one hand, or Guinea, on the other hand.

**Response**:  Plaintiffs object to this Request to the extent that "Guinea's examination, confirmation, ratification, review, cancellation, or termination of the Agreements" is intended to encompass anything other than the issue of "whether the Guinean government was permitted to, and did, terminate Plaintiffs' mining rights because of Plaintiffs' bribery of Mamadie Touré" and thus exceeds the permissible scope of discovery set by the Court's January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order.  Plaintiffs will interpret this request as limited to information concerning whether the Guinean government was permitted to, and did, terminate Plaintiffs' mining rights because of Plaintiffs' bribery of Mamadie Touré.

Subject to and without waiving the foregoing objection, Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control and can be located after a reasonable search.  At this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, as limited above, subject to the privilege, confidentiality, scope and definitional objections set forth in General Objections 1-8 below, which are hereby incorporated as if set forth in full in this response.

**Request No. 3(b)**: All Communications or Documents (i) exchanged directly between or among BSGR or the Joint Venture, on the one hand, and Guinea, on the other, regarding Plaintiffs' mining rights, or (ii) concerning BSGR's or the Joint Venture's Communications with Guinea regarding Plaintiffs' mining rights, including, without limitation, Documents or Communications concerning meetings between or among BSGR or the Joint Venture, on the one hand, or Guinea, on the other hand.

**Response**:  Plaintiffs object to this Request to the extent that it seeks information beyond  "whether the Guinean government was permitted to, and did, terminate Plaintiffs' mining rights because of Plaintiffs' bribery of Mamadie Touré" and thus exceeds the permissible scope of discovery set by the Court's January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order.  Plaintiffs will interpret this request as limited to information concerning whether the Guinean government was permitted to, and did, terminate Plaintiffs' mining rights because of Plaintiffs' bribery of Mamadie Touré.  Plaintiffs further object to this request as vague and ambiguous to the extent it seeks "Communications or Documents" concerning "Communications."

Subject to and without waiving the foregoing objections, Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control and can be located after a reasonable search.  At this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, as limited above, subject to the privilege, confidentiality, scope and definitional objections set forth in General Objections 1-8 below, which are hereby incorporated as if set forth in full in this response.

**Request No. 3(c)**:  All Documents or Communications concerning the National Mining Commission, Technical Committee, or Strategic Committee, including, without limitation, Documents or Communications relating to the investigation or review of the Agreements undertaken by the Technical Committee.

**Response**:  Plaintiffs object to this Request to the extent that it seeks information beyond  "whether the Guinean government was permitted to, and did, terminate Plaintiffs' mining rights because of Plaintiffs' bribery of Mamadie Touré" and thus exceeds the permissible scope of discovery set by the Court's January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order.  Plaintiffs will interpret this request as limited to information concerning whether the Guinean government was permitted to, and did, terminate Plaintiffs' mining rights because of Plaintiffs' bribery of Mamadie Touré.  Plaintiffs object to this Request to the extent that it seeks documents already in

the possession, custody, and/or control of Defendants.  Plaintiffs further object to this request to the extent it seeks information that is publicly available and/or readily obtainable from sources other than Plaintiffs that are more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the foregoing objections, Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control and can be located after a reasonable search.  At this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, as limited above, subject to the privilege, confidentiality, scope and definitional objections set forth in General Objections 1-6 & 8-9 below, which are hereby incorporated as if set forth in full in this response.

**Request No. 3(d)**: All Documents BSGR provided to or Communications BSGR had with the National Mining Commission, Technical Committee, or Strategic Committee, including, without limitation, all Documents exchanged between or among the Strategic or Technical Committee or Guinea, on the one hand, and BSGR on the other hand, including, without limitation, the Allegations Letter referenced in paragraph 114 of the Amended Complaint, the Allegations Letter referenced in paragraph 150 of the Amended Complaint, and the alleged "exculpatory material" and "evidence" referenced in paragraph 150 of the Amended Complaint.

**Response**:   Plaintiffs object to this Request to the extent that it seeks information beyond "whether the Guinean government was permitted to, and did, terminate Plaintiffs' mining rights because of Plaintiffs' bribery of Mamadie Touré" and thus exceeds the permissible scope of discovery set by the Court's January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order.  Plaintiffs will interpret this request as limited to information concerning whether the Guinean government was permitted to, and did, terminate Plaintiffs' mining rights because of Plaintiffs' bribery of Mamadie Touré.

Subject to and without waiving the foregoing objections, Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control and can be located after a reasonable search.  At this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, as limited above, subject to

the privilege, confidentiality, scope and definitional objections set forth in General Objections 1-8 below, which are hereby incorporated as if set forth in full in this response.

**Request No. 3(e)**: All Documents or Communications concerning Your allegation in paragraph 90 of the Amended Complaint that the Agreements were protected against post-contractual changes in Guinean law.

**Response**: Plaintiffs object to this Request to the extent that it seeks information beyond the permissible scope of discovery set by the Court's January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order.  Plaintiffs will interpret this request as limited to the scope of discovery set by the Court's January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order.

Subject to and without waiving the foregoing objections, Plaintiffs will produce relevant, non-privileged documents responsive to this Request that are within Plaintiffs' legal custody and control and can be located after a reasonable search.  At this time, Plaintiffs do not intend to withhold relevant documents knowingly falling within this Request, as limited above, subject to the privilege, confidentiality, scope and definitional objections set forth in General Objections 1-7 below, which are hereby incorporated as if set forth in full in this response.

**Request No. 4**: All Documents and Communications You intend to rely on in connection with any renewed motion to dismiss filed by Defendants.

**Response**: Plaintiffs object to this Request on the grounds that it is premature.  Plaintiffs further object to this Request on the grounds that, inasmuch as it seeks documents within the scope of the issues set by the Court in its January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order, it is duplicative of Defendants' other Requests; and inasmuch as it seeks documents outside the scope of the issues set by the Court in its January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order, it exceeds the permissible scope of discovery.  Plaintiffs will not produce documents in discovery in response to this Request independent of the documents produced in

response to the other Requests, assuming that this phase of discovery will end prior to the time that Plaintiffs receive a copy of "any renewed motion to dismiss filed by Defendants".

## **GENERAL OBJECTIONS**

The first ten objections below are set forth in full herein for ease of reference and efficiency.  To the extent Plaintiffs rely on any one or more of those objections in their response to a particular request, Plaintiffs' response to such request expressly references the number of the objection as set forth below, which reference shall be deemed to incorporate in full the referenced objection.

1.     Plaintiffs object to each and every Request to the extent it calls for the production of documents that constitute attorney work product, were prepared in anticipation of or in connection with litigation, disclose the mental impressions, conclusions, opinions or legal theories of any attorneys, contain privileged attorney-client communications, or are otherwise protected from disclosure under applicable privileges, laws or rules. Such documents are immune from disclosure and will not be produced.

2.     Plaintiffs object to each and every Request, including the Definitions and Instructions therein, to the extent it calls for information outside of that agreed upon in the Parties' Stipulation and Order Regarding the Production of Electronically Stored Information and Other Materials (Dkt. No. 80) ("ESI Stipulation"). For example, Instructions 8 and 10 of the Requests require metadata fields that the Parties have not agreed to provide in the ESI Stipulation. Plaintiffs will produce documents in accordance with the ESI Stipulation as so ordered by the Court.

3.     Plaintiffs object to each and every Request, including the Definitions and Instructions therein, to the extent it calls for information that contains confidential or proprietary information or trade secrets, financial data, personal information, or competitively-sensitive

information about future business plans and strategies. Plaintiffs will disclose such information in accordance with the Parties' Stipulated Protective Order ("Protective Order"; together with the ESI Stipulation, the "Stipulated Protocols") as so ordered by the Court.

4.      Plaintiffs object to each and every Request to the extent that it seeks the production of documents that may not be produced pursuant to a confidentiality or non-disclosure agreement with a third party and/or a court order, or an order from an arbitral body, or are precluded from disclosure under legal obligations of any kind, including U.S. or foreign privacy or secrecy laws. For example, the LCIA proceedings are confidential pursuant to Article 30 of the 1998 LCIA Rules and reconfirmed by a Procedural Order in the LCIA proceedings. Plaintiffs, therefore, will withhold any information produced to BSGR in the *Vale* arbitration.  Additionally, Plaintiffs have documents from Pentler that they are also prohibited from disclosing pursuant to Procedural Order No. 2, ¶ 15 in the LCIA Arbitration.  Plaintiffs will withhold requested discovery to the extent such production is barred by any applicable order or law or rule.

5.      Plaintiffs object to each and every Request to the extent that it seeks production of documents beyond the scope of discovery set by the Court's January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order.  Plaintiffs will withhold requested discovery to the extent it exceeds this Court-limited scope.

6.      Plaintiffs object to the definitions of "Concern", "concerning", and "Communication", provided in Definitions 8 and 9 of the Requests to the extent they exceed or are inconsistent with the definitions set forth in Local Rule 26.3. Specifically, Plaintiffs object to Requests 1(a)-(k)), 2, and 3(a)-(e), on the grounds that they rely on Defendants' improper definitions of "Concern", "concerning", and "Communication".  Plaintiffs will comply with the definitions for those terms as set forth in Local Rule 26.3(c)(1) and (c)(7).  Plaintiffs will withhold

requested discovery to the extent it is called for by a definition broader than those in the Local Rules.

7.     Plaintiffs object to the definition of "BSGR," "You," or "Your" as referring to "BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, BSG Resources Limited, as well as any entity by these names that are or were registered or organized under the laws of Guernsey or the British Virgin Islands, including any of these entities' officers, directors, employees, agents, associates, partners, shareholders, corporate parents, subsidiaries, or affiliates, including Beny Steinmetz," to the extent it purports to include persons and entities beyond those included under Local Rule 26.3(c)(5), which is limited to the party and "where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates", and also on the grounds that Beny Steinmetz is not a party to this litigation nor an officer, director, employee, partner, corporate parent, subsidiary or affiliate of any of the above-named entities.  Specifically, Plaintiffs object to Requests 1(a)-(e), 1(h)-(j), 2, 3(a)-(b), 3(d), and 4, on the grounds that they rely on  Defendants' improper definitions of "BSGR", "You" and "Your."  Plaintiffs will comply with the definitions for those terms as set forth in Local Rule 26.3(c)(5).  Plaintiffs will withhold requested discovery to the extent it is called for by a definition broader than those in the Local Rules.

8.     Plaintiffs object to the definition of "Guinea" as referring to "the country in West Africa with the capital city of Conakry and, for the purposes of these Requests [ . . . ] the country's government, officials, committees, commissions, affiliates, divisions, agents, members, employees, attorneys, consultants, and representatives, past, present, or future, in their individual or representative capacities" as vague, overbroad, and burdensome, including to the extent it purports to include unknown and unnamed persons not formally affiliated with Guinea as well as

unknown "future" persons and entities formally or not formally affiliated with Guinea. Specifically, Plaintiffs object to Requests 1(a)-(b), 1(d)-(e), 1(i)-(j), 3(a)-(b), and 3(d)-(e) on the grounds that they rely on Defendants' improper definition of "Guinea."  Plaintiffs will define "Guinea" as the country in Western Africa whose capital is the city of Conakry and any of its officers, officials or employees.  Plaintiffs will withhold requested discovery to the extent it relies on a definition broader than the one defined in the preceding sentence.

9.      Plaintiffs object to the definition of "Investigation" as referring to "any governmental or nongovernmental investigation of the conduct in Guinea of BSGR, its agents, representatives, advisors or employees (including Beny Steinmetz, Frédéric Cilins, and Mahmoud Thiam), including, without limitation, investigations by authorities in Guinea, Switzerland, Israel, or the United States" as exceeding the limitations placed on the scope of relevant discovery by the Court's January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order; and further object to the definition of "Investigation" as referring to BSGR as including "its agents, representatives, advisors or employees (including Beny Steinmetz, Frédéric Cilins, and Mahmoud Thiam)" for the reasons set out in General Objection 7, supra, including to the extent it purports to include persons and entities beyond those included under Local Rule 26.3(c)(5).  Specifically, Plaintiffs object to Requests 1(c), 1(f) and 3(c) on the grounds that they rely on Defendants' improper definition of "Investigation."  Plaintiffs will respond to these Requests in compliance with the scope of relevant discovery as limited by the Court's January 25, 2021 and February 16, 2021 Orders, and consistent with the Local Rule 26.3(c)(5).  Plaintiffs will withhold requested discovery to the extent it relies on this broad definition and is not within the scope of court-ordered discovery.

10.    Plaintiffs object to the definition of "Pentler Holdings" as "the company established by Mossack Fonseca for Onyx Financial Advisors, which Onyx Financial Advisors later sold to Frédéric Cilins, Michael Noy, and Avraham Lev Ran" as imprecise, vague and ambiguous. Specifically, Plaintiffs object to Requests 1(e), 1(h), and 1(i) on the grounds that they rely on Defendants' improper definition of "Pentler Holdings."   For purposes of these Responses and Objections, "Pentler" shall mean Pentler Holdings, a company established by Mossack Fonseca & Ass. SA for Onyx Financial Advisors Limited which Onyx Financial Advisors Limited sold to Frédéric Cilins, Michael Noy and Avraham Lev Ran on February 13, 2006.  Plaintiffs will withhold requested discovery to the extent it relies on a definition broader than the one defined in the preceding sentence.

11.    Plaintiffs object to Defendants' failure to specify a relevant time period applicable to each and every Request.  Plaintiffs will treat the relevant time period as January 1, 2005 through the present date, unless the Parties agree otherwise.

12.    Plaintiffs object to Instruction No. 6, which purports to require Plaintiffs, as to any responsive document which has been "destroyed, lost, or otherwise discarded" to "identify the document request(s) to which that document was responsive and identify such document or documents as completely as possible, including, without limitation, the following information: the substance of the document or documents; last known custodian(s); date and method of disposal; person authorizing or directing the disposal; person disposing of the document or documents; reason(s) for the disposal; and whether any copy(ies) of the document or documents exist", as unduly burdensome, premature, and in excess of Plaintiffs' obligations under applicable law. Plaintiffs will comply with the Federal Rules of Civil Procedure and the Rules.  Plaintiffs will meet and confer with Defendants to appropriately address a reciprocal approach (where applicable) to

responsive documents from either party whose existence is known and that cannot be located after a reasonable search and may have been destroyed, lost, or otherwise discarded.

13.     Plaintiffs object to Instruction No. 7, which purports to require Plaintiffs to "[p]roduce, without redaction, the entirety of any document that contains responsive, non-privileged information", as overbroad, unduly burdensome, and in excess of Plaintiffs' obligations under applicable law.  Plaintiffs will comply with the Federal Rules of Civil Procedure and the Rules.  Plaintiffs are willing to meet and confer with Defendants to address appropriately in a reciprocal fashion documents from either party that may contain *de minimis* responsive, non-privileged information which may be substantially outweighed by other considerations, including but not limited to confidentiality, privilege, or costs of production.

14.     Plaintiffs will disclose information in response to the Requests in accordance with the Rule 502(d) Order as so ordered by the Court.

15.     Plaintiffs will begin producing non-objectionable documents responsive to the Requests on a date to be mutually agreed upon by the parties for the beginning of production by both parties, and will continue producing on a rolling basis in accordance with any schedule agreed by the parties and/or ordered by the Court.

16.     By producing documents in response to the Requests, Plaintiffs do not concede the relevancy, materiality, competency, or admissibility of any produced documents and expressly reserve all objections to the use of produced documents at trial or otherwise, or to further responses or production, regardless of whether or not such requests involve or relate to the subject matter of these Requests.

17.     Plaintiffs have not completed their investigation of this case, have not completed discovery, and have not completed preparation for trial. All of the responses contained herein are

based only on such information that is presently available to and specifically known to Plaintiffs. It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add additional meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the responses set forth herein.

18.    Plaintiffs have stated where they are withholding responsive materials on the basis of their objections, to the extent that they are presently aware of any such materials.  However, discovery in this case is ongoing, and Plaintiffs' investigation of the materials they may have within their possession, custody, and control is ongoing. In addition, given the breadth and ambiguity of certain of these Requests, Plaintiffs cannot fully ascertain what materials, if any, they have in their possession, custody, or control that may be responsive to these Requests. Accordingly, Plaintiffs' statement that they are producing pursuant to these Requests or withholding on the basis of their objections should not be construed as an admission concerning the existence of additional materials.  Plaintiffs further reserve the right to supplement, revise, clarify, correct, and/or amend these Responses and Objections.

Dated: March 15, 2021
New York, New York

REED SMITH LLP

By:_____
Louis M. Solomon
Michael S. Lazaroff
599 Lexington Avenue
New York, New York 10022
 (212) 521-5400
Attorneys for Plaintiffs
BSG Resources (Guinea) Limited,
BSG Resources (Guinea) Sàrl and
BSG Resources Limited

- 20 -