# EXHIBIT H

**Exhibit C-574**

*TRANSLATION*

[crest] REPUBLIC AND CANTON OF GENEVA
Judiciary
**Public Prosecutor**

Geneva, Office of the Public Prosecutor building
on October 18, 2013 at 9:15 A.M.

[stamp:] COPY

**Prosecutor:** Claudio MASCOTTO

**Court Registrar:** Michel PECORINI
**Analysts:** Makenga TSHITUNDU and Yvan LOVO

Ref: CP/262/2013
P/12914/2013
To be noted in all communications.

***Makenga TSHITUNDU and Yvan LOVO, financial crime analysts, are in attendance at the hearing***

## MINUTES OF THE HEARING

Atty. BONNANT assisting:

**Beny STEINMETZ**
Born on April 2, 1956, businessman,
Domiciled c/o Atty. Marc BONNANT, Chemin Kermely 5, 1208 Geneva 12
Defendant, already having been read his rights and responsibilities;
Appearing in accordance with a summons to appear;

Who declares:

I acknowledge that I am being heard as a defendant within the context of proceedings CP/262/2013, in fulfillment of letters rogatory of the Republic of Guinea and the United States of America, as well as national proceedings P/12914/2013. You provide me with a copy of the American request and the decision by the Swiss Federal Office of Justice to enter into the case.

**I am accused of having, since 2005, personally and through the *Beny Steinmetz Group* (BSG) and *Onyx Financial Advisors SA*, which I control at least partially, participated in a promise and/or the granting of undue advantages to one or more influential persons at the level of the Presidency or Government of the Republic of Guinea, with a view to the assignment of mining concessions in this country to the *Beny Steinmetz Group*, conduct falling within the context of Article 322 *septies* of the Criminal Code, punishing the corruption of foreign public officials.**

You read me my rights as established under Articles 107 and 158 of the Swiss Code of Criminal Procedure, copies of which have been provided to me.

I absolutely contest having committed any crime. I have not corrupted anyone. All the corruption allegations are completely false.

[signature] [signature] [signature] [signature] [signature]

Further, I confirm for you the terms of the recent letter by my attorney. While I would be willing to speak in the national proceedings only, I refuse to speak within the context of the mutual assistance requested by Guinea. With regard to the United States, I have not yet reviewed their request.

You ask me why I do not wish to respond to the Guinean request. The response can be found in the letter that my attorney sent you on October 9, 2013.

You indicate to me that it would be appropriate for me to raise all the complaints that I am making toward Guinea in an appeal, which I can lodge against the closure decision. Two judicial authorities, the Federal Criminal Court and the Federal Court, can then hear my arguments. This is without taking into consideration the extraordinary remedy provided for under Article 2 of the Federal Act on International Mutual Assistance in Criminal Matters – Mutual Assistance Act, IMAC. You draw my attention to the fact that my legal protection is sufficiently guaranteed at this stage of the proceedings. You add that, by refusing to speak within the context of the mutual assistance proceedings, I also refuse to speak within the context of the national proceedings, since the minutes of my hearing may then be placed on record in the mutual assistance proceedings.

I respond to you that I am willing to immediately reply to all questions in the national proceedings.

You draw my attention to this fact, which I already know, that my declarations in the national proceedings will be placed on record in the mutual assistance proceedings and will form the object, in future, of a closure decision.

You indicate to me that I will be summoned again in the coming weeks to be heard, and that you will again ask me whether I agree to speak.

**Atty. Marc BONNANT**

My client will reexamine his refusal to speak once the outcome of the closure decision on the mutual assistance proceedings is known. What he will not accept is to speak to the Guinean authorities, since Guinea is not a constitutional state. Conversely, my client is willing to speak in both the national proceedings and in the mutual assistance requested by the United States, insofar as the United States undertakes to not transmit to Guinea the minutes of the hearing of Mr. STEINMETZ.

In relation to participation in acts of public authority by representatives of Guinea, I confirm to you that we object to these. We have not, however, deemed it necessary to appeal your decision and that of the Federal Office of Justice, as ONYX has already lodged appeals posing the question of principle of the absence of a constitutional state in Guinea.

You ask me what the position of Mr. STEINMETZ will be if the ONYX appeal is dismissed. We will continue to maintain silence until the closure decision. Having said this, if we are unsuccessful in fighting the granting of mutual assistance to Guinea, this would then pose for my client the question of effectively defending himself in the national proceedings, and my opinion is that a person cannot defend himself by silence.

After reading, I maintained my position and signed at 9:45 A.M.

[signature] [signature] [signature] [signature] [signature]


REPUBLIQUE ET CANTON DE GENEVE
Pouvoir judiciaire
**Ministère public**

Genéve, bâtiment du Ministère public
le 18 octobre 2013 à 9 heures 15

COPIE

**Procureur :** Claudio MASCOTTO

**Greffier :** Michel PECORINI
**Analystes :** Makenga TSHITUNDU et Yvan LOVO

Réf : CP/262/2013
P/12914/2013
à rappeler lors de toute communication.

***M. Makenga TSHITUNDU et M. Yvan LOVO, analystes en criminalité financière, assistent à l'audience***

## PROCES-VERBAL D'AUDIENCE

Me BONNANT assiste

**Monsieur Beny STEINMETZ,**
né le 2 avril 1956, homme d'affaires,
domicilié, c/o Me Marc BONNANT, Chemin Kermely 5, 1208 Genéve 12
prévenu , rendu attentif à ses droits et devoirs;
qui se présente sur mandat de comparution;

Lequel déclare:

Je prends note que je suis entendu en qualité de prévenu dans le cadre de la procédure CP/262/2013, en exécution de commissions rogatoires de la République de Guinée et des États-Unis d'Amérique, ainsi que de la procédure nationale P/12914/2013. Vous me remettez copie de la requête américaine et de la décision d'entrée en matiére de l'Office fédéral de la justice.

**Il m'est reproché d'avoir, dés 2005, personnellement et au travers du *Beny Steinmetz Group* (BSG) et d'*Onyx Financial Advisors SA*, que je contrôle en tout cas partiellement, participé à la promesse et/ou à l'octroi d'avantages indus à une ou plusieurs personnes influentes au niveau de la présidence ou du gouvernement de la République de Guinée, en vue de l'attribution de concessions d'exploitation miniére dans ce pays en faveur du *Beny Steinmetz Group*, comportement tombant sous le coup de l'article 322[septies] CP réprimant la corruption d'agents public étrangers.**

Vous me rendez attentif à mes droits au sens des articles 107 et 158 CPP, dont copies m'ont été remises.

Je conteste absolument avoir commis le moindre crime. Je n'ai corrompu personne. Toutes les allégations de corruption sont totalement fausses.

Pour le surplus, je vous confirme les termes du récent courrier de mon avocat. Autant je serais disposé à m'exprimer dans la procédure nationale exclusivement, autant je refuse de m'exprimer dans le cadre

de l'entraide demandée par la Guinée. Pour ce qui est des Etats-Unis, je n'ai pas encore pris connaissance de leur demande.

Vous me demandez pour quelle raison je ne souhaite pas répondre à la demande guinéenne. La réponse se trouve dans le courrier que mon avocat vous a fait parvenir le 9 octobre dernier.

Vous m'indiquez qu'il me sera loisible de soulever tous les griefs que j'adresse à la Guinée lors du recours que je pourrai interjeter contre la décision de clôture. Deux instances judiciaires, le Tribunal pénal fédéral puis le Tribunal fédéral pourront alors connaitre de mon argumentation. C'est sans compter la voie extraordinaire prévue à l'article 2 EIMP. Vous attirez mon attention sur le fait que ma protection juridique est suffisamment garantie à ce stade de la procédure. Vous ajoutez qu'en refusant de m'exprimer dans le cadre de l'entraide je refuse également de m'exprimer dans le cadre de la procédure nationale, puisque le procés-verbal de mon audition pourrait ensuite être versé dans la procédure d'entraide.

Je vous réponds que je suis disposé à répondre immédiatement à toutes questions dans la procédure nationale.

Vous attirez mon attention sur ce fait, que je connais déjà, que mes déclarations dans la procédure nationale seront versées dans la procédure d'entraide et feront l'objet à terme d'une décision de clôture.

Vous m'indiquez que je serai à nouveau convoqué pour être entendu dans les semaines qui viennent et que vous me demanderez alors à nouveau si j'accepte de m'exprimer.

**Me Marc BONNANT**

Mon client réexaminera son refus de s'exprimer une fois connu le sort de la décision de clôture de l'entraide. Ce qu'il n'accepte pas, c'est de s'exprimer pour les autorités guinéennes, car la Guinée n'est pas un Etat de droit. Par contre, mon client est disposé à s'exprimer aussi bien dans la procédure nationale que dans l'entraide demandée par les Etats-Unis, sous réserve que les Etats-Unis s'engagent à ne pas transmettre à la Guinée le procés-verbal de l'audition de M. STEINMETZ.

S'agissant de la participation aux actes de l'autorité des représentants de la Guinée, je vous confirme que nous y sommes opposés. Nous n'avons cependant pas jugé nécessaire de recourir contre votre décision et celle de l'Office fédéral de la justice, dés lors qu'ONYX a déjà interjeté des recours posant la question de principe de l'absence d'Etat de droit en Guinée.

Vous me demandez quelle sera l'attitude de M. STEINMETZ si le recours d'ONYX devait étre rejeté. Nous continuerons d'opposer le silence jusqu'à la décision de clôture. Cela dit, si nous devions échouer à combattre l'octroi de l'entraide à la Guinée, se poserais alors pour mon client, la question de se défendre efficacement dans la procédure nationale, et mon opinion est qu'on ne se défend pas par le silence.

Aprés lecture, persiste et signe à 9 heures 45