UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BSG RESOURCES (GUINEA) LIMITED, BSG
RESOURCES (GUINEA) SÀRL, and BSG
RESOURCES LIMITED,

               Plaintiffs,

      v.

GEORGE SOROS, OPEN SOCIETY FOUNDATIONS,
OPEN SOCIETY INSTITUTE, FOUNDATION TO
PROMOTE OPEN SOCIETY, OPEN SOCIETY
FOUNDATION, INC., ALLIANCE FOR OPEN
SOCIETY INTERNATIONAL INC., OPEN SOCIETY
POLICY CENTER, and OPEN SOCIETY FUND,

             Defendants.

No. 1:17-cv-02726 (JFK) (OTW)

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL THE DEPOSITIONS OF BENJAMIN (BENY) STEINMETZ
AND DAG LARS CRAMER**

Willkie Farr & Gallagher LLP

787 Seventh Avenue
New York, New York 10019-6099
(212) 728-8000 (telephone)

1875 K Street, NW
Washington, DC 20006
(202) 303-1000 (telephone)

*Attorneys for Defendants*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT .............................................................................................................................1

   I.  MR. STEINMETZ IS A MANAGING AGENT OF PLAINTIFFS....................................1

     A.  First Factor:  Mr. Steinmetz Is Invested With General Powers Allowing Him To Exercise Judgment And Discretion In Corporate Matters Of Plaintiffs. ........................3

     B.  Second Factor:  Mr. Steinmetz Can Be Relied Upon To Give Testimony On Behalf Of Plaintiffs. ........................................................................................................................5

     C.  Third Factor:  No One Employed By Plaintiffs Had Higher Authority Than Mr. Steinmetz With Respect To Plaintiffs' Bribery And Corruption. ...........................6

     D.  Fourth Factor:  Mr. Steinmetz Was Integrally Involved In The Matters At Issue. ........6

     E.  Fifth Factor:  Mr. Steinmetz, As The Beneficial Owner And Namesake Of Plaintiffs, Can Be Expected To Identify With The Interests Of Plaintiffs. ....................................6

   II.  MR. CRAMER IS AN OFFICER AND DIRECTOR OF BSGRL. ....................................7

   III.  WHETHER THE JOINT ADMINISTRATORS "CONTROL" MR. STEINMETZ AND MR. CRAMER IS IRRELEVANT. ....................................................................................8

   IV.  AN ORDER COMPELLING PLAINTIFFS TO PRODUCE MR. STEINMETZ AND MR. CRAMER IS NECESSARY. ...................................................................................8

   V.  MR. STEINMETZ AND MR. CRAMER SHOULD BE COMPELLED TO APPEAR FOR DEPOSITION IN NEW YORK. ..........................................................................10

CONCLUSION .......................................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Boss Mfg. Co. v. Hugo Boss AG,*
    No. 97-cv-8495, 1999 WL 20828 (S.D.N.Y. Jan. 13, 1999) ......................................................5

*Campinas Found. v. Simoni,*
    No. 02-cv-3965, 2005 WL 1006511 (S.D.N.Y. Apr. 27, 2005) ................................................7

*Dubai Islamic Bank v. Citibank, N.A.,*
    No. 99-cv-1930, 2002 WL 1159699 (S.D.N.Y. May 31, 2002) ..........................................3, 10

*Hawthorn Mgmt. Servs., Inc. v. Dep't of Hous. & Urb. Dev.,*
    No. 3:96-cv-2435, 1997 WL 821767 (D. Conn. Dec. 18, 1997) ..............................................4

*L.A. Limousine, Inc. v. Liberty Mut. Ins. Co.,*
    No. 3:05-vc-1112, 2007 WL 2746629 (D. Conn. Sept. 19, 2007)............................................7

*Linde v. Arab Bank, PLC,*
    706 F.3d 92 (2d Cir. 2013)........................................................................................................8

*Paz Sys., Inc. v. Dakota Grp. Corp.,*
    No. 05-cv-4763, 2006 WL 8430241 (E.D.N.Y. June 16, 2006) ...............................................2

*Saliga v. Chemtura Corp.,*
    No. 3:12-cv-832, 2014 WL 12781149 (D. Conn. May 2, 2014) ..............................................2

*Schindler Elevator Corp. v. Otis Elevator Co.,*
    No. 06-cv-5377, 2007 WL 1771509 (S.D.N.Y. June 18, 2007) ......................................2, 3, 6

*Tel. Sys. v. Cecil,*
    No. 02-cv-9315, 2004 WL 48879 (S.D.N.Y. Jan. 9, 2004) .....................................................6

*United States v. Afram Lines (USA), Ltd.,*
    159 F.R.D. 408 (S.D.N.Y. 1994) ............................................................................................5

*Vale S.A. v. BSG Resources Limited,*
    No. 1:19-cv-03619 (S.D.N.Y.)..............................................................................................2, 9

**Other Authorities**

Fed. R. Evid. 801 ...........................................................................................................................2

Defendants respectfully submit this reply memorandum of law in support of their Motion to Compel the Depositions of Benjamin (Beny) Steinmetz and Dag Lars Cramer.

## PRELIMINARY STATEMENT

Mr. Steinmetz and Mr. Cramer should be compelled to appear for depositions on notice in New York.  Mr. Steinmetz is clearly a managing agent under the five-factor test adopted in this Circuit.  He is the founder, namesake and – through a complex and opaque corporate structure – beneficial owner of BSGRL.[1]  Indeed, he is "considered, both inside and outside of [BSGRL], as the head of [BSGRL]."  (Ex. LL (P/12914/13, Judgment of the Swiss Criminal Court in Geneva, Jan. 22, 2021) at 172.)[2]  Plaintiffs admit Mr. Cramer is a current officer and director of BSGRL. These facts demonstrate that Plaintiffs must produce these witnesses under Rule 30(b)(1).

Nothing in Plaintiffs' Opposition changes this result.[3]  According to Plaintiffs, they should not be held accountable for making these witnesses available for deposition because *the current* Joint Administrators "have no control" over them and have not given them any "authority or power over BSGR in administration."  (Opp. at 2.)  But that fact, even if true, is irrelevant under Rule 30. In any event, as demonstrated in the Motion and below, Mr. Steinmetz and Mr. Cramer have consistently acted with actual and apparent authority on behalf of Plaintiffs as a managing agent, and officer and director, respectively.  This Court should thus compel them to appear for a deposition under Rule 30(b)(1).

## ARGUMENT

## I.   MR. STEINMETZ IS A MANAGING AGENT OF PLAINTIFFS.

Plaintiffs erroneously contend that the Second Circuit's five-factor test does not apply to

---

[1]     Capitalized terms have the same definitions as in Defendants' opening brief, ECF No. 238 (the "Motion" or "Mot.").

[2]     Exhibits A–KK are attached to the Declaration of Benjamin P. McCallen, dated May 7, 2021, ECF No. 239, and Exhibits LL–NN are attached to the Declaration of Benjamin P. McCallen, dated May 21, 2021, filed herewith.

[3]     Opposition and "Opp." refer to Plaintiffs' Memorandum of Law in Opposition to the Motion, ECF No. 244.

Mr. Steinmetz because he "was never an officer, director, or employee" of Plaintiffs.  (Opp. at 15.)  This argument is belied by Plaintiffs' own cases.  *Schindler Elevator Corp. v. Otis Elevator Co.*, No. 06-cv-5377, 2007 WL 1771509, at *3 (S.D.N.Y. June 18, 2007), held that "it is clear that a deponent need not have a formal association with the corporation."  And *Saliga v. Chemtura Corp.*, No. 3:12-cv-832, 2014 WL 12781149, at *2 (D. Conn. May 2, 2014), quoting *Dubai Islamic Bank v. Citibank, N.A.*, No. 99-cv-1930, 2002 WL 1159699, at *3 (S.D.N.Y. May 31, 2002), states that courts apply "'a practical approach that focuses not only on the formal connection between the witness and the party at the time of the deposition, but also on their functional relationships.'"

Incredibly, Plaintiffs claim that Mr. Steinmetz has "no connection to the company at all." (Opp. at 15.)  This is demonstrably false.  Plaintiffs admit that Mr. Steinmetz is the beneficial owner of BSGRL through Nysco and Balda (*id.* at 12), and that he is "an adviser to plaintiffs," (Am. Compl. ¶ 2.)  Indeed, he has served as a long-time advisor pursuant to an advisory contract. (*See* Ex. MM (Tr. of Part 71 Examination of Cramer, dated Nov. 17, 2020) at 19:16-23 ("[Steinmetz is] the adviser to BSGR" and acts under a contract).)[4]  According to Mr. Cramer, Mr. Steinmetz's contract continued after BSGRL entered administration in March 2018.  (*See id.* at 19:24-20:6 (testifying that Steinmetz's contract was current in 2019, "at least in spirit, and it was always there and, you know, it was signed and it was rolled, and he had always been an adviser. . . . [T]he purpose and the spirit of what he was doing was always the same.").)[5]  Each of the five factors shows that Mr. Steinmetz is a managing agent.

---

[4]     Exhibits LL–NN were made publicly available for the first time by Vale S.A. ("Vale") on May 14, 2021 in *Vale S.A. v. BSG Resources Limited*, No. 1:19-cv-03619 (S.D.N.Y.) (the "SDNY Enforcement Proceeding"), another action to which Plaintiffs are a party, and are appropriate for the Court to consider on reply.  *Paz Sys., Inc. v. Dakota Grp. Corp.*, No. 05-cv-4763, 2006 WL 8430241 at *3 (E.D.N.Y. June 16, 2006).

[5]     As a director of BSGRL at the time of the examination, Mr. Cramer's statements are admissible as an opposing party statement.  *See* Fed. R. Evid. 801 (a statement that "was made by the party's agent or employee on a matter within the scope of that relationship" is admissible if it is offered against an opposing party).

**A.     First Factor:  Mr. Steinmetz Is Invested With General Powers Allowing Him To Exercise Judgment And Discretion In Corporate Matters Of Plaintiffs.**

Plaintiffs principally argue that Mr. Steinmetz is not a managing agent because he "has had no authority, power, or role" in BSGRL since *the current Joint Administrators were appointed.* (Opp. at 11.)  According to Plaintiffs, Mr. Steinmetz's conduct prior to the commencement of the administration and through the first 30 months of administration is irrelevant to the Court's analysis.  (Opp. at 9.)  Plaintiffs are mistaken.  Mr. Steinmetz "need not have a formal association with the [BSGRL], and need not be associated with [BSGRL] at the time of his deposition, to be deemed a managing agent."  *Schindler Elevator*, 2007 WL 1771509, at *3.  Rather, it is enough that his interests remain aligned and not adverse to BSGRL.  *See id.*, at *7.  Plaintiffs cannot credibly dispute that their interests are aligned – Mr. Steinmetz is the beneficial owner of BSGRL. *See* Section I.E *infra*.  Where the witnesses' association is informal or functional, courts routinely consider past conduct in evaluating whether an individual was "invested with general powers allowing him to exercise judgment and discretion in corporate matters."  *See, e.g.*, *Schindler Elevator*, 2007 WL 1771509, at *3 (finding that, with respect to past projects, the witness "had significant responsibility"); *Dubai Islamic Bank*, 2002 WL 1159699, at *10 (finding "the unexplained contradictions surrounding [the witness]'s current status, coupled with his previously high-level status, more than suffice to make [the witness]'s status a 'close call'").

In any event, Mr. Steinmetz has continued to exert significant control over Plaintiffs, negotiating a settlement in principle of the ICSID Arbitration after BSGRL entered administration. (*See* Mot. at 5.)  Plaintiffs claim this is "rank speculation" (Opp. at 13), but conspicuously fail to deny the statement or identify who negotiated the agreement if not Mr. Steinmetz.  This is notable because elsewhere Plaintiffs submit sworn statements from Mr. Bowles to challenge facts they deny.  According to Mr. Cramer, the individuals involved in the negotiation were "primarily Beny

3

Steinmetz, Nicholas Sarkozy and the BSGR group's internal lawyer, an individual called David Barnet." (Ex. MM (Tr. of Part 71 Examination of Cramer, dated Nov. 17, 2020) at 19:5-12.) The President of Guinea apparently personally met with Mr. Steinmetz in Conakry to negotiate the deal following "'several months'" of "'insiste[nce]'" by Mr. Steinmetz. (Ex. J; *see also* ECF No. 164-1 (quoting the Minister of Mines: "We have signed specific agreements *with Steinmetz* and we will fully respect the terms of the agreement.").)[6]

Plaintiffs dismiss Judge Lane's factual findings in BSGRL's Chapter 15 proceedings underlying his order directing the Joint Administrators to produce documents relating to Mr. Steinmetz. (Opp. at 14.) Specifically, Judge Lane found that even if the settlement agreements could not ultimately be "approved without Court approval in Guernsey. . . [t]hat doesn't change the fact that [Steinmetz is] involved up to his eyeballs in the business of BSG." (ECF No. 213-7 (Oct. 3, 2019 Hr'g Tr. at 16:10-15).) He further concluded that Mr. Steinmetz had "apparent authority to anybody who's talking to him, including . . . an independent sovereign country." (*Id.* at 27-11-19; *see also* Ex. T (Chapter 15 Discovery Order, Oct. 21, 2019) ("Beny Steinmetz has acted on behalf of BSGR and continues to hold himself out as BSGR in connection with settlement negotiations with the Government of Guinea").)

The Swiss criminal court that convicted Mr. Steinmetz of bribery of a public official and forgery also found that his influence persists, finding that Mr. Steinmetz:

- "describes himself as the ambassador of the group that bears his name and indicates that he introduces himself under this name, thus implying to his interlocutors that he is the head thereof" (Ex. LL at 172);[7]

---

[6]     Plaintiffs object that Defendants' evidence is "hearsay or weak and speculative implication at best." (Opp. at 16.) Hearsay is admissible on discovery motions. *See, e.g., Hawthorn Mgmt. Servs., Inc. v. Dep't of Hous. & Urb. Dev.*, No. 3:96-cv-2435, 1997 WL 821767, at *2 (D. Conn. Dec. 18, 1997) (granting motion to compel deposition based, in part, on news articles). The cases cited by Plaintiffs are not to the contrary – each rejected hearsay evidence in the context of a motion to dismiss, a motion for summary judgment, a motion *in limine* to exclude evidence at trial, or a non-moving party's attempt to defeat managing agent status with hearsay.

[7]     Although the judgment anonymizes the individuals involved in the proceeding, it is indisputable that "Mr. C" is Mr. Steinmetz, "CGR_" is BSGRL, and "Foundation V" is Balda. "CGR_" is identified in the decision as

- "meets with heads of state, ministers and other leaders. He is present at all of the group's important negotiations and at all strategic meetings" (*id.*);

- is "considered, both inside and outside of [BSGRL], as the head of [BSGRL]" (*id.*);

- "supervised the bribery operation by agreeing to decisions in principle and providing instructions" (*id.* at 190); and

- "benefit[ed] primarily from the crime.  He is the effective director of [BSGRL], and the corruption activities would not have taken place without his agreement."  (*Id.* at 192.)

Plaintiffs ask this Court to ignore all of this evidence because the current Joint Administrators have submitted a declaration claiming that "Mr. Steinmetz has no responsibilities, power, authority, or function, nor has he exercised any of the foregoing *during their tenure*," (Opp. at 9 (emphasis added)), and that the former joint administrators have previously declared that Mr. Steinmetz was "not authorized" by them to act for BSGRL, (*id.* at 18).  Absent from these declarations is a statement that Mr. Steinmetz did not, in fact, exercise authority on behalf of BSGRL during the administration.  Regardless, such self-serving assertions are not sufficient evidence that a witness is not a managing agent.  *See Boss Mfg. Co. v. Hugo Boss AG*, No. 97-cv-8495, 1999 WL 20828, at *3 (S.D.N.Y. Jan. 13, 1999) (finding affidavit asserting "neither [witness] has the authority to bind the corporation in its business dealings with others" and that "neither can exercise discretion or judgment in corporate matters" insufficient).

## B.     Second Factor:  Mr. Steinmetz Can Be Relied Upon To Give Testimony On Behalf Of Plaintiffs.

Plaintiffs identify no reason why Mr. Steinmetz cannot be relied upon to give testimony in this action, nor could they, as Mr. Steinmetz has repeatedly testified on behalf of Plaintiffs in the past.  *See United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 415 (S.D.N.Y. 1994) ("an agent's history of cooperating with a party in discovery may be probative of the party's ability to rely on the agent to testify").  Instead, Plaintiffs contend that this factor requires an employer-

---

receiving a mining concession in Simandou, and "Mr. C" is described as the primary beneficiary of the Lichtenstein trust "V."

employee relationship.  (Opp. at 16.)  This is not the law.  *See Schindler Elevator*, 2007 WL 1771509, at *3 (S.D.N.Y. June 18, 2007) (finding plaintiff's consultant was a managing agent).

C. **Third Factor:  No One Employed By Plaintiffs Had Higher Authority Than Mr. Steinmetz With Respect To Plaintiffs' Bribery And Corruption.**

Contrary to Plaintiffs' contention, Defendants do not "essentially argue that, since Mr. Steinmetz is the most knowledgeable person about the three issues, he is automatically a managing agent."  (Opp. at 17.)  Mr. Steinmetz is a managing agent because as the effective head of Plaintiffs there are *no other directors, officers, or managing agents with higher authority*.  (Mot. at 15.)  Plaintiffs make no attempt to identify anyone else affiliated with Plaintiffs – either at the time of the bribery or now – who had higher authority.[8]  As discussed in Section I.A. *supra*, the overwhelming evidence shows that Mr. Steinmetz was the mastermind behind Plaintiffs' bribery.

D. **Fourth Factor:  Mr. Steinmetz Was Integrally Involved In The Matters At Issue.**

Plaintiffs argue that "simple involvement in the issues related to the litigation, over a decade in the past, does not make one a managing agent."  (Opp. at 18.)  This characterization grossly understates Mr. Steinmetz's role.  Mr. Steinmetz was intimately involved in Plaintiffs' procurement of their mining rights in Guinea, the alleged bribery, and efforts to conceal the bribery by which they procured the mining rights.  Although Plaintiffs "categorically deny any actionable wrongdoing with respect to Mamadie" (Opp. at 18), a criminal court has convicted Mr. Steinmetz of bribery precisely for his role in procuring Plaintiffs' mining rights.  (*See* Ex. LL.)

E. **Fifth Factor:  Mr. Steinmetz, As The Beneficial Owner And Namesake Of Plaintiffs, Can Be Expected To Identify With The Interests Of Plaintiffs.**

Plaintiffs suggest that Mr. Steinmetz's interests could not align with theirs because BSGR

---

[8]      Plaintiffs' reliance on *Tel. Sys. v. Cecil*, No. 02-cv-9315, 2004 WL 48879 at *2 (S.D.N.Y. Jan. 9, 2004) is misplaced.  There, the moving party failed to offer any evidence that the witness exercised *any* authority with respect to the subject matter of the proposed deposition.  That is not true here.

is in administration.  (Opp. at 18.)  This makes no sense.  Mr. Steinmetz remains the ultimate beneficiary of BSGRL.  Thus, the Joint Administrators' "duty to 'maximize the assets available to the [BSGRL] and its creditor'" (*id.*) inures to his benefit.  If they do not maximize the estate's assets, BSGRL's creditors may be able to recover from Mr. Steinmetz on an alter ego or similar theory.  Moreover, BSGRL bears Mr. Steinmetz's name and his recent public statements show that he continues to strongly identify with BSGRL's interests.  (*See* Ex. E ("We were enemies. Now we are friends and partners with the Guinean government.").)  Plaintiffs also argue that this factor is not sufficient on its own to qualify Mr. Steinmetz as managing agent.[9]  Unfortunately for Plaintiffs, all the other factors support finding that Mr. Steinmetz is a managing agent.

## II.    MR. CRAMER IS AN OFFICER AND DIRECTOR OF BSGRL.

Plaintiffs concede that Mr. Cramer is "nominally" a director and officer of BSGRL, but argue they are not obligated to produce him because he "is not a typical officer or director."  (Opp. at 19.)  Plaintiffs misconstrue the Federal Rules of Civil Procedure.  Plaintiffs are required to produce their officers and directors for deposition on notice.  Rule 30 and the cases interpreting it require no showing as to the level of authority, power, or control that an officer or director exercises.  Plaintiffs offer no authority to the contrary.  Moreover, while Plaintiffs represent that "Mr. Cramer has no power or authority," as with Mr. Steinmetz, that statement is limited to "*the tenure of Current Joint Administrators*."  (Opp. at 19 (emphasis added); *see also* (Decl. of Carl Bowles, dated May 6, 2021, ECF No. 236 ¶ 9).)  Moreover, according to Mr. Cramer himself, after BSGRL entered administration, he "would [be] stay[ing] on as director" and that this "technical

---

[9]      Plaintiffs' cases are inapposite.  *L.A. Limousine, Inc. v. Liberty Mut. Ins. Co.*, No. 3:05-vc-1112, 2007 WL 2746629, at *2 (D. Conn. Sept. 19, 2007) involved a witness whose job responsibilities were limited to "coordination and training" and there were no allegations that she exercised judgment and discretion in corporate matters. *Campinas Found. v. Simoni*, No. 02-cv-3965, 2005 WL 1006511 (S.D.N.Y. Apr. 27, 2005) is also devoid of allegations that the witness acted on behalf of the company or exercised judgment in corporate matters, unlike here.  (*See* Section I.A *supra*.)

procedure would not affect daily operations of subsidiaries." (Ex. CC.)

## III. WHETHER THE JOINT ADMINISTRATORS "CONTROL" MR. STEINMETZ AND MR. CRAMER IS IRRELEVANT.

Even if the Court finds that Mr. Steinmetz and Mr. Cramer are directors, officers, and/or managing agents, Plaintiffs erroneously contend that they should not be compelled to produce Mr. Steinmetz and Mr. Cramer for depositions because the current Joint Administrators of BSGRL have no ability under Guernsey law to control them. (Opp. at 1-2, 9, 19.) Defendants are entitled to depose directors, officers, and managing agents of Plaintiffs. That BSGRL is in administration does not change the company's obligation to make required witnesses available for deposition. And while Plaintiffs claim they have no power to control Mr. Steinmetz or Mr. Cramer under Guernsey law, they cite no Guernsey law to support this proposition.

Plaintiffs' reliance on *Linde v. Arab Bank, PLC*, 706 F.3d 92 (2d Cir. 2013), is misplaced. *Linde* addresses situations in which "compliance with a U.S. discovery order would violate foreign law." (Opp. at 20.) Plaintiffs make no showing that producing either witness pursuant to an order of this Court will violate Guernsey law. Instead, Plaintiffs argue only that "there is concern about potential harm to BSGR" if the Court orders Mr. Steinmetz and Mr. Cramer to appear under threat of sanction. However, Plaintiffs fail to articulate what that harm might be. Plaintiffs reportedly have virtually no assets (other than this action and their claims against the Republic of Guinea) and only one employee as of 2020. They seemingly exist solely to pursue this litigation and their claims in the ICSID Arbitration. Thus, the only risk to Plaintiffs appears to be the threat of sanctions in the event that either witness refuses to comply with a court order, which should be negligible, since they elsewhere argue both witnesses are willing to appear voluntarily. (*Id.* at 1.)

## IV. AN ORDER COMPELLING PLAINTIFFS TO PRODUCE MR. STEINMETZ AND MR. CRAMER IS NECESSARY.

That Mr. Steinmetz and Mr. Cramer purportedly "are agreeable and *intend* voluntarily to

be deposed *in their individual capacity*" does not obviate this motion.  (Opp. at 5.)  (Ex. A.)  If Mr. Steinmetz or Mr. Cramer were to change their minds, Defendants have no mechanism to secure their depositions absent court order.  This concern is not speculative.  Both Mr. Steinmetz and Mr. Cramer have a history of participating in discovery to help Plaintiffs while resisting opposing discovery.   For example, both Mr. Steinmetz and Mr. Cramer submitted multiple witness statements in the LCIA and ICSID proceedings and provided in person testimony in the ICSID Arbitration.  (*See* Mot. at 14-15.)   However, Mr. Cramer spent more than £254,465 attempting to avoid, unsuccessfully, an order obtained by Vale in London requiring he be deposed in his capacity as an officer of BSGRL.  (*Id.* at 9-10.)  He also sought to avoid a deposition in BSGRL's Chapter 15 proceedings when, like here, the then-joint administrators represented he agreed to be deposed.  (*Id.*)

Similarly, Mr. Steinmetz has evaded discovery requests served by Vale in the SDNY Enforcement Proceeding for over a year.  (Ex. NN (Vale's Mot. to Compel Discovery from Steinmetz); *see also* Mot. at 7 n.3.)  Mr. Steinmetz's refusal to comply with the requests has forced Vale to seek an order compelling Mr. Steinmetz to respond as an alter ego of BSGRL. (*Id.*)  Despite the fact that Vale is seeking an order that Mr. Steinmetz is the alter ego of BSGRL (Ex. NN), neither Plaintiffs nor the Joint Administrators have opposed that relief.  That is telling because the Joint Administrators, through their counsel at Katten Muchin Rosenman, LLP, appeared in that action on behalf of BSGRL nearly two months before Vale filed its letter motion. (Ex. U.)  Katten has also made an appearance on behalf of BSGRL in this action.  On April 29, 2021, Judge Broderick ordered Vale to provide supplemental briefing by May 14, 2021 (*id.*), which it did.  The order made no mention of an opposition brief by BSGRL and BSGRL has not requested the opportunity to oppose the motion.  BSGRL cannot have it both ways – it cannot take the position in this case that Mr. Steinmetz is not even its managing agent while not opposing

a request that he be deemed its alter ego.

## V.     MR. STEINMETZ AND MR. CRAMER SHOULD BE COMPELLED TO APPEAR FOR DEPOSITION IN NEW YORK.

"[A]s a general rule, a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum." *Dubai Islamic Bank*, 2002 WL 1159699, at *12. This rule applies to plaintiff's officers, directors, and managing agents. *Id.* If government-issued travel restrictions imposed due to the COVID-19 pandemic allow it, Defendants should be permitted to take these depositions, with proper health and safety measures in place, in New York.

### CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to compel.


Dated: May 21, 2021          Respectfully submitted,
      New York, New York

WILLKIE FARR & GALLAGHER LLP

By: /s/ Benjamin P. McCallen _ _
    Joseph T. Baio
    Benjamin P. McCallen
    James Fitzmaurice

787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
bmccallen@willkie.com

    Elizabeth J. Bower

1875 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 303-1000
ebower@willkie.com

*Attorneys for Defendants*