**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

BSG RESOURCES (GUINEA) LIMITED, et al.,

                Plaintiffs,              17-CV-2726 (JFK) (OTW)

      -against-                        **ORDER**

GEORGE SOROS, et al.,

                Defendants.

-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Before the Court are: (1) Plaintiffs' response to the Court's April 22, 2021 Order to Show Cause (ECF 220) (the "OSC" or "Order to Show Cause"); (2) Defendants' motion to compel the Federal Rule of Civil Procedure 30(b)(1) depositions of Benjamin "Beny" Steinmetz and Dag Lars Cramer; and (3) Defendants' letter motion for discovery. (ECF 225, 237, 251).

**I.    The Order to Show Cause**

The Court has reviewed Plaintiffs' response to the OSC, and no sanctions are warranted at this time. To the extent Plaintiffs have not produced any remaining LCIA documents not covered by a confidentiality order, those documents shall be produced to Defendants within 14 days of this Order.

The parties are directed to meet and confer regarding the Pentler documents, including the outcome of the discussions between Plaintiffs and Pentler. If necessary, Defendants shall serve a Rule 45 subpoena *duces tecum* on Pentler by **June 22, 2021**.

II.     **Motion to Compel Rule 30(b)(1) Deposition**

Defendants seek to depose Steinmetz and Cramer, as "managing agents" of BSGR, pursuant to Rule 30(b)(1) in New York. According to Defendants, Steinmetz is the "namesake, founder, principal and ultimate beneficiary" of BSGRL, *i.e.* Beny Steinmetz Group Resources Limited. (ECF 239 at 1). Cramer is an officer of BSGRL. Both Steinmetz and Cramer reside internationally and have consented to their voluntary deposition but only in their individual capacities and not in New York.

Because Mr. Steinmetz and Mr. Cramer have consented to remote depositions, the parties are directed to meet and confer regarding the dates for their depositions, which are to occur by **August 30, 2021**. By **June 22, 2021**, the parties shall submit the dates and times (in EDT) for the Court to so-order. Any ruling on whether the witnesses' testimony is binding on Plaintiffs is reserved. *See Dubai Islamic Bank v. Citibank, N.A.*, No. 99-CV-1930 (RMB) (THM), 2002 WL 1159699, at *4 (S.D.N.Y. May 31, 2002).

III.    **Defendants' Letter Motion for Discovery**

The Court has reviewed the Defendants' letter motion for discovery (ECF 251) and Plaintiffs' response (ECF 252). The Court rules as follows:

(1) To the extent not covered in § I, *supra*, Plaintiffs shall produce all remaining LCIA and ICSID documents not covered by a confidentiality order within **14 days** of this Order. Within **21 days** of this Order, Plaintiffs shall provide a log listing any category of unproduced LCIA and ICSID documents, the scope and volume of those documents, and the ground(s) for withholding.

(2) For all productions, the parties shall produce any and all metadata in their possession, custody, and/or control.[1]

(3) For all productions, the parties shall state the basis for any redactions that they make.

---

[1] It goes without saying that if a party lacks metadata for any document, metadata does not need to be produced.

* * *

The parties are directed to appear for a status conference on **June 29, 2021 at 12:00 pm** in Courtroom 20D, 500 Pearl Street, New York, New York. The parties are directed to review and abide by any entry requirements of the Southern District of New York, available at the Court's website. Joint status letter due by **June 22, 2021.**

The Clerk of Court is directed to close ECF 237 and 251.

**SO ORDERED.**

|  |  |
|---|---|
| Dated: June 4, 2021<br>New York, New York | _s/ Ona T. Wang_<br>**Ona T. Wang**<br>United States Magistrate Judge |