**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

June 22, 2021

**VIA ECF**

Honorable Ona T. Wang
United States Magistrate Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *BSG Resources Guinea Limited et al. v. George Soros et al.*, 1:17-cv-02726 (JFK) (OTW)

Dear Judge Wang:

The parties submit this joint status letter pursuant to this Court's order entered on June 4, 2021. (ECF No. 253.) The parties met and conferred on June 16, 2021 by phone, and set forth below their positions on current discovery issues.

## Issue 1: Status of Document Productions

**Defendants' Position:** Defendants learned for the first time this afternoon that the Joint Administrators have applied to the Guernsey court for an order "releasing" them of their obligation to pursue this case. Defendants attempted to confer to understand this statement, but Plaintiffs could not provide further information. Plaintiffs have had funding issues since at least July 2020 (ECF No. 165; ECF No. 236 ¶¶ 6, 10), and it seems they still have no money to prosecute this case or even to comply with this Court's June 4 Order, which requires them to (1) produce by June 18 all remaining documents from ICSID/LCIA not covered by confidentiality, (2) log any LCIA/ICSID documents withheld, and (3) produce metadata in their possession. (ECF No. 253.) **_LCIA/ICSID Documents_**: Plaintiffs made a production of LCIA documents on June 18, but their cover email indicates it only includes documents "to which they had access." Plaintiffs are unable to say what documents they do not have access to or when they will regain access, but apparently all LCIA/ICSID documents were not produced by June 18. *Log*: Plaintiffs also have taken the position that if they cannot access and produce LCIA/ICSID documents due to their lack of funding, they nevertheless are in compliance with the June 4 Order so long as they log those documents by June 25. It is unclear how Plaintiffs can log documents they do not have access to, but more importantly they are wrong: the purpose of a log is to record documents that are responsive but immune from discovery—for example on the basis of privilege or, here, alleged confidentiality restrictions. No litigant is permitted to circumvent their obligation to produce responsive documents by simply logging them, and Plaintiffs are no exception. *Metadata*: While Plaintiffs claim that all "available" metadata has been produced, they are unable to say whether BSGR or its counsel in LCIA have access to the native documents to confirm the accuracy of the metadata produced, and to fix improper redactions. For months, Plaintiffs have skated by doing the bare minimum in the hopes that a litigation funder will materialize. It has wasted this Court's time and resources. It is also unfair to Defendants, who must incur costs chasing Plaintiffs for discovery, endlessly meeting and conferring to decipher their cryptic communications, and reviewing thousands of documents to prepare for a case that Plaintiffs apparently are unable to prosecute.

Honorable Ona T. Wang
June 22, 2021
Page 2

**Plaintiffs' Position:** Plaintiffs do not believe that there are any discovery issues to be raised now. Plaintiffs are complying with the Court's June 4 order, and have met and conferred with Defendants about the Pentler documents (ECF 254) and the dates for the Steinmetz/Cramer remote depositions, about which the parties have agreed. But, Defendants continue to try to take improper advantage of Plaintiffs' funding challenges and document access issues by casting unfounded aspersions, raising issues already raised with this Court or other non-existent and/or undisputed issues. To the extent Plaintiffs understand Defendants' issues, Plaintiffs respond to them here. Plaintiffs also update the Court on a sealed application just made by the Joint Administrators in Guernsey (Issue 2).

*First*, on June 18, Plaintiffs produced over 60,000 additional pages of LCIA documents. Plaintiffs explained in their May 6 reply on the order to show cause that they would produce certain confidential LCIA documents (subject to the protective order in this litigation) if the Court directed them to do so (ECF 234 at 5). Plaintiffs understand that the Court's June 4 order (ECF 253) directed Plaintiffs to make such a production (notwithstanding the confidentiality issues for those documents) and Plaintiffs produced those documents (excluding the Pentler documents). Plaintiffs will produce a log of any remaining LCIA/ICSID documents not produced and the reason for the non-production on June 25. At this point, Plaintiffs understand that over 95% of the LCIA/ICSID documents have been produced. *Second,* Defendants complain about a log that Plaintiffs have not yet produced; Plaintiffs will produce the log on June 25 in accordance with the Court's order. That log will list any remaining unproduced LCIA/ICSID documents and the reasons those documents have not been produced. **Third,** Defendants appear to attempt to rehash issues about metadata that do not exist, in relation to unspecified documents. Plaintiffs' productions comply with their obligations. Plaintiffs have already explained to the Court and Defendants that they have produced the LCIA documents with "all required available metadata" under the ESI order in this action (ECF 252; ECF 80); *see also* ECF 252 at 2 ("Plaintiffs followed the ESI order with regard to those productions."). Defendants explicitly asked for the production of LCIA documents (ECF 208-3, Req. 1(b)). Plaintiffs produced LCIA documents with the required/available metadata. With respect to the documents that were produced by the parties in LCIA/ICSID that have been reproduced in this matter, Plaintiffs produced such documents with all available metadata from the underlying native documents (ECF 80). With respect to all other LCIA/ICSID documents produced here (such as pleadings, exhibits to submissions, procedural orders, etc.), Plaintiffs produced such documents with all available metadata associated with the copies of such documents in the form they were submitted to those tribunals or sent to/from opposing counsel (*e.g.,* as PDFs), which is how Plaintiffs maintained such records. This is consistent both with the ESI order (ECF 80) and this Court's June 4 order.

**Issue 2:  Depositions of Mr. Steinmetz and Mr. Cramer**

**Defendants' Position:** Mr. Steinmetz is available for a deposition on August 29 and Mr. Cramer on August 24. However, Defendants believe that Plaintiffs must complete all of their document productions sufficiently in advance of those dates so that Defendants can review those documents (many of which are likely to be in French) and prepare for the depositions. Plaintiffs know there are additional responsive documents that exist that they have not reviewed, let alone produced. For example, there are three collections of data that Plaintiffs already conceded should be reviewed (ECF No. 251 at 2), and approximately 24,000 documents that the prior Joint Administrators apparently still have not turned over to the current Joint Administrators. They offer no response to this below. Plaintiffs have taken the position that because this Court's June 4 Order solely set production deadlines for "LCIA/ICSID documents," they are free to sit on their hands and do nothing with the additional

Honorable Ona T. Wang
June 22, 2021
Page 3

documents, despite this Court's standing order to produce documents on a rolling basis (ECF No. 209), and other obvious impending deadlines such as depositions. This is a remarkable position for them to take, but it is emblematic of what Defendants have been dealing with since this case was filed: Plaintiffs will engage when they are getting what they want, but when not, they become evasive and wrap themselves in hyper-technical interpretations of Court orders in an effort to evade obvious obligations. Accordingly, Defendants request that the Court order Plaintiffs to complete their production by July 16. As evident from their decision to withhold responsive LCIA/ICSID documents until explicitly ordered to produce them, and then to wait until the court-ordered deadline to turn them over, Plaintiffs apparently need court-ordered deadlines to comply with their discovery obligations. Defendants also request that the Court direct the Joint Administrators (who effectively are BSGR at this point) and their separate counsel to appear (in-person or remotely) at the June 29 conference to provide answers on the record about whether, after looking for at least 11 months, there are reasonable prospects of obtaining funding to litigate this case, and what documents Plaintiffs do and do not have access to.

**Plaintiffs' Position:** The parties have agreed to conduct the remote deposition of Mr. Steinmetz on August 29 and the remote deposition of Mr. Cramer on August 24. Yet, Defendants ask this Court again to direct the completion of Plaintiffs' entire document production by a specific date (July 16). The Court did not grant Defendants' similar request from the last letter (ECF 251). There is still no basis for any such order. As Plaintiffs explained in their June 2 letter, the Court has not previously set deadlines for the completion of production (ECF 252). Defendants themselves initially thought that international discovery might not be over until at least January 2022 (ECF 202 at 7). The Joint Administrators already informed the Court on May 6 of the issues with the funding and access to documents (ECF 236 ¶¶ 10, 13), and that they "are urgently taking steps to rectify this situation and hope to resolve it as soon as possible, but it may take a number of weeks." (*id*. ¶ 11). As explained by Mr. Bowles and in Plaintiffs' May 6 submissions (ECF 234-36), these issues do not (as Defendants claim) date back to July 2020, but are more recent. The Joint Administrators then told the Court on June 2 that those issues have not yet been resolved and they will continue to try to resolve these issues (to the extent they can be resolved) (ECF 252-4). Plaintiffs have been trying to gain access to those documents to which they lack access. <u>Plaintiffs' counsel has been informed that the Joint Administrators have just filed an application under seal with the Guernsey court seeking an order releasing the Joint Administrators from their Guernsey court-imposed obligation to pursue the Soros Litigation. Plaintiffs will be prepared to discuss this issue at the June 29 conference.</u> Defendants' demand that this Court mandate an unrealistic and unnecessary deadline of July 16 knowing that Plaintiffs do not have access to documents is solely designed to prejudice Plaintiffs' right to pursue their claims. Any such relief would be fundamentally unfair to Plaintiffs, particularly where Plaintiffs have produced nearly all of the ICSID/LCIA documents (which Defendants themselves claim are the core documents). Finally, Defendants ask for the Joint Administrators and co-counsel (there is no separate counsel in this action) to be present at the June 29 in-person conference. There is no basis for this request. The Joint Administrators are in England and are represented here by counsel. Nor is there any basis for the Court to compel Chicago co-counsel (who has no additional relevant information) to appear and certainly not in person (they could appear by phone, if the Court requests).

Respectfully submitted,
/s/ Benjamin P. McCallen
Benjamin P. McCallen