**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

August 17, 2021

**VIA ECF**

Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *BSG Resources (Guinea) Limited, et al. v. George Soros, et al.*, No. 1:17-cv-02726 (JFK) (OTW)

Dear Judge Wang:

We write in response to Plaintiffs' letter filed yesterday informing the Court (and Defendants) that Dag Cramer and Beny Steinmetz refuse to be deposed in this action, despite their prior consent and this Court's June 28, 2021 order scheduling their depositions for August 24 and August 29, 2021, respectively. (ECF No. 273.)

On May 7, 2021, Defendants filed their motion to compel the depositions of Mr. Steinmetz and Mr. Cramer as corporate representatives of BSGR pursuant to Fed. R. Civ. P. 30(b)(1). (ECF No. 238.) Plaintiffs argued that there was "no basis" for the motion since both witnesses had agreed voluntarily to be deposed and complained that "since Defendants have insisted on making the motion, despite their prior knowledge that it is unnecessary, Plaintiffs have been forced to spend the resources to oppose it." (ECF No. 244 at 1.) Defendants explained that an order compelling Mr. Steinmetz's and Mr. Cramer's attendance was necessary given the high likelihood that they would – as they have done in the past and as they have proven to do here – renege on their agreement. (*See* ECF No. 238 at 7–10; ECF No. 248 at 8–9.) As described in Defendants' motion, Mr. Cramer spent more than £254,465 attempting to avoid, unsuccessfully, an order obtained by Vale in London requiring he be deposed in his capacity as an officer of BSGRL, and sought to avoid a deposition in BSGRL's Chapter 15 proceedings despite initially agreeing to be deposed. (ECF No. 238 at 9–10.) Similarly, Mr. Steinmetz has resisted discovery requests from Vale for more than a year, which has forced Vale to seek an order compelling his compliance. (*Id.* at 7 n.3; *see also* ECF No. 248 at 9–10.)

Honorable Ona T. Wang
August 17, 2021
Page 2

Based on Plaintiffs' representations that Mr. Steinmetz and Mr. Cramer consented to be deposed, on June 4, 2021, the Court ordered their depositions to occur by August 30, 2021 and reserved any ruling on whether their testimony is binding on Plaintiffs. (ECF No. 253.) Pursuant to that order, the parties agreed to dates for the depositions based on Mr. Steinmetz's and Mr. Cramer's limited availability. On June 28, 2021, the Court ordered "Dag Lars Cramer shall be deposed on August 24, 2021, and Benjamin 'Beny' Steinmetz shall be deposed on August 29, 2021." (ECF No. 258.)

Despite their prior consent and this Court's orders, Plaintiffs now inform the Court – one week before depositions are scheduled to commence – that both witnesses refuse to be deposed, despite no apparent change in circumstances. According to Plaintiffs, "new Swiss counsel for Mr. Steinmetz . . . has advised Mr. Steinmetz not to be deposed in this action at this time given the pendency of the criminal appeal in Switzerland," but Mr. Steinmetz was convicted in Switzerland on January 22, 2021, and his appeal was long-pending when he agreed to be deposed. Although Plaintiffs claim "Mr. Cramer is no longer available on August 24, and he has raised other issues as well," they fail to specify what those issues could be, or why Mr. Cramer only raised them one week prior to his deposition. Moreover, while Plaintiffs prefer that counsel for Mr. Steinmetz and Mr. Cramer "speak for themselves," they have failed to share any of the prior correspondence with the witnesses' counsel regarding these depositions. The Court should not countenance Plaintiffs' counsel's ongoing shell game, where they seek to avoid their obligations as parties in light of representations from Mr. Steinmetz and Mr. Cramer, and then attempt to distance themselves from the consequences when those representations prove false.

Since the stay was partially lifted in this case, Plaintiffs have sought only to obfuscate and delay discovery. (*See, e.g.*, ECF Nos. 230, 251.) Defendants have spent significant time and money preparing for these depositions, including reviewing tens of thousands of documents produced by Plaintiffs and addressing Plaintiffs' ongoing production deficiencies. Mr. Steinmetz's and Mr. Cramer's refusal to be deposed will further delay these proceedings and prejudice Defendants.

In light of Mr. Steinmetz's and Mr. Cramer's refusal to honor their prior agreements, and for the reasons set forth in their motion, Defendants respectfully request that the Court grant Defendants' motion to compel Plaintiffs to produce Mr. Steinmetz and Mr. Cramer as corporate representatives on the previously ordered dates. (ECF No. 238.) Defendants are available for an in-person or telephonic status conference should the Court wish to hear the parties on this issue.

Respectfully,

/s/ Benjamin P. McCallen

Benjamin P. McCallen

cc:   All counsel of Record (via ECF)