# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

**Mark Gimbel**

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1161
mgimbel@cov.com

August 18, 2021

***By ECF***

Honorable Ona T. Wang
United States Magistrate Judge
U.S. District Court Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *BSG Resources Guinea Limited et al. (BSGR) v. George Soros et al.*,
No. 1:17-cv-02726 (JFK) (OTW) (the "US Proceedings")

Dear Judge Wang,

We represent non-party Dag Cramer and write in response to the letter sent on August 16 by Mr. Solomon of Reed Smith LLP, which serves as co-counsel to the Plaintiffs in this action, concerning a court-ordered deposition that the parties scheduled unilaterally for August 24, without obtaining Mr. Cramer's consent to be deposed on that date.  Mr. Solomon's letter was copied on my partner Craig Pollack, who represents Mr. Cramer in certain English proceedings, and invited a response from this firm.

As explained in detail below, there appears to have been a miscommunication between Plaintiffs' counsel and Israeli counsel for another non-party, as to Mr. Cramer's willingness to be deposed voluntarily and his availability to be so deposed on August 24.  In fact, Mr. Cramer never confirmed to Plaintiff's counsel that he would submit to a deposition on August 24; was not aware that an Order had been entered scheduling his deposition on that date; and has a scheduling conflict that would prevent him from being deposed on August 24 even if he were prepared to submit to a deposition voluntarily.

The pertinent facts, as I understand them from my colleagues who have been instructed by Mr. Cramer in the English proceedings, are as follows:

1. Mr. Cramer is not a party to this action.  The London office of Covington & Burling LLP ("Covington") represents Mr. Cramer, who is based in England, in English civil proceedings brought against him and certain other defendants (*Vale S.A. & Ors v Steinmetz & Ors*, Claim No. 2019-0000723).  The English claim, which arises out of a similar subject matter as the

**COVINGTON**

August 18, 2021
Page 2

U.S. proceedings, seeks damages against Mr. Cramer and the other defendants. Covington London has been on the record for Mr. Cramer in the English proceedings since December 2019. The matter is set down for a trial of up to nine weeks, commencing in January 2022.

2. The letter from Plaintiffs' counsel suggests that there has been a 'written confirmation' that Mr. Cramer agreed to attend a voluntary deposition on August 24. If that is correct, the 'written confirmation' did not come from Mr. Cramer or his counsel. No such written confirmation was provided by Mr. Cramer, Covington or anyone else authorized to represent Mr. Cramer.

3. In April 2021, Mr. Cramer was contacted directly by Plaintiffs' counsel regarding his willingness to be deposed voluntarily. Mr. Cramer was asked at the time whether he was represented by counsel. Mr. Cramer replied the same day confirming that he had legal representation (albeit without specifically passing on our firm's name or contact details). He also made clear that, before agreeing to be voluntarily deposed, he needed to seek legal advice, including because of his involvement in other litigation with similar subject matter (i.e., the English proceedings). Mr. Solomon's firm never followed up with Mr. Cramer directly or requested that it be put in touch with his counsel. Nor did it contact this firm directly, even though we have been counsel of record in the English proceedings for almost two years.

4. Since this initial exchange in April 2021, Mr. Cramer has not received any further correspondence from Plaintiffs' counsel regarding the request that he submit to a voluntary deposition in this action. Until Monday, he was not even aware that a court order for his deposition had been made scheduling the deposition for August 24; neither was our firm. We were made aware for the first time on Monday that a date had been scheduled for Mr. Cramer's deposition. After writing to Plaintiffs' counsel to inquire about the matter, we were provided for the first time with a copy of the Court's Order on this subject.

5. We understand that, in the period since April 2021, the issue of Mr. Cramer's voluntary deposition, and the deposition of another witness, Mr. Steinmetz, was the subject of discussions between Plaintiffs' counsel and an Israeli law firm, Barnea Jaffa Lande ("Barnea"), which represents Mr. Steinmetz. Barnea does not, however, represent Mr. Cramer and was not authorized to make any binding commitments on his behalf. To the contrary, Mr. Cramer understood that any tentative arrangement concerning his deposition would be communicated to him for his consideration and approval in consultation with counsel in the English proceedings.

6. Instead, it appears that Barnea and Plaintiffs' counsel discussed tentative dates for a possible deposition of Mr. Cramer, but failed to communicate to Mr. Cramer or this firm that the August 24 date had been scheduled or to confirm that Mr. Cramer would submit to a voluntary deposition on that date. As noted, it was not until this Monday that Mr. Cramer and this firm were first made aware of the Court's Order scheduling his deposition.

**COVINGTON**

August 18, 2021
Page 3

7.   Because of the parties' and Barnea's failure to apprise Mr. Cramer of the progress of their discussions or the Court's Order, Mr. Cramer was not aware of the need to keep August 24 free for a deposition.  Nor is he now in a position to make himself available on that date, as he will be travelling in Italy on a long-scheduled trip to drop his son at university.

8.   Yesterday, Plaintiffs' counsel provided us with a copy of the letter motion submitted by Counsel for the Defendants (ECF 274).  That letter contains various unwarranted and misleading criticisms of Mr. Cramer's conduct in separate proceedings, to which the Defendants are not parties and which are unrelated to the issue at hand.  As these assertions are irrelevant to the issue before the Court, we will not address them here, other than to note Mr. Cramer's disagreement.  The only pertinent point is that, for the reasons explained in this letter, it is wrong to suggest that Mr. Cramer has reneged on a prior agreement to be deposed in these proceedings.

For the foregoing reasons, Mr. Cramer respectfully requests that the Court vacate the Order scheduling his deposition for August 24 and direct the parties to meet and confer directly with this firm concerning any proposed future deposition of Mr. Cramer.  Plainly, Mr. Cramer should not be required to submit to a deposition based on discussions between the parties and an attorney that does not represent him -- much less a deposition scheduled without his consent  on a date when he has a conflict.

Respectfully,

Mark P. Gimbel

cc:   Counsel of record (by ECF)
David Barnett, Esq. (via email)
Craig Pollack, Esq. (by email)