

ReedSmith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

Louis M. Solomon
Direct Phone: +1 212 549 0400
Email: lsolomon@reedsmith.com

August 20, 2021

**Via ECF**

Honorable Ona T. Wang
United States Magistrate Judge
U.S. District Court Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *BSG Resources Guinea Limited et al. (BSGR) v. George Soros et al.*, No. 1:17-cv-02726 (JFK) (OTW)

Dear Judge Wang:

As co-counsel for Plaintiffs, and as requested in our letter of August 18 (ECF 280), we write to correct inaccuracies in the letter regarding the scheduling of the deposition of non-party Dag Cramer, filed by Mark Gimbel on August 18, 2021 (ECF 279). We send this letter without intention, authorization, or effect of waiving or compromising any privilege or immunity held by our clients. When quoting from written communications below, we represent that these are quotes from work product protected communications. We are prepared to submit the written communications to Your Honor for Your Honor's in camera review.

As noted in our August 18 letter (ECF 280), the story told by Mr. Gimbel about the scheduling of Mr. Cramer's deposition in the August 18 letter is inaccurate in important respects. Our statements made to Your Honor and to Defendants about the scheduling of Mr. Cramer's deposition were based on specific communications with counsel David Barnett, who is or was a UK licensed solicitor and is a partner at the Israeli law firm of Barnea Jaffa Lande & Co. **Mr. Barnett admitted in writing just two days ago that, as he puts it, he was acting as "the coordinator of dates for [Mr. Cramer's] deposition" (fuller quote below).** Thus, Mr. Barnett, with whom we communicated about scheduling, himself admits that he was authorized to act on behalf of Mr. Cramer with regard to scheduling. Accordingly, we had more than a reasonable basis to advise Your Honor of the dates for Mr. Cramer to be deposed.

We lay out the relevant communications in detail below because Mr. Cramer has seen fit to have other counsel, Mr. Gimbel, submit ECF 279, which is full of inaccuracies. By way of background, I had every reason to believe that Mr. Barnett spoke with authority in offering dates for the Cramer deposition. I personally have had innumerable privileged communications with Mr. Barnett, including a great many also including Mr. Cramer, in conjunction with this case since 2017. These communications have been in many privileged capacities, including representing BSGR pre-administration. These communications were all attorney-client privileged, and I can assure Your Honor that Mr. Cramer is not going to take the position that his communications with Mr. Barnett are unprivileged. During the course of our discussions with Mr. Barnett about scheduling the deposition of Mr. Cramer, Mr. Barnett communicated to us that he was discussing these issues directly with Mr. Cramer. That was before Mr. Barnett acknowledged in writing that he was acting as "the coordinator of dates for [Mr. Cramer's]

Honorable Ona T. Wang
August 20, 2021
Page 2

deposition". Thus, we, in good faith, had no reason to doubt and certainly had a more than reasonable belief that Mr. Barnett was fully authorized to speak on behalf of Mr. Cramer *with respect to the scheduling of the deposition in this action*.

Here is the relevant chronology:

- Having been told orally by Mr. Barnett that we could contact Mr. Cramer directly to schedule his deposition, and not knowing of any other lawyer representing him, we did so on April 11, 2021 to ask if he would agree voluntarily to be deposed in this action. Mr. Cramer responded that he needed to consult with counsel (which the email says were being cc'd, though there are no cc's on the email). Mr. Cramer never identified any counsel. Of course we assumed that, for scheduling, that counsel was Mr. Barnett.

- Within 36 hours, Mr. Barnett did contact us (I may have initiated that particular communication; I can't recall, though the subsequent writings make this irrelevant).

- I and my colleague Mr. Lazaroff then had numerous communications during April and early May 2021 resulting in Mr. Barnett's telling us that Mr. Cramer had agreed to be voluntarily deposed. Mr. Barnett confirmed in writing that we could tell Defendants that Mr. Cramer had so agreed by confirming, "that reflects what we have been told".

- After the Court entered its June 4 order directing that Mr. Cramer's voluntary deposition occur by August 30 (ECF 253), we sent that order to Mr. Barnett on June 8, 2021.

- At the same time, we asked Mr. Barnett to send proposed dates. Never did Mr. Barnett say he was unauthorized to play the role in scheduling. That role has nothing to do with any representation Mr. Cramer may or may not have in other proceedings, which we knew nothing about and which was never called to our attention.

- On June 17, 2021, Mr. Barnett responded in writing with, "**Yes you can put dag down fir [sic] 23 or 24 aug**".

- On June 17, 2021, I confirmed in writing to Mr. Barnett that "**you gave us the following dates to give the Magistrate Judge for the depositions of Messrs. Steinmetz and Cramer: DC: Aug 23 or 24** . . ." I then stated, "We are going to tell the other side these dates on Friday, June 18, so if there is any issue please let us know asap".

- Mr. Barnett then communicated with us, writing, "**Dag said he preferred after the 25th August**". (Note that the time differences sometimes indicate an earlier time for a response than the original email.) We then had additional communications with Mr. Barnett, after which he advised us that Mr. Cramer was agreeable to August 23 or August 24. We confirmed this in an email back to Mr. Barnett on June 19, saying, "**David, thank you for getting Dag to agree to Aug 23 or 24**". We then presented those options to Defendants.

- Once the parties decided on August 24 for Mr. Cramer, we informed Mr. Barnett in writing on June 21: "**the agreed dates for the deps that will be given the Court tomorrow are: Cramer August 24[;] Steinmetz August 29**"

- When the Court on June 28 directed that Mr. Cramer be deposed on August 24 (ECF 258), we immediately, on June 28, sent that order to Mr. Barnett as well.

Honorable Ona T. Wang
August 20, 2021
Page 3

- We have subsequently communicated about the deposition with Mr. Barnett, including even since Mr. Cramer's other counsel has written to Your Honor that Mr. Barnett does not represent Mr. Cramer for these purposes. So for example, on Wednesday of *this* week, August 18, 2021, Mr. Barnett wrote to me stating,

    > "Dag [Cramer] has asked for confirmation [regarding the deposition process] – I recall you said [withheld]. Am I remembering correctly?"

- Thereafter, on August 19, Mr. Barnett then said that, while he did not represent Mr. Cramer – in what we think must be other litigation, since we are confident of the attorney client privilege they will invoke concerning this case – "I don't know how I ever became **the coordinator of dates for Dag's deposition** . . ." This of course confirms all the prior communications, since even Mr. Barnett admits that he was in fact the coordinator of dates for Mr. Cramer's deposition.

During the course of these communications, Mr. Barnett never mentioned any limitation on his authority to agree to these depositions and the dates for Mr. Cramer. Mr. Barnett told us he was communicating directly with Mr. Cramer. This was fully consistent with our previous interactions with Mr. Barnett and Mr. Cramer. Never once in our many communications summarized above about the scheduling of the deposition did Mr. Barnett ever suggest he was unauthorized. Our more than reasonable belief was that Mr. Barnett was in fact authorized to agree to the scheduling of Mr. Cramer's voluntary deposition.

In the August 18 letter, Mr. Gimbel states that we never contacted his firm to discuss the depositions. This is because no one (including Mr. Cramer) ever indicated to us that Covington was representing Mr. Cramer in connection with deposition scheduling in this matter. Rather, we had been in immediate and constant contact with Mr. Barnett, as has been our consistent practice in this litigation concerning issues related to Mr. Cramer. Even Mr. Gimbel in his August 18 letter suggests that Mr. Cramer was aware of the communications with Mr. Barnett but understood that this was to be a "tentative arrangement" concerning his deposition. Mr. Barnett never represented any such limitation on his authority with regard to deposition scheduling or ever suggested that we should contact Covington or anyone else. To the contrary, he continued and has continued to talk with us on behalf of Mr. Cramer concerning this deposition.

Our communications with Defendants and the Court have been based on our reasonable and good faith understanding that Mr. Barnett was fully authorized to speak on behalf of Mr. Cramer with regard to the scheduling of his deposition. Mr. Gimbel has since approached the parties to set a new date for Mr. Cramer's deposition, and we have advised Mr. Gimbel that we consent to an adjournment of that deposition to either of the two dates in September that he has proposed, subject to this Court's approval.

Respectfully,

*/s/ Louis M. Solomon*

Louis M. Solomon

cc: Counsel of Record (via ECF), Daniel Kinzer (via email), David Barnett (via email), Craig

Honorable Ona T. Wang
August 20, 2021
Page 4

Pollack (via email), Mark Gimbel (via email)