# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

**Mark Gimbel**

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1161
mgimbel@cov.com

August 20, 2021

***By ECF***

Honorable Ona T. Wang
United States Magistrate Judge
U.S. District Court Southern District of New York
500 Pearl Street

New York, New York 10007

Re: *BSG Resources Guinea Limited et al. (BSGR) v. George Soros et al.*,
No. 1:17-cv-02726 (JFK) (OTW) (the "US Proceedings")

Dear Judge Wang,

We represent non-party Dag Cramer and write with reference to the prior correspondence concerning the proposed deposition of our client (ECF Nos. 273, 274, 279, 280, 281). Since our initial letter to the Court, we have communicated to counsel for all parties concerning this matter, and have also consulted with Mr. Cramer, in an effort to find a constructive resolution that will avoid wasting further judicial or party resources. We hope and expect that this letter will provide that path forward.

First, to avoid any potential misimpression, we wish to make clear that we have no reason to believe that Plaintiffs' counsel at Reed Smith LLP ("Reed Smith") acted inappropriately or in bad faith in representing to the Defendants and the Court that Mr. Cramer had agreed to submit to a deposition on August 24. Rather, as we explained in our prior letter, there appears to have been a miscommunication concerning Mr. Cramer's availability for and consent to a voluntary deposition on that date. Mr. Solomon's recent letter (ECF 281) selectively quotes from a litany of communications with Barnea Jaffa Lande ("Barnea"), counsel for Mr. Steinmetz, which Mr. Solomon asserts led him to believe that Barnea was acting as a coordinator of dates for Mr. Cramer's deposition and that Mr. Cramer had agreed to be deposed on August 24. While this firm was not a party to any of the scheduling discussions between Reed Smith and Barnea, we accept Mr. Solomon's representation that he believed in good faith that Barnea was authorized to set deposition dates for Mr. Cramer.

Despite this misunderstanding, however, Barnea does not serve as counsel to Mr. Cramer, and the language Mr. Solomon quotes from Mr. Barnett's August 19 email only serves to illustrate this (e.g., '*"I don't know how I ever became* the coordinator of dates for Dag's deposition . . . " (emphasis added)). More importantly, whatever Reed Smith may have concluded from its

**COVINGTON**

August 20, 2021
Page 2

discussions with Barnea, Mr. Cramer understood that any discussion of deposition dates between Reed Smith and Barnea was tentative and would need to be confirmed by him, after consultation with his own attorneys at this firm concerning the potential impact on his position in other pending litigation. Regrettably, after its scheduling discussions with Reed Smith in April, May, and June, Barnea never confirmed the August 24 deposition with Mr. Cramer and never provided a copy of the Court's Order setting an August 24 deposition date (ECF No. 258) to Mr. Cramer. Nor did Reed Smith or Defendants' counsel. Consequently Mr. Cramer assumed there was no need to hold the date and made conflicting plans to be in Italy.

As we have discussed with counsel for both sides, we believe the best solution is for the parties simply to arrange an alternative deposition date. Mr. Cramer is willing to submit to a voluntary deposition on September 23 or 30 or another mutually convenient date to be arranged by the parties. The deposition would be conducted remotely (e.g., through Zoom or a comparable platform to be arranged by the examining party), with Mr. Cramer appearing in the United Kingdom and counsel for other parties joining from locations convenient to them. We have asked each side to confirm its availability on these dates or propose alternatives.

For the foregoing reasons, we reiterate our request that the Court vacate its prior Order directing a deposition on August 24 and instead direct the parties to meet and confer with this firm to schedule an alternative deposition date. Plaintiffs' counsel has consented to this application. By email attached as Exhibit A, Defendants' objected to the application on the ground that they have already done significant work preparing for the August 24 deposition. The email does not, however, explain why that work will go to waste if the deposition is delayed briefly. Nor do Defendants claim that the alternative dates we have offered are inconvenient or that there is any urgency to completing this deposition on August 24, when our client is unavailable.

We regret any inconvenience this matter may have caused to the Court. Provided that all future communications concerning Mr. Cramer's deposition are addressed directly to this firm, which alone represents Mr. Cramer in connection with this matter, we are confident that similar misunderstandings can be avoided in the future.

Respectfully,

Mark P. Gimbel

cc:  Counsel of record (by ECF)
     David Barnett, Esq. (by email)
     Craig Pollack, Esq. (by email)