**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1000

**By ECF**

August 23, 2021

Honorable Ona T. Wang
United States District Court
500 Pearl Street
New York, New York 10007

      Re: *BSG Resources (Guinea) Limited, et al. v. George Soros, et al.*,
           No. 1:17-cv-02726 (JFK) (OTW)

Dear Judge Wang:

      We represent non-party Dag Lars Cramer and respectfully submit this letter motion to request (i) a pre-motion conference in support of Mr. Cramer's motion for a protective order barring the parties from proceeding with his August 24, 2021 deposition, and (ii) an order vacating and extending the existing deadline to hold his deposition until this Court can hear and decide the motion for a protective order.

**Preliminary Statement**

      Dag Lars Cramer is a non-party who resides in London, United Kingdom. *See* Exhibit 1, Declaration of Dag Lars Cramer ¶ 1 (hereinafter "Cramer Decl."). As the result of an apparent miscommunication between Plaintiffs' counsel and an Israeli law firm that does not represent Mr. Cramer, Plaintiffs' counsel concluded inaccurately that Mr. Cramer had agreed to give a deposition voluntarily in this action on August 24, 2021 and so informed the Defendants and the Court (ECF No. 279), which entered an Order dated June 28, 2021 scheduling that deposition (ECF No. 258). The parties then allowed almost two months to pass without informing Mr. Cramer of the Court's Order directing his deposition or even sending him a notice of deposition. *See* Cramer Decl. ¶ 9.

      When, on August 16, Mr. Cramer's counsel at this firm learned for the first time of the Court's Order, counsel immediately informed the Court and the parties that Mr. Cramer was unavailable on August 24 and offered a solution: to resolve the matter, Mr. Cramer would submit voluntarily to a deposition on September 23 or 30, 2021 or another mutually convenient date. (ECF Nos. 279, 282). Apparently more interested in gaining tactical advantage than discovery, Defendants rejected the offer (ECF No. 282 Ex. A) and then, on August 20, served an Amended Deposition Notice advising Mr. Cramer that his deposition would begin at 9 a.m. Eastern Time on Tuesday, August 24. *See* Exhibit 2.

      Had Defendants served this notice immediately after the Court's order directing the deposition, this entire predicament might have been avoided. Instead, they inexplicably waited 53 calendar days, and Mr. Cramer is now faced with the Hobson's choice of either (a) neglecting his conflicting commitments and submitting to a remote deposition for which he has not been adequately prepared by counsel, under highly prejudicial circumstances (Cramer Decl. ¶ 13), or (b) declining to attend and risking a sanctions motion based on his purported failure to comply with an order that was entered without his knowledge or consent (ECF No. 279). No witness should be forced to make this choice — much less a nonparty who has made a good faith effort to

COVINGTON

August 23, 2021
Page 2

resolve the matter by offering a voluntary deposition on another convenient date. The Court should accordingly adjourn the deposition pending a hearing on a motion for a protective order.

### Factual Background

The relevant facts are set forth in the accompanying Declaration of Dag Lars Cramer and this firm's prior correspondence with the Court (ECF Nos. 279, 282).

### Legal Standard

Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." A protective order may "forbid[] the disclosure or discovery" and "specify[] terms, including time… for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A), (B). A showing of good cause requires a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Republic of Turkey v. Christie's, Inc.,* 316 F.Supp.3d 675, 677 (S.D.N.Y. 2018).[1] Mr. Cramer will satisfy this standard if the Court gives him the opportunity to be heard.

### There is Good Cause for This Court to Issue a Protective Order

As explained in detail above and in Mr. Cramer's declaration, the parties obtained a court order setting Mr. Cramer's deposition on August 24 without his knowledge or consent and then failed for almost two months to provide a copy of that order to Mr. Cramer or his counsel or to serve notice of the August 24 deposition. As a result, Mr. Cramer made conflicting plans to travel to Italy on August 24 and has not had the opportunity to prepare for the deposition.

Mr. Cramer is not only unavailable, but would suffer extreme prejudice if he submitted to a deposition August 24. He would be required to give testimony that could have significant implications for pending English proceedings in which he is a defendant (the "English Proceedings") without adequate preparation. *See* Cramer Decl. ¶¶ 4, 13. And he would be forced to give that testimony with his relevant counsel hundreds of miles away in a different location. *See id*. ¶ 12. Aggravating matters further, he would have to submit to an examination from the road, connecting by iPhone or iPad from a hotel room or other suboptimal location. *See id*.

There is no justification for requiring any witness to submit to a deposition under such circumstances—much less a non-party who has offered in good faith to be deposed on another, mutually convenient date. While Plaintiffs' counsel has asserted that Mr. Cramer consented to this deposition, that is not the case. The purported consent arose from a miscommunication between Plaintiffs' counsel and an Israeli law firm that does not represent Mr. Cramer and that was not authorized to make binding commitments on his behalf. *See* Cramer Decl. ¶ 6; ECF No. 279.

Moreover, the parties have only themselves to blame for the current scheduling predicament. Mr. Cramer informed Plaintiffs' counsel in April that he would need to consult

---

[1] In accordance with Rule 26(c)(1), we have in good faith conferred with the affected parties in an effort to resolve this dispute. Counsel at this firm met and conferred telephonically with Defendants' counsel on Thursday, August 19, 2021 in an attempt to obtain Defendants' agreement to adjourn the deposition, but Defendants refused (ECF No. 282 Ex. A).

COVINGTON

August 23, 2021
Page 3

with his attorneys before consenting to any deposition in this case, because of the potential implications for the pending English Proceedings in which he is a party. *See* Cramer Decl. ¶ 4. Despite being put on notice of this condition to Mr. Cramer's testimony, Plaintiffs' counsel never asked to be put in contact with Mr. Cramer's counsel in the English Proceedings. Nor did Plaintiffs' counsel reach out directly to this firm, even though we have been publicly identified as counsel of record to Mr. Cramer in the English Proceedings for almost two years. Instead, Plaintiffs' counsel purported to negotiate an agreement for Mr. Cramer to voluntarily submit to a deposition with an Israeli lawyer who represents a different non-party witness. And after this purported agreement was negotiated, neither Plaintiffs' counsel nor the Israeli lawyer did anything to confirm that agreement with Mr. Cramer. *See id.* ¶ 7-8.

As for the Defendants, although the court order scheduling the deposition was entered on June 28, the Defendants inexplicably waited for 53 calendar days before serving their Amended Notice of Deposition. Had the Defendants served that notice of deposition promptly after the Court's order was entered, it should then have been forwarded without delay to Mr. Cramer or his counsel at this firm, and the predicament that the parties now find themselves in would have been avoided. Making matters worse, Defendants have sought to gain tactical advantage from the problem, by refusing Mr. Cramer's good faith offer to resolve the matter by submitting to a voluntary deposition on a different, mutually convenient date. (ECF 282, Ex. A)

Finally, we note that Mr. Cramer is a non-party who resides in the United Kingdom and is not subject to the jurisdiction of this Court. Although Plaintiffs mistakenly represented that Mr. Cramer had agreed to submit to a deposition on August 24, this mistaken belief does not bring Mr. Cramer within the jurisdiction of this Court or alter his rights as a non-party. Nor should it subject him to any threat of sanction. Mr. Cramer objects to the entry of the order and any effort to enforce against him personally on that basis and respectfully requests that it be vacated. *See generally, In re Ski Train Fire in Kaprun, Austria on November 11, 2000,*, No. No. 01 MDL 1428(SAS), 2003 WL 22909153, at *6 n.82 (S.D.N.Y. December 9, 2003) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction." (internal citations omitted)).

* * *

For the foregoing reasons, the Court should (i) adjourn Mr. Cramer's August 24 deposition until this Court can hear and decide a motion for a protective order barring any attempt to take Mr. Cramer's deposition on a date to which he has not agreed, and (ii) either conduct a pre-motion conference on such a motion pursuant to Local Rule 37.2 or waive the pre-motion conference requirement and deem this letter a motion for a protective order to which Defendants must respond.

Respectfully,

Mark P. Gimbel

cc:   Counsel of record (by ECF)
      David Barnett, Esq. (via email)
      Craig Pollack, Esq. (by email)