UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BSG RESOURCES (GUINEA) LIMITED, BSG
RESOURCES (GUINEA) SÀRL, and BSG
RESOURCES LIMITED,

Plaintiffs,

v.

GEORGE SOROS, OPEN SOCIETY
FOUNDATIONS, OPEN SOCIETY
INSTITUTE, FOUNDATION TO PROMOTE
OPEN SOCIETY, OPEN SOCIETY
FOUNDATION, INC., ALLIANCE FOR OPEN
SOCIETY INTERNATIONAL INC., OPEN
SOCIETY POLICY CENTER, and OPEN
SOCIETY FUND,

Defendant.

No. 1:17-cv-02726 (JFK) (OTW)

**DECLARATION OF DAG LARS CRAMER
IN SUPPORT OF LETTER MOTION**

I, Dag Lars Cramer, declare as follows:

1.  I am a resident of the United Kingdom and a non-party to this action.

2.  I submit this declaration in support of the application to vacate the Court's order scheduling
    my deposition pending resolution of a motion for a protective order.

3.  I understand that the Defendants seek to take my deposition as a result of my status as a
    director of BSG Resources Limited ("BSGR").  Although I am nominally a director of
    BSGR, the company is currently in judicial administration in Guernsey and, as a
    consequence, I have no power to manage its affairs.

4.  In April of this year, Michael Lazaroff, an attorney for the Plaintiffs at Reed Smith LLP
    ("Reed Smith"), sent me an email asking if I would submit to a voluntary deposition in this
    this case.  I responded by stating that I would consider the request, but would need to consult
    with my own counsel given the potential implications for a pending litigation in that arises
    from similar subject matter.  By this, I meant my counsel at Covington & Burling LLP

("Covington"), which represents me in a legal proceeding titled *Vale SA & Ors v Steinmetz & Ors* (Claim No. 2019-000723) (the "English Proceedings").  A copy of my email exchange with Reed Smith is attached as Exhibit A.

5.  Thereafter, no one at Reed Smith asked me to supply the name of my counsel in the English Proceedings or otherwise followed up with me about the proposed deposition in this action at any time.  Nor, to my knowledge, did Reed Smith have any communications with my counsel at Covington concerning this matter before last week, in the circumstances I describe below.

6.  In the meantime, I understand that certain discussions occurred between Reed Smith and David Barnett,  an attorney at the Israeli law firm of Barnea Jaffa Lande ("Barnea"), concerning scheduling my deposition and the deposition of Beny Steinmetz.  Mr. Barnett and Barnea serve as counsel to Mr. Steinmetz and have advised entities relating to BSGR.  Neither Mr. Barnett nor Barnea has ever represented me in my personal capacity.  Nor are they on record in the English Proceedings in which I am a party.

7.  Mr. Barnett reached out to me on June 18 concerning his scheduling discussions with Reed Smith.  I agreed at the time that he could discuss tentative dates for my deposition in August with Reed Smith, but I made clear that I might not ultimately agree to be deposed.  As I had informed Reed Smith in April, I needed to take advice from my counsel at Covington before making a final decision on whether or when to submit to a deposition.

8.  This was the last discussion I recall having with Mr. Barnett about this topic until almost two months later, on Friday August 13, when Mr. Barnett informed me that Mr. Steinmetz was not planning to submit to his scheduled deposition in this matter.  Since I had not heard from Mr. Barnett or Reed Smith concerning a potential deposition in this case for months, I had assumed that the matter had gone quiet and that there was no need to consult with my

counsel in the English Proceedings about a potential deposition or hold any dates in August

for a deposition or deposition preparation.

9. On Monday August 16, my lawyers wrote to Reed Smith seeking clarification about the

status of these proceedings and were provided with a copy of a court order, entered on June

28, directing that my deposition take place on August 24.  Neither the parties nor Mr. Barnett

ever provided me with a copy of that order at any time from June 28, when it was entered,

until August 16, when it was finally provided to my counsel at Covington.  Nor did the

Defendants or any other party serve me or my counsel at Covington with a notice of

deposition at any time before Friday, August 20, when I understand that Covington was

provided with Defendants' Amended Notice of Deposition.

10. Because I heard nothing further about a deposition in this action from Mr. Barnett or any of

the parties for almost two months following my June 18 discussion with Mr. Barnett, I

assumed that there was no need to hold any deposition date and made conflicting

arrangements to travel this week, in order to settle my son for his first year at university in

Milan.  Since it is not possible to travel directly from the U.K. to Italy, without quarantining

for a period of time on arrival, due to COVID-19 restrictions, my wife and I travelled to

France last week, where we will meet my son and are traveling to Milan together on August

24.

11. After learning of the Court's order scheduling my deposition, my counsel at Covington

advised the parties and the Court that I was unavailable to be deposed on August 24.  In an

effort to resolve the matter, however, my counsel offered the compromise that I would

submit to a voluntary deposition in the United Kingdom on September 23 or 30, or another

mutually convenient date, if the Defendants would agree not to go forward on August 24.  I understand that the Defendants rejected that proposal.

12. Even if I could cancel my conflicting plans and make myself available remotely for a deposition on August 24, it would be highly prejudicial,  I would be forced to conduct a deposition from a hotel room without having had adequate time to meet and prepare with my counsel at Covington or suitable arrangements or technology to conduct the deposition.  I have only my iPhone and iPad with me while travelling.

13. Because this action arises out of similar subject matter as the English Proceedings in which I am a party, this testimony could have significant implications for my defense in those proceedings, where I am defending a claim worth almost US$2 billion.

14. While I am willing to provide a voluntary deposition on an alternative date that gives me adequate time to prepare with my counsel, I am not willing to submit voluntarily to a rushed deposition without adequate notice on a date when I am traveling outside of the United Kingdom and have conflicting plans.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on    23.08.2021

Dag Lars Cramer