# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BSG RESOURCES (GUINEA) LIMITED, BSG RESOURCES (GUINEA) SÀRL, and BSG RESOURCES LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE SOROS, OPEN SOCIETY FOUNDATIONS, OPEN SOCIETY INSTITUTE, FOUNDATION TO PROMOTE OPEN SOCIETY, OPEN SOCIETY FOUNDATION, INC., ALLIANCE FOR OPEN SOCIETY INTERNATIONAL, INC., OPEN SOCIETY POLICY CENTER, and OPEN SOCIETY FUND,<br><br>Defendants. | No. 1:17-cv-02726 (JFK) (OTW) |

**DEFENDANTS' THIRD REQUEST FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants George Soros, Open Society Foundations, Open Society Institute, Foundation to Promote Open Society, Open Society Foundation, Inc., Alliance for Open Society International, Inc., Open Society Policy Center, and Open Society Fund (collectively, "Defendants") hereby request (the "Request") that Plaintiffs BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG Resources Limited (collectively, "Plaintiffs"), produce the documents requested below for inspection and copying at the offices of Willkie Farr & Gallagher LLP, c/o Benjamin P. McCallen, Esq., 787 Seventh Avenue, New York, New York 10019, within 21 days from the date hereof.

**INSTRUCTIONS**

1. In responding to these Requests, You are required to produce all Documents described below that are in Your possession, custody or control, including, for the purposes of illustration only, those Documents in the possession, custody or control of Your counsel (in this matter or any other action) or former attorneys, employees or other agents, regardless of location. A Document is within Your control, for example, if You have the right to obtain the Document or a copy of the Document from another Person having possession or custody of the Document. If any Document is in the possession or custody of another Person and not currently within Your control, identify the Person (or Persons) from whom the Document may be obtained.

2. Produce all documents as they are kept in the normal course of business.

3. Each document request requires you to produce all responsive documents in their entirety, including all attachments and documents affixed thereto, without abbreviation or expurgation. If no documents responsive to a particular request exist or are within your control, the response should so state. In the event that you are able to provide only a portion of the document(s) called for in any particular document request, provide all document(s) that you are able to provide, and (i) identify the remaining documents and (ii) state the reason why you are unable to produce the remaining documents.

4. To the extent you refuse to respond to any document request, in whole or in part, on grounds of privilege or attorney work-product, you shall comply with and provide the information required by Local Civil Rule 26.2. Any redactions to documents shall be prominently identified with a mark indicating the location and size of the redacted area.

5. These discovery requests are continuing. Supplement your responses promptly if and when you obtain or locate additional responsive documents.

6. In the event that any document called for by the requests for production has been destroyed, lost, or otherwise discarded, identify the document request(s) to which that document was responsive and identify such document or documents as completely as possible, including, without limitation, the following information: the substance of the document or documents; last known custodian(s); date and method of disposal; person authorizing or directing the disposal; person disposing of the document or documents; reason(s) for the disposal; and whether any copy(ies) of the document or documents exist.

7. Produce, without redaction, the entirety of any document that contains responsive, non-privileged information.

8. The scope of your search for electronic data that is responsive to any request shall include all forms of electronic data collection, preservation, transmission, communication, and storage, including without limitation:

    a. All data generated and maintained in the ordinary course of business, including data stored on mainframe computers, with third parties, or on local and network computers and storage devices;

    b. Distributed, removable, or portable data, i.e., information which resides on portable media and non-local devices, including home computers, laptop computers, magnetic or floppy discs, CD-ROMs, DVDs, solid-state and flash memory drives, cloud storage or other internet repositories (including e-mail hosted by web services such as Gmail), and handheld storage devices such as smart phones, tablets, and iPads;

    c. Forensic copy or backup data, including archive and backup data tapes and discs;

    d. Network data, including voicemail systems, e-mail servers, file and print servers, and fax servers;

    e. Legacy data, i.e., retained data that has been created or stored by the use of software or hardware that has been rendered outmoded or obsolete;

    f. Metadata, i.e., information regarding a particular data set which describes

    g. how, when, and by whom it was collected, created, accessed, and modified

3

              and how it is formatted; and

      h.     Residual or deleted data, i.e., data that is not active on a computer system, including data found on media free space, data found on media slack space, and data within files that have been functionally deleted.

      9.     You should produce Documents, including e-mail, in single-page tagged image file format ("TIFF").  Each image shall have a unique production number.  Full text files, if any, should be delivered as document-level text files named for the first production number of that document.  Spreadsheets, video and audio recordings, presentation files (such as PowerPoint files), and database files shall be provided in native format, with an accompanying placeholder production-numbered TIFF file.  Each Document produced in native format shall be clearly labeled to indicate the placeholder production number that corresponds to the placeholder production-numbered TIFF file for that Document.

      10.    Database information for Your production shall be provided in a ".dat" file, which contains the metadata fields as a delimited database load file.  The data load file should contain the field headers indicating the contents of each field.  Required fields of data are, but are not limited to:

- Beg Bates
- End Bates
- Begin Attachment
- End Attachment
- Native File Path (for native file productions)
- Page Count
- Custodian
- Duplicate Custodian(s)
- Time Sent (hh:mm:ss)
- Date Sent (mm/dd/yyyy)
- Date Received (mm/dd/yyyy)
- Time Received (hh:mm:ss)
- Last Modified (mm/dd/yyyy)
- Email Subject
- From
- To

4

- CC
- BCC
- Email Item Type (Email or Attachment)
- File Source Path
- File Name
- File Type
- File Source Extension
- Modified By, or in the alternative, Author or Last Author
- Hash Value (MD5 or SHA1/2 algorithm)
- Email Conversation/Thread ID

11. If, in responding to these Requests, You claim any ambiguity in interpreting a Request or a definition or instruction applicable thereto, You should not rely on such claim as a basis for refusing to respond, but you shall set forth as part of Your response to such Request the language deemed to be ambiguous and the interpretation chosen to be used in responding to the Request.

12. In the event that You claim that a Request is overly broad or unduly burdensome, You are requested to respond to that portion of the Request that is unobjectionable and specifically identify the respect in which You believe the Request is overly broad or unduly burdensome. If Your objection relates only to part of the Request, produce all Documents that do not fall within the scope of your objection.

13. If there are no Documents responsive to any particular Request, You shall so state in writing.

14. Defendants expressly reserve the right to supplement these requests and to propound new requests, to the extent permitted by applicable law and rules.

15. These Requests shall not be construed as a waiver or abridgment of, and are not intended to waive, any argument or defense, or any objection to any of Your discovery requests, nor shall they be construed as any admission of fact.

## DEFINITIONS

1. The definitions and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules for the United States District Court for the Southern District of New York (the "Local Rules") shall apply to these Requests. All terms not otherwise defined shall have their ordinary and common meanings.

2. "Action" shall mean and refer to the above-captioned action, proceeding number 1:17-cv-02726 (JFK) (OTW), currently pending in the United States District Court for the Southern District of New York.

3. "Agreements" shall mean and refer to (i) BSGR's prospecting permits in the Guinean regions of Beyla, Macenta, Nzérékoré, and Yomou ("Simandou South") and the Guinean region of Kérouané ("Simandou North"), referenced in paragraph 22 of the Amended Complaint; (ii) BSGR's memorandum of understanding with Guinea, referenced in paragraph 23 of the Amended Complaint; (iii) BSGR's prospecting permits in Simandou Blocks 1 and 2, referenced in paragraph 26 of the Amended Complaint; (iv) the Basic Convention Agreement, referenced in paragraph 30 of the Amended Complaint; (v) BSGR's mining concession for the Zogota deposit in Simandou South, referenced in paragraph 36 of the Amended Complaint; or (vi) any other documents evidencing BSGR's mining rights in Guinea.

4. "Amended Complaint" shall mean the first amended complaint, dated June 30, 2017, or any amendments thereto, filed in this Action.

5. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

7. "BSGR," "You," or "Your" shall mean and refer to BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, BSG Resources Limited, as well as any entity by these names that are or were registered or organized under the laws of Guernsey or the British Virgin Islands, including any of these entities' officers, directors, employees, agents, associates, partners, shareholders, corporate parents, subsidiaries, or affiliates, including Beny Steinmetz.

8. "Communication" means the transmittal of information by any means, including, without limitation, transmittal by electronic means such as electronic mail, including via both Bloomberg and personal email accounts, text messaging, instant messaging, online chat platforms, recordings, or postings on social media sites.

9. "Concern" or "concerning" shall mean relating to, referring to, describing, evidencing, constituting, or in any way logically or factually connected with the matter discussed, in whole or part, directly or indirectly.

10. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

11. "Guinea" shall mean and refer to the country in West Africa with the capital city of Conakry and, for the purposes of these Requests, shall also mean and refer to the country's government, officials, committees, commissions, affiliates, divisions, agents, members, employees, attorneys, consultants, and representatives, past, present, or future, in their individual or representative capacities.

7

12. "ICSID Arbitration" shall mean and refer to the arbitration before the International Centre for Settlement of Investment Disputes, captioned *BSG Resources Limited et al. v. Republic of Guinea*, Case No. ARB/14/22.

13. "Investigation" shall mean and refer to any governmental or non-governmental investigation of the conduct in Guinea of BSGR, its agents, representatives, advisors or employees (including Beny Steinmetz, Frédéric Cilins, and Mahmoud Thiam), including, without limitation, investigations by authorities in Guinea, Switzerland, Israel, or the United States.

14. "Joint Venture" shall mean and refer to BSGR's joint venture with Vale S.A. as described in paragraphs 37 through 43 of the Amended Complaint.

15. "LCIA Arbitration" shall mean and refer to the arbitration before the London Court of International Arbitration, captioned *Vale S.A. v. BSG Resources Ltd.*, LCIA Arb. No. 142683.

16. "Pentler Holdings" shall mean and refer to the company established by Mossack Fonseca for Onyx Financial Advisors, which Onyx Financial Advisors later sold to Frédéric Cilins, Michael Noy, and Avraham Lev Ran.

17. "Person" means a natural person or any legal entity, including, without limitation, a corporation, partnership, firm, sole proprietorship, association, joint venture, unincorporated association, trust, governmental entity or association, or any other entity of any type or description whatsoever, whether formed for business, governmental, or other purposes.

18. "Rio Tinto Litigation" shall mean and refer to the case captioned *Rio Tinto PLC v. Vale S.A., et al.*, No. 14-CV-03042 (S.D.N.Y.).

19. The use of the singular form of any word includes the plural and vice versa.

20. All terms defined herein shall have the meanings set forth in Definition Nos. 1 through 19 above, whether such terms are capitalized in these Requests or not.

## REQUESTS FOR PRODUCTION

1. All Documents and Communications concerning whether BSGR bribed Mamadie Touré, including, without limitation:

    a. All Documents or Communications concerning, evidencing or any way relating to any payments, gifts, or bribes made, transmitted, or offered by BSGR, either directly or indirectly, to any entity or individual in connection with the Agreements or BSGR's mining operations in Guinea, including without limitation Mamadie Touré.

    b. All Documents and Communications from the ICSID Arbitration, the LCIA Arbitration, or the Rio Tinto Litigation concerning whether BSGR bribed Mamadie Touré including, without limitation (i) any Documents or Communications produced to, or by, BSGR in these proceedings; (ii) any Documents and Communications submitted by BSGR, Vale S.A., Guinea, Rio Tinto or any third party in those proceedings (including, without limitation, any pleadings, motion papers, briefs, witness statements, expert reports, or other filings); (iii) Documents or Communications exchanged between or among the parties and/or the tribunal in those proceedings; and (iv) copies of all videos and/or transcripts of any testimony and/or proceedings.

    c. All Documents and Communications concerning the Investigations, including, without limitation, any Documents and Communications on this subject produced to, or by, BSGR in connection with the Investigations.

    d. All Documents or Communications concerning acts or allegations of corruption or bribery by BSGR in Guinea, including, without limitation, Documents or Communications concerning any payments or gifts made to (i) secure meetings with Guinea, (ii) procure the Agreements, (iii) obtain mining rights in Guinea, or (iv) cause the destruction of evidence relevant to allegations that BSGR engaged in corruption or bribery in Guinea, including any agreements with Mamadie Touré

    e. All Documents or Communications concerning the destruction of, or attempt to destroy, evidence relevant to allegations that BSGR engaged in corruption or bribery in Guinea, including any actual or contemplated

9

      contract or agreement (whether written or oral) between Pentler Holdings, on the one hand, and (i) Mamadie Touré, (ii) Ibrahima Sory Touré, (iii) Ibrahima Kassory Fofana, (iv) Adama Sidibe, (v) Aboubacar Bah, (vi) Ismaila Daou, or (vii) Ghasson Boutros on the other hand, including, without limitation, the contracts referenced in paragraph 2 of Procedural Order No. 11 in the ICSID Arbitration.

f.    All Documents or Communications concerning the National Mining Commission, Technical Committee, or Strategic Committee, including, without limitation, Documents or Communications relating to the investigation or review of the Agreements undertaken by the Technical Committee.

g.    All Documents or Communications concerning the negotiation, procurement, cancellation, or termination of the Agreements.

h.    All Documents or Communications concerning any actual or contemplated contract or agreement (whether written or oral) between BSGR or Pentler Holdings, on the one hand, and (i) Mamadie Touré, (ii) Ibrahima Sory Touré, (iii) Ibrahima Kassory Fofana, (iv) Adama Sidibe, (v) Aboubacar Bah, (vi) Ismaila Daou, or (vii) Ghasson Boutros, on the other hand, including, without limitation, the contracts referenced in paragraph 2 of Procedural Order No. 11 in the ICSID Arbitration.

i.    All Documents or Communications concerning Pentler Holdings, including, without limitation, Documents or Communications concerning the creation of Pentler Holdings, services provided by Pentler Holdings related to Guinea or BSGR, any payments made to, by, or through Pentler Holdings, directly or indirectly, related to the Agreements or BSGR's mining operations in Guinea, and all Communications to, from, between or among Frédéric Cilins, Michael Noy, or Avhraham Lev Ran.

j.    All Documents or Communications concerning any services provided by (i) Mamadie Touré, (ii) Ibrahima Sory Touré, (iii) Ibrahima Kassory Fofana, (iv) Adama Sidibe, (v) Aboubacar Bah, (vi) Ismaila Daou, or (vii) Ghasson Boutros, related to BSGR, including any payments, gifts, or bribes made, transmitted, or offered to any of these individuals in connection with BSGR's mining operations in Guinea.

k.    All Documents or Communications concerning Matinda Partners and Co. Ltd., Matinda and Co. Ltd. Sàrl, and Matinda & Co. Ltd., or any company that contains "Matinda" in its name.

2. To the extent not produced in response to Request 1(a)-1(k), all Documents and Communication concerning whether the bribery referred to in Request No. 1 was related to BSGR's acquisition of mining rights included in the Convention.

3. All Documents and Communication concerning whether the Guinean government was permitted to, and did, terminate Plaintiffs' mining rights because of Plaintiffs' bribery of Mamadie Touré, including, without limitation:

    a. All Documents or Communications concerning Guinea's examination, confirmation, ratification, review, cancellation, or termination of the Agreements, including without limitation (i) all Communications between or among BSGR or the Joint Venture, on the one hand, and Guinea, on the other hand, and (ii) any meetings between or among BSGR or the Joint Venture, on the one hand, or Guinea, on the other hand.

    b. All Communications or Documents (i) exchanged between or among BSGR or the Joint Venture, on the one hand, and Guinea, on the other, regarding Plaintiffs' mining rights, or (ii) concerning BSGR's or the Joint Venture's Communications with Guinea regarding Plaintiffs' mining rights, including, without limitation, Documents or Communications concerning meetings between or among BSGR or the Joint Venture, on the one hand, or Guinea, on the other hand.

    c. All Documents or Communications concerning the National Mining Commission, Technical Committee, or Strategic Committee, including, without limitation, Documents or Communications relating to the investigation or review of the Agreements undertaken by the Technical Committee.

    d. All Documents BSGR provided to or Communications BSGR had with the National Mining Commission, Technical Committee, or Strategic Committee, including, without limitation, all Documents exchanged between or among the Strategic or Technical Committee or Guinea, on the one hand, and BSGR on the other hand, including, without limitation, the Allegations Letter referenced in paragraph 114 of the Amended Complaint, the Allegations Letter referenced in paragraph 150 of the Amended Complaint, and the alleged "exculpatory material" and "evidence" referenced in paragraph 150 of the Amended Complaint.

    e. All Documents or Communications concerning Your allegation in paragraph 90 of the Amended Complaint that the Agreements were protected against post-contractual changes in Guinean law.

11

    4.    All Documents and Communications You intend to rely on in connection with any renewed motion to dismiss filed by Defendants.

Dated: New York, New York
February 17, 2021

                        WILLKIE FARR & GALLAGHER LLP

                     By: /s/ Benjamin P. McCallen
                        Joseph T. Baio
                        Benjamin P. McCallen
                        James Fitzmaurice

                    787 Seventh Avenue
                    New York, NY 10019
                    Telephone: (212) 728-8000
                    jbaio@willkie.com

                        Elizabeth J. Bower

                    1875 K Street, N.W.
                    Washington, D.C. 20006
                    (202) 303-1000
                    ebower@willkie.com

                    *Attorneys for Defendants*