# EXHIBIT F

**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

March 22, 2021

**VIA EMAIL**

Michael S. Lazaroff
Reed Smith, LLP
599 Lexington Ave
10022 New York

Re:   *BSG Resources (Guinea) Limited, et al. v. Soros et al.*, No. 1:17-cv-02726 (JFK) (OTW)

Dear Michael:

We write to memorialize our discussions regarding Defendants' Third Request for Production of Documents to Plaintiffs (the "Requests") during our meet and confer on March, 18, 2021.

**"Legal Custody or Control"**

In each of Plaintiffs' responses to Defendants' Requests, Plaintiffs state that they will produce "non-privileged documents responsive to [the] Request that are within Plaintiffs' legal custody and control." We asked what Plaintiffs meant by "legal custody or control," and whether Plaintiffs intended to assert a different definition than the "possession, custody, and control" standard set forth in Federal Rule of Civil Procedure 34. You represented that you would abide by the "possession, custody, and control" standard.

**Confidentiality of Documents**

In General Objection No. 4, Plaintiffs object to the production of documents that "may not be produced pursuant to a confidentiality order from an arbitral body, or are precluded from disclosure under legal obligations of any kind, including U.S. or foreign privacy or secrecy laws." We asked whether Plaintiffs planned to withhold documents based on any confidentiality agreements or orders. You stated that Plaintiffs were still investigating whether any responsive documents in their possession, custody, or control are subject to a confidentiality agreement, court order, or any privacy or secrecy laws.

Michael S. Lazaroff
March 22, 2021
Page 2

It is Defendants' position that there must be transparency regarding any documents that Plaintiffs claim cannot be produced as a result of such restrictions, and accordingly asked that Plaintiffs agree to provide us with (i) a copy of any orders, agreements or other authority that Plaintiffs claim prohibit production of responsive documents, and (ii) a log of any documents that are being withheld on such a basis, so that Defendants can evaluate the claims over any such documents. Defendants request that you inform us by Tuesday, March 23 whether Plaintiffs will agree to that request; if not, Defendants intend to raise that issue with Judge Wang.

**Scope of Requests**

In General Objection No. 5, Plaintiffs object to "each and every Request to the extent that it seeks production of documents beyond the scope of discovery set by the Court's January 25, 2021 Order, as clarified by the Court's February 16, 2021 Order." Additionally, in response to each Request you indicate that "Plaintiffs will interpret this request as limited to information concerning" one of the three issues identified in Judge Keenan's January 25, 2021 order – in most instances, "concerning any bribery by BSGR of Mamadie Touré."

We stated that we believe the Requests are facially within the scope of Judge Keenan's order, that any documents responsive to the Requests should be produced, and that any further limitation is unnecessary. We further expressed our concern that, given your position that BSGR did not bribe Mamadie Touré, you would make subjective judgments regarding whether a document relates to "any bribery by BSGR of Mamadie Touré," with which Defendants may disagree.

When asked whether there were documents responsive to the Requests that you believe are outside the scope of the discovery ordered by Judge Keenan, you cited Request No. 1(f), which asks for all documents related to the National Mining Commission, the Technical Committee, and Strategic Committee, and argued that Guinea's investigation of BSGR was broader than the allegations that BSGR bribed Mamadie Touré. You also cited Request No. 1(b), which calls for all documents and communications from the ICSID and LCIA Arbitrations, and noted that those proceedings encompassed issues unrelated to BSGR's bribery of Mamadie Touré. In particular, you noted that there may be documents related to BSGR's bribery of other individuals that you believe are not within the scope of discovery.

In light of the discussion, we agreed to consider whether the limitation imposed by Plaintiffs was appropriate for any subparts to Request No. 1. Having reconsidered the request, we believe that Request Nos. 1(a), 1(d), 1(e), 1(g), 1(i), 1(j), and 1(k) are facially within the scope of Judge Keenan's order, and do not require further limitation. Plaintiffs are accused of bribing Mamadie Touré indirectly through various intermediaries and agents, including without limitation Frédéric Cilins, Pentler Holdings Ltd., Matinda, and Ghasson Boutros. Defendants' Requests are designed to seek documents related to Plaintiffs' extensive scheme to bribe Mamadie Touré. Thus, we do not believe any limitation of this request by Plaintiffs is appropriate – if documents are responsive to this Request, they should be produced. We understand that Plaintiffs disagree with this position; if that is incorrect, please let us know, otherwise we will raise the issue with Judge Wang. Similarly, we believe that

Michael S. Lazaroff
March 22, 2021
Page 3

Request Nos. 3(a), 3(b), 3(d), and 3(e) are facially within scope as they specifically relate to the facts and circumstances surrounding Guinea's investigation and termination of Plaintiffs' mining rights.

With regard to Request Nos. 1(b), 1(c), 1(f), and 3(c) we agree that Plaintiffs do not need to produce documents from those proceedings, investigations or committees unrelated to the issue of whether BSGR engaged in bribery in connection with obtaining its mining rights in Guinea. However, Defendants believe that documents related to BSGR's bribery of individuals or entities other than Mamadie Touré in connection with their mining rights in Guinea are probative of whether BSGR bribed Mamadie Touré, and thus within the scope of Judge Keenan's order and should be produced. We understand that Plaintiffs disagree with this position; if that is incorrect, please let us know, otherwise we will raise the issue with Judge Wang.

**Document Collection**

During our meet and confer, we also raised certain questions regarding the sources of data for Plaintiffs' document collection and production. We stated that we would set forth our questions in writing so that Plaintiffs could investigate. Those questions are set forth below.

As background, in 2017, you informed us that Plaintiffs' productions would be made from data that "was collected and hosted by a vendor with regard to another proceeding, and that additional data was being collected from custodians who remained with the company through April 2017." (*See* Oct. 26, 2017 Letter from A. Reddy to E. Bower, J. Fitzmaurice, and E. Dunn at 2-3.)

1. Was that additional collection completed?

2. Are Plaintiffs using that same collection of data to respond to the present Requests? If no, how does the present set of data differ from that which Plaintiffs intended to use in 2017?

3. From which custodians did Plaintiffs collect data to put in the "database" for the purpose of the other proceeding?

    a. Did Plaintiffs collect data from any new custodians for purposes of this litigation? If so, identify them.

4. For each custodian identified in response to 3, did Plaintiffs collect the entirety of the data in the possession of that custodian, or did Plaintiffs limit their collection to data that was captured by search parameters? If the latter, what were the search parameters?

5. For each custodian identified in response to 3, have Plaintiffs collected all previously uncollected data for the purposes of responding to the Requests?

    a. If not, does the uncollected data still exist in Plaintiffs' control? If not, please identify such data that no longer exists in Plaintiffs control.

6. For the purposes of this litigation, are there any sources of potentially responsive documents from which Plaintiffs did not collect?

7. Which of Plaintiffs' custodians, if any, have had information seized by legal authorities?

Michael S. Lazaroff
March 22, 2021
Page 4

      a.  If there are such custodians who have data seized, is that data (or a copy of that data) available for searching in this matter?

8.    We also ask that you provide to us the custodians and search parameters you intend to use to respond to the present Requests.

If Plaintiffs believe any further meet or confers on any of these issues is necessary or appropriate in advance of Wednesday's deadline to update the Court, please let us know and we can be available.

Sincerely,

/s/ Benjamin P. McCallen

Benjamin P. McCallen


cc:    Louis M. Solomon
        David J. Stagman