L99CbsgC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

BSG RESOURCES (GUINEA)
LIMITED, ET AL.,

                   Plaintiffs,

          v.                          17 CV 2726 (OTW)

GEORGE SOROS, ET AL.,

                   Defendants.

------------------------------x
                                      New York, N.Y.
                                      September 9, 2021
                                      11:00 a.m.

Before:

                    HON. ONA T. WANG,

                              Magistrate Judge

                        APPEARANCES

REED SMITH LLP
     Attorneys for Plaintiff
BY:  LOUIS SOLOMON
     MICHAEL LAZAROFF

WILLKIE FARR & GALLAGHER LLP
     Attorneys for Defendants
BY:  GABRIELLE K. ANTONELLO
     BENJAMIN P. McCULLEN

L99CbsgC

1                    (Case called)

2                    MR. SOLOMON:  Good morning, your Honor.  Louis

3        Solomon, Reed Smith.  With me is Mr. Michael Lazaroff for

4        plaintiffs.

5                    THE COURT:  Good morning.

6                    MS. ANTONELLO:  Good morning, your Honor.  Gabriella

7        Antonello, Willkie Farr & Gallagher for defendants.

8                    MR. MCCULLEN:  Benjamin McCullen, Willkie Farr &

9        Gallagher on behalf of the defendants.

10                   THE COURT:  When you're speaking, please pull the

11       microphone closer to you now that we're all wearing masks

12       again.  It's extremely helpful if anyone is speaking to get

13       really close to the microphone so we can all hear, and it will

14       save your lungs.

15                   I have an agenda that is based loosely on the agenda

16       that the parties have submitted.

17                   First question, any report, Mr. Solomon or

18       Mr. Lazaroff, on events going on in Guernsey?

19                   Please, you can sit down if you like so it's easier to

20       speak into the microphone.

21                   MR. SOLOMON:  Your Honor, I will apologize in advance

22       for about forgetting about sitting down, but I will try to keep

23       my foresight.

24                   We learned early this morning, in fact, on my way

25       here, that the Guernsey application was heard and granted.

1    There is apparently an order which we don't have.  I'm told by

2    counsel there that it should be public, and when we get it, we

3    will supply it to your Honor and to defendants.

4              THE COURT:  Can you summarize for me what that means

5    then.  That means that the joint administrator is no longer the

6    joint administrator or they no longer have to prosecute this

7    case?

8              MR. SOLOMON:  So the joint administrator continues to

9    be the joint administrator.  I think the obligation to continue

10   has been removed.  There are other requirements that the joint

11   administrator has and will have to follow.  As we understand

12   it, the joint administrator now will continue to assess whether

13   to proceed with the case, but now is not obliged pursuant to

14   that paragraph of the order.

15             In terms of timing, I'm not sure exactly what your

16   Honor asked, but if I may volunteer, the joint administrator

17   continues to be of the view where we were 30 days ago when we

18   had suggested a 60-day stay of the case and the adjourning of

19   rulings and deadlines here and still feels that, within 30 to

20   45 days, it should have an answer to the question whether and

21   under what terms and conditions to continue or to withdraw this

22   lawsuit.

23             In light of that, we were going to suggest that, since

24   the parties have to be back before your Honor on October 28th,

25   and a time has been set anyway, we would like there to be a

1    stay of proceedings or at least a standdown of normal overdoing

2    it that, I think, has characterized this case in the last 30

3    days by Mr. Soros, and appear then and be able to answer any

4    questions.  If the matter can be dealt with before then, we

5    have every interest in doing so.

6              THE COURT:  Okay.  Thank you.  It looks like either

7    Mr. McCullen or Ms. Antonello might have something to say.  So,

8    go ahead.

9              MR. MCCULLEN:  Yes, your Honor.  Again, for the

10    record, Benjamin McCullen, Willkie Farr & Gallagher on behalf

11    of defendants.

12              Your Honor, I learned this information just outside

13    this morning, Mr. Solomon reported, as he said, he found out

14    this morning.  So, I'm sort of reacting in realtime here on the

15    fly.

16              Your Honor, Mr. Solomon is correct that, at different

17    points in time in the past, they have raised with us the

18    possibility of a stay of these proceedings.  At the time we

19    said we were willing to consider that and evaluate it, but we

20    needed to understand the complete facts and circumstances

21    surrounding the application.  We have more clarity as of today,

22    but we still don't completely know.  I know the last time we

23    were in front of your Honor this was raised, and I think your

24    Honor at the time had indicated perhaps a disinclination to

25    stay the action.  It's something I haven't had a chance to

1    speak with my clients with in light of what we heard from

2    Mr. Solomon today.

3         I will say that, obviously, my clients are in a very

4    difficult position here, because from our perspective, they're

5    incurring significant fees.  At this point, they're in the case

6    and they are the only ones who are -- from our perspective, we

7    feel we are the only ones who are complying with the court

8    orders at this point in time.

9         I think that, what I would say, your Honor, is 60 days

10   certainly seems excessive to us.  If the plaintiff's position

11   is that there is going to be a decision, then I think we could

12   be amenable to something that would reduce the legal spend in

13   the near term while that assessment is being made.  That

14   timeline that's been proposed that I just heard from

15   Mr. Solomon seems, to me, to be too long.  The joint

16   administrators have had this case for, I believe, a year now.

17   There is nothing -- your Honor is aware of everything that's

18   going on in this case.  There are no new facts and

19   circumstances that are coming to light.  If they legitimately

20   need to make an assessment about the costs and benefits of

21   proceeding forward with this case, then that may be

22   appropriate.

23         I think, though, if, under any circumstances, your

24   Honor, what I would suggest is that we proceed apace with the

25   pending motion for sanctions.  Perhaps we put discovery on hold

1    so that we don't have to incur additional costs, for instance,

2    in connection with preparation for Mr. Cramer's deposition.

3    But the pending sanctions motion, we seek a variety of relief,

4    including fee shifting, and, frankly, dismissal of the action

5    on the basis of their noncompliance with the order.  I don't

6    know if your Honor has had a chance to look at that order yet

7    or not.  I think that that motion is an important decision

8    point for whatever consideration the joint administrators are

9    doing, whatever cost benefit analysis they are doing.  So we

10   would like to proceed forward with that.  We think we're

11   entitled to that relief.  If the plaintiffs would like to put a

12   short stay on other deadlines while we proceed forward with

13   that, speaking on the fly, your Honor, having just heard this,

14   I feel comfortable that that's something we would be able to

15   do.

16          THE COURT:  Okay.  Let me start with the sanctions

17   motion, because defendants have indicated they would like to

18   keep it going.

19          Unless and until defendants withdraw the sanctions

20   motion, my understanding is that it can survive even beyond the

21   withdrawal of this case, if that is what the joint

22   administrators decide to do with this case.  So that I kind of

23   leave up to the parties.  I'm not going to proceed apace with

24   it because, frankly, I have motions on my six-month list that

25   were earlier filed that need to be taken care of first.

1          My understanding is that the plaintiffs have not yet

2     responded to it; is that right?

3          MR. SOLOMON:  Correct, your Honor.

4          THE COURT:  What's your response date right now?

5          MR. SOLOMON:  Our response date is the 20th of

6     September, Judge.

7          THE COURT:  Okay.  If you want to confer with

8     defendants and discuss an adjournment of that date and agree to

9     an adjournment of that date or a delay of that date for a

10    matter of weeks, I would be agreeable to that, but I'll wait

11    for you to submit a joint letter if you want to change the

12    date, or if you can't agree to it, you can make a request

13    separately.  I am inclined to probably let that go until we see

14    what happens with the case as a whole, because the sanctions

15    motion will still be live, the facts are the facts, and if

16    defendants withdraw the motion, if the case is dismissed, then

17    we won't be dealing with it.  If they decide to pursue it, we

18    will, unfortunately, still have to deal with it.

19          The other issue I had was Mr. Cramer's deposition.

20    Right now, Mr. Cramer has an order by the Court to submit to a

21    voluntary deposition on either September 23rd or 30th.  I

22    wanted to hear from the parties whether this is something that

23    you feel can be adjourned or whether we should wait and see in

24    the near term — I guess September 23rd is two weeks from now —

25    whether anything changes with the case.  Obviously, if the case

1    goes away, then Mr. Cramer doesn't need to be deposed, but I

2    hear defense counsel saying they would perhaps like to stem

3    some of the legal fees and costs, and preparing for the Cramer

4    deposition would be significant.  So I wanted to hear from the

5    parties on what your thoughts were on the Cramer deposition.

6    What I would like to not see is this case continuing and

7    continuing to drag, and Mr. Cramer then is not under any order

8    to appear for a deposition and we're back where we were a few

9    months ago.

10           MR. MCCULLEN:  From defendant's perspective, your

11   Honor, I think pursuing discovery and putting our sanctions

12   motion on hold is the worst of all worlds, because then we have

13   to do the work, they can take their good old time figuring out

14   what they want to do with no threat of fee shifting, which is

15   not only appropriate, it's very warranted here.  So, we

16   obviously want to take guidance from the Court in terms of your

17   Honor's thinking, in terms of whether a stay makes sense, if

18   that's something your Honor would be willing to consider.

19   Then, if so, like I said, our request would be to have the

20   sanctions motion go forward.  I heard what your Honor said on

21   that, but if the sanctions motion is going to be put on ice

22   temporarily, which we don't think it should, but if it's going

23   to be, then the depositions, I believe, as well, should be,

24   because if we are continuing to do work and incurring fees and

25   plaintiffs are able to just sit on the sidelines and let us run

1    around taking discovery with no threat of fee shifting, which

2    is warranted and appropriate here, that is not an outcome we

3    would like.

4            So that's why I think, though, your Honor, it's also

5    important, frankly, to keep a tight leash on this joint

6    administrator consideration period, however long it's going to

7    be.  I don't think this should be a 60-day stay.  I just can't,

8    for the life of me, even articulate what they need to think

9    about for 60 days.  We can do a couple-week stay if they

10   legitimately need that stay.  Then, at that point -- and this

11   is why we've requested some other discovery deadlines, which I

12   think we're going to get to, and my colleague can address, but

13   we asked for additional documents to be produced, things like

14   that.  They can have a short period of time, think about

15   whether they are going to pursue this action or not.  If

16   they're not, get it dismissed, but if they are, then let's do

17   this and let's do it the way discovery happens in the Southern

18   District of New York, which is they produce the documents that

19   they've previously acknowledged may contain responsive

20   materials, then we go to depositions, and we go from there.

21           So I hope I answered your question, your Honor.  If I

22   didn't --

23           THE COURT:  Yes, you sure did.

24           MR. SOLOMON:  Your Honor, when we were here the last

25   time before your Honor, we had the pleasure of some summer

L99CbsgC

1    interns.  I'm sorry this didn't come up then, your Honor will

2    remember fondly, Judge Martin.  Judge Martin used to remind us

3    when counsel would try to preargue a motion that wasn't fully

4    briefed, please don't do that, because, frankly, I'm not going

5    to remember anyway.  Right.  We're here now because of the

6    prior patch that Mr.Soros continues to want to throw himself

7    into --

8                THE COURT:  Stop.  Stop.

9                MR. SOLOMON:  Your Honor --

10               THE COURT:  Stop.  No, stop.  I'm going to stay the

11   case until October 1st.  There will be a joint status letter.

12   If the case is not over and withdrawn and dismissed by October

13   1st, there will be a status letter -- you know what, I'm not

14   going to make you submit a joint status letter.  I'm not going

15   to put you through that.  Parties each can write their own

16   status letter October 1st.  If the case is not dismissed before

17   October 1st, those status letters will have set a new date for

18   Mr. Cramer's deposition.  If the case is not dismissed by

19   October 1st, then the response to the sanctions motion is due

20   October 8th.

21               MR. SOLOMON:  That's fine, your Honor.  There is one

22   other filing that, with your Honor's permission, will be a page

23   or less.  We would like to respond.  Your Honor, I think,

24   received a letter from Covington on the 7th, I think it was

25   October 7th, and your Honor had given us until tomorrow to put

L99CbsgC

1    in a response --

2            THE COURT:  This is on the potential privilege issue

3    with Cramer?

4            MR. SOLOMON:  Correct.

5            THE COURT:  That's also stayed.  Okay.  Mr. Cramer is

6    not getting deposed in the month of September because the case

7    is stayed; right?  So, that deadline is also stayed.

8            MR. SOLOMON:  I'm just concerned that there is

9    information in that letter that is incorrect and we feel that

10   we needed to respond to it.  It doesn't involve --

11           THE COURT:  I'm not preventing you from responding to

12   it.  I'm just saying that all of this becomes moot if

13   Mr. Cramer doesn't get deposed.  If the case is dismissed, it's

14   moot.  If, at that point, you want to write in and correct some

15   facts or assertions, I'm not going to stop you from filing

16   something on the docket, but I do not want it to be a response

17   to the motion because you got the stay you're asking for, and I

18   do not want it to be anything that's asking for relief from the

19   Court.

20           MR. SOLOMON:  None whatsoever, Judge.

21           THE COURT:  Okay.  What else do we have that's live,

22   then, if the case is stayed until October 1st?

23           MR. MCCULLEN:  If I can have a second to confer with

24   my colleague, Judge?

25           THE COURT:  Sure.

L99CbsgC

1          MR. MCCULLEN:  Your Honor, from defendant's

2   perspective, there are additional issues we raised in the

3   letter, but our suggestion would be let's see where we are on

4   the 1st, we'll put it in our status letter.  We obviously asked

5   for some relief and deadlines.  If the case isn't dismissed,

6   then we can present that to your Honor at the beginning of

7   October and your Honor can consider it at that time.

8          THE COURT:  Yes.  Okay.

9          MR. SOLOMON:  Nothing from the plaintiff.  Thank you,

10  Judge.

11          THE COURT:  Thank you very much.  We are adjourned.

12  Please order a copy of the transcript and share the cost.

13                              * * *

14

15

16

17

18

19

20

21

22

23

24

25